# EXHIBIT A

- **Correspondence with DHHS-BCSS agents**

**FORMAL DEMAND FOR RECORD(S) DISCLOSURE AND COMPLIANCE**
**Matthew-Lane: Hassell**
**Case ID(s): 30154779C / 00310021**
**Date: December 9, 2025**

To:

**New Hampshire DHHS — Bureau of Child Support Services**
 (c/o District Office and Legal Unit)

This letter serves as a formal demand for immediate compliance
and disclosure under 5 U.S.C. § 552 (FOIA) and NH RSA 161-B:7,
III, and RSA 91-A, and all obligations already triggered in the
totality of my previously served notices (See Attachments 1 and
2 dated July-August 2024 and Nov. 25, 2025).

I hereby demand immediate production of verified proof of all
prerequisites of office and authority—including all bond(s),
blanket undertaking(s), and constitutional oaths—for every
DHHS/BCSS employee, every State or local employee performing any
IV-D function, every court or law-enforcement employee acting
under any IV-D cooperative agreement, and every private or
governmental contractor involved in the entirety of this matter,
pursuant to RSA 93-B:1-a through 93-B:5 and 45 C.F.R. § 302.19.
Federal law mandates that every individual who receives,
handles, disburses, or has access to IV-D funds be fully bonded
against loss from employee dishonesty; failure to prove these
mandatory jurisdictional predicates renders all acts taken under
color of such alleged authority ultra vires, unconstitutional,
and void ab initio. No judgment, enforcement action,
classification, or deprivation of rights can stand when the very
actors administering the process lacked lawful capacity to act.

I, Matthew-Lane: Hassell, state on and for the record that I
categorically reject and object to DHHS-BCSS's coercive
attempt to force me into its administrative jurisdiction
through agency-created forms. DHHS-BCSS cannot withhold
evidence unless I submit to its internal paperwork—an act of

1

retaliation, coercion, and unconstitutional compulsion. I DEMAND DHHS-BCSS to produce the specific constitutionally compliant State or Federal law that authorizes DHHS-BCSS to demand use of its agency forms as a condition to accessing evidence or exercising constitutionally secured rights. If no such law exists then any attempt to force compliance through threats, intimidation, or deprivation of evidence constitutes ultra vires action, unlawful agency expansion of power, denial of due process, obstruction, and bad-faith administrative misconduct.

Furthermore, I object to and expressly decline to adopt the "Acknowledgement" section appearing on Page 1 of the BCSS Request for Child Support Case Documentation form. The language asserts that BCSS may withhold documents unless I "complete" the form and that documentation "shall not be released" without BCSS approval. This is inconsistent with statutory and constitutional protections.

Moreover, I specifically dispute and reject the acknowledgement clause stating that BCSS may withhold documentation "prohibited from release by federal law, state statute, state case law, or by contract or agreement with another entity."

Due process strictly prohibits the State from withholding evidence relied upon to establish, modify, enforce, or collect child support obligations. RSA 161-B:7, III mandates disclosure upon request and does not allow BCSS to impose additional limitations derived from private contracts and/ or agreements.

Therefore, I do not agree to or adopt this clause. Any attempt to withhold my personal records based on "contracts or agreements with another entity" is expressly rejected as unconstitutional, and unenforceable.

DHHS-BCSS has no lawful authority to extort compliance by withholding evidence, and any attempt to force me into its jurisdiction through threats tied to agency-created forms is prima facie evidence of an unconstitutional act of coercion, administrative blackmail, and a void, ultra vires abuse of power.

### "NH RSA 161-B:7 Objection and Statutory Demand"

Pursuant to NH RSA 161-B:7, III, I assert the statutory right as the "client" to full and unredacted access to all records established or maintained by BCSS relating to Case ID 30154779C and 00310021, including but not limited to: support calculations, arrearages, payment histories, administrative and judicial actions, interagency data, case notes, communications, and all other entries required under Federal and State Constitutions and Laws.

NH RSA 161-B:7, III authorizes BCSS to release such records directly to the client and prohibits withholding unless prohibited *by law*. BCSS may not withhold my personal case records based on undisclosed "contracts or agreements," particularly where I have previously demanded full disclosure (see Attachments 1 and 2), and BCSS has failed to produce the totality of demands.

No agency may rely on secret contracts to deny constitutional and statutory compliance. No such contract has been disclosed or proven. Therefore, any reliance on the "contract or agreement" clause is unlawful, void, and estopped.

NH RSA 161-B:7 obligates BCSS to maintain complete, standardized, updated, and accessible records, including all administrative and judicial actions, payment data, liens, distributions, and case registry entries. BCSS cannot disclaim responsibility for producing documents the statute requires it to create, maintain, and provide.

3

I hereby demand full statutory compliance with 5 U.S.C. §
552 (FOIA) and NH RSA 91-A and NH RSA 161-B:7, III and
reject the BCSS acknowledgment language as inconsistent with
controlling law. Nothing herein shall be construed as
consent, waiver, admission, or submission to jurisdiction or
DHHS-BCSS authority.

## 1. BCSS Must Produce All (Full Disclosure-Totality of) Demanded Case Records Without Withholding

The BCSS form's acknowledgment clause cannot override:

- NH RSA 161-B:7, III (mandatory disclosure of case documentation),
- NH RSA 91-A (access to governmental records),
- 5 U.S.C. § 552 (Freedom of Information Act),
- constitutional due-process requirements.

Any intention to deny records based on "contracts or agreements"
and/ or dishonesty and/ or by fraudulent means is unlawful and
disputed. I repeat that BCSS is in receipt of (Attachments 1 and
2):

- my notarized FOIA and RSA 91-A demands, requiring full
  disclosure of all agreements, contracts, authorities, and
  instruments relied upon;
- my Supervisory Review Demand (Nov. 25, 2025) raising
  jurisdictional, constitutional, and procedural defects and
  prohibiting BCSS from taking enforcement actions absent
  proof of lawful jurisdiction and prerequisites of authority
  pursuant to NH RSA 93-B:1-a through 93-B:5.

## 3. BCSS Must Produce in Writing the Following Within 10 Days

1. The complete and unredacted BCSS case file (Produce the
   totality-full disclosure- of the official State of New
   Hampshire Child Support Enforcement System (CSES)),

4

including note(s), database entries, all internal
communication(s), and interagency correspondence.

2. All agreement(s) and contract(s) BCSS relies upon.
3. All statutory and regulatory authority BCSS claims permits
   withholding based on such agreement(s).
4. Written confirmation that the BCSS acknowledgment clause is
   not being used as a waiver, consent, jurisdictional
   admission, or limitation on rights.
5. Written assurance that enforcement is held in abeyance
   pending outcome of 1st Circuit Case No. 24-1442 and
   compliance with due-process and disclosure obligations.
6. Under 5 U.S.C. § 552 (the Freedom of Information Act-FOIA)
   inclusive, and NH RSA 91-A inclusive and NH RSA 161-B:7,
   III:
   a. Produce the original, certified, or official copy of
      Judge Todd H. Prevett (November 30, 2022) and Michael
      L. Alfano's (March 22, 2022) Public Officer Bond or
      statutory Blanket Undertaking in effect at the time of
      all acts complained of, as well as all officials and
      employees within the NH DHHS and BCSS departments and
      agencies involved in the entirety of this matter, to
      include but is not limited to: Betty Raymond, Lori A.
      Weaver, Susan N. Brisson, also see 45 CFR § 302.19
      (Bonding of employees) inclusive.
   b. Identify the custodian of record and the surety
      company (if applicable) responsible for maintaining
      these instruments under 45 CFR § 302.19 and NH RSA
      93-B:1-a through 93-B:5.
7. All other demands within the totality of Attachments 1 and
   2 not listed herein.

## 4. Failure to Comply Constitutes:

- obstruction of due process,
- denial of access to evidence,
- unlawful withholding under 5 U.S.C. § 552 (FOIA) and NH RSA
  91-A and NH RSA 161-B:7, III,

5

- ultra vires agency conduct,
- and actionable constitutional violations under 42 U.S.C. §
  1983.

## 5. Additional Notice

Because 656-2022-DM-00737 is stayed pending federal review in
Case No. 24-1442-Hassell v. Kimbark et al., and because the
Supremacy Clause, Ex parte Young, and the First Circuit's
repeated holdings that federal jurisdiction preempts conflicting
state action during review (*Crowley v. MBTA, 903 F.2d 780 (1st
Cir. 1990)*; *Rio Grande Community Health Center v. Rullán, 397
F.3d 56 (1st Cir. 2005)*; *Guillemard-Ginorio v. Contreras-Gómez,
585 F.3d 508 (1st Cir. 2009)*)) binding all State actors, NH
DHHS-BCSS has zero lawful authority to enforce, collect on, or
act upon *any* order from that frozen case, and any such act would
be an unconstitutional act of retaliation for seeking federal
redress and therefore void, federally preempted, and actionable
under, to include but is not limited to 42 U.S.C. § 1983.

### DEMAND FOR IMMEDIATE ACTION

You are DEMANDED to produce the record(s) and confirm compliance
within 10 calendar days.

I declare under penalty of perjury under the laws of the United
States of America that the foregoing is true and correct to the
best of my abilities and knowledge.

ALL RIGHTS RESERVED WITHOUT PREJUDICE
VOID WHERE PROHIBITED BY LAW

Matthew-Lane: Hassell    Dated: 9th of December, 2025

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

# ATTACHMENT 1

- **SUPERVISORY REVIEW DEMAND & NOTICE OF CONSTITUTIONAL, JURISDICTIONAL, AND PROCEDURAL DEFECTS with Attachments A and B and C, Dated November 25, 2025.**

**SUPERVISORY REVIEW DEMAND & NOTICE OF CONSTITUTIONAL, JURISDICTIONAL, AND PROCEDURAL DEFECTS**

**Date:** November 25, 2025
**From:** Matthew-Lane: Hassell
**Re:** Supervisory Review — BCSS/DHHS Case No. 00310021

**INTRODUCTORY NOTICE & PRESERVATION OF RIGHTS**

I, Matthew-Lane: Hassell, hereby provide formal notice and demand for Supervisory Review of the agency's claim of past-due child support referenced in your notice dated November 13, 2025 (see Attachment A).

I, Matthew-Lane: Hassell state on and for the record that I contest and object to these DHHS-BCSS administrative and supervisory reviews and actions. I am being coerced into DHHS-BCSS jurisdiction under retalitory threats of income seizures, arrearages, tax intercepts, license suspensions, and potentially incarceration. These compelled proceedings violate the fundamental right to an impartial decisionmaker because the tribunals administering Title IV-D child-support matters operate under financial and performance incentives tied directly to increased enforcement and collections. The Supreme Court has long held that due process is violated where adjudicators or their institutions have financial or structural interests in the outcomes they decide. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *Tumey v. Ohio*, 273 U.S. 510 (1927); *Ward v. Monroeville*, 409 U.S. 57 (1972). The First Circuit and New Hampshire Supreme Court likewise require tribunals to be free from even the appearance of bias. *In re Boston's Children First*, 244 F.3d 164, 171 (1st Cir. 2001); *Gordon v. Pallone*, 70 F.4th 102 (1st Cir. 2023); *State v. Bader*, 148 N.H. 265 (2002). Recent U.S. Supreme court decisions further underscore that constitutionally significant rights may not be adjudicated in agency-controlled forums lacking structural neutrality. *Loper Bright Enters. v. Raimondo*, 603 U.S. ___ (2024); *SEC v. Jarkesy*,

1

603 U.S. ___ (2024). Because Title IV-D performance and enforcement incentives create a constitutionally intolerable probability of bias, these coerced supervisory and administrative proceedings fail to satisfy the minimum requirements of due process.

Under controlling Supreme Court authority, agencies have zero constitutional power to adjudicate private rights, impose financial obligations, seize property, classify individuals, or expand statutory authority: *SEC v. Jarkesy* (2024) holds that any action imposing penalties or legal consequences requires an Article III court and a jury; *Loper Bright* (2024) holds that agencies may not interpret or enlarge statutes and that "the interpretation of the meaning of statutes is exclusively a judicial function"; *Octane Fitness* (2014) forbids the creation of atextual burdens or enforcement standards not found in statutory text; and *Wilson v. Hawaii* (2024) confirms that constitutional rights are self-executing and people "need not engage in empty formalities" or submit to unconstitutional procedures before invoking them. Accordingly, any DHHS/BCSS enforcement—absent proven jurisdiction, statutory predicates, due process, and Article III adjudication—is ultra vires, unconstitutional, and void ab initio, regardless of whether the agency "has an order."

This demand is made pursuant to <u>5 U.S.C. § 552b(h)(1)</u> (... 'The burden is on the defendant to sustain his action'.-- in this case the agencies-NH DHHS and BCSS and their agents/employees), and <u>5 U.S.C. § 552</u> (the Freedom of Information Act-FOIA) inclusive, and <u>NH RSA 91-A</u> inclusive, and demands that all enforcement activity be held in abeyance pending the outcome of review including constitutional 'judicial' action and trial by jury.

This demand preserves, without waiver, all constitutional, jurisdictional, procedural, contractual, and statutory objections to the validity, enforceability, and legal and lawful

capacity of the order(s) asserted as the basis for enforcement. This demand preserves, without waiver judicial action (trial by jury).

I make these assertions based on the record as it presently stands. Should BCSS/DHHS or any state officer produce verifiable documentary evidence proving lawful jurisdiction, due process, verified residency, and valid consent under NH RSA 161-B:3 (inclusive), RSA 507:9-10, and RSA 461-A:2, I remain open to reviewing such evidence in good faith. My objective is not to evade 'lawful' responsibility but to ensure that all actions taken are grounded in full State and Federal constitutional and statutory compliance, and all prerequisites of office and authority of all Officials and employees of all departments and agencies of the state, and all court employees involved in the totality of this matter are in full compliance with NH RSA 93-B:1-5. Therefore, absent proven jurisdiction, verified statutory predicates, due process, lawful venue, and valid oath-and-bond compliance, every enforcement action taken against me is ultra vires, unconstitutional, void ab initio, and must be immediately withdrawn, ceased, and vacated in full.

Nothing herein shall be construed as a waiver of any right and remedy and claim, or defense, including but not limited to those under N.H. Const. pt. 1, arts. 1, 2, 2-b, 3, 4, 7, 8, 10, 14, 15, 19, 20, 23, 33, 37, and 38 and the U.S. Constitution First, Fourth, Fifth, Seventh (see Sec v. Jarkesy 34 F. 4th 446) and Fourteenth Amendments; as well as 18 U.S.C. 241 and 18 U.S.C. 242 and 42 U.S.C. 1983 and 42 U.S.C. 1985 and 42 U.S.C. 1986. (Also see Attachment C-Affidavit)

## I.   NH CONSTITUTIONAL VIOLATIONS

**A. Article 2 – Natural Rights - "All men have certain natural, essential, and inherent rights among which are, the enjoying and defending life and liberty; acquiring, possessing, and protecting, property; and, in a word, of seeking and obtaining**

3

happiness...

The New Hampshire Constitution recognizes parental rights as natural, essential, and inherent. *In re Guardianship of Diana P.*, 120 N.H. 791 (1980), and *In re J.H.*, 135 N.H. 88 (1991) confirms that parental rights are fundamental liberty rights. No strict-scrutiny review was applied prior to enforcement—a constitutional requirement when the State, through *State Action*, intrudes into the parent-child relationship.

## B. Article 2-b – Right of Privacy - An individual's right to live free from governmental intrusion in private or personal information is natural, essential, and inherent.

NH DHHS or BCSS wage withholding, record creation, threats of retaliation (license restriction for non-compliance)and classification as a "support obligor" constitute state action intrusion into a private matter and therefore require lawful jurisdiction, evidentiary hearing and lawful findings, and strict-scrutiny (constitutional) justification—none of which occurred.

## C. Article 15 – Right of Accused - …"No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land;..."

Article 15 guarantees notice, opportunity to be heard, the right to present evidence, and the right to confront claims made against one's liberty or property by a jury of peers. I three times requested an evidentiary hearing to contest residency, venue, and underlying unfounded assertions. Judge Michael L. Alfano denied those hearings, violating Article 15 and rendering the resulting order(s) procedurally unconstitutional. See *Petition of Morin*, 154 N.H. 275 (2006); *In re Sandra H.*, 150 N.H. 634 (2004); *Brzica v. Dartmouth College*, 147 N.H. 443 (2002).

## II. JURISDICTIONAL AND VENUE DEFECT (VOID JUDGMENT)

Venue was transferred from the 9th Circuit – Manchester (Hillsborough County) to the 10th Circuit – Derry (Rockingham County) based on a false claim of residence by Defendant Devin Aileen Kimbark through Attorney Jennifer L. DiTrapano and/ or Brian Germaine, in Case No. 656-2022-DM-00737. False residency assertions caused an unlawful transfer and deprived the original court of lawful venue. This constitutes fraud upon the court.

Under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and *State v. Taylor*, 152 N.H. 719 (2005), judgments obtained by fraud are void *ab initio* and may be attacked at any stage. *In re D.O.*, 158 N.H. 231 (2009) confirms the State must prove jurisdiction before enforcing an order—it has not.

Moreover, the absence of verified residence and venue deprives the tribunal of *subject-matter jurisdiction*. Any "order" issued under those conditions is not merely voidable but **void,** producing no legal effect. Jurisdiction cannot be presumed or retroactively conferred by administrative enforcement.

Jurisdictional proof must derive from 'official judicial' assignment rosters, state-published venue maps, and court dockets showing a lawful transfer consistent with RSA 507:9-10.
    In this case, such proof cannot exist because the defendants' (Devin Aileen Kimbark's) false statement of residence caused an unlawful venue transfer and deprived the original court of lawful jurisdiction. The record contains no verified residency, and no factual findings supporting venue. Consequently, the tribunal never acquired subject-matter jurisdiction, and any resulting order is void ab initio.

Furthermore, Under Loper Bright Enterprises v. Raimondo, 603 U.S. (2024), the United States Supreme Court expressly overruled Chevron U.S.A. v. Natural Resources Defense Council, eliminating judicial deference to administrative interpretations of law. Agencies now bear the full burden to prove statutory authority

and may not rely on internal policy or presumptive interpretations to justify enforcement actions. Accordingly, BCSS-DHHS cannot presume jurisdiction or interpret statutory terms such as "obligor," "resident," or "application for services" to expand its own authority.

Likewise, SEC v. Jarkesy, 34 F.4th 446 (5th Cir. 2022), aff'd (2024), reaffirmed that due-process rights, jury-trial guarantees, and separation-of-powers principles prohibit agencies from acting as both prosecutor and adjudicator in matters affecting private rights. BCSS/DHHS's combined investigative and enforcement functions violate these constitutional boundaries when performed without judicial oversight or lawful jurisdiction. Any administrative determination that purports to create or enforce a support obligation without Article III or State Constitutional judicial review is constitutionally defective and void ab initio.

Further, physical presence or participation alone does not confer jurisdiction. NH RSA 458-A:8(I) explicitly states that participation in proceedings does not create personal jurisdiction. As such, the issuing tribunal never acquired subject-matter or territorial jurisdiction. Any resulting order is void.

**Demanded Review Items under** 5 U.S.C. § 552 (the Freedom of Information Act-FOIA) inclusive, and NH RSA 91-A inclusive:

1. Produce the exact order(s) BCSS/DHHS is enforcing and the lawful jurisdictional basis relied upon, including all documents establishing residency and venue and jurisdiction.
2. Produce the transfer order with residency affidavit, and the factual record supporting the asserted residence and venue at the time of transfer.
3. Produce the totality (full disclosure) of the official State of New Hampshire Child Support Enforcement System

(CSES) Case Notes and all internal communications and database entries.

4. Confirm whether BCSS/DHHS independently verified venue, residency, and jurisdiction prior to initiating enforcement, and identify the employee or office responsible for such verification.

5. If no such verification occurred, explain in writing the statutory or policy authority relied upon to proceed with enforcement absent confirmed jurisdiction.

## III. DUE PROCESS AND EQUAL PROTECTION VIOLATIONS

I three times requested an evidentiary hearing to challenge the residency assertion controlling jurisdiction and venue, as well as other unfounded and/ or false allegations. Those hearings were contested by opposing counsel and were denied by Judge Michael L. Alfano (see Attachment B).

Accordingly, a support order entered without jurisdiction or without due process and evidentiary findings is void and unenforceable.

## IV. NON-CONSENT, PRIVACY, AND ABSENCE OF JURISDICTION UNDER N.H. CONST. ART. 2-B

Pursuant to Part I, Article 2-b of the New Hampshire Constitution, every person possesses an inherent right to privacy and to be free from governmental intrusion into personal and private affairs. The compelled inclusion of my name and private information in BCSS/DHHS databases, interception of income, and creation of a "support obligor" record constitute state surveillance and interference in a private parental relationship. These acts directly violate Article 2-b and exceed any statutory authority granted to the Department.

