# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MATTHEW LANE HASSELL. et al, </br>    Plaintiff, | ) </br> ) CASE NUMBER: </br> ) |
| vs. | ) </br> ) |
| Department of Health and Human Services - </br> Bureau of Child Support Services et al, </br> Betty Raymond et al, </br> Lori A. Weaver et al, </br> Susan N. Brisson et al, </br>      Defendant. | ) </br> ) Trial By Jury Demanded </br> ) Yes </br> ) </br> ) </br> ) |

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

AND PRELIMINARY INJUNCTION (Fed. R. Civ. P. 65)

Plaintiff Matthew-Lane: Hassell respectfully moves for a Temporary Restraining Order and Preliminary Injunction under Federal Rule of Civil Procedure 65(a) and (b), enjoining Defendants New Hampshire Department of Health and Human Services, Bureau of Child Support Services ("DHHS-BCSS"), and their officers, agents, employees, and persons acting in concert with them, from continuing enforcement actions against Plaintiff during the pendency of a stayed state-court proceeding and a fully submitted federal appeal, where such enforcement is undertaken without operative judicial authority and results in ongoing constitutional injury.

### I. NATURE OF THE RELIEF SOUGHT

This motion seeks narrow, prospective, status-quo-preserving relief. Plaintiff does not request review, modification, vacatur, or enforcement of any state-court order. Plaintiff does not ask this Court to adjudicate domestic-relations issues.

1

Plaintiff seeks only to restrain independent executive enforcement conduct undertaken by DHHS-BCSS and its agents, after the underlying state-court case was stayed and while a federal appeal—now fully briefed and submitted to a panel of the United States Court of Appeals for the First Circuit—is under active deliberation.

The requested relief preserves federal appellate jurisdiction, prevents irreparable constitutional harm, and does not interfere with any court's adjudicatory function.

## II. JURISDICTION AND AUTHORITY

This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Prospective injunctive relief against ongoing unconstitutional conduct by state officials is authorized under *Ex parte Young*, 209 U.S. 123 (1908).

Rule 65 authorizes emergency relief where immediate and irreparable injury will occur before the opposing party can be heard.

### Abstention and Jurisdictional Doctrines Do Not Apply

- Younger abstention is inapplicable because the underlying state proceeding has been stayed since approximately November 2023 and is not ongoing in any adjudicatory sense.

- Rooker-Feldman is inapplicable because Plaintiff does not seek appellate review of any state final judgment.

## III. FACTUAL PREDICATE FOR EMERGENCY RELIEF

### A. Prolonged State-Court Stay and Exclusive Federal Appellate Jurisdiction

The New Hampshire state-court case (No. 656-2022-DM-00737) has been stayed since approximately November 2023.

Plaintiff's federal appeal arising from that case was docketed in the First Circuit on May 6, 2024, and was fully briefed and submitted to the appellate panel on October 31, 2024. There has been no decision as of today.

Once an appeal is docketed and fully submitted, decisional authority resides exclusively with the federal appellate court. The stay suspends enforcement authority tied to the lower court and preserves the appellate court's ability to decide the case meaningfully.

Plaintiff provided written notice of the stay, the federal appeal, and the jurisdictional posture to DHHS-BCSS and its agents through sworn demands and formal notices.

## B. Continued Executive Enforcement Despite the Stay and Submission

Notwithstanding the prolonged stay and the fully submitted federal appeal, Defendants have continued and threatened further enforcement actions against Plaintiff, including:

- wage garnishment and income withholding;
- license-related sanctions and threats;
- threatened or initiated adverse credit reporting and data furnishing.

Such conduct is not the execution of an active judicial order; it is independent executive action undertaken in the absence of operative enforcement authority.

## C. Notice to Defendants

Defendants were on actual notice of:

- the existence of the stay;
- the submission of the federal appeal;

- Plaintiff's jurisdictional and constitutional objections; and
- explicit demands that enforcement be held in abeyance pending appellate review.

No reasonable official could believe that continuing enforcement during a year-long (or more) stay and a fully submitted federal appeal was lawful. Qualified immunity therefore does not bar injunctive relief.

## IV. STANDARD FOR TEMPORARY RESTRAINING ORDER

In the First Circuit, courts consider:

1) Likelihood of success on the merits (the touchstone factor);
2) Irreparable harm;
3) Balance of equities; and
4) The public interest.

### A. Likelihood of Success on the Merits

Plaintiff is likely to succeed on claims that Defendants:

1. Violated Procedural Due Process – By depriving Plaintiff of wages, licenses, and economic interests without any operative enforcement authority, and without hearing, during a stayed proceeding.

2. Retaliated for Protected Petitioning Activity – Enforcement continued and escalated after Plaintiff invoked federal appellate review and demanded constitutional compliance, chilling the right to petition for redress.