I have never applied for or consented to Title IV-D services. RSA 161-B:3 expressly conditions the Department's possible

7

enforcement authority on specific 'factual' predicates, including:

- abandonment by a parent,
- abandonment of one parent and child by the other parent, or
- failure or neglect by the responsible parent to provide proper care, support, or maintenance.

Under NH RSA 458-B:3, DHHS possibly becomes the "responsible agency" upon receipt of a valid IV-D application.

The restricted visitation schedule 'ORDER'—imposing support obligations without jurisdiction and proper venue and evidentiary hearing (findings of facts and law)—eliminated my ability to provide care, thus preventing any finding of "failure to support."

Because NH RSA 458-B:3 and 161-B:3 requires a 'factual' predicate (abandonment or failure to support) before the Department can possibly (not guaranteed to) take action, the Department bears the burden of proving that the statutory conditions exist, and only after the full protections and guarantees of the N.H. and U.S. Constitutions are met.

Even where alleged "failure to support" is claimed, the State and Federal Constitution prohibits any such finding unless the accused parent is afforded:

- Full State and Federal Constitutional protections,
- personal jurisdiction,
- subject-matter jurisdiction,
- notice of the nature and cause of the proceedings (judicial or administrative or ADR or legislative or executive),
- a meaningful opportunity to be heard (evidentiary hearing and findings of facts and law), and
- an impartial decisionmaker (or agency) not receiving compensation or incentives tied to Title IV-D performance.

These rights are grounded in, to include but is not limited to:

- N.H. Constitution, Part 1, Arts. 2, 4, 7 and 15 (due process, notice, petition, open courts, jurisdiction, rights),
- U.S. Constitution, Amendments V and XIV (due process and equal protection clauses),
- Caperton v. Massey, 556 U.S. 868 (2009) (judicial financial conflicts violate due process),
- Turner v. Rogers, 564 U.S. 431 (2011) (child support enforcement requires procedural safeguards).

If the court or agency acts through:

- Policies and/ or procedures abdicating State and Federal constitutionally secured rights,
- ex parte proceedings,
- administrative or ADR-styled non-judicial hearings,
- a tribunal lacking Article III or state-constitutional judicial authority,
- Title IV-incentivized decisionmakers,

then no valid, constitutional determination of "failure to support" could ever have been made. Thus, the statutory trigger in RSA 161-B:3 was never lawfully established.

The Department lacks statutory authority to open or pursue a IV-D enforcement case under RSA 161-B:3(I).

## V. Title IV-D Participation Is Voluntary

Under federal law:

- Only the applicant chooses to enroll in the Title IV-D system.
- The obligor does not choose, sign, consent, or voluntarily submit to Title IV-D enforcement.

This creates a fundamental asymmetry:

1. Custodial parent → voluntary participant

2. Obligor → involuntarily subjected to a federal-state enforcement regime without any consent or application.

If participation in Title IV-D is voluntary for one party, it must be voluntary for all parties who are similarly situated pursuant to the 14th Amendment equal protection clause.
 The State cannot:

- allow one parent to apply voluntarily,
- treat that parent favorably,
- and force the other parent into the programs jurisdiction involuntarily,
- while burdening them with enforcement measures.

This arbitrary classification is not rational and cannot survive strict constitutional scrutiny—particularly where fundamental familial rights and property interests are involved.

The Supreme Court forbids governmental classifications based solely on the actions or preferences of private individuals. (*Shelley v. Kraemer*, 334 U.S. 1 (1948); *Reitman v. Mulkey*, 387 U.S. 369 (1967).*)

Here, Plaintiff's status and obligations were determined not by due process, evidence, and constitutional adjudication—but by the unilateral voluntary actions of the other parent.

This is a textbook Equal Protection violation.

## VI.  DUE PROCESS + EQUAL PROTECTION BAR UNILATERAL TITLE IV-D IMPOSITION

Federal statutes require due process before any support enforcement action:

- 42 U.S.C. § 666(a)(8)(B)(iv) — income withholding must comply with all procedural due-process requirements of the State (see part 1-article 15 above).
- 42 U.S.C. § 666(a)(7)(B) — credit reporting requires full due process.

Even if the State, through *State Action* possesses an interest in collecting child support, it may do so only through procedures consistent with constitutional guarantees. Due process requires:

- personal jurisdiction,
- subject-matter jurisdiction,
- notice of the nature and cause of the proceeding,
- opportunity to be heard,
- an impartial and non-incentivized decisionmaker (Caperton v. Massey),
- and a non-discriminatory application of law (Equal Protection).

By structuring IV-D participation such that one parent's voluntary actions impose mandatory federal administrative enforcement on the other, DHHS-BCSS violates both procedural due process *and* equal protection clauses. The obligor is deprived of liberty and property (income, tax refunds, licenses, credit standing etc.).

Thus, the State's (or its agents and agencies) actions are void, ultra vires, and constitutionally invalid both facially and as applied.

The U.S. Supreme Court in CHRISTOPHER L. WILSON v. HAWAII No. 23-7517. Decided December 9, 2024 (Statement of Thomas. J,) found that, "Our rejection of state procedural restrictions on the invocation of constitutional defenses follows from the fact that <u>constitutional rights are "self-executing prohibitions on governmental action."</u> City of Boerne v. Flores, 521 U. S. 507, 524 (1997). <u>A constitutional violation accrues the moment the</u>

<u>government undertakes an unconstitutional act.</u> For example, a violation of the Takings Clause occurs "at the time of the taking." Knick v. Township of Scott, 588 U. S. 180, 194 (2019).

Moreover, on November 12, 2022 I was deprived from my child by a private party (Devin Aileen Kimbark). I was unable to attend a hearing on November 30, 2022 in the Manchester (Hillsborough County) courthouse. Devin Aileen Kimbark falsely claimed our child and herself had lived in Derry NH since the minor child was born (October 22, 2022). Under this false claim (fraud upon the court), venue was subsequently transferred to the Derry (Rockingham County) courthouse. I was further deprived of equal access to the minor child by Devin Aileen Kimbark (a private party) till the following hearing March 22, 2023 in Derry (Rockingham County). Since that hearing, I have been restricted to only two hours of supervised visitation on Saturdays and Sundays, a total of merely four hours of parent-child contact per week. No evidentiary hearing was held, no cross-examination was permitted, and no competent court made any constitutionally required determination under *Santosky v. Kramer*, 455 U.S. 745 (1982).

Instead, these severe parental restrictions were imposed through administrative mechanisms, false allegations, and Title IV-D-incentivized proceedings, rather than through genuine 'judicial' adjudication.

## A. This Restriction Eliminated My Ability to Provide Care, Support, and Maintenance — Making "Failure to Support" Legally Impossible.

Four supervised hours per weekend days provides no meaningful opportunity for a parent to:

- provide day-to-day care,
- provide maintenance or support through physical presence,
- be involved in school, medical, emotional, developmental or daily needs,

- parent the child in any constitutionally secured meaningful way.

This is not parenting. It is state-controlled visitation, triggering the 'State Action Doctrine'.

When the State, and/ or private individuals and third parties (Judges, administers, commissioners, Attorney, mediators, DHHS/BCSS) acting jointly in State Action to:

1. tarnish a parent with unfounded and/ or false allegations,
2. uses those allegations to restrict the parent to 4 hours supervised weekly,
3. then claims that parent "abandoned" or "failed to support" under RSA 161-B:3,

the State, and/ or private individuals and third parties acting jointly in State Action is manufacturing the very conditions it then uses to impose Title IV-D enforcement.

That is a Due Process impossibility violation. You cannot "abandoned" or "fail" to support when the State and/ or private individuals and third parties prevent you from supporting by means more than for financial gains.

To make it clear on and for the record, child custody determinations and/ or Support and/ or enforcement in State Action, are entitled to full State and Federal Constitutional protections, to include but is not limited to: due process of the Fifth and Fourteenth Amendments, and Equal Protection Under the Law within the meaning of the Fourteenth Amendment, because the Constitution/s is regarded as law, the supreme law of the land, its guarantees are a must first application and full compliance in any government interaction with the people.

The first three words of the second sentence of the Fourteenth Amendment are: "No state shall." This sentence declares that the states may not "abridge" the privileges and immunities of the people of the United States, or "deprive" people of life,

13

liberty, or property without due process of law, nor "deny" to any of the people the equal protection of the laws. The States (or its agencies, department, bureaus, agents, employees, contractors) never had the right to inflict wrongs upon free people by denial of the full protection of the Constitution/s and the laws; because all officials are by the Constitution/s required to be bound by oath or affirmation to support those Constitutions.

Limiting a parent to 4 supervised hours per week while simultaneously demanding full financial support under Title IV-D converts:

- the full spectrum of parental rights (custody, companionship, care, direction, maintenance) into
- a single remaining function: paying the custodial parent money.

This violates substantive due process, because:

> *"The liberty interest at issue—the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court."*
> — *Troxel v. Granville*, 530 U.S. 57, 65 (2000)

The U.S. Supreme Court has also held:

> *The State may not reduce a parent to a mere source of financial support while denying their custodial rights without due process."*
> — *Stanley v. Illinois*, 405 U.S. 645 (1972)

A parent with 4 hours supervised per week is not a parent; they are a visitor, created by *state action*.

The State, its agencies and agents or private individuals cannot eliminate my parental liberty interest, then demand money as if my parental relationship is intact.

14

## B. This Is Also an Equal Protection Violation

The custodial parent exercises:

- full time custodianship,
- full authority,
- full decision-making,
- full control of the relationship,
- and receives financial benefit through Title IV-D.

I, however, am restricted to:

- 4 hours per week,
- supervised only,
- no decision-making,
- no equal access,
- and heavy financial burdens.

Two parents who are similarly situated as legal parents have been treated radically differently without any constitutionally adjudicated cause — solely because one parent made unfounded and/ or false allegation/s and applied for Title IV-D services.

As the Supreme Court has held, the Equal Protection Clause prohibits differential treatment based on arbitrary classifications or third-party actions.

Here, my rights are conditioned — and restricted — based solely on the voluntary actions of another private individual. That is unconstitutional.

## C. Title IV-D Enforcement Is Void Because the State Manufactured the Predicate

RSA 161-B:3 requires:

- abandonment, or
- failure to support.

Both are impossible here:

- I did not abandon my child
- I was prevented from providing familiar support.
- I was denied access.
- I am restricted to supervised visitation based on unfounded accusations and falsehoods.
- I never voluntarily applied or consented for Title IV-D.

Thus:

The State and/ or private individuals and third parties acting jointly in *State Action* created the factual deprivation, then used the deprivation as the justification for enforcement. That is void ab initio.

## D. I am Entitled to Relief, Vacatur, and Compensation

The 4-hour supervised visitation regime is evidence that:

- my parental rights were unlawfully restrained,
- my ability to support was obstructed,
- the custodial parent engaged in false reporting,
- the State acted without jurisdiction or due process,
- Title IV-D enforcement lacks all lawful predicates,
- and the resulting orders and penalties are unconstitutional.

All enforcement actions following this deprivation are **void,** not merely erroneous.

## VII.  The State Cannot Reduce Parenthood to Financial Payments

NH RSA 461-A:2(b) requires the State to:

"Encourage parents to share in the rights and responsibilities of raising their children."

My ability to:

- supervise,
- teach,
- care for,
- discipline,
- bond,
- and directly support my child

was removed and replaced with:

- 4 hours supervised contact, and
- Title IV-D financial incentives and enforcement.

The State replaced parenting with payment. This violates NH RSA 461-A:2(b).

The State's actions have unconstitutionally simplified my parental rights—rights that include custody, companionship, care, supervision, and direct support of my child—into a single narrow function: financial support. This reduction is unconstitutional. Under the Fourteenth Amendment and Part 1, Articles 2 and 2-b of the New Hampshire Constitution, a parent's rights and duties are not limited to money; they include the private and natural and unalienable prerogative to raise, care for, and maintain a relationship with one's child.

The United States Supreme Court has repeatedly held that parental rights are among the oldest and most fundamental liberties recognized by the Constitution. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Santosky v. Kramer*, 455 U.S. 745 (1982). The State may not redefine those rights into a mere financial obligation. Yet here, after depriving me of custody, companionship, and meaningful access through false allegations and state-enabled interference, the State imposed a financial-only model of parenthood under Title IV-D—without jurisdiction, without due process, and without proof of any

17

statutory predicate such as abandonment or failure to support under NH RSA 161-B:3.

By first depriving me of the ability to provide actual care and support, and then libeling me a "support obligor" whose sole function is to pay the custodial parent, the State has unlawfully converted a full spectrum fundamental right into a single monetary obligation. This is a constitutional violation of the highest order, inconsistent with *Stanley v. Illinois*, 405 U.S. 645 (1972), in which the Supreme Court held that the State cannot reduce parental status to a financial relationship nor substitute bureaucratic control for natural familial bonds. The government may not sever parental rights—custodial, relational, supervisory, and emotional—and convert parenthood into nothing more than a revenue stream for Title IV-D enforcement.

Accordingly, because the State has unconstitutionally reduced the role of a parent to "financial provider" and did so through actions devoid of jurisdiction and due process, all resulting enforcement actions, orders, and Title IV-D classifications are **void ab initio** and violate both federal and state constitutional guarantees.

Unless the Department produces documentary evidence of a valid signed application and consent by all participants, it lacks statutory authority to pursue enforcement actions under Title IV-D simply by the 14th amendment equal protection clause. Federal law requires that any individual whose case is processed under Title IV receive notice that participation is voluntary—42 U.S.C. § 603(a)(2)(A)(ii)(bb). BCSS/DHHS has never provided such notice or obtained my informed, written consent.

The ordering court likewise lacked jurisdiction to classify me as a "support obligor" because:

1. Venue and residence were falsely asserted and never proven, contrary to RSA 507:9-10 and the public policy embodied in RSA 461-A:2 requiring equal parental participation and

lawful jurisdiction over both parents. These defects deprived the court of lawful venue and territorial jurisdiction, rendering any resulting order void ab initio; and

2. Under *In re D.O.*, 158 N.H. 231 (2009) and *In re Raymond C.*, 120 N.H. 510 (1980), jurisdiction must be proven by the party invoking it, and any order entered without such proof is void *ab initio*.

Accordingly, any BCSS/DHHS enforcement action—wage and/ or tax withholding, reporting, license restriction or record creation—taken absent both (a) a valid 'judicial' (i.e. not an administrative and/ or an ADR-style proceeding) order issued by a court with proven, competent jurisdiction and (b) my equal voluntary consent to Title IV-D participation, constitutes an ultra vires act, an unconstitutional invasion of privacy, and an unlawful taking of property in violation of Part I, Articles 2, 2-b, and 15 of the New Hampshire Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

**Demand:**

1. Cease and desist all BCSS/DHHS enforcement actions immediately;
2. Remove my personal and financial data from any IV-D database or enforcement system; and
3. Produce documentary proof of any alleged consent, application, or constitutionally compliant statutory authorization permitting intrusion into my private affairs.

Absent such proof, BCSS/DHHS lacks lawful authority to act and must close the case immediately and without haste.


# VIII. PUBLIC OFFICER BOND, BLANKET UNDERTAKING, AND OATH OF OFFICE REQUIREMENTS

Pursuant to RSA 93-B:1-a and RSA 93-B:2, all public officers, including judges, shall be bonded by means of a blanket undertaking or undertakings from any duly authorized corporate surety.

The presiding officer, Judge Michael L. Alfano – Court Case: 656-2022-DM-00737, was required to be bonded by the state at the time of all acts complained of. This bond or undertaking is a jurisdictional foundation of office—a statutory prerequisite of office and authority, ensuring accountability, indemnity, and lawful capacity. Absent proof of such bond or coverage, any act or order issued under color of that office and authority is void ab initio and without jurisdiction.

Furthermore, under Part II, Article 84 of the New Hampshire Constitution (Oath of Civil Officers), every civil officer must take and subscribe the constitutional oath "to faithfully and impartially discharge and perform all the duties incumbent on him… agreeably to the rules and regulations of this Constitution and the laws of the state." Failure to execute and file that oath renders the office unlawfully held and all subsequent acts null and void.

I demand BCSS/DHHS to produce certified copies of all bond(s) and undertaking(s), and oath(s) of office for all state officials and employees of all departments and agencies of the state and court employees who participated in this case (Court Case: 656-2022-DM-00737 and NH DHHS-BCSS Case ID: 30154779C) pursuant to NH RSA 93-B:1-5 and Part II, Article 84 of the New Hampshire Constitution. Absent such proof, the presumption arises that those officials, employee(s) (civil officers) were and are acting outside lawful capacity and without the prerequisites to statutory authority.

Moreover, Attorney Jennifer L. DiTrapano and/ or Brian Germaine, like every attorney admitted to practice in the State of New Hampshire, is subject to the mandatory oath requirements of RSA 311:6. The statute provides that every attorney "*shall take and*

*subscribe*" the oath to support the Constitution of this State and of the United States, and further to swear:

> "*...that you will do no falsehood, nor consent that any be done in the court, and if you know of any, that you will give knowledge thereof to the justices of the court, or some of them, that it may be reformed; that you will not wittingly or willingly promote, sue or procure to be sued any false or unlawful suit, nor consent to the same...*"
> — NH RSA 311:6

These are not discretionary ethical aspirations. They are mandatory statutory duties imposed as conditions of the privilege of practicing law in New Hampshire courts. The statute's use of "*shall*" removes any doubt: an attorney's compliance is compulsory and non-negotiable.

In the matter of 656-2022-DM-00737, Attorney Jennifer L. DiTrapano and/ or Brian Germaine, was bound by NH RSA 311:6 to:

1. Fully support both the New Hampshire and United States Constitutions;
2. Do no falsehood in the court;
3. Not consent to any falsehood committed by others;
4. Affirmatively report any known falsehood to the justices of the court so that such misconduct "may be reformed";
5. Refrain from promoting, pursuing, or consenting to any "false or unlawful suit."

These duties are active, affirmative, and ongoing. NH RSA 311:6 does not allow an attorney to remain passive in the face of falsehood, fraud, constitutional violations, or procedural defects. The oath requires intervention, disclosure, and refusal to participate in any unlawful or constitutionally infirm proceeding.

Thus, Attorney DiTrapano's and/ or Brian Germaine, obligations in 656-2022-DM-00737 were not limited to her role as counsel for a party—they extended to the integrity and impropriety of the court itself, the constitutional rights of all litigants, and the 'lawful' administration of justice. Any failure to adhere to RSA 311:6 constitutes not only a breach of oath but a statutory violation, undermining the court's jurisdiction and the validity of any proceeding affected by such misconduct.

Where an attorney knowingly allows falsehoods to be presented, fails to report misconduct, or participates in an unlawful or constitutionally defective proceeding, that attorney has violated NH RSA 311:6 and has created a constitutional injury. This is because:

- Due process prohibits proceedings that are tainted by **fraud, misrepresentation, or secret misconduct**. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) ("tampering with the administration of justice… is a wrong against the institutions set up to protect and safeguard the public");
- Due process is denied when counsel injects or conceals falsehoods that materially affect the tribunal's decision-making, *Miller v. Pate*, 386 U.S. 1, 7 (1967);
- A proceeding is constitutionally defective when an officer of the court—an attorney—acts in violation of legal duties that are designed to ensure truthful, lawful, and constitutional adjudication.

Because NH RSA 311:6 requires attorneys to affirmatively report known judicial or procedural wrongdoing, a failure to do so is itself a deprivation of due process. The statute exists precisely to prevent the type of constitutional injuries that occurred here.

The U.S. Supreme Court has repeatedly held that certain defects constitute structural error, requiring automatic reversal

without any showing of prejudice. Examples include biased adjudicators (*Murchison*), denial of counsel (*Gideon*), or procedures fundamentally incapable of ensuring a fair process (*Tumey v. Ohio*, 273 U.S. 510 (1927)). An attorney violating NH RSA 311:6 by permitting or participating in falsehood, concealment, or unlawful suits likewise destroys the structural fairness of the proceeding, because:

1. The adversarial process becomes corrupted;
2. The judicial factfinding process becomes unreliable;
3. The litigant is denied the constitutional guarantee of "due process of law";
4. The proceeding becomes constitutionally void.

As the First Circuit has recognized, "fraud upon the court" and actions taken without lawful authority constitute **jurisdictional defects** that render judgments void ab initio. *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118–19 (1st Cir. 1989) ("a scheme to interfere with the judicial adjudication of disputes" is fraud on the court).

A judgment obtained in a proceeding infected by NH RSA 311:6 violations is not merely erroneous—it is statutorily and constitutionally void, triggering mandatory relief.