3. Acted Ultra Vires and in Interference with Federal Jurisdiction – Executive enforcement during a prolonged stay and while a federal appeal is under submission exceeds

4

lawful authority and risks mooting or undermining appellate review.

### B. Irreparable Harm

Plaintiff has suffered ongoing and compounding, non-compensable harm, including:

- loss of earned income;
- impairment of liberty or employment through license sanctions;
- reputational and market harm from credit reporting threats; and
- continuing deprivation of constitutional rights.

The loss of constitutional freedoms, even for minimal periods, constitutes irreparable harm.

### C. Balance of Equities

The requested relief preserves the status quo required by the stay. Defendants suffer no cognizable harm from pausing enforcement already suspended by operation of law. Plaintiff continues to suffer daily harm absent relief.

The balance of equities strongly favors Plaintiff.

### D. Public Interest

The public interest is served by:

- respecting federal appellate jurisdiction;
- enforcing judicial stays;
- preventing executive agencies from nullifying appellate review through unilateral enforcement; and
- ensuring constitutional compliance by state actors.

## V. SCOPE OF RELIEF

Plaintiff seeks an order enjoining Defendants from:

- wage garnishment or income withholding;
- license suspension or restriction;
- credit reporting or data furnishing; and
- any other enforcement actions against Plaintiff

during the pendency of the state-court stay and the First Circuit appeal.

## VI. CONCLUSION

From the moment this action was filed in federal district court (10-18-2023)—and continuously throughout the pendency of Plaintiff's appeal now fully briefed and submitted to the United States Court of Appeals for the First Circuit—Defendants have persisted in executive enforcement actions that alter the status quo and inflict ongoing constitutional injury, despite actual notice that federal jurisdiction had attached and that the underlying state proceeding was stayed. This is not an isolated post-appeal error; it is a sustained course of ultra vires conduct that spans both levels of Article III review and operates to nullify federal judicial authority through unilateral retaliatory executive action. Once federal jurisdiction attached, and certainly once the appeal was docketed and submitted, Defendants were constitutionally prohibited from enforcing a stayed state matter in a manner that risks mootness, forecloses effective relief, or penalizes the exercise of the right to seek federal review. Federal courts possess inherent and equitable authority—indeed, an obligation—to issue immediate injunctive relief to halt ongoing executive action that invades federal jurisdiction and renders judicial review illusory. Absent prompt restraint, Defendants' conduct will continue to convert federal adjudication into a hollow formality, a result incompatible with Article III, the

6

Supremacy Clause, and basic principles of constitutional structure.

Pursuant to Rule 65(d)(2), any injunctive relief issued by this Court shall bind not only the named Defendants, but also their officers, agents, servants, employees, contractors, and all other persons. This includes, without limitation, any state or local agency, employer, financial institution, licensing authority, court clerk, law-enforcement unit, credit reporting agency, or private contractor that implements, relies upon, or gives effect to Defendants' directives, referrals, or data—whether directly or through Title IV-D cooperative agreements, contracts, data-sharing arrangements, or other delegated enforcement functions—for purposes of income withholding, license restriction, interception, reporting, or record creation. Where such non-party actors function as instrumentalities of Defendants' enforcement machinery, they are properly bound to prevent evasion or circumvention of this Court's Order, to halt ultra vires enforcement undertaken without operative judicial authority, and to preserve federal jurisdiction and the status quo.

Equity does not permit state officials to accomplish indirectly through Title IV-D cooperative partners what they are prohibited from doing directly once federal jurisdiction has attached.

## VII. RELIEF REQUESTED

**For the foregoing reasons, Plaintiff respectfully requests that the Court:**

1. Exercise its inherent and equitable authority to issue immediate temporary injunctive relief, including a Temporary Restraining Order, enjoining Defendants and all persons acting in concert with them from any enforcement actions against Plaintiff during the pendency of the state-court stay and the fully submitted federal appeal before the United States Court of Appeals for the First

    Circuit;

2. Resolve Plaintiff's request for preliminary injunctive relief on the papers, and convert the Temporary Restraining Order into a Preliminary Injunction upon notice, based on the sworn record, without an evidentiary hearing unless the Court concludes one is necessary;

3. Plaintiff respectfully requests that the Court waive any requirement of security under Rule 65(c), because the temporary injunctive relief sought is narrowly tailored, preserves the status quo, and restrains compounding and ongoing governmental enforcement alleged to be unconstitutional and ultra vires. Defendants have no lawful entitlement to continue the challenged conduct and therefore cannot suffer compensable harm from being restrained from acts taken without jurisdiction or authority. The requested relief serves the public interest in enforcing constitutional limits and preserving federal jurisdiction, and requiring security would be inequitable and unnecessary under the circumstances; and

4. Award such other and further relief as justice requires.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my abilities and knowledge.

        ALL RIGHTS RESERVED WITHOUT PREJUDICE
           VOID WHERE PROHIBITED BY LAW

_____ Dated: 29th of December 2025
Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com