When an attorney participates in state proceedings, enforces state statutes, invokes state authority, or acts jointly in state action, the attorney becomes a **state actor** for § 1983 purposes. See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 942 (1982). A state actor who violates a statutory constitutional duty—such as NH RSA 311:6's requirement to support the Constitutions—commits a Fourteenth Amendment due-process violation.

**Demanded Review Items under** 5 U.S.C. § 552 (the Freedom of Information Act-FOIA) inclusive, and NH RSA 91-A inclusive:

1. Produce the original, certified, or official copy of Judge
   Todd H. Prevett (November 30, 2022) and Michael L. Alfano's
   (March 22, 2022) Public Officer Bond or statutory Blanket
   Undertaking in effect at the time of all acts complained
   of, as well as all officials and employees within the NH
   DHHS and BCSS departments and agencies involved in the
   entirety of this matter, to include but is not limited to:
   Betty Raymond, Lori A. Weaver, Susan N. Brisson.
2. Produce the executed Oath of Office pursuant to N.H. Const.
   pt. II, art. 84, showing execution date, filing date, and
   current validity.
3. Identify the custodian of record and the surety company (if
   applicable) responsible for maintaining these instruments
   under RSA 93-B:1-5.

**Authorities:**

- 5 U.S.C. § 552 (the Freedom of Information Act-FOIA)
- NH RSA 91-A inclusive
- N.H. RSA 93-B:1-5 (Bonds and Blanket Undertakings)
- N.H. RSA 311:6 (Attorneys and Counselors - Oaths
- N.H. Const. pt. II, art. 84 (Oath of Civil Officers)
- Rodi v. S. New England School of Law, 389 F.3d 5 (1st Cir.
2004) (jurisdiction and statutory compliance as threshold
requirements)
- Hafer v. Melo, 502 U.S. 21 (1991) (official-capacity
liability contingent upon lawful office)

The agency is demanded to obtain and produce and include these
record(s) into evidence and in the CSES file to verify lawful
capacity, bonding, and oath compliance of all officers involved
in both the original court proceedings and enforcement
proceedings.

## IX. AGENCY BURDEN OF PROOF

Under 5 U.S.C. § 552b(h)(1), the agency (DHHS/BCSS) bears the
burden to prove by sworn and admissible evidence: (1) the

underlying order is valid and jurisdictionally lawful; (2) due process was afforded; (3) the 'ORDER' it assumes to enforce was not procured by State and Federal Constitutional violations and/or fraud or fraud upon the court and (4) I knowingly and voluntarily applied and/ or consented to IV-D services.

## X. 42 U.S.C. § 1983 — VIOLATION OF DUE PROCESS AND EQUAL PROTECTION BY UNLAWFUL TITLE IV-D IMPOSITION

The State through and by its agencies (courts, DHHS/BCSS) and agent(s) (judges, administrators, commissioners, ALJ's, Supervisors, Attorneys, or the like), acting under color of state law, deprived Plaintiff of rights secured by the State and Federal Constitutions.

The State through and by its agencies and agent(s) imposed child-support enforcement mechanisms—including forced income withholding, and data sharing—without:

- proof of statutory predicates under RSA 161-B:3 and RSA 93-B:1-5,
- personal jurisdiction,
- subject-matter jurisdiction,
- or an opportunity to be fairly heard (see NH Const. Part 1 – Art. 15).

The DHHS-BCSS also created a classification in which one parent may voluntarily enroll in the IV-D enforcement regime while the other is forcibly subjected to federal-state administrative consequences without consent—a structure that violates Equal Protection. This is:

- State/agency-created disparity,
- State/agency-created classification,
- State/agency-created inequality,
- State/agency-created deprivation,
- State/agency-created financial burden,

- without due process,
- without equal protection,
- without evidence,
- without jurisdiction.

This is actionable under, to include but is not limited to: 42 U.S.C. § 1983 and 42 U.S.C. § 1985 and 42 U.S.C. § 1986 and 18 U.S.C. § 241 and 18 U.S.C. § 242.

## XI. PENDING FEDERAL APPEAL

Various jurisdictional and due-process issues are now before the U.S. Court of Appeals for the First Circuit in Hassell v. Kimbark et al., Case No. 24-1442, started from the NH State Court Case: 656-2022-DM-00737.

Continuation of enforcement while these matters remain under Federal appellate review interferes with federal jurisdiction and undermines judicial comity.

**Demanded Review Items:**

- Confirm that BCSS/DHHS will either cease and desist all BCSS/DHHS enforcement actions immediately and remove my personal and financial data from any IV-D database or enforcement system and close Case ID: 30154779C or;

hold enforcement in abeyance pending completion of administrative and judicial review and resolution of the federal appeal.

## XII. DEMAND FOR RELIEF

I hereby demand that BCSS—DHHS:

1. Conduct a full supervisory review;

2. A) Close the case (Case ID: 30154779C) as unenforceable or;

   B) Suspend all enforcement actions pending review, to include but is not limited to Administrative review and judicial action (Appeal, trial by jury, federal action) and resolution of the federal appeal (Case Name: Hassell v Kimbark et al, Case No. 24-1442);

3. Correct agency records to reflect:
   - Jurisdictional challenges and violations;
   - State and Federal Constitutional violation;
   - Non-consent to Title IV-D participation; and
   - Verification of bond(s) and oath status;

4. Produce a written determination with constitutional findings of fact and conclusions of law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my abilities and knowledge.

ALL RIGHTS RESERVED WITHOUT PREJUDICE
VOID WHERE PROHIBITED BY LAW

_Matthew-Lane: Hassell_    Dated: 25th of November, 2025

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

# ATTACHMENT A

- DHHS-BCSS NOTICE OF NOTICE OF LICENSE REVOCATION-DATED NOVEMBER 13, 2025

DCSS 612
09/24

SOUTHERN DISTRICT   13016
NH DEPARTMENT OF HEALTH AND HUMAN SERVICES
BUREAU OF CHILD SUPPORT SERVICES
26 WHIPPLE STREET
NASHUA NH 03060

Court Case : 6562022DM00737
Case ID : 30154779C
Out-of-State ID :

NOVEMBER 13, 2025

MATTHEW HASSELL
20 ARLINGTON ST UNIT D
NASHUA NH 03060

## NOTICE OF LICENSE REVOCATION

The Bureau of Child Support Services (BCSS) hereby notifies you that you are NOT in compliance with your legal order of support, which requires you to pay child support in the amount of $217.00, WEEKLY. In addition, as of 11/12/2025 you owe $8,773.39 in overdue child support (arrearage).

Because your child support is more than sixty (60) days overdue, BCSS may contact the appropriate licensing board(s) to take action to take away your driver's, professional, occupational, and/or sporting license(s).  TO PREVENT LOSING YOUR LICENSE(S), YOU MUST PAY YOUR CURRENT AND OVERDUE SUPPORT OR CONTACT BCSS TO MAKE ARRANGEMENTS TO PAY YOUR CHILD SUPPORT, WITHIN TWENTY-ONE (21) CALENDAR DAYS OF THE DATE OF THIS NOTICE.  IF YOU IGNORE THIS NOTICE YOUR LICENSE(S) WILL BE TAKEN AWAY

The following child(ren) are the subject of the above-referenced Court order:

| CHILD(REN) | DATE OF BIRTH |
|---|---|
| ██████████████████ | 10/22/2022 |

If you are contesting the amount of the arrearage, or you think a mistake of fact has been made, you must request a Supervisory Review, IN WRITING, within twenty-one (21) calendar days of the date of this notice.  Information about your right to a Supervisory Review is enclosed with this notice.

You have the right to file a motion with the appropriate Court regarding modification of your legal order of support. BCSS will suspend all license revocation actions if you file a motion within twenty-one (21) calendar days of the date of this notice which could:

- Change the amount of your support obligation;

- Change the amount of arrearage owed; or

- Change the amount of the payment toward the arrearage



*State of New Hampshire*   ●   *Department of Health and Human Services*   ●   *Bureau of Child Support Services*

TDD Access: Relay NH 1-800-735-2964

EN42
DCSS PR 10-02

-2-

DCSS 612
09/24

If you do not respond to this notice within twenty-one (21) calendar days of the date of this notice, the appropriate licensing board(s) will be contacted and your license(s) will be taken away. If you do not have a license, but plan to apply for one in the future, the license will be denied if you are not in compliance with your legal order. If your licenses are taken away or denied, they will NOT be issued or reissued until you are in compliance with your legal order of support. Any fees associated with reissuing or reinstating your license(s) are your responsibility.

NOTE: *To find out if there is a fee, or the amount of the fee, for reissuing or reinstating your license, you must contact the responsible licensing agency or board, not BCSS.*

If your licenses are taken away or denied, the appropriate licensing board CANNOT issue or reissue your license until you provide them with a letter from BCSS stating that you are in compliance. Also, you CANNOT challenge BCSS' license revocation process before any licensing board--YOU MUST CONTACT BCSS IF YOU WANT TO AVOID HAVING YOUR LICENSE(S) REVOKED.

To pay your current and overdue support, make your check or money order payable to NH DEPARTMENT OF HEALTH & HUMAN SERVICES (NH DHHS), and send your payment to:

> CHILD SUPPORT REGIONAL PROCESSING CENTER
> PO BOX 9502
> MANCHESTER NH 03108-9502

To ensure proper credit to your account, write your Case ID on your check or money order. Your Case ID is printed on the first page of this notice. If your payment for current and overdue support is received by the Processing Center within twenty-one (21) days your license(s) will NOT be taken away.

If you have any questions or want to discuss paying your support, please call me within twenty-one (21) calendar days of the date of this notice at the telephone number listed below. If a lawyer represents you in this matter, it is your responsibility to give your lawyer a copy of this notice.

Sincerely,

*Betty Raymond*

BETTY RAYMOND
Bureau of Child Support Services
(603)579-9341

Enclosure: Information About Your Right To Appeal

---

DCSS 612
09/24

-3-

## INFORMATION ABOUT YOUR RIGHT TO APPEAL

**RIGHT TO A SUPERVISORY REVIEW:** You have a right to challenge the contents of this notice by requesting a Review with a BCSS Supervisor. The Supervisory Review can only address whether a mistake of fact has been made. A WRITTEN request for a Supervisory Review must be received by BCSS at the address provided within twenty-one (21) calendar days of the date of this notice.

You are not required to appear at the scheduled review, but you must provide BCSS with documentation in support of your claim that a mistake of fact was made. Failure to provide supporting documentation shall constitute waiver of your right to challenge this notice. Following the review, the Supervisor will issue a written decision. No action will be taken by BCSS until the Supervisory Review has been completed.

### RIGHT TO AN ADMINISTRATIVE HEARING:

If you are dissatisfied with the Supervisory Review decision, you have the right to request an Administrative Hearing pursuant to NH Administrative Rules Chapter He-C 200 within thirty (30) calendar days of the written Supervisory Review decision. An Administrative Hearing can only consider whether actions taken by BCSS were in accordance with statutory requirements, departmental rules, and/or policy.

A request for an Administrative Hearing may be made VERBALLY to the BCSS office responsible for your case, or IN WRITING to either the Administrative Appeals Unit, 105 Pleasant Street, Concord, NH 03301, or to the BCSS office responsible for your case. An Administrative Hearing is the final administrative remedy available. A request for an Administrative Hearing may not prevent BCSS from taking further establishment or enforcement actions with regard to your case.

### RIGHT TO A JUDICIAL APPEAL:

In accordance with NH RSA 161-C:27 and NH Administrative Rule He-W 410.01, if you are dissatisfied with the decision of the Administrative Hearing, you have the right to file a Judicial Appeal of the decision within thirty (30) calendar days of receipt of the decision. Upon review of the record, the court in its discretion may request the submission of additional evidence and order a hearing.

NOTE:  *Supervisory Reviews and Administrative Hearings cannot modify your child support obligations. You have a right to proceed directly to Family Court for review or modification of your Order without going through the Administrative Appeals process.*

# **ATTACHMENT C**

- AFFIDAVIT

Matthew-Lane: Hassell, Agent
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

## AFFIDAVIT - OPPORTUNITY TO CURE
### (27 Pages)

1) I, Matthew-Lane: Hassell, as the clearly established and
specifically designated beneficiary to the Original
Jurisdiction, appearing by special appearance as opposed to
general appearance, being of majority age, competent to testify,
do affirm and attest under penalty of perjury, that the truths
and facts herein are of firsthand personal knowledge and that
they are true, correct, complete, and not misleading to the best
of my abilities.

2) This document is to be entered into evidence at the earliest
possible opportunity. Judges can either act administratively or
judicially. It is a maxim of law; "It matters not what is known
to the judge, if it is not known to him judicially." As
recognized in *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.
1990), "issues not supported by evidence are deemed waived." If
no evidence is formally entered, the judge must act only within
the scope of judicial authority, and decisions contrary to the
record are void.

3)  I hereby affirm that no attorney or representative currently
speaks or acts on my behalf in this matter, and any prior
limited grants of authority are revoked, terminated and void,
consistent with my right to self-representation under *Faretta v.
California*, 422 U.S. 806 (1975).

4) According to Corpus Juris Secundum Volume 7 Chapter 4 Section
76 Attorneys have a dual obligation, their first duty is to the

1

courts and the public, only when those are satisfied, do they have a duty to the client. My attorneys never disclosed this to me.

5) With that in mind, I will hold court in Persona Propria Sui Juris, in my own right. I hereby invoke and ordain and establish the common law.

6) "DISCLAIMER: All legal citations, statutes, and excerpts from judicial opinions herein are used for purposes of legal argument, education, and the exercise of constitutional petition rights. I have knowledge of copyright laws and have observed the copyright symbol(s) contained within what appears to be all Books, Codes, References, Reporters, and the like, dealing with law, and such a symbol's use and employment in providing notice that the contents therein are the private property of the copyright owner, and I freely admit that I have neither grant, franchise, license, nor letter-patent to use said contents, nor practice the same. Please be advised that all cites thereto, and excerpts therefrom, are utilized and employed herein merely for educational and communicational purposes, to display from where my present understanding inheres from, and, due to the depth of the matter with which this controversy attempts to cover." This is called Fair Use and is allowed for purposes of criticism, news reporting, teaching and parody which doesn't infringe on copyright under 17 U.S.C.A. INCLUSIVE."

7) Any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241 and 18 U.S.C. 242 and 42 U.S.C. 1983 and 42 U.S.C. 1985 and 42 U.S.C. 1986 (as such conduct falls outside lawful authority. See *Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974)-- official immunity is not

absolute) and the New Hampshire Constitution; Part 2, Article 17 and 38 and 39 (Impeachment).

8) Due to that truth, the Uniform Commercial Code 3-402 Signature by representative is in violation of federal laws, state and federal constitutions and therefore void and a nullity. To the extent any statutory provision, including UCC 3-402, is interpreted to authorize acts in violation of the U.S. or State Constitutions, such interpretation is void under the Supremacy Clause, U.S. Const. art. VI.

9) Comes now Matthew-Lane: Hassell for the purpose of settling all Claims and Charges outstanding, and who honorably files this AFFIDAVIT in order to set off, settle and close this account. Matthew-Lane: Hassell is the only authorized representative of the vessel MATTHEW LANE HASSELL. I appear Persona Propria Sui Juris (in my natural person and in my own right), not as a legal representative of any artificial entity. As a pro se litigant, my filings are held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Woods v. Carey*, 525 F.3d 886, 889-890 (9th Cir. 2008).

10) Matthew-Lane: Hassell is the Administrator and Beneficiary as well as holder in due course of the vessel MATTHEW LANE HASSELL, (a Texas corporation) and is not an attorney and not represented by an attorney, so he may be heard by the court in this case, in testimony and may be known through his written word when such is affirmed and attested under penalty of perjury.

11) Matthew-Lane: Hassell is claiming to be a (Affiant); A plaintiff must allege personal injury fairly traceable to defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737 (1984).

3

12) If at any point I signed a document under mistake, duress, or without full understanding, such agreement is voidable under basic contract law principles and cannot constitute a knowing waiver of constitutional rights. If at any time in the past I inadvertently waived my rights or lessened my status through contract, forgive me. No man or woman would knowingly and intelligently; with forethought waive his or her rights. Such agreement would be an unconscionable contract or clause in violation of the Uniform Commercial Code 2-302. Upon that truth I hereby expressly reserve my rights in accordance with the Uniform Commercial Code 1-308 Express reservation of rights.

13) This is a self-executing contract. Notice to the principal is notice to the agent, notice to the agent is notice to the principal.  You are hereby bound to inform all of your colleagues and superiors and subordinates and all who are involved in this matter and all which may have future interactions with my person or me of the contents of this affidavit. If there is something you do not understand clearly, it is incumbent upon you to summon a superior officer, special prosecutor, federal judge or other competent legal counsel to immediately explain the significance of this instrument as per your duties and obligations in respect to this public formal instrument.

14) You are required to respond to this affidavit, on a point-by-point basis, by sworn declaration under penalty of perjury in accordance with 28 U.S.C. § 1746, and under full commercial liability, attesting that the facts contained therein are true, correct, complete, and not misleading. You have 14, (fourteen) days from the receipt of this AFFIDAVIT to respond. Failure to rebut specific allegations with admissible evidence will constitute **tacit acquiescence** and will be deemed an admission for purposes of this case. *Fed. R. Civ. P. 8(b)(6)*. Failure to meet the obligations in this affidavit will be treated as agreement with its statements and acceptance of

liability. Mere unsworn declarations, conclusory statements, or general denials shall be deemed legally insufficient and constitute a complete nullity. If an extension of time is required, such request must be made in writing before the expiration of this deadline and must 'show' good cause.

15) I have a right to equal access to justice. I hereby demand the rules and procedures of the court and any and all similar rules and procedures of any agencies involved in this controversy. I also hereby DEMAND a true and correct (certified copy) of the file against me and any and all evidence, affidavits, testimony, report(s), paper(s), Bond(s), sureties, securities, blanket undertakings and the like, etc., created from this controversy. This must be done without cost and without delay in accordance with Brady v. Maryland, 373 U.S. 83 (1963) wherein it was decided that "The government's withholding of evidence that is material to the determination of either guilt or punishment of a criminal defendant violates the defendant's constitutional right to due process." This is further mandated in accordance with U.S. v. Tweel, 550 F.2d 297 (1977) wherein it was decided; "Silence can only be equated with fraud when there is a legal or moral duty to speak, or when an inquiry left unanswered would be intentionally misleading.

16) I respectfully demand you allow me to inspect and verify the Congressional Charter, LLC, LLP or other documents, which prove that the NH Circuit Court, 10th Circuit – Family Division – Derry, and NH Division of Child Support Services — Southern District-NH Department of Health & Human Services are an agency of government.

a. According to the constitution for the United States of America, Article 1 Section 8, there is a list of all agencies of government. If the NH Circuit Court, 10th Circuit – Family Division – Derry, and NH Division of Child Support Services — Southern District-NH Department of Health & Human Services are not specifically listed therein, that would lead one to believe

their agents are mere corporations in according to Title 28
Section 3002 (15), (A) and (B) and (C) the United States is a
federal corporation and all agencies of "government" (city and
county and state municipalities) are sub-corporations under
their superior authority.

17) If you cannot provide proof that the NH Circuit Court, 10th
Circuit – Family Division – Derry, and NH Division of Child
Support Services — Southern District-NH Department of Health &
Human Services is an agency of government, I respectfully demand
you allow me to inspect and verify a signed contract or other
commercial agreement, which obligates me to personal and subject
and subject matter jurisdiction of the NH Circuit Court, 10th
Circuit – Family Division – Derry, and NH Division of Child
Support Services — Southern District-NH Department of Health &
Human Services and/ or the STATE OF NEW HAMPSHIRE and/ or other
such jurisdictions, signed by both parties, in accordance with
the Supreme Court decision Clearfield Trust Co. v. United States
318 U.S. 363-371 (1943).
    a. Please make certain the contract(s) you offer contains
Full Disclosure;
    b. Please make certain the contract(s) you offer contains
the Equal Consideration (what your corporation brings to the
table), and the mutual obligation, (what your corporation is
obligated to perform) according to the contract;
    c. Please make certain the contract(s) you offer contains
the Lawful Terms and Conditions (proof the contract is not based
upon fraud); and
    d. Please make certain the contract(s) you offer contains
both Signatures of the Parties/ Meeting of the Minds
(corporations can't sign because they have no right, or mind, to
contract as they are legal fictions).

18) If you cannot provide me a contract or other commercial
agreement which obligates me to the jurisdiction of theNH
Circuit Court, 10th Circuit – Family Division – Derry, and NH

Division of Child Support Services — Southern District-NH
Department of Health & Human Services, I respectfully demand you
allow me to inspect and verify the AFFIDAVIT in support of
WARRANT and a BONA FIDE WARRANT (ORDER) for seizure of my
property (wages, earnings, securities, licences etc.).

    a. I respectfully demand the aforementioned WARRANT (ORDER)
prove it was created in accordance with all U.S. and N.H.
Constitutional restrictions;

    b. I further demand the aforementioned must not be Rubber
stamped or electronically filed signatures, if so they are void
and a nullity in accordance with State v. Paulick, 277 Minn.
140, 151 N.W.2d 596 (1967);

    c. I further demand you to comply with Fourth Amendment
restrictions, the warrant (ORDER) to seize my property must
either on its face or on the face of the accompanying affidavit
clearly, expressly, and narrowly specify the triggering event;

    d. Seizures, which are executed after illegal trespass, are
invalid under the Fourth Amendment restriction and in accordance
with U.S. v. Hotal, 143 F.3d 1223 (1998).

19) If you cannot provide me proof of jurisdiction, lawful
warrant, or contract cannot be produced I respectfully demand
you dismiss all charges (ORDERS) against me and my person.

    a. I also demand all attempts to collect and/ or enforce
payments cease and desist immediately and forever more and that
all payments and garnishments and arrearages be reimbursed to me
immediately.

20) I, Matthew-Lane: Hassell am the biological father of the
minor child PH, born on October 22, 2022.

21) On November 30, 2022, in Case No. 656-2022-DM-00737 in the
9th Circuit — Family Division — Manchester, the defendant, Devin
Aileen Kimbark, through her attorney Jennifer L. DiTrapano,
represented to the Court that she and the minor child resided at

7

3 Stoneleigh Drive, Derry, New Hampshire, since the birth of the child (10/22/2022).

22) At the time of that representation, I have personal knowledge that the defendant and child did **not** reside at that address as represented to the Court.

23) The Court relied on that residency statement to transfer venue and jurisdiction from Hillsborough County (Manchester) to Rockingham County (Derry).

24) I have objected to the jurisdiction and requested an evidentiary hearing to challenge the residency claim and factual basis for venue transfer as well as other allegations.

25) Judge Michael L. Alfano denied my request for an evidentiary hearing.

26) The resulting child support order was entered in the 10th Circuit - Family Division - Derry (Rockingham County), without evidentiary hearing, without jurisdiction established on record, and without my meaningful opportunity to be heard.

27) I have never applied for, requested, or signed any document to enroll in or participate in Title IV-D child support enforcement services under NH RSA 161-B:3.

28) I was never informed that participation in Title IV programs is voluntary, as required by 42 U.S.C. § 603(a)(2)(A)(ii)(bb).

29) I did not voluntarily contract, consent, or authorize the New Hampshire Division of Child Support Services (BCSS) to act on my behalf or to create enforcement records against me.

30) I am currently the appellant in an active case pending before the United States Court of Appeals for the First Circuit,

titled: Hassell v. Kimbark et al., Case No. 24-1442, in which
these jurisdictional and procedural issues are part of the
appeal (WRIT OF ERROR).

31) The enforcement actions DHHS-BCSS is attempting to carry out
directly relate to issues currently under federal appellate
review.

32) I make this affidavit based on personal knowledge, grounded
in documented court records, filings, and my direct
participation in the related proceedings.

33) VOID WHERE PROHIBITED BY LAW.

34) Further Affiant sayeth not.


I declare (or certify, verify, or state) under penalty of
perjury under the laws of the United States of America that the
foregoing is true and correct.



_Matthew-Lane: Hassell_   DATED: 25th d November, 2025

Matthew-Lane: Hassell Authorized Representative of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603)231-0844
mhas191@yahoo.com



(POINTS AND AUTHORITIES TO FOLLOW)


9

# POINTS AND AUTHORITIES

**Superior Court Decisions:**

Basso v. Utah Power & Light Co., 495 F 2d 906, 910.
"Jurisdiction can be challenged at any time." and "Jurisdiction,
once challenged, cannot be assumed and must be decided."

Brady v. Maryland, 373 U.S. 83 (1963) The government's
withholding of evidence that is material to the determination of
either guilt or punishment of a criminal defendant violates the
defendant's constitutional right to due process.

Clearfield Trust Co. v. United States 318 U.S. 363-371 (1943):
"Governments descend to the level of a mere private corporation,
and take on the characteristics of a mere private citizen . . .
where private corporate commercial paper [Federal Reserve Notes]
and securities [checks] is concerned . . . For purposes of suit,
such corporations and individuals are regarded as entities
entirely separate from government."
What the Clearfield Doctrine is saying is that when private
commercial paper is used by corporate government, then
government loses its sovereignty status and becomes no different
than a mere private corporation.
     As such, government then becomes bound by the rules and
laws that govern private corporations which means that if they
intend to compel an individual to some specific performance
based upon its corporate statutes or corporation rules, then the
government, like any private corporation, must be the
holder-in-due-course of a contract or other commercial agreement
between it and the one upon who demands for specific performance
are made.

Haines -vs.- Kerner, 404 U.S. 519 (Reversed & Remanded),
allegations such as those asserted by petitioner, however

inartfully decreed, are sufficient… which we hold to less
stringent standards than formal pleadings drafted by lawyers.
and Woods —vs— Carey,  525 F3d 886, 889-890 (Reversed &
Remanded), and claims Pro Per, in his own person, a rule in
pleading that pleas to the jurisdiction of the Court must be
pleaded in propria persona,  see Kay —vs.— Ehrler, 499 U.S. 432.
"...The requirement of standing, however, has a core component
derived directly from the Constitution. A plaintiff must allege
personal injury fairly traceable to the defendant's allegedly
unlawful conduct and likely to be redressed by the requested
relief." Allen v. Wright, 468 U.S. 737 (1984).

H. Liebes and Co. V. Klengenberg, (C. C.A. Cal.), 23 F.2nd 611,
612 (1928).  Re: Contracts: It is an agreement creating
obligation, in which there must be competent parties, subject
matter, legal consideration, mutuality of agreement, and
mutuality of obligation, and agreement must not be so vague or
uncertain, that terms are not ascertainable. (See also Lee v.
Travelers Insurance).

Lee v. Travelers' Ins. Co. of Hartford Conn., 173 S.C. 185, 175
S.E. 429. "An agreement between two or more parties, preliminary
step in making of which is offer by one and acceptance by the
other, in which minds of parties meet and concur in
understanding of terms. It is an agreement, creating obligation,
in which there must be competent parties, subject matter, legal
consideration, mutuality of agreement, and mutuality of
obligation, and agreement must not be so vague or uncertain that
terms are not ascertainable.

LOPER v. RAIMONDO. LOPER BRIGHT ENTERPRISES, et al., Petitioners v.
Gina RAIMONDO, Secretary of Commerce, et al. Relentless, Inc., et
al., Petitioners v. Department of Commerce, et al. 22-451 22-1219.
(28 June 2024).
[1] Article III of the Constitution assigns to the Federal Judiciary
the responsibility and power to adjudicate "Cases and Controversies,"

which are concrete disputes with consequences for the parties involved. U.S. Const. art. 3, § 2, cl. 1.

[3] It is emphatically the province and duty of the Federal Judiciary to say what the law is.

[4] Interpreting federal laws, in the last resort, is a solemn duty of the Federal Judiciary, and when the meaning of a statute is at issue, the judicial role is to interpret the act of Congress, in order to ascertain the rights of the parties.

[7] The interpretation of the meaning of federal statutes, as applied to justiciable controversies, is exclusively a judicial function. U.S. Const. art. 3, § 2, cl. 1.

[10] The Administrative Procedure Act (APA) codifies for agency cases the unremarkable yet elemental proposition that courts decide legal questions by applying their own judgment, without the APA prescribing a deferential standard for courts to employ in answering those legal questions. 5 U.S.C.A. § 706.

[12] The notion that some things "go without saying" applies to legislation just as it does to everyday life.

[16] In the business of statutory interpretation, if a federal agency's interpretation of a federal statute is not the best, it is not permissible.

[19] Lower courts are bound even by crumbling Supreme Court precedents.

[21] Lack of quality of the precedent's reasoning was a consideration favoring the overruling, as exception to doctrine of stare decisis, of Supreme Court's Chevron decision, which sometimes required courts to defer to "permissible" agency interpretations of ambiguous statutes that those agencies administered; Chevron had proved to be fundamentally misguided, it reshaped judicial review of agency action without the Chevron decision or any other Supreme Court decision grappling with the Administrative Procedure Act (APA), which laid out how judicial review worked, its flaws had nonetheless been apparent

from the start, and for its entire existence it was a rule in search
of a justification. 5 U.S.C.A. § 706.

[23] Courts Supreme Court decisions Supreme Court's Chevron decision,
which sometimes required courts to defer to "permissible" agency
interpretations of ambiguous statutes that those agencies
administered, had not been a stable background rule that fostered
meaningful reliance, as a consideration favoring the overruling of
Chevron, as exception to stare decisis; given the Supreme Court's
constant tinkering with and eventual turn away from Chevron and the
lower courts' inconsistent application of it, it was hard to see how
anyone Congress included—could reasonably expect a court to rely on
Chevron in any particular case, and rather than safeguarding reliance
interests, Chevron affirmatively destroyed them by allowing agencies
to change course even when Congress had given them no power to do so.

[24] Part of judicial humility by the Supreme Court is admitting to
and in certain cases correcting its own mistakes by overruling
precedent, especially when those mistakes are serious.

[26] Courts must exercise their independent judgment in deciding
whether an agency has acted within its statutory authority, as the
Administrative Procedure Act (APA) requires, and courts need not, and
under the APA may not, defer to an agency's interpretation of the law
simply because a statute is ambiguous; overruling Chevron, U.S.A.,
Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104
S.Ct. 2778, 81 L.Ed.2d 694. 5 U.S.C.A. § 706.

**Held in Loper *Supra*:** The Administrative Procedure Act requires courts
to exercise their independent judgment in deciding whether an agency
has acted within its statutory authority, and courts may not defer to
an agency interpretation of the law simply because a statute is
ambiguous; **<u>Chevron is overruled.</u>** Pp. 7–35. As Chief Justice Marshall
declared in the foundational decision of Marbury v. Madison, "[i]t is
emphatically the province and duty of the judicial department to say
what the law is." 1 Cranch 137, 177. In the decades following

Marbury, when the meaning of a statute was at issue, the judicial role was to "interpret the act of Congress, in order to ascertain the rights of the parties." Decatur v. Paulding, 14 Pet. 497, 515.

**Background in *Loper Supra*:** Under the Chevron doctrine, courts have sometimes been required to defer to "permissible" agency interpretations of the statutes those agencies administer-even when a reviewing court reads the statute differently. Id., at 843. In each case below, the reviewing courts applied Chevron's framework to resolve in favor of the Government challenges by petitioners to a rule promulgated by the National Marine Fisheries Service pursuant to the Magnuson-Stevens Act, 16 U.S.C. §1801 et seq., which incorporates the Administrative Procedure Act (APA), 5 U.S.C. §551 et seq. As Chief Justice Marshall declared in the foundational decision of Marbury v. Madison, "[i]t is emphatically the province and duty of the judicial department to say what the law is." 1 Cranch 137, 177. In the decades following Marbury, when the meaning of a statute was at issue, the judicial role was to "interpret the act of Congress, in order to ascertain the rights of the parties." Decatur v. Paulding, 14 Pet. 497, 515. The views of the Executive Branch could inform the judgment of the Judiciary, but did not supersede it. "[I]n cases where [a court's] own judgment . . . differ[ed] from that of other high functionaries," the court was "not at liberty to surrender, or to waive it." United States v. Dickson, 15 Pet. 141, 162."The interpretation of the meaning of statutes, as applied to justiciable controversies," remained "exclusively a judicial function." United States v. American Trucking Assns., Inc., 310 U.S. 534, 544. As relevant here, the APA specifies that courts, not agencies, will decide "all relevant questions of law" arising on review of agency action, 5 U.S.C. §706 (emphasis added)-even those involving ambiguous laws. "agencies have no special competence in resolving statutory ambiguities. Courts do." Chevron (467 U.S. at 843) gravely erred in concluding that the inquiry is fundamentally different just because

an administrative interpretation is in play. An agency's
interpretation of a statute "cannot bind a court," but may be
especially informative "to the extent it rests on factual premises
within [the agency's] expertise." Bureau of Alcohol, Tobacco and
Firearms v. FLRA, 464 U.S. 89, 98, n. 8. Delegating ultimate
interpretive authority to agencies is simply not necessary to ensure
that the resolution of statutory ambiguities is well informed by
subject matter expertise. Resolution of statutory ambiguities
involves legal interpretation, and that task does not suddenly become
policymaking just because a court has an "agency to fall back on."
Kisor, 588 U.S., at 575.

Main v. Thiboutot, 448 U.S. 1 (1980). "The law provides that
once State and Federal Jurisdiction has been challenged, it must
be proven." The right of action created by statute relating to
deprivation under color of law, of a right secured by the
constitution and the laws of the United States and comes claims
which are based solely on statutory violations of Federal Law
and applied to the claim that claimants had been deprived of
their rights, in some capacity, to which they were entitled."

Melo v. US, 505 F2d 1026. "Once jurisdiction is challenged, the
court cannot proceed when it clearly appears that the court
lacks jurisdiction, the court has no authority to reach merits,
but, rather, should dismiss the action."

State v. Paulick, 277 Minn. 140, 151 N.W.2d 596 (1967).  No
rubber-stamp "signature" "The United States Supreme Court ...
stressed the need for 'individualized review' to avoid the
issuance of 'rubber stamp' warrants."

Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647
(1964). 1. "Statements of counsel in brief or argument are not
facts before the court and are therefore insufficient for a
motion to dismiss or for summary judgment." 2. "An attorney for

the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

TRUMP v. UNITED STATES, [Syllabus - Page 4, (3)] 06/ 28/ 2024. Accessed 7/ 12/ 2024.

As for a President's unofficial acts, there is no immunity. Although Presidential immunity is required for official actions to ensure that the President's decision making is not distorted by the threat of future litigation stemming from those actions, that concern does not support immunity for unofficial conduct. Clinton, 520 U. S., at 694, and n. 19. The separation of powers does not bar a prosecution predicated on the President's unofficial acts. P. 15. (b) The first step in deciding whether a former President is entitled to immunity from a particular prosecution is to distinguish his official from unofficial actions. In this case, no court thus far has drawn that distinction, in general or with respect to the conduct alleged in particular. It is therefore incumbent upon the Court to be mindful that it is "a court of final review and not first view." Zivotofsky v. Clinton, 566 U. S. 189, 201. Critical threshold issues in this case are how to differentiate between a President's official and unofficial actions, and how to do so with respect to the indictment's extensive and detailed allegations covering a broad range of conduct. The Court offers guidance on those issues. Pp. 16-32.

U.S. v. Hotal, 143 F.3d 1223 (1998) 9th Cir. To comply with Fourth Amendment, anticipatory search warrant must either on its face or on the face of the accompanying affidavit clearly, expressly, and narrowly specify the triggering event. Consent to search that is given after illegal entry is tainted and invalid under the Fourth Amendment.

16

U.S. v. Lang 792 F.2d 1235 (4th Cir. 1986).  The first issue
this case raises, and the most significant, is whether an
individual holding corporate documents in a representative
capacity may assert a fifth amendment privilege against
producing those documents in response to a subpoena. Circuits
addressing the question have split over the answer. Some
confusion exists in the wake of recent Supreme Court decisions
on the relationship of the fifth amendment to business-related
documents.

Traditionally, the fifth amendment privilege could be
claimed to shield production of private documents belonging to a
natural person, Boyd v. United States, 116 U.S. 616, 6 S.Ct.
524, 29 L.Ed. 746 (1886), but could not be claimed by an
organized entity like a corporation, Hale v. Henkle, 201 U.S.
43, 26 S.Ct. 370, 50 L.Ed. 652 (1906). Corporate officials
seeking to claim an individual fifth amendment privileges were
denied protection because of the policy that a custodian should
not be able to shield the collective entity (which has no fifth
amendment privilege) from governmental scrutiny by asserting a
personal right. United States v. White, 322 U.S. 694, 699, 64
S.Ct. 1248, 1251, 88 L.Ed. 1542 (1944); Wilson v. United States,
221 U.S. 361, 378-79, 31 S.Ct. 538, 543, 55 L.Ed. 771 (1911).
Under this rule, custodians assume the rights, duties, and
privileges of the artificial entity of which they are agents or
officers and they are bound by its obligations. The official
records and documents that are held by them in a representative
rather than personal capacity cannot be the subject of the
personal privilege against self-incrimination, even though
production of the papers might tend to incriminate them
personally. White, 322 U.S. at 699, 64 S.Ct. at 1251.


U.S. v. Tweel, 550 F.2d 297, 299-300 (1977) "Silence can only be
equated with fraud when there is a legal or moral duty to speak,
or when an inquiry left unanswered would be intentionally
misleading... We cannot condone this shocking conduct...If that
is the case we hope our message is clear. This sort of deception

will not be tolerated and if this is routine it should be corrected immediately"

Ryan v. Commission on Judicial Performance, (1988) 45 Cal. 3d 518, 533 Before sending a person to jail for contempt or imposing a fine, judges are required to provide due process of law, including strict adherence to the procedural requirements contained in the Code of Civil Procedure. Ignorance of these procedures is not a mitigating but an aggravating factor.

SECURITIES AND EXCHANGE COMMISSION, PETITIONER v. GEORGE R. JARKESY, JR.,ET AL.", 6/ 27/ 2024 "603 U. S. ____ (2024) Opinion of the Court No. 22-859 .

Held: When the SEC seeks civil penalties against a defendant for securities fraud, the Seventh Amendment entitles the defendant to a jury trial. Pp. 6-27.

(a) The question presented by this case—whether the Seventh Amendment entitles a defendant to a jury trial when the SEC seeks civil penalties for securities fraud—is straightforward. Following the analysis set forth in Granfinanciera, S. A. v. Nordberg, 492 U. S. 33, and Tull v. United States, 481 U. S. 412, this action implicates the Seventh Amendment because the SEC's antifraud provisions replicate common law fraud. And the "public rights" exception to Article III jurisdiction does not apply, because the present action does not fall within any of the distinctive areas involving governmental prerogatives where the Court has concluded that a matter may be resolved outside of an Article III court, without a jury. (b) The Court first explains why this action implicates the Seventh Amendment. (1) The right to trial by jury is "of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right" has always been and "should be scrutinized with the utmost care." Dimick v. Schiedt, 293 U. S. 474, 486. When the British attempted to evade American juries by siphoning

adjudications to juryless admiralty, vice admiralty, and chancery courts, the Americans protested and eventually cited the British practice as a justification for declaring Independence. In the Revolution's aftermath, concerns that the proposed Constitution lacked a provision guaranteeing a jury trial right in civil cases was perhaps the "most success[ful]" critique leveled against the document during the ratification debates.
The Federalist No. 83, p. 495. To fix that flaw, the Framers promptly adopted the Seventh Amendment. Ever since, "every encroachment upon [the jury trial right] has been watched with great jealousy." Parsons v. Bedford, 3 Pet. 433, 446. Pp. 7–8. (2) The Seventh Amendment guarantees that in "[s]uits at common law . . . the right of trial by jury shall be preserved." The right itself is not limited to the "common-law forms of action recognized" when the Seventh Amendment was ratified. Curtis v. Loether, 415 U. S. 189, 193. Rather, it "embrace[s] all suits which are not of equity or admiralty jurisdiction, whatever may be the peculiar form which they may assume." Parsons, 3 Pet., at 447. That includes statutory claims that are "legal in nature." Granfinanciera, 492 U. S., at 53. To determine whether a suit is legal in nature, courts must consider whether the cause of action resembles common law causes of action, and whether the remedy is the sort that was traditionally obtained in a court of law. Of these factors, the remedy is the more important. And in this case, the remedy is all but dispositive. For respondents' alleged fraud, the SEC seeks civil penalties, a form of monetary relief. Such relief is legal in nature when it is designed to punish or deter the wrongdoer rather than solely to "restore the status quo." Tull, 481 U. S., at 422. The Acts condition the availability and size of the civil penalties available to the SEC based on considerations such as culpability, deterrence, and recidivism. See §§77h–1; 78u–2, 80b–3. These factors go beyond restoring the status quo and so are legal in nature. The SEC is also not obligated to use civil penalties to

compensate victims. SEC civil penalties are thus "a type of remedy at common law that could only be enforced in courts of law." Tull, 481 U. S., at 422.

This suit implicates the Seventh Amendment right and a defendant would be entitled to a jury on these claims. The close relationship between federal securities fraud and common law fraud confirms that conclusion. Both target the same basic conduct: misrepresenting or concealing material facts. By using "fraud" and other common law terms of art when it drafted the federal securities laws, Congress incorporated common law fraud prohibitions into those laws. This Court therefore often considers common law fraud principles when interpreting federal securities law. See, e.g.,

CHIEF JUSTICE ROBERTS delivered the opinion of the Court.

P. 7 The right to trial by jury is "of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right" has always been and "should be scrutinized with the utmost care." Dimick v. Schiedt, 293 U. S. 474, 486 (1935). GORSUCH, J. [concurring] (Pg. 18, Par. 3 - Pg. 20, Par 1.), Today, the Court does much to return us to a more traditional understanding of public rights. Adhering to Granfinancieria, the Court rejects the government's overbroad reading of Atlas Roofing and recognizes that the kind of atextual and ahistorical (not to mention confusing) tests it inspired do little more than ask policy questions the Constitution settled long ago. "...," we have no license to deprive the American people of their constitutional right to an independent judge, to a jury of their peers, or to the procedural protections at trial that due process normally demands. Let alone do so whenever the government wishes to dispense with them. This Court does not subject other constitutional rights to such shabby treatment. We have "reaffirm[ed]," many times and "emphatically[,] that the First Amendment does not permit the State to sacrifice speech for efficiency."... "Duncan v. Louisiana, 391 U. S. 145, 156 (1968), we

continue to insist that it be jealously preserved," Patton v. United States, 281 U. S. 276, 312 (1930); see Ramos v. Louisiana, 590 U. S. 83, 110–111 (2020) (plurality opinion); Erlinger, 602 U. S., at ___ (slip op., at 18) ("There is no efficiency exception to the . . . Sixth Amendmen[t]"). Why should Article III, the Seventh Amendment, or the Fifth Amendment's promise of due process be any different? None of them exists to "protec[t] judicial authority for its own sake." Oil States, 584 U. S., at 356 (GORSUCH, J., dissenting). They exist to "protect the individual." Bond v. United States, 564 U. S. 211, 222 (2011). And their protections are no less vital than those afforded by other constitutional provisions. As American colonists learned under British rule, "the right of trial" means little "when the actual administration of justice is dependent upon caprice, or favour, [or] the will of rulers." 3 Story §1568, at 426; id., §1783, at 661. In recognizing as much today, the Court essentially follows the advice of Justices Brennan and Marshall, "limit[ing] the judicial authority of non-Article III federal tribunals to th[o]se few, long-established exceptions" that bear the sanction of history, and "countenanc[ing] no further erosion." Schor, 478 U. S., at 859 (Brennan, J., joined by Marshall, J., dissenting).

Sramek v. Sramek, 17 Kan. App. 2d 573, 576–77, 840 P.2d 553 (1992), rev. denied 252 Kan. 1093 (1993). A judgment rendered by a court without personal jurisdiction over the defendant is void. It is a nullity. A judgment shown to be void for lack of personal service on the defendant is a nullity.

US v. Rogers 23 F. 658 The question of jurisdiction in the court either over the person, the subject matter or the place where the crime was committed can be raised at any stage of the criminal proceeding, even upon conviction; it is never presumed, but must always be proved; and it is never waived by the defendant.

## U.S. Constitutional Protections:

**Article I, Section 1:**
   "All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives."

**Article II, Section 1:**
   "The executive Power shall be vested in a President of the United States."

**Article III, Section 1:**
   "The judicial Power of the United States shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."

**Article IV Section 1:**
Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

**Article VI Clause 2** (Supremacy Clause):
This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

## Part I - New Hampshire Constitution Protections:

Article 1. [Equality of Men; Origin and Object of Government.]. All men are born equally free and independent; Therefore, all government of right originates from the people, is founded in

consent, and instituted for the general good.
June 2, 1784*

[Art.] 2. [Natural Rights.] All men have certain natural,
essential, and inherent rights among which are, the enjoying and
defending life and liberty; acquiring, possessing, and
protecting, property; and, in a word, of seeking and obtaining
happiness. Equality of rights under the law shall not be denied
or abridged by this state on account of race, creed, color, sex
or national origin.

[Art.] 2-b. [Right of Privacy.] An individual's right to live
free from governmental intrusion in private or personal
information is natural, essential, and inherent.
December 5, 2018

[Art.] 3. [Society, its Organization and Purposes.] When men
enter into a state of society, they surrender up some of their
natural rights to that society, in order to ensure the
protection of others; and, without such an equivalent, the
surrender is void.
June 2, 1784

Article 4. [Rights of Conscience Unalienable.] Among the natural
rights, some are, in their very nature unalienable, because no
equivalent can be given or received for them. Of this kind are
the Rights of Conscience.
June 2, 1784
Amended 1968 to remove obsolete sectarian references.

[Art.] 7. [State Sovereignty.] The people of this State have the
sole and exclusive right of governing themselves as a free,
sovereign, and independent State; and do, and forever hereafter
shall, exercise and enjoy every power, jurisdiction, and right,
pertaining thereto, which is not, or may not hereafter be, by
them expressly delegated to the United States of America in

<u>Congress assembled.</u>
June 2, 1784

[Art.] 8. [Accountability of Magistrates and Officers; Public's
Right to Know.] <u>All power residing originally in, and being
derived from, the people, all the magistrates and officers of
government are their substitutes and agents, and at all times
accountable to them.</u> Government, therefore, should be open,
accessible, accountable and responsive. To that end, the
public's right of access to governmental proceedings and records
shall not be unreasonably restricted. The public also has a
right to an orderly, lawful, and accountable government.
Therefore, any individual taxpayer eligible to vote in the
State, shall have standing to petition the Superior Court to
declare whether the State or political subdivision in which the
taxpayer resides has spent, or has approved spending, public
funds in violation of a law, ordinance, or constitutional
provision. In such a case, the taxpayer shall not have to
demonstrate that his or her personal rights were impaired or
prejudiced beyond his or her status as a taxpayer. However,
this right shall not apply when the challenged governmental
action is the subject of a judicial or administrative decision
from which there is a right of appeal by statute or otherwise by
the parties to that proceeding.
June 2, 1784
Amended 1976 by providing right of access to governmental
proceedings and records.
<u>Amended 2018 by providing that taxpayers have standing to bring
actions against the government</u>

[Art.] 14. [Legal Remedies to be Free, Complete, and Prompt.]
Every subject of this State is <u>entitled to a certain remedy, by
having recourse to the laws, for all injuries he may receive in
his person, property, or character; to obtain right and justice
freely, without being obliged to purchase it; completely, and</u>

without any denial; promptly, and without delay; conformably to
the laws.
June 2, 1784

[Art.] 15. [Right of Accused.] No subject shall be held to
answer for any crime, or offense, until the same is fully and
plainly, substantially and formally, described to him; or be
compelled to accuse or furnish evidence against himself. Every
subject shall have a right to produce all proofs that may be
favorable to himself; to meet the witnesses against him face to
face, and to be fully heard in his defense, by himself, and
counsel. No subject shall be arrested, imprisoned, despoiled, or
deprived of his property, immunities, or privileges, put out of
the protection of the law, exiled or deprived of his life,
liberty, or estate, but by the judgment of his peers, or the law
of the land; provided that, in any proceeding to commit a person
acquitted of a criminal charge by reason of insanity, due
process shall require that clear and convincing evidence that
the person is potentially dangerous to himself or to others and
that the person suffers from a mental disorder must be
established. Every person held to answer in any crime or offense
punishable by deprivation of liberty shall have the right to
counsel at the expense of the state if need is shown; this right
he is at liberty to waive, but only after the matter has been
thoroughly explained by the court.
June 2, 1784
Amended 1966 to provide the right to counsel at state expense if
the need is shown.

[Art.] 19. [Searches and Seizures Regulated.] Every subject hath
a right to be secure from all unreasonable searches and seizures
of his person, his houses, his papers, and all his possessions.
Therefore, all warrants to search suspected places, or arrest a
person for examination or trial in prosecutions for criminal
matters, are contrary to this right, if the cause or foundation
of them be not previously supported by oath or affirmation; and

25

if the order, in a warrant to a civil officer, to make search in
suspected places, or to arrest one or more suspected persons or
to seize their property, be not accompanied with a special
designation of the persons or objects of search, arrest, or
seizure; and no warrant ought to be issued; but in cases* and
with the formalities, prescribed by law.

[Art.] 23. [Retrospective Laws Prohibited.] <u>Retrospective laws
are highly injurious, oppressive, and unjust. No such laws,
therefore, should be made, either for the decision of civil
causes, or the punishment of offenses.</u>
June 2, 1784

[Art.] 37. [Separation of Powers.] In the government of this
State, the three essential powers thereof, to wit, <u>the
Legislative, Executive, and Judicial, ought to be kept as
separate from, and independent of, each other,</u> as the nature of
a free government will admit, or as is consistent with that
chain of connection that binds the whole fabric of the
Constitution in one indissoluble bond of union and amity.
June 2, 1784

[Art.] 38. [Social Virtues Inculcated.] <u>A frequent recurrence to
the fundamental principles of the constitution, and a constant
adherence to justice, moderation, temperance, industry,
frugality, and all the social virtues, are indispensably
necessary to preserve the blessings of liberty and good
government; the people ought, therefore, to have a particular
regard to all those principles in the choice of their officers
and representatives, and they have a right to require of their
lawgivers and magistrates, an exact and constant observance of
them, in the formation and execution of the laws necessary for
the good administration of government.</u>
June 2, 1784

## PART II - New Hampshire Constitution Protections

[Art.] 84. [Oath of Civil Officers.]
Any person chosen governor, councilor, senator, or representative, military or civil officer, (town officers excepted) accepting the trust, shall, before he proceeds to execute the duties of his office, make and subscribe the following declaration, viz.

I, A.B. do solemnly swear, that I will bear faith and true allegiance to the United States of America and the state of New Hampshire, and will support the constitution thereof. *So help me God.*

I, A.B. do solemnly and sincerely swear and affirm that I will faithfully and impartially discharge and perform all duties incumbent on me as …, according to the best of my abilities, agreeably to the rules and regulations of this constitution and laws of the state of New Hampshire. *So help me God.*

Any person having taken and subscribed the oath of allegiance, and the same being filed in the secretary's office, he shall not be obliged to take said oath again.

*Provided always*, when any person chosen or appointed as aforesaid shall be of the denomination called Quakers, or shall be scrupulous of swearing, and shall decline taking the said oaths, such person shall take and subscribe them, omitting the word "*swear*," and likewise the words "*So help me God*," subjoining instead thereof, "*This I do under the pains and penalties of perjury*."

June 2, 1784
Amended 1792 three times, changing president to governor; shortening oath of allegiance; and dispensing with need to take second oath.
Amended 1970 adding allegiance to the United States of America.

# ATTACHMENT B

- 3 Times Denied Evidentiary hearings (Due Process) and Denial to Prove Jurisdiction-NH RSA 458-A:6

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - Family Division - Derry
10 Courthouse Lane
Derry NH  03038

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF DECISION

**MATTHEW LANE HASSELL**
**45 FALCON CREST WAY**
**MANCHESTER NH  03104**

Case Name:    **In the Matter of Matthew Lane Hassell and Devin Aileen Kimbark**
Case Number:  **656-2022-DM-00737**

Please be advised that on March 22, 2023 the Court made the following Order relative to:

Petitioners Motion for Evidentiary Hearing

"Motion Denied."

/s/ Judge Michael L. Alfano

March 23, 2023

Robin E. Pinelle
Clerk of Court

(846)

C:  Jennifer L DiTrapano, ESQ; NH DHHS Office of Child Support

NHJB-2208-DF (07/01/2011)

Matthew-Lane: Hassell, Agent
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603)231-0844

30th of May, 2023



# THE STATE OF NEW HAMPSHIRE
# NEW HAMPSHIRE CIRCUIT COURT
# 10th CIRCUIT - FAMILY DIVISION - DERRY
# 10 COURTHOUSE LANE
# DERRY, N.H. 03038
# JUDICIAL BRANCH

**NH CIRCUIT COURT**
Telephone: 1-855-212-1234 TTY/TDD Relay: (800) 735-2964
30th of May, 2023

STATE OF NEW HAMPSHIRE

ROCKINGHAM,
ss

10th CIRCUIT COURT
FAMILY DIVISION-DERRY
656-2022-DM-00737

In the Matter of

Matthew-Lane: Hassell and Devin Aileen
Kimbark

## MOTION FOR CLARIFICATION AND EVIDENTIARY HEARING

1. NOW COMES, Petitioner, Matthew-Lane: Hassell, a Natural Individual, Pro Se:

2. On March 22nd, 2023, the court held a Temporary Hearing and Structuring Conference in the above-entitled matter.

3. A Evidentiary Hearing was demanded several times, during the above-mentioned hearing, Propria Persona, Pro Se and on the record, for the record, by myself, to and for the accusations, claims and statements, without proof, being made against me by and through Attorney Jennifer L. DiTrapano for and by her incompetent client.



4. On April 5th, 2023 I, Propria Persona, submitted in a Motion for Objection to Orders set forth from the March 22nd, 2023 Hearing, that are being either forced and/or coerced upon me and my person, lacking in due process of law, denying me equal protection under the law, that's constitutionally protected and denying me my unalienable rights, under the disguise of law, which is, the color of law.

5. My demand for an Evidentiary Hearing was denied and orders were set forth against me, without proof, or equal protection under the law, in a means to libel me and to coerce me into non-consensual contracts. It is my comprehension this could be Prima Facie evidence of a violation to 18 U.S.C. § 241 and would prevent the court from acting Honorably and in good faith.

6. Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F.2d 26 (2d Cir. 1991). Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.

7. On the 15th of May, 2023 Attorney Jennifer L. DiTrapano filed a Motion for Contempt against me.

8. On the 17th of May, 2023, I Matthew ( Propeia Persona ) filed an Opposition to Attorney Jennifer DiTrapanos pleading to have me be seen as in Contempt.

9. I am in receipt of the judge's Order, which is a statement of, " a thirty ( 30 ) minute hearing will be scheduled, for all issue(s) ".

10. Will this be an Evidentiary Hearing?

11. I ask who(s) issue(s) will be answered?

12. Will I be given a chance to replead for an Evidentiary Hearing after these issue(s) are explained?

13. Will these issue(s) be explained in Legalese ( which I do not speak or understand ) or Common Law definitions?

14. Will these issue(s) be explained with full disclosure, being true, accurate and complete?

15. Will I be able to get a written copy of the explanation(s) to these issue(s)?

WHEREFORE, Petitioner, Matthew-Lane: Hassell, Propria Persona and Pro Se, respectfully demand that this Honorable Court:

A. I demand that since I am in Proper Person, the judge must instruct me as to the deficiencies to my pleading(s) and allow me the opportunity to replead for an EVIDENTIARY HEARING.

B. I demand a date be set forth for a Judicial Evidentiary Hearing for Attorney Jennifer L. DiTrapano, to provide proof and to show cause to her claims, accusations and statements of hearsay, libeling me, provided only by an incompetent client and person of unsound mind..

3

C.  Deny any pleadings to force and or coerce contract/(s) of any kind on me and or my person.

D.  Deny any pleadings that trespass on my life, liberty or pursuit of happiness.

E.  Grant any such further relief as justice may, will and or can require.

F.  **VOID WHERE PROHIBITED BY LAW**

G.  Furthermore, Matthew saith not.


**NEW HAMPSHIRE RULES OF CIVIL PROCEDURE,**
**PARENS PATRIAE DOCTRINE**
**VOID WHERE PROHIBITED BY LAW**


_____   Date: 5-30-23

Matthew-Lane: Hassell authorized agent of
**MATTHEW LANE HASSELL**
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com


I certify that a copy of the foregoing motion has been forwarded by email and certified mail to Attorney Jennifer L. Ditrapano.


MICHAEL L. ALFANO
JUDGE

Matthew-Lane: Hassell, Agent
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603)231-0844

30th of May, 2023



# THE STATE OF NEW HAMPSHIRE
# NEW HAMPSHIRE CIRCUIT COURT
# 10th CIRCUIT - FAMILY DIVISION - DERRY
# 10 COURTHOUSE LANE
# DERRY, N.H. 03038
# JUDICIAL BRANCH

**NH CIRCUIT COURT**
**Telephone: 1-855-212-1234 TTY/TDD Relay: (800) 735-2964**
**30th of May, 2023**

STATE OF NEW HAMPSHIRE

ROCKINGHAM,
ss

10th CIRCUIT COURT
FAMILY DIVISION-DERRY
656-2022-DM-00737

In the Matter of

Matthew-Lane: Hassell and Devin Aileen
Kimbark

**RESPONSE TO RESPONDENT'S RESPONSE TO PETITIONER'S SECOND NOTICE OBJECTION TO
MOTION FOR OBJECTION FOR MOTION FOR OBJECTION TO ORDERS FROM 22ND OF MARCH
2023 AND OPPOSITION TO RESPONDENTS MOTION FOR CONTEMPT**

1) On March 22, 2023, the Court held a Temporary Hearing and Structuring Conference in the
   above-entitled matter.

2) On March 23, 2023, the Court issued Temporary Orders.

3) On April 5, 2023, Petitioner filed a Motion for Objection to Orders From 22nd of March, 2023



Case: 24-1442 Case 1:23-cv-00472-JL-AJ Document 17-1 Filed 04/18/25 Page 29 of 43 Entry ID: 6640503
Case 1:23-cv-00472-JL-AJ Document 17-1 Filed 12/20/23 Page 29 of 43

2

with the Court.

4) On April 14, 2023, Respondent filed an Objection to Petitioner's Motion for Objection to Orders From 22nd of March, 2023.

5) On April 14, 2023, the Court issued an Order denying Petitioner's Motion for Objection to Orders From 22nd of March, 2023.

6) On April 24, 2023, Petitioner filed an Objection to Motion for Objection to Motion for Objection to Orders From 22nd of March, 2023.

7) On May 15, 2023, Respondent filed a Motion for Contempt due to Petitioner's unwillingness to be forced and coerced to orders and or contracts, by claims of hearsay (without due process of law) by an incompetent client, to subject himself to investigative purposes to help narrate false claims against Petitioner and to complete a 10-panel hair follicle drug test and pay child support as ordered by the Court on March 23, 2023.

8) On May 17, 2023, Petitioner filed an Opposition to Respondent's Motion for Contempt.

9) Contrary to Respondent and or her Attorney's belief, their personal beliefs as Attorney DiTrapano has stated in her motions, are not, in fact, facts. Especially when the Attorney's information and beliefs are bought and or paid for in this matter.

10) This brings to question if possibly Attorney Jennifer L. DiTrapano is acting as much as a claimant against me, as much as she is representing her client?

11) Petitioners continuously files pleadings in an effort to exhaust remedy and seek competent, meeting of minds in this matter, however inartfully decreed to Attorney Jennifer L. DiTrapano.

12) Contrary to Attorney DiTrapanos beliefs, ideology and or prayers for relief, Petitioner is not responsible for her client(s) contract.

13) Respondent is incurring legal fees (that petitioner is not responsible for these contract fee(s)) to respond to all of Petitioner's pleadings, in an attempt by Petitioner to exhaust remedy with honor and good faith, without the need to further this matter, in a need for claim(s) for damage(s) (tort(s)), to and or for, any and all, who have trespassed and or conspired to trespass, on Petitioner and or Phoenix Katherine Hassell and or their persons. Public and or Privately, legally and or lawfully, Criminally and or Equitably.

Case: 24-1442 Case: 24-1442 Document: 00118140992 Document: 27 Filed: 04/22/25 Filed: 04/22/25 Page: 234 of 1557 Entry ID: 6640503

Case 1:23-cv-00472-JL-AJ   Document 17-1   Filed 12/20/23   Page 30 of 43

3

14) Respondent's Attorney's prayers for relief and personal beliefs, inappropriately request the Court to deprive the rights of petitioner, coerce and force contract(s) upon petitioner, set orders upon petitioner (under the color of law) and deprive a father (the petitioner) and infant child Phoenix Hassell) from one other.

**WHEREFORE, Petitioner; Matthew-Lane: Hassell, Propria Persona and Pro Se, respectfully demand that this Honorable Court:**

A. Since I am in Proper Person, the judge must instruct me as to the deficiencies to my pleading(s) and allow me the opportunity to replead.

B. Respond to and answer, on a point by point basis with full disclosure to the Motion I filed in the 10th CIRCUIT – FAMILY DIVISION – DERRY COURTHOUSE on 24th of April, 2023 and on the 17th of May, 2023.

C. A date be set forth for a judicial Evidentiary Hearing for Attorney Jennifer L. DiTrapano, to provide proof and to show cause to her claims, accusations and statements of hearsay, libeling me, provided only by an incompetent client and person of unsound mind.

D. Deny the request for her ( Attorney Jennifer DiTrapano ) client(s) (Devin Aileen Kimbark) contract fees, to be upheld by myself and or my person. I do not and will not contract with Attorney Jennifer L. DiTrapano, or any Attorney in this matter, nor am I responsible for fees accrued for her practiced services.

E. Deny any pleadings to force and or coerce contract/(s) of any kind on me and or my person.

F. Deny any pleadings that trespass on my life, liberty or pursuit of happiness.

G. Grant any such further relief as justice may, will and or can require.

H. **VOID WHERE PROHIBITED BY LAW**

I. Furthermore, Matthew saith not.

6/6/23
Denied

**NEW HAMPSHIRE RULES OF CIVIL PROCEDURE,
PARENS PATRIAE DOCTRINE
VOID WHERE PROHIBITED BY LAW**

MICHAEL L. ALFANO
JUDGE

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com

Date: 5-30-23

I certify that a copy of the foregoing motion has been forwarded by email and certified mail to Attorney Jennifer L. DiTrapano.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - Family Division - Derry
10 Courthouse Lane
Derry NH  03038

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF DECISION

**MATTHEW LANE HASSELL**
**45 FALCON CREST WAY**
**MANCHESTER NH  03104**

Case Name:   **In the Matter of Matthew Lane Hassell and Devin Aileen Kimbark**
Case Number:   **656-2022-DM-00737**

Enclosed please find a copy of the Court's Order dated August 31, 2023 relative to:

**Petitioners Motion to Challenge, Contest, Rebuke and Rebuttal
the Narrative Order from Hearing Held 17th of July, 2023 and to
Challenge Jurisdiction**

August 31, 2023

Robin E. Pinelle
Clerk of Court

(846)
C:  Jennifer L DiTrapano, ESQ; NH DHHS Office of Child Support

Matthew-Lane: Hassell
45 FALCON CREST WAY
MANCHESTER, NEW HAMPSHIRE 03104
(603) 231-0844
mhas191@yahoo.com

RECEIVED
AUG 04 2023
BY:

### THE STATE OF NEW HAMPSHIRE
### NEW HAMPSHIRE CIRCUIT COURT
### 10th CIRCUIT - FAMILY DIVISION - DERRY
### 10 COURTHOUSE LANE
### DERRY, N.H. 03038
### JUDICIAL BRANCH

**NH CIRCUIT COURT**
**Telephone: 1-855-212-1234 TTY/TDD Relay: (800) 735-2964**
**4th of August, 2023**

### STATE OF NEW HAMPSHIRE

U.S. District Court
District of New Hampshire
55 Pleasant Street
Room 110
Concord, NH 03301

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW HAMPSHIRE**

# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

**ROCKINGHAM,**
**SS**

**10th CIRCUIT COURT**
**FAMILY DIVISION-DERRY**
**656-2022-DM-00737**

Matthew-Lane: Hassell authorized agent of          )
MATTHEW LANE HASSELL                               )
     Petitioner                                   )
                                 )     CASE NO.: 656-2002-DM-00737
     VS.-                                         )
                                   )     10th Circuit- Family Division- Derry
Devin Aileen Kimbark                               )
Attorney Jennifer L. DiTrapano                     )
     Respondent                                   )
                                   )



## MOTION TO CHALLENGE, CONTEST, REBUKE AND REBUTTAL THE NARRATIVE ORDER FROM HEARING HELD 17TH OF JULY, 2023 AND TO CHALLENGE JURISDICTION

1) On the 17th of July, 2023 a Pretrial hearing was held, where I ( Petitioner ) brought up several issues ( criminal and civil rules of procedure ) and entered into the court a statement/motion for such, to be put into evidence at the earliest possible opportunity ( that was returned instead ) to including but not limited to those listed below and further grounds and means is added to for the depth and seriousness these issues shall cover;

2) Orders were signed and dated on the 18th of July, 2023 but was held until August 1st of 2023 to be mailed to Petitioner ( proof to follow this motion ), which further proves the fraud and criminal activity from the judge and the 10th Circuit-Family Division-Derry Court in its conspiracy criminal activity upon petitioner and gives grounds, cause and means for all of petitioners criminal complaints and claims for damages, to include but not limited to disqualification of a judge by; New Hampshire Rules of Civil Procedure violations rule 1.2, 2.2, 2.3, 2.11, NH Rev Stat § 626:2 (2022)-General Requirements of Culpability. –I. A person is guilty of murder, a felony, or a misdemeanor only if he acts purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense. He may be guilty of a violation without regard to such culpability. When the law defining an offense prescribes the kind of culpability that is sufficient for its commission, without distinguishing among the material elements thereof, such culpability shall apply to all the material elements, unless a contrary purpose plainly appears, NH Rev Stat § 626:8 (2022) Criminal Liability for Conduct of Another. –I. A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both, treason, terrorism, extorsion, Title 18 Chapter 73 Obstruction of Justice 1505, 1506, 1509, 1512 (2)(A), (2)(B)(i), (2)(B)(ii), racketeering, conspiracy, criminal restraint, false imprisonment, falsifying an official document, false swearing, perjury, 633:1 Kidnapping. – I. A person is guilty of kidnapping if he knowingly confines another under his control with a purpose to: (a) Hold him for ransom ( child support and visitation ) or as a hostage; or (b) Avoid apprehension by a law enforcement official; or (c) Terrorize him or some other person; or (d) Commit an offense against him, Official Oppression pursuant to NH Rev Stat § 643:1 and amongst other Constitutional, Federal and State Violation(s).

3) Territorial Jurisdiction 2022 New Hampshire Revised Statutes 625:4-Territorial Jurisdiction. I am challenging and contesting such Jurisdiction in this matter and a Trial by Jury with an Article III Federal Judge presiding is requested, demanded and instructed for.
   a) Comment; Jurisdiction has been challenged and must be decided given priority as mentioned below.

   b) Basso v. Utah Power & Light Co., 495 F 2d 906, 910. "Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided." US v. Will 449 US 200, 216 (1980) When a judge acts where he or she does

ii)    Comment; Jurisdiction has been challenged, the previous presiding Judge ( Michael L. Alfano ) has recused himself and this document will show by the current presiding Judge's conduct, that has been challenged and contested the only appropriate Jurisdiction would be not in the tribunal district courts but the Superior Federal Court with a trial by jury and a Article III Federal Judge presiding and therefore all orders set forth are absolutely void in the fullest sense of terms. Dillon v. Dillon, 187 P 27. "Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term."

iii)    Comment; This Stare Decisis Decision by the U.S. Supreme Court has already stated how the orders and lack of authority of the tribunal district court are nullities, and all who are involved in this matter are therefore trespassers against me and gives cause and grounds to not only my schedule fees but also my claim for damages. Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1878) Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers".

b)    Pursuant to NH Rev Stat § 458-A:6 (2022) – Priority. – If a question of existence or exercise of jurisdiction under this chapter is raised in a child-custody proceeding, the question, upon request of a party, shall be given priority on the calendar and handled expeditiously.

    i)    Comment; Since the question was raised, although maybe unusual ( as said by Judge Kerry P. Steckowych in his orders from this hearing ) for the Judge as an Administrative Law Judge to administer the law correctly and not just what he/she feels like by what is standard or normal in his masquerading as a Judge, setting a hearing months away is not giving the proper priority on the calendar and being handled expeditiously. To include but not limited to Stare decisis decisions by; Pfizer v. Lord, 456 F.2d 532; cert denied 92 S Ct 2411; US Ct App MN, (1972).  Judges must maintain a high standard of judicial performance with particular emphasis upon conducting litigation with scrupulous fairness and impartiality. 28 USCA § 2411;

    ii)    Comment; This motion will show the Judges conduct has disregarded fairness and due process and gives grounds and cause for priority to be given in this matter and to be handled expeditiously. Cannon v. Commission on Judicial Qualifications, (1975) 14 Cal. 3d 678, 694 Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process.

    iii)    Comment; It is clearly shown that Judge Kerry P. Steckowych ( by his false narrative orders and the record from the hearing held on the 17th of July, 2023 and the motions and pleadings that have been denied and or rejected ) has exceeded his oath of office ( which is also treason and terrorism ) and no longer represents the government and the orders set against me to include child support order, visitation, sanctions or any like such are a complete nullity. Brookfield Construction Co. v. Stewart A.K.A. Brookfield Construction Co., Inc., and Baylor Construction Corp., Appellants, v. J. George STEWART, Individually and as Architect of the

Capitol, Appellee. 339 F.2d 753, 119 U.S. App. D.C. 254. Once a Government Official exceeds his Oath of Office, his employment contract or his jurisdiction, he no longer represents the government. Courts may not step in and either stay or compel executive action unless executive official was acting in excess of his statutory authority or transgressed a constitutional limitation, and mere fact that he might be acting erroneously or perhaps even tortuously does not vest courts with jurisdiction to act.

iv)  Butz v. Economou, 98 S. Ct. 2894 (1978); United States v. Lee, 106 U.S. at 220, 1 S. Ct. at 261 (1882) "No man [or woman] in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it." Cooper v. Armstrong, 358 US 1, 78 S. Ct. 1401 (1958).  "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it.".

v)  Forrester v. White, 484 U.S. 219 (1988), 108 S. Ct. 538, 98 L.Ed.2d 555 (1988) (state court judge did not have absolute immunity from damages suit under S 1983 for his decision to demote and dismiss a probation officer); (b) Judges have long enjoyed absolute immunity from liability in damages for their judicial or adjudicatory acts, primarily in order to protect judicial independence by insulating judges from vexatious actions by disgruntled litigants. Truly judicial acts, however, must be distinguished from the administrative, legislative, or executive functions that judges may occasionally be assigned by law to perform. It is the nature of the function performed -- adjudication -- rather than the identity of the actor
Comment; I am clearly able to show the violations of State Statutes, Federal law and Constitutionally Protected Rights are being violated in this matter and no immunity or protections shall be given to any and all trespassers involved in such. Harlow v. Fitzgerald, 457 U.S. 800 (1982), QUALIFIED IMMUNITY is designed to shield government officials from actions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

vi)  Julliard v. Greenman, 110 US 421: "There is no such thing as a power of inherent sovereignty in the government of the United States .... In this country sovereignty resides in the people, and Congress can exercise no power which they have not, by their Constitution entrusted to it: All else is withheld."

c)  NH Rev Stat § 633:4 Interference With Custody- Section II. A person is guilty of a misdemeanor if such person knowingly takes, entices away, detains or conceals any child under the age of 18, or causes any such child to be taken, enticed away, detained or concealed, with the intent to detain or conceal such child from: (a) A parent, guardian or other person having lawful parental rights and responsibilities as described in RSA 461-A;
i)  Comment; This is to include but not limited to visitation and all listed Stare Decisis Court Decision listed herein; also see Black vs. Clark's Greensboro, Inc., 263 N.C. 226, 139 S.E.2d 199, 201 (1964). Any

5

exercise of force, or expressed or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or go where he does not wish to go, is an imprisonment.

ii)   Regenold v. Baby Fold, Inc., 369 NE 2d 858; 68 Ill 2d 419, appeal dismissed 98 S Ct 1598, 435 US 963, IL, (1977). Parent's right to custody of child is a right encompassed within protection of this amendment which may not be interfered with under guise of protecting public interest by legislative action which is arbitrary or without reasonable relation to some purpose within competency of state to effect.

iii)   Santosky v. Kramer, 102 S Ct 1388; 455 US 745, (1982). Even when blood relationships are strained, parents retain vital interest in preventing irretrievable destruction of their family life; if anything, persons faced with forced dissolution of their parental rights have more critical need for procedural protections than do those resisting state intervention into ongoing family affairs.

iv)   Stanley v. Illinois, 405 US 645, 651; 92 S Ct 1208, (1972). The Court stressed, "the parent-child relationship is an important interest that undeniably warrants deference and, absent a powerful countervailing interest, protection." A parent's interest in the companionship, care, custody and management of his or her children rises to a constitutionally secured right, given the centrality of family life as the focus for personal meaning and responsibility.

v)   Giozza v. Tiernan, 148 U.S. 657, 662 (1893), Citations Omitted "Undoubtedly it (the Fourteenth Amendment) forbids any arbitrary deprivation of life, liberty or property, and secures equal protection to all under like circumstances in the enjoyment of their rights... it is enough that there is no discrimination in favor of one as against another of the same class. ...And due process of law within the meaning of the [Fifth and Fourteenth] amendment is secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."
Comment; This previously decided decision gives further grounds and cause for my rico act claim for damages and the depth of criminality that the district court has acted upon me. Burns v. Reed, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L.Ed.2d 547 (1991): The law requires that the official seeking immunity to bear the burden of demonstrating that immunity attaches to the particular function. County or city employees could not bear the burden of demonstrating that sabotage, terrorism, extortion, theft under color of law, discrimination, racketeering, violation of due process, and takings without compensation attaches to their particular function of upholding the Constitution and protecting the property and rights of tax-paying citizens and property owners; therefore, the County would not be immune, either for the conduct of criminals posing as city or county employees.

d)   NH Rev Stat § 633:3 (2022) - False Imprisonment. – A person is guilty of a misdemeanor if he knowingly confines another unlawfully, as defined in RSA 633:2, so as to interfere substantially with his physical movement.

Case: 24-1442 Case: 24-1442 Document: 00728144992 Document: 27 Filed: 04/02/25 04/02/25 Page: 82 of 104 Entry ID: 6640503

Case 1:23-cv-00472-JL-AJ   Document 17-1   Filed 12/20/23   Page 8 of 43

6

    i)    Comment; This would include but not limited to visitation, especially when I have been denied an evidentiary hearing numerous times, over numerous months now. Fox v. McCurnin, 205 Iowa 752, 21 8 N.W. 499, 501 (1928); Sergeant v. Watson Bros. Tramp. Co., 244 Iowa 185, 52 N.W.2d 86,93 (1952). Every confinement of the person is an imprisonment, whether it be in a common prison, or in a private house, or in the stocks, or even by forcibly detaining one in the public streets.

    ii)    Giozza v. Tiernan, 148 U.S. 657, 662 (1893), Citations Omitted "Undoubtedly it (the Fourteenth Amendment) forbids any arbitrary deprivation of life, liberty or property, and secures equal protection to all under like circumstances in the enjoyment of their rights… It is enough that there is no discrimination in favor of one as against another of the same class. …And due process of law within the meaning of the [Fifth and Fourteenth] amendment is secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

    iii)    Colter vs. Lower and Others, 35 Ind. 285, 286-87, 9 Am. Rep. 735 (1871).  There is a marked distinction between malicious prosecution and false imprisonment. If the imprisonment is under legal process, but the action has been commenced and carried on maliciously and without probable cause, it is malicious prosecution. If it has been extra-judicial, without legal process, it is false imprisonment.

e)    NH Rev Stat § 633:2 (2022) – Criminal Restraint. – I. A person is guilty of a class B felony if he knowingly confines another unlawfully in circumstances exposing him to risk of serious bodily injury.

    i)    Comment; This would include but not limited to visitation, especially when I have been denied an evidentiary hearing numerous times, over numerous months now. Smith v. United States, 502, F.2d.512 (1974) Government may not prohibit or control the conduct of a person for reasons that infringe upon constitutionally guaranteed freedoms.

    ii)    Burlington Transp. Co. v. Josephson, 153 Fed. 2d 372, 276 (1946). The only thing the plaintiff needs to plead and to prove is one of two things, either (1) that the defendant made an arrest or imprisonment, or (2) that the defendant affirmatively instigated, encouraged, incited, or caused the arrest or imprisonment.

    iii)    Daniels vs. Milstead, 221 Ala. 353, 128 So. 447, 448 (1930); De Armond vs. Saunders, 43 Ala. 263, 9 So.2d 747, 751 (1942). In false imprisonment, the essence of the tort is that the plaintiff is forcibly deprived of his liberty, and the good intent of the defendant, or the fact that he had probable cause for believing that an offense was committed, and acted in good faith, will not justify or excuse the trespass.

f)    Rule 2.3. Bias, Prejudice, and Harassment- As an Administrative Law Judge, Judge Kerry P. Steckowych get incentives to be bias and prejudice against by the Social Securities Act-Title IV-D-Section 458-Incentives to the State.

i) Comment; This would include but not limited to visitation, especially when I have been denied an evidentiary hearing numerous times, over numerous months now, including the denied with the numerous pleadings and motions, over many months for an Evidentiary Hearing by the previous Judge in this matter that recused himself ( Judge Michael L. Alfano ). In re: J.S. and C., 324 A 2d 90; supra 129 NJ Super, at 489. A parent's right to care and companionship of his or her children are so fundamental, as to be guaranteed protection under the First, Ninth, and Fourteenth Amendments of the United States Constitution.

ii) In the Interest of Cooper, 621 P 2d 437; 5 Kansas App Div 2d 584, (1980). Parent's interest in custody of their children is a liberty interest which has received considerable constitutional protection; a parent who is deprived of custody of his or her child, even though temporarily, suffers thereby grievous loss and such loss deserves extensive due process protection.)

iii) Yick Wo v. Hopkins, 118 US 356, (1886). Law and court procedures that are "fair on their faces" but administered "with an evil eye or a heavy hand" was discriminatory and violates the equal protection clause of the Fourteenth Amendment.

g) I requested and demanded my case be set for a Trial by Jury with an Article III Judge to preside, to be sooner than the originally stated 90 days the Judge said in the hearing held on the 17th of July, 2023, a new hearing will be set forth, not the false fraudulent and deceptive narrative and practices ( N.H. Rev. Stat. § 421-A:8 ) the Judge ( mentioned above ) has given to his unlawful order ( Kindly give clarification to the lawful law making such order lawful ), of just requesting an Article III Judge as stated by above mentioned judge. The request for a trial by jury with an Article III or Article III federal judge is still requested, demanded for and instructed, by the obvious false fraudulent narrative ( legal fraud ) of Judge Kerry P. Steckowych. State v. Paulick, 277 Minn. 140, 151 N.W.2d 596 (1967). No rubber-stamp "signature" "The United States Supreme Court ... stressed the need for 'individualized review' to avoid the issuance of 'rubber stamp' warrants." Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964). 1. "Statements of counsel in brief or argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." 2. "An attorney for the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

h) It is also requested, demanded and instructed that any and all report(s), record(s), recording(s), reference(s), reporter(s) or any like such be immediately and with haste made available, as evidence to the many fraudulent narratives and orders, both from the Hearings held on the 22nd of March, 2023 and the most recent Hearing held on the 17th of July, 2023.

i) By the several inaccuracies I have pointed out so far to Judge Kerry P. Steckowych narrative order, in this one order from this hearing ( mentioned above ) and there is more ( along with all other narrative orders in this matter ), this is Prima Facie Evidence of which shall make all orders null and void, immediately and with haste. U.S. v Holzer, 816 F.2d. 304, 307 Fraud in its elementary common law sense of deceit... includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,... and if he deliberately conceals material information from them he is guilty of fraud.

j) The Judge in this matter has used the previous judges false narrative orders to the hearing held on the 22nd of March, 2023 where it states I claimed to not be an American Citizen, to be a sovereign citizen and or sentient being which I challenge the accuracies to this also and the Jurat/Affidavit of Truth that the court and Attorney has had with no rebuttal to ( United States v. Kis 658 F2d, 526, 536-337 (7ᵗʰ Cir 1981). Non Rebutted Affidavits are "Prima Facie Evidence in the Case.) ( Stancle v. State 917 So. 2d 911 (2005) Because this court must treat all unrefuted allegations as true, a movant's allegations are accepted as true unless they are conclusively refuted by the record. See Thruman v. State, 892 So. 2d 1085 (2004), ( Melorich Builders v. THE SUPERIOR COURT of San Bernadino County (Serbia) 207 Cal Rptr. 47 (Cal. App. 4 Dist. 1984) Uncontested Affidavit taken as true in Opposition of Summary Judgment ) and shall also be evidence to this fraudulent narrative, possibly from not actually doing his due diligence and going through the record(s), report(s), transcript(s) or any like such to include but not limited to reading into said Jurat and the legal and lawful means thereof.

   i. Comment; Again, I have to challenge the Judges in this matter who have given many false fraudulent narratives ( legal fraud ) in their orders and gives further grounds and cause for the orders to be a complete nullity. Wilson v Omaha Tribe, 442 US 633 667, 61 L. Ed. 2d 153 99 S Ct. 2529 (1979) (quoting from the United States v Cooper Corp. 312 US 669 604 85 L. Ed. 1071 61 S Ct. 742 (1941) See also Will v Michigan State Police 491 US 58, 105 L. Ed. 2d 45, 109 S Ct. 2304 which states in pertinent part: "In common usage, the term person does not include the sovereign, [and] statutes employing the [word] are normally construed to exclude it."

k) Yick Wo v Hopkins 118 U.S. 356 (1886) which states in pertinent part: "For the very idea that one may be compelled to hold his life or the means of living, or any material right essential to the enjoyment of life at the mere will of another, seems to be intolerable in any free country where freedom prevails, as being the essence of slavery itself." And goes on to state: "Sovereignty itself is of course not subject to law, for it is the author and source of law, but in our system while

sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exists and acts." "...The Congress cannot revoke the Sovereign power of the people to override their will as thus declared." Perry v. United States, 294 U.S. 330, 353 (1935).

l) Comment; By the several inaccuracies I have pointed out so far to Judge Kerry P. Steckowych narrative order, in this one order from this hearing ( mentioned above ) and there is more ( along with all other narrative orders in this matter ), this is Prima Facie Evidence of which shall make all orders null and void, immediately and with haste and is a misuse of information pursuant to NH Rev Stat § 643:2 (2022 - Misuse of Information. – A public servant, as defined in RSA 640:2, II, is guilty of a misdemeanor if, knowing that official action is contemplated or in reliance on information which he has acquired by virtue of his office or from another public servant, he: I. Acquires or divests himself of a pecuniary interest in any property, transaction or enterprise which may be affected by such action or information; or II. Speculates or wagers on the basis of such action or information; or III. Knowingly aids another to do any of the foregoing.

m) By the judge in this matter denying, returning and or requesting to reject my evidence and claim for damages under the rico act, giving false accuracies in such orders, is further committing fraud against me and therefore shows further his bias, prejudice(s) and harassment and shall be disqualified pursuant to rule 2.11 and the narrative orders to the entirety of this matter shall be null and void and the claims made by Attorney Jennifer L. DiTrapano can only be seen as Perjury pursuant to NH Rev Stat § 641:1 (2022) Perjury. –I. A person is guilty of a class B felony if in any official proceeding: (a) He makes a false material statement under oath or affirmation, or swears or affirms the truth of a material statement previously made, and he does not believe the statement to be true; or (b) He makes inconsistent material statements under oath or affirmation, both within the period of limitations, one of which is false and not believed by him to be true. In a prosecution under this section, it need not be alleged or proved which of the statements is false but only that one or the other was false and not believed by the defendant to be true. II. "Official proceeding" means any proceeding before a legislative, judicial, administrative or other governmental body or official authorized by law to take evidence under oath or affirmation including a notary or other person taking evidence in connection with any such proceeding. "Material" means capable of affecting the course or outcome of the proceeding. A statement is not material if it is retracted in the course of the official proceeding in which it was made before it became manifest that the falsification was or would be exposed and before it substantially affected the proceeding. Whether a statement is material is a question of law to be determined by the court.

n) U.S. v Holzer, 816 F.2d. 304, 307 Fraud in its elementary common law sense of deceit... includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,... and if he deliberately conceals material information from them he is guilty of fraud. *Comment; I have clearly let it be known, I am not a citizen to the United States Federal Government to the District of Columbia. Wheeling Steel Corp. v. Fox, 298 U.S. 193, 80 L. Ed. 1143, 56 S. Ct. 773 The U.S. citizens [citizens of the District of Columbia] residing in one the states of the union, are classified as property and franchises of the federal government as an "individual entity".

o) It is stated that the mother ( respondent ) has concerns that I ( petitioner ) fled the State of Texas to avoid criminal charges and that continues to be a flight risk during the hearing held on the 22nd of March, 2023 ( which no evidence has been provided for and all motions and pleadings have been denied for an evidentiary hearing for proof to such claims, that do not exist ). I do not recall Respondent ever saying anything, but her Attorney has made all claims against me. Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964). 1. "Statements of counsel in brief or argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." 2. "An attorney for the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

p) It is stated in the orders given ( orders stated and dated on the 18th of July, 2023, but by the mailing package, was not mailed out until the 1st of August, 2023, proof of mailing envelope to accompany this motion and shows further the fraud of the court in this matter ) that " the court has set the parameters for the Final Hearing and has recused itself from hearing any further matters relating to these parties based on Father's allegations that the court has been biased against him", which is Prima Facie Evidence of the Judges bias, prejudice and harassment, in an attempt to obstruct justice pursuant to Title 18 U.S. CODE CHAPTER 73 Obstruction of Justices 1505, 1506, 1509, 1512 (2)(A), (2)(B)(i), (2)(B)(ii) and Official Oppression pursuant to NH Rev Stat § 643:1 (2022) – Official Oppression. – A public servant, as defined in RSA 640:2, II, is guilty of a misdemeanor if, with a purpose to benefit himself or another or to harm another, he knowingly commits an unauthorized act which purports to be an act of his office; or knowingly refrains from performing a duty imposed on him by law or clearly inherent in the nature of his office. Pierson v. Ray, 386 U.S. 547 at 567 (1967). "When a judge acts intentionally and knowingly to deprive a person of his constitutional rights, he exercises no discretion or individual judgment; he acts no longer as a judge, but as a "minister" of his own prejudice " Bell v. City of Milwaukee, 746 F 2d 1205; US Ct App 7th Cir WI, (1984). The Due Process Clause of the Fourteenth Amendment requires that severance in the parent-child relationship caused by the state occur only with rigorous protections for individual liberty interests at stake.
Comment; No due process of law or equal protection under the law have been given to Plaintiff but has been denied and rejected on all accounts, which gives further cause and grounds to challenge jurisdiction, the lawfulness in which these matters have been presided over and to bring forth civil criminal complaints on all conspirators in this conspiracy ( N.H. Rev. Stat. § 629:3 ) against petitioner in the entirety of this matter.

q) Which also gives grounds and cause to my Claim for Damages under the rico act, violation(s) of Constitutionally protected rights and NH Rev Stat § 625:5 (2022) – Civil Actions – This code does not bar, suspend, or otherwise affect any right or liability for damages, penalty, forfeiture or other remedy authorized by

law to be recovered or enforced in a civil action, regardless of whether the conduct involved in such civil action constitutes an offense defined in this code. Kentucky v. Graham 473 US 159 (1985). "To succeed on a personal capacity claim against a government official, plaintiff must prove that the official, acting personally under color of state law, deprived Plaintiff of a constitutionally protected right."

*Comment; I have proven on multiple accounts the Judges in this matter ( one has recused himself, the current Judge said on record, which shall be provided by the court as evidence, that he shall recuse himself ( Judge Kerry P. Steckowych ) but now has made falsifying statements in his order contradicting such ) to bring forth my claim for damages, that has been rejected multiple times. Griswold v. Connecticut, 381 US 479, (1965). The Constitution also protects "the individual interest in avoiding disclosure of personal matters." Federal Courts (and State Courts), under Griswold can protect, under the "life, liberty and pursuit of happiness" phrase of the Declaration of Independence, the right of a man to enjoy the mutual care, company, love and affection of his children, and this cannot be taken away from him without due process of law. There is a family right to privacy which the state cannot invade or it becomes actionable for civil rights damages. Palmore v. Sidoti, 104 S Ct 1879; 466 US 429. Reality of private biases and possible injury they might inflict were impermissible considerations under the Equal Protection Clause of the 14th Amendment.

r)  NH Rev Stat § 633:11 (2022) - Civil Remedy. –I. A victim may bring a civil action against a person that commits an offense under this subdivision for damages, injunctive relief, or other appropriate relief.
    *Comment; The Judicial Branch, Circuit Courts and Administrative Law Judges involved in this matter are supposed to protect me against these violations and have failed to do so, which is further prima facie evidence of their bias, prejudice(s) and harassment against me and or the seeking of profits through the Social Securities Act-Title IV-D-Section 458-Incentives to the State as previously decided by Gross v. State of Illinois, 312 F 2d 257; (1963). State Judges, as well as federal, have the responsibility to respect and protect persons from violations of federal constitutional rights. My natural rights as a father have continuously been violated, along with Constitutionally protected rights, Federal Law Violations and State Statute Violations and this must cease and desist immediately and with haste.Doe v. Irwin, 441 F Supp 1247; U.S. D.C. of Michigan, (1985). The rights of parents to the care, custody and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions, and such right is a fundamental right protected by this amendment (First) and Amendments 5, 9, and 14. The several states have no greater power to restrain individual freedoms protected by the First Amendment than does the Congress of the United States. Wallace v. Jaffree, 105 S Ct 2479; 472 US 38, (1985).

s)  Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. Though First Amendment rights are not absolute, they may be curtailed only by interests of vital importance, the burden of proving which rests on their government. Elrod v. Burns, 96 S Ct 2673; 427 US 347, (1976).
    *Comment; The burden of proof is now put upon the court, judges, magistrates, government or any like such that my rights and freedoms that are questioned and therefore irreparable injuried, is not a fact and are not more than mere allegations that the court has been biased against me, as Judge Kerry P. Steckowych claims, in his order from the 18th of July, 2023 from the hearing

held on the 17th of July, 2023.

t) Bell v. City of Milwaukee, 746 f 2d 1205, 1242^Q45; US Ct App 7th Cir WI, (1985). The parent-child relationship is a liberty interest protected by the Due Process Clause of the 14th Amendment.
* Comment; I ask again, kindly give clarification to the due process of law that has been given to petitioner.

u) Carson v. Elrod, 411 F Supp 645, 649; DC E.D. VA (1976). No bond is more precious and none should be more zealously protected by the law as the bond between parent and child."
*Comment; Again, I ask where has any protections of the law or constitution been administered for petitioners' bond with his child or the rights thereof, or more so zealously protected by the law for the bond between a father and a child, as all petitioner as seen is the lack thereof and moreso a zealous protection against the law to deprive and prevent such bond between a father and child.

v) **Rule 2.9 Emergency and Ex Parte Relief**
Ex Parte. Subject to the provisions of RSA 458:16 and RSA 461-A:9, an emergency order may be granted without written or oral notice to the other party or attorney only if it clearly appears to the Court from specific facts shown by sworn statement or by the verified petition that immediate and irreparable injury, loss, or damage shall result to the applicant, the children, or the marital estate before the other party or attorney can be heard. If the other party is represented or has filed an appearance, normally no relief will be granted without notice to the other party and an opportunity to be heard. An ex parte order may be requested by motion of the petitioner/attorney prior to service of the petition. A hearing shall be scheduled within thirty (30) days of the issuance of an ex parte order. In addition, the party against whom the orders are issued may file a written request with the court for a hearing on such orders, which hearing shall be held no later than five (5) days after the request is received.
*Comment; Petitioner is requesting emergency and ex parte relief of One Hundred Thousand U.S.D. ( $ 100,000.00 ) or the highest percentage to that the court can issue, for the criminal violations and acts by the Administrative Law Judges that have been involved in this Court matter ( mentioned above ) that has brought many undue cost(s), undue hardship(s) and undue burden of loss(es) upon Petitioner and is still continuous to where Petitioner needs adequate means to further defend his natural right(s) in all that that encompass(es), seek possible legal representation for these litigation matters, cost(s) for witness(es), cost(s) for false fraudulent narrative drug test(s), cost(s) for false fraudulent narrative mental health evaluation(s), cost(s) for LADC test(s), cost(s) for travel expenses, cost for loss of personal work wage(s) or any like such and all those moving forward until this matter is concluded. The emergency and ex parte relief shall be paid back to the court by whichever party/s to be found at fault and or guilty in this matter.

WHEREFORE, Petitioner; Matthew-Lane: Hassell, Propria Persona and Pro Per/Pro Se, respectfully request, demand and instruct that this Honorable Court:

A. Grant Petitioner immediate 50/50 custodial grantorship of infant child, with retrograde of custodial parenting time to start immediately and with haste.

B. Grant Petitioner a Trial by Jury with an Article III or Article III Federal Judge to preside over this matter, in its entirety.

C. Order an immediate Cease and Desist to the Bureau of Child Support Services being sought against Petitioner.

D. Grant Petitioner immediately, expeditiously and with haste the requested Rule 2.9 Emergency and Ex Parte Relief of One Hundred thousand ( $ 100,000.00 ) U.S.D. or the maximum the Courts can release, which shall be seen to Petitioner as the first honorable and good faith attempt by the Courts, for the criminal acts the judges mentioned above are guilty of and a beginning point to remedy such complaints brought forth by Petitioner ( to include but not limited to any and all Claim for Damage(s) Rico Act Violation(s) ) and possibly bring immunities, protections and closure to the seeking of Petitioners criminal complaints against any and all acting government employees, Judges, magistrates, entities, corporations or any like such in this matter. 1. This would not remedy any criminal complaints and seeking of justice and relief for Respondent, Respondents Family Members, Respondents Attorney or the firm she is employed by.

E. Order Respondent to immediately seek LADC and Mental Health Psychological Testing.

F. Order Respondent to immediately start Four Times ( 4x ) a week alcohol testing ( Tuesday, Wednesday, Saturday and Sundays ).

NEW HAMPSHIRE RULES OF CIVIL PROCEDURE,
PARENS PATRIAE DOCTRINE

All Rights Reserved Without Prejudice U.C.C. 1-308

VOID WHERE PROHIBITED BY LAW

Dated: 4th of August, 2023

_Matthew-Lane: Hassell_

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]

I certify that a copy of the above mentioned motion has been hand delivered, forwarded by email and or sent by USPS mail to opposing counsel Attorney Jennifer L. Ditrapano.

Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F.2d 26 (2d Cir. 1991). Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.
Comment; Merely saying motion is inappropriately filed is inadequate and insufficient cause for dismissal or rejection, you must explain the proper formalities and allow me an opportunity to replead.

# ATTACHMENT 2

- previously served notices (<u>5 U.S.C. § 552 (FOIA) and NH RSA 161-B:7, III, and RSA 91-A</u>), dated July–August 2024.

STATE OF NEW HAMPSHIRE
DEPARTMENT OF HEALTH AND HUMAN SERVICES
DIVISION OF CHILD SUPPORT SERVICES
26 WHIPPLE STREET
NASHUA NH 03060-9926
Ashley, Mary Rose and Betty Raymond (agent/s)
603-579-9342

15th of July, 2024

In re: Case Number: 30154799C

## F.O.I.A. REQUEST/DEMAND
(Title 5 U.S.C. § 552 et al. and 552a et al. and 552b et al.
N.H. Rev. Stat. (RSA) § 91-A et al. and RSA 161-B:7. III)
With 'AFFIDAVIT IN SUPPORT' (OPPORTUNITY TO CURE)
(9 Pages)

I Matthew-Lane: Hassell, Beneficiary, am requesting all report(s) and document(s) and file(s) and voluntary or otherwise agreement(s) and contract(s) or the like to case number: 30154799C. The enforcement of said 'ORDER'(not properly Authenticated and not in compliance of the Judiciary Act (an act of congress) of 1789 and not vested in a Court in violation of Article III of the U.S. Constitution and not in compliance with New Hampshire Constitution et al.) is operating allegedly in violation to the New Hampshire Constitution et al. (specifically Articles [Art.] 2-b. Right of Privacy and [Art.] 14. Legal Remedies to be Free, Complete, and Prompt and [Art.] 15. Right of Accused and [Art.] 19. Searches and Seizures Regulated and [Art.] 20. Jury Trial in Civil Causes and [Art.] 23. Retrospective Laws Prohibited and [Art.] 33. Excessive Bail, Fines, and Punishments Prohibited and [Art.] 37. Separation of Powers and [Art.] 84. Oath of Civil Officers).

I am also requesting/demanding all civil officers within the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES (A.K.A. also known as B.C.S.S.) take "NOTICE" of the matter listed herein and also "NOTICE" the Public Servant Questionnaire (copy provided) and have such fully and completely answered and sent to me by the email address and domicile provided below.

"DISCLAIMER: I have knowledge of copyright laws and have observed the copyright symbol(s) contained within what appears to be all Books, Codes, References, Reporters, and the like,dealing with law, and such a symbol's use and employment in providing notice that the contents therein are the private property of the copyright owner, and I freely admit that I have neither grant,

franchise, license, nor letter-patent to use said contents, nor practice the same. Please be advised that all cites thereto, and excerpts therefrom, are utilized and employed herein merely for educational and communicational purposes, to display from where my present understanding inheres from, and, due to the depth of the matter with which this controversy attempts to cover." This is called Fair Use and is allowed for purposes of criticism, news reporting, teaching and parody which doesn't infringe on copyright under 17 U.S.C.A. INCLUSIVE."

Any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241 and 18 U.S.C. 242 and 42 U.S.C. 1983 and 42 U.S.C. 1985 and 42 U.S.C. 1986 and the New Hampshire Constitution; Section 2, Article 17 and 38 and 39. Impeachment.

This is a self-executing contract. Notice to the principal is notice to the agent, notice to the agent is notice to the principal. You are hereby bound to inform all of your colleagues and superiors and subordinates and all who are involved in this matter and all which may have future interactions with my person or me. If there is something you do not understand clearly. it is incumbent upon you to summon a superior officer, special prosecutor, federal judge or other competent legal counsel to immediately explain the significance of this instrument as per your duties and obligations in respect to this public formal instrument. Your lack of knowledge is cause for you to recuse yourself from this case and find a suitable replacement or succumb to my respectful demands and DISMISS this matter with PREJUDICE.

You have 3, (three) days from the receipt of this "AFFIDAVIT" to respond on a point-by-point basis, via sworn Affidavit, under full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading. Mere declarations are an insufficient response and a complete nullity. If an extension of time is needed to properly answer, please request such in writing. Failure to respond will be deemed Nil Dicit Tacit Acquiescence and constitutes agreement with the facts stated within this AFFIDAVIT and as an acceptance of liability. Traitors, Protestants, Liberals and Heretics take heed for I oppose your causes for I am a non-combatant and a man of peace and a peaceful inhabitant.

I have a right to equal access to justice. I hereby demand all paperwork and document(s) and agreement(s) (voluntary or otherwise) and Contract(s) or the like of any "agencies" involved in this controversy (including but not limited to law enforcement, court officer(s) (also to include Administrative agents, guardians, Civil Officers and the like) and the branch of government (executive or legislative or Judicial) all authorities are operating (individually) from and get their authority from. I also hereby request a true and correct (certified copy) of the file against me and any and all evidence and

affidavits and testimony and report(s) and paper(s), and the like, etc., This must be done without cost and without delay in accordance with Brady v. Maryland, 373 U.S. 83 (1963) wherein it was decided that "The government's withholding of evidence that is material to the determination of either guilt or punishment of a criminal defendant violates the defendant's constitutional right to due process." This is further mandated in accordance with U.S. v. Tweel, 550 F.2d 297 (1977) wherein it was decided; "Silence can only be equated with fraud when there is a legal or moral duty to speak, or when an inquiry left unanswered would be intentionally misleading. We cannot condone this shocking conduct. If that is the case we hope our message is clear. This sort of deception will not be tolerated, and if this is routine it should be corrected immediately".

I respectfully demand you allow me to inspect and verify the Congressional Charter, LLC, LLP or other documents, which prove that the 10th Circuit - Family Division - Derry and the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES is an agency of government.

    a. According to the constitution for the United States of America, Article 1 Section 8, there is a list of all agencies of government. If the 9th Circuit - Family Division - Derry and/ or the STATE OF NEW HAMPSHIRE (066760232) DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES and is not specifically listed therein and that would lead one to believe their agents are mere corporations in according to Title 28 Section 3002 (15), (A) and (B) and (C) the United States is a federal corporation and all agencies of "government" (city and county and state municipalities) are sub-corporations under their superior authority.

    b. Is the 10th Circuit - Family Division - Derry Court and/ or STATE OF NEW HAMPSHIRE and/ or DEPARTMENT OF HEALTH AND HUMAN SERVICES and/ or DIVISION OF CHILD SUPPORT SERVICES a Corporation registered on Dun and Bradstreet? If so, kindly provide all Corporate documentary evidence involved within said Corporation(s) pursuant to Title 15 § 44.

If you cannot provide proof the 10th Circuit - Family Division – Derry and the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES is an agency of government, I respectfully demand you allow me to inspect and verify a signed contract or other commercial agreement, which obligates me to personal and subject and subject matter jurisdiction of the 10th Circuit - family Division - Derry and/ or the STATE OF NEW HAMPSHIRE  DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES and/ or other such jurisdictions, signed by both parties, in accordance with the Supreme Court decision Clearfield Trust Co. v. United States 318 U.S. 363-371 (1943).

    a. Please make certain the contract(s) you offer contains Full Disclosure;

b. Please make certain the contract(s) you offer contains the Equal Consideration (what your corporation brings to the table), and the mutual obligation, (what your corporation is obligated to perform) according to the contract.

c. Please make certain the contract(s) you offer contains the Lawful Terms and Conditions (proof the contract is not based upon fraud); and

d. Please make certain the contract(s) you offer contains both Signatures of the Parties/ Meeting of the Minds (corporations can't sign because they have no right, or mind, to contract as they are legal fictions).

If you cannot provide me a contract or other commercial agreement which obligates me to the jurisdiction of the 10th Circuit - Family Division - Derry and the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES, I respectfully demand you allow me to inspect and verify the AFFIDAVIT in support of WARRANT and a BONAFIDE WARRANT for seizure of my property or person.

If you cannot provide me proof that the 10th Circuit - Family Division - Derry and the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES, is an agency of government nor provide me a contract or other commercial agreement which obligates me to your jurisdiction, nor provide me a AFFIDAVIT in support of Warrant nor provide me a (BONAFIDE) WARRANT for the seizure of my property or person, I respectfully demand you dismiss (rescind) all charges (ORDERS, enforcement, collections or the like) against me and my person.

a. I also demand all attempts to collect and/ or enforce payments cease and desist immediately (forthwith) and forever more and that all payments be reimbursed to me immediately.

b. I hereby decree the contract you are unlawfully enforcing is invalid and I hereby invoke the severability clauses of RSA 458-A:40 and 546-B:59.

c. I hereby rescind all agreement(s) and/ or contract(s) unknowingly and/ or unlawfully and/ or unconstitutionally created.

d. If the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES wishes to contract with me or my person scheduled fees can be found at Register of Deeds, Hillsborough County - Doc. # 240001740, Book 9753, Page 719-725.

I, Matthew:Lane : Hassell also assert; If my suspicion is correct this would also be a violation to 18 U.S. Code § 505 - Seals of courts; signatures of judges or court officers and/ or 18 U.S. Code § 506 - Seals of departments or agencies (a) (1) and (2) and (3).

If the above is correct, then the Administrative agent (Michael L. Alfano or any others) is posing as a Judicial Officer in violation to Title 18 U.S. Code § 912 - Officer or employee of the United States, who made such forged document/s, as well as the corporation(s) and entities and persons or the like, involved with making and possessing and transferring such security (evidence of indebtedness) would be in violation of Title 18 U.S. Code § 513 - Securities of the States and private entities as well as possibly the Security Exchange Act.

If the above is correct, then all parties involved would be in conspiracy to deprive me of rights under the color of law and that would be a violation to Title 18 U.S. Code § 241 and Title 18 U.S. Code § 242.

If the agent listed above is not acting Judicially but instead administratively and has had my property seized under the color of law, it is also my understanding this would be a violation to New Hampshire Constitution Article 23 Retrospective Laws Prohibited- Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses. June 2, 1784

It is also my understanding all civil officers have a duty to support and defend the U.S. Constitution under Title 5 U.S. Code § 3331 as well as the New Hampshire Constitution under Article 84. It is incumbent upon your duties and to bear faith and true allegiance to the United States of America and the state of New Hampshire, and support the constitution thereof and faithfully and impartially discharge and perform all duties incumbent on you and to investigate any possible state and Federal Constitutional violations in the making of such "ORDER".

I am further requesting/demanding the following information is to be 'CERTIFIED' and 'NOTARIZED' under pains and penalty of perjury and failure to answer or comply will be seen as prima facie evidence of fraud:

1.   Is child support constitutional?;
     Please explain your answer in detail;

2.   Does child support violate Privacy laws?;
     Please explain your answer in detail;

3.   Is this contract for a loan?;
     Please explain your answer in detail;

4. Does child support violate child safety laws?;
   Please explain your answer in detail;

5. What law gives you authority over me and/ or my child?;
   Please explain your answer in detail;

6. What did I say, do or sign that gave you consent for and over, me and my person?;
   Please explain your answer in detail;

7. Does child support violate equal protection laws?;
   Please explain your answer in detail;

8. Does B.C.C.S. accept lawful monies of gold and silver?;

9. ! will be needing your direct Supervisor('s), Department Supervisor('s) and STATE's Supervisor('s)/Manager/Director contact information;

10. I will be needing B.C.C.S. Policy and Procedure on how to file a formal complaint;

11. I will need a true and accurate and complete copy of the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES guidelines;

12. Is the Social Security Act Title IV—GRANTS TO STATES FOR AID AND SERVICES TO NEEDY FAMILIES WITH CHILDREN AND FOR CHILD—WELFARE SERVICES voluntary, pursuant to SEC. 403. [42 U.S.C. 603] (a) GRANTS.— (2)(A) IN GENERAL.—(I) DESCRIBES—(BB) WHAT THE APPLICANT WILL DO, TO THE EXTENT RELEVANT, TO ENSURE THAT PARTICIPATION IN THE PROGRAMS OR ACTIVITIES IS VOLUNTARY, AND TO INFORM POTENTIAL PARTICIPANTS THAT THEIR PARTICIPATION IS VOLUNTARY?;
    Please explain your answer in detail;

13. Provide factual evidence I volunteered into the participation in the program and activities or is such participation fraudulently coerced and forced contracting?;
Please explain your answer in detail;

14. Provide factual evidence I submitted to any jurisdiction relevant to 458-A:5 Effect of Child-Custody Determination?;
Please explain your answer in detail;

15. By the record(s) on file and pursuant to 458-B:7 Opportunity to Contest Assignment, was I given proper opportunity to be heard (due process of law and equal protection under the law)?;
Please explain your answer in detail;

16. Was judicial consideration given pursuant to 458-B:7 II or was it an administrative decision (" United States v. Dickson, 15 Pet. 141, 162."The interpretation of the meaning of statutes, as applied to justiciable controversies," remained "exclusively a judicial function." United States v. American Trucking Assns., Inc., 310 U.S. 534, 544.)?;
Please explain your answer in detail;

17. Is the civil penalties (child support) against me a securities fraud and/ or common law fraud ("a type of remedy at common law that could only be enforced in courts of law.") ( see Supreme Court of the United States. "603 U. S. ____ (2024) No. 22–859 SECURITIES AND EXCHANGE COMMISSION, PETITIONER v. GEORGE R. JARKESY, JR.,ET AL. 6/27/2024;?
Please explain your answer in detail;

18. Is the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES obligated to use civil penalties to compensate victims?;
Please explain your answer in detail;

An administrative interpretation of the law is insufficient for response.
**Supreme Court of the United States. LOPER BRIGHT ENTERPRISES, et al., Petitioners v. Gina RAIMONDO, Secretary of Commerce, et al. Relentless, Inc., et al., Petitioners v. Department of**

Commerce, et al. 22-451 22-1219. (28 June 2024). As relevant here, the APA specifies that courts, not agencies, will decide "all relevant questions of law" arising on review of agency action, 5 U.S.C. §706 (emphasis added)–even those involving ambiguous laws. "agencies have no special competence in resolving statutory ambiguities. Courts do." Chevron (467 U.S. at 843) gravely erred in concluding that the inquiry is fundamentally different just because an administrative interpretation is in play. An agency's interpretation of a statute "cannot bind a court," but may be especially informative "to the extent it rests on factual premises within [the agency's] expertise.

I have previously sent in an affidavit and many objection(s) and filing(s) and document(s) or the like to agent/s of STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES (B.C.S.S.) (one such document provided) to which no medium of response reasonable under the circumstances was had. I respectfully request/demand the silence to the documents I have previously supplied the aforementioned agents be remedied with haste.

The STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES (B.C.S.S.) has previously failed to provide, with full disclosure, to any and all rule(s), guideline(s), policie(s), statute(s), code(s), law(s) or any like such, that will be enforced and or involved in this coercion attempt to contract with me and my person, in the above fore-mentioned Case.

The STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES has previously failed to provide, with full disclosure, to any and all account(s), and bond(s), and pay-in(s), and Pay-out(s), and commission(s), and Kick-back(s), and payoff(s), and trust fund(s) or any like such. Kindly provide me in detail all such 'documentary evidence(s)' Pursuant to Title 15 § 44 "Documentary evidence" includes all documents, papers, correspondence, books of account, and financial and corporate records..

I respectfully demand a full and accurate response to all previous document(s) submitted to The STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES.

If the violations listed within this document are true, are you (the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES and its agent(s)) also in possible conspiracy by withholding and deliberately concealment of material information in a setting of fiduciary obligation by leaving such previous documents unanswered and not investigating and seeking prosecution for such crimes against the people

(me)? As cited by "McNally v. U.S., 483 U.S. 350 (1987). 371-372, Quoting U.S. v Holzer, 816 F.2d. 304, 307 (1987). Fraud in its elementary common law sense of deceit... includes the. A public official is a fiduciary toward the public,... and if he deliberately conceals material information from them he is guilty of fraud." and "U.S. v Holzer, 816 F.2d. 304, 307 Fraud in its elementary common law sense of deceit... includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,... and if he deliberately conceals material information from them he is guilty of fraud."

I hereby assert you have been given plain and accurate knowledge and 'NOTICE' (U.C.C. § 1-202. Notice; Knowledge.) of act(s) conspired and committed against me and my person, it is incumbent upon you to take action to prevent such further act(s) or you are in neglect and co-conspiracy to all such act(s) pursuant to 42 U.S. Code § 1986.

**All Rights Reserved Without Prejudice U.C.C. 1-308**

**VOID WHERE PROHIBITED BY LAW**

_Matthew-Lane: Hassell_                     Dated: 15ᵗʰ of ___ 2024

Matthew-Lane: Hassell authorized agent of

MATTHEW LANE HASSELL

20 Arlington St. Unit D

Nahua, New Hampshire [03060]

(603) 231-0844

mhas191@yahoo.com

# NOTARY PUBLIC

State _New Hampshire_

County _Rockingham_                     Subscribed and sworn to, before

me, a Notary Public the above signed Matthew-Lane: Hassell.

This _15th_ day of _July_ year _2024_ .

Notary Public _Allison Lamperti_

MY COMMISSION EXPIRES: _9/06/2028_ .

ALLISON C LAMPERTI
Notary Public – New Hampshire
My Commission Expires Sep 6, 2028

5 USC 552a (e)(3) authorizes a sovereign natural person ("Citizen") to use this form to collect information from the Public Servant to determine whether to divulge information to the Public Servant and employing Agency. Public Law 93-579 states: *"The purpose of this Act is to provide certain safeguards for an individual against invasion of personal privacy requiring Federal agencies. to permit an individual to determine what records pertaining to him are collected, maintained, used or disseminated by such agencies.. "*

## PUBLIC SERVANT'S QUESTIONNAIRE (Refer to Privacy Act of 1974)

| | |
|---|---|
| Public Servant Full Name | ID # ☐ Refused? |
| Driver License # ☐ Refused? | Badge # ☐ Refused? |
| Residence Address      Street | City      State   Zip |
| Office Mail Address      Street | City      State   Zip |
| Employing Agency or Dept | Supervisor's Name |

1 Will Public Servant uphold the Constitution of the United States of America (required by USA & State Constitution & Law)? ☐Yes ☐No

2. Will Public Servant furnish a copy of the law or regulation which authorizes this investigation (5 USC 552a (e) (3) (A))? ☐Yes ☐No

3 Will Public Servant read aloud that portion of the law authorizing the questions Public Servant will ask (5 USC 552a (e) (3) (A))? ☐Yes ☐No

4 What prerogative does Citizen have in giving answers to Public Servant questions (5 USC 552a (e) (3) (A))? ☐Voluntary ☐Mandatory

5 What basis exists for asking the intended questions (5 USC 552a (d) (5), (e) (1))? ☐Specific law or regulation ☐Used as a discovery process

6 What nature does this investigation have (5 USC 552a (e) (3) (A))? ☐General (multiple people involved) ☐Special (one person involved)

7 Does Public Servant reasonably anticipate that any information sought or collected in this investigation will form the basis of or lead to criminal action against Citizen or any other entity? ☐Yes ☐No

8 Will Public Servant guarantee only the department employing Public Servant will use the information or derivative thereof supplied by Citizen in this investigation (5 USC 552a (e) (10))? ☐Yes ☐No

9 Name all files of records, information, or correspondence related to Citizen that Agency maintains (PL 93-579 (b) (1))? → ☐None

10 Give the full name of the person in government requesting that Public Servant conduct this investigation (PL 93-579 (b) (1)) → ☐No One

11 Name and identify all third parties Public Servant consulted, questioned, interviewed, or received information from any third party relative to this investigation (5 USC 552a (e) (2), (d) (5))? → ☐None

12 Name all other agencies or government sources that supplied any information pertaining to Citizen (PL 93-579 (b) (1))? → ☐None

13 May Citizen have a copy of all information pertaining to Citizen that other agencies or government sources supplied (5 USC 552a (d) (1))? ☐Yes ☐No  (If no  state authority for withholding info) → ☐No Authority

14 What other uses may be made of this information (5 USC 552a (e) (3) (B), (e) (3) (C))? → ☐None

15 What other agencies may have access to this information (5 USC 552a (e) (3) (B), (e) (3) (C))? → ☐None

16 What will be the effect upon Citizen if Citizen should choose not to answer any part of these questions (5 USC 552a (e) (3) (D))? → ☐None

Public Servant Affirmation: I swear or affirm under penalty of perjury that I have answered the foregoing questions correctly and completely in every particular. →   Wet ink signature of Public Servant                          Date

Citizen's Witnessing Name and Signature  ☐Administered Oath  Date     Witness Name and Signature                    Date

Note  Citizen may administer oath to Public Servant if no one else exists to witness Public Servant affirmation

STATE OF NEW HAMPSHIRE
DEPARTMENT OF HEALTH AND HUMAN SERVICES
DIVISION OF ECONOMIC STABILITY
BUREAU OF CHILD SUPPORT SERVICES - LEGAL
129 PLEASANT STREET. CONCORD, NH 03301-3857
603-271-4429
Susan N. Brisson, Esquire (BCSS Chief Staff Attorney, Agent)
603-271-4812

29th of July, 2024

In re: Case Number: 30154799C

## F.O.I.A. REQUEST/DEMAND

(FREEDOM OF INFORMATION ACT DEMAND Title 5 U.S.Code § 552 et al.
(inclusive)
Also to include but is not limited to Title 5 U.S. Code 552a et al. and Title 5 U.S. Code
552b et al. and N.H. Rev. Stat. (RSA) § 91-A et al. and RSA 161-B:7, III

Dear Susan N. Brisson,

I Matthew-Lane: Hassell, Beneficiary. am in receipt of the document sent to me dated the 22nd of July, 2024. This appears to be a manipulative and deceptive and possibly fraudulent account of the requested and demanded for documentation pursuant to the above entitled first and superior Federal Laws, then corresponding State Statutes. all are inclusive to this requested demand. This form of deception shall not be tolerated and shall be corrected immediately. The titled listed laws and statutes are all provided for any disclosure(s) enlisted to be provided without delay or cost to me. Any further attempt to delay or hinder such disclosure is tantamount to prima facie evidence of conspiracy by you and your department as co-conspirators. The 6 (SIX) weeks time frame of release is not agreeable and insufficient for the matter at hand. Thirty (THIRTY) days from the 'ORIGINAL' received request/demand, which to my record was on the 17th of July, 2024. is within an acceptable term of agreement.

As was previously stated with previous documents "You have 3, (three) days from the receipt of this "AFFIDAVIT" to respond on a point-by-point basis. via sworn Affidavit, under full commercial liability. signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading ...". I have requested and demanded documentation for over a year now and not once has it been answered. The case file and attached documentation shall constitute proof of such negligence. Expected disclosure of all documentation and answers or the like shall be set for the 16th of August, 2024. NO EXCEPTIONS.

The form you are attempting to coerce me into signing appears to deprive me of rights under the color of law. I do not understand, or accept or consent to any such contract. I have never given any consent or agreement to contract with the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES BUREAU/DIVISION OF CHILD SUPPORT SERVICES entity. Kindly provide any such signed documentation to the contrary. The mere fact that there are file(s) kept by such an entity, is prima facie evidence of fraud. This must be held as null and void and rescind any such agreement(s) and/ or contract(s) henceforth. I will provide with this document a copy of what was previously sent on the 16th of July, 2024 as a second 'NOTICE' and opportunity to cure.

Again, I will repeat to be as clear as any reasonable demand and competent person can understand, this is a FREEDOM OF INFORMATION ACT DEMAND first and foremost, with correlating NH State Statutes, so there can be no deception and manipulation to full and accurate and complete release (disclosure) and not misleading of all documentation demanded for. Your agency interpretation of the law is insufficient to the Act of Congress described within **TITLE 5—GOVERNMENT ORGANIZATION AND EMPLOYEES** (*This title was enacted by Pub. L. 89–554, §1. Sept. 6. 1966, 80 Stat. 378*).

This correspondence shall constitute all necessary requirements for all documentation demanded, to include but is not limited to the public servant questionnaire. All correspondence shall be in writing (preferable method of communication is by email address: mhas191@yahoo.com).

**All Rights Reserved Without Prejudice U.C.C. 1-308/ 1-207**
**VOID WHERE PROHIBITED BY LAW**

*Matthew - Lane: Hassell*  Dated: 29th of July, 2024
Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nahua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

## NOTARY PUBLIC

State New Hampshire

County Rockingham    Subscribed and sworn to, before me, a Notary Public the above signed Matthew-Lane: Hassell.

This 29th day of July year 2024

Notary Public *Robyn Doke*

MY COMMISSION EXPIRES: 09-15-2026

ROBYN M DOKE
Notary Public - New Hampshire
My Commission Expires Sep 15, 2026

STATE OF NEW HAMPSHIRE
DEPARTMENT OF HEALTH AND HUMAN SERVICES
DIVISION OF ECONOMIC STABILITY
BUREAU OF CHILD SUPPORT SERVICES - LEGAL
129 PLEASANT STREET, CONCORD, NH 03301-3857
603-271-4429
Susan N. Brisson, Esquire (BCSS Chief Staff Attorney, Agent)
603-271-4812

21st of August, 2024

In re: Case Number: 30154799C

F.O.I.A. REQUEST/DEMAND, FINAL NOTICE
(FREEDOM OF INFORMATION ACT DEMAND Title 5 U.S.Code § 552 et al.
(inclusive)
Also to include but is not limited to Title 5 U.S. Code 552a et al. and Title 5 U.S.
Code 552b et al. and N.H. Rev. Stat. (RSA) § 91-A et al. and RSA 161-B:7, III

Dear Susan N. Brisson,

I Matthew-Lane: Hassell, Beneficiary, am writing this 3RD (THIRD) 'NOTICE' as prima facie evidence and default by you and the agency you are employed by, by Tacit Acquiescence, knowingly acting in fraud. It was specifically stated in the 2nd (SECOND) "NOTICE", received by agent FOURNIER on the 30th of July, 2024, "Expected disclosure of all documentation and answers or the like shall be set for the 16th of August, 2024, NO EXCEPTIONS." On this day of the 21st of August, 2024 nothing (no medium of response reasonable under the circumstances) has been rebutted or received by me.

This is an obvious delay and obstruction. It was also demanded in both 'NOTICES' (first NOTICE received on the 17th of July, 2024), that all contract(s) and agreement(s) be rescinded. Still no rescission has been applied and has furth caused harm and injury to me. All contract(s) and agreement(s) must be rescinded forthwith, immediately and with haste, this is non-negotiable, NO EXCEPTIONS.

The STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES is further violating New Hampshire Constitution Article 2-b, Right of Privacy (An individual's right to live free from governmental intrusion in private or personal information is natural, essential, and inherent December 5, 2018) by intrusion upon my private and personal information and seizing of my property (tangible property, securities, wages), this must CEASE AND DESIST forthwith, immediately and with

haste, and return all property (tangible property, securities, wages) on the day of receipt of this "FINAL NOTICE", this is non-negotiable, NO EXCEPTIONS.

This injury being given full knowledge and notice through and by the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES and its agents, as stated in the first notice "I hereby assert you have been given plain and accurate knowledge and 'NOTICE' (U.C.C. § 1-202. Notice; Knowledge.) of act(s) conspired and committed against me and my person, it is incumbent upon you to take action to prevent such further act(s) or you are in neglect and co-conspiracy to all such act(s) pursuant to 42 U.S. Code § 1986." This must CEASE AND DESIST forthwith, immediately and with haste, on the day of receipt of this "FINAL NOTICE", this is non-negotiable, NO EXCEPTIONS.

It has also come to my attention that BCSS has been misquoted (typo) in part, in my previous demands as BCCS, let this NOTICE correct that typo to accurately state such typos as B.C.S.S. (A.K.A. Bureau/Division of Child Support Services).

I am also including a copy of both previous communications (NOTICE, DEMANDS) as further courtesy copies, so there can be no mistakes as to the duties owed to me.

Kindly provide all demands forthwith, immediately and with haste, on the day of receipt of this "FINAL NOTICE", this is non-negotiable, NO EXCEPTIONS, to include but is not limited to rescinding all agreement(s) and contract(s) creating obligation(s) from me.

All Rights Reserved Without Prejudice U.C.C. 1-308
VOID WHERE PROHIBITED BY LAW

_Matthew-Lane Hassell_   Dated: 31st of August, 2024

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nahua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

## NOTARY PUBLIC

State___New Hampshire___

County___Hillsborough___ Subscribed and sworn to,

before me, a Notary Public the above signed Matthew-Lane: Hassell.

This___21st___ day of ___Aug___ year ___2024___.

Notary Public _____

MY COMMISSION EXPIRES:_____

AATIE RATHOD
Notary Public - New Hampshire
My Commission Expires Jan 22, 2025

Page 2