UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Matthew-Lane Hassell</u>

    v.    Civ. No. 25-cv-550-LM-AJ

<u>NH Dept. of Health and Human Services,</u>
<u>Bureau of Child Support Services</u>

**O R D E R**

    Self-represented plaintiff Matthew-Lane Hassell, the petitioner in a state-court domestic relations matter, has sued a New Hampshire state agency and several agency officials, claiming that their efforts to enforce his child-support obligations violate his state and federal constitutional and statutory rights. Presently before the court is Mr. Hassell's renewed motion for temporary restraining order ("TRO") (doc. no. 5), in which he asks this court to enjoin the defendants "from undertaking or continuing any enforcement actions . . . ." <u>Id.</u> at 9-10.

    Specifically, Mr. Hassell asserts that the New Hampshire Department of Motor Vehicles has suspended his driver's license at the request of the Bureau of Child Support Services ("BCSS") because of arrearages in support payments, and that BCSS threatened to report the arrearages to a credit bureau.[1]

---

[1] The state-court case which established his obligations has been stayed, pending the resolution of a federal lawsuit Mr. Hassell filed against, among other individuals, the mother of his child and the judges in the state court case. This court dismissed that suit; Mr. Hassell's appeal to the First Circuit Court of Appeals remains pending. <u>See</u> <u>Hassell v. Kimbark</u>, Case No. 656-2022-DM-737 (10th Circ. –

The court denied an earlier request for a TRO because Mr. Hassell's motion did not comply with Fed. R. Civ. P. 65(b)(1)(B). See Doc. no. 4. Specifically, Hassell failed to certify in writing any efforts he made to give notice to the defendants and the reasons why notice should not be required. Id. Although Mr. Hassell indicates in the instant motion that he has given the defendants email notice of his TRO request, the court is not persuaded that he will suffer "immediate and irreparable injury, loss, or damage . . . before the defendants can be heard in opposition," as is required by Fed. R. Civ. P. 65(b)(1)(A). First, it does not appear that Mr. Hassell's alleged injuries are irreparable, as any injury resulting from the license suspension or credit reporting can be compensated, if those decisions are reversed, either through administrative procedures or court order. Indeed, Mr. Hassell's complaint seeks monetary damages for, among other things, lost wages, earning capacity, and reputational harms, damages which logically flow from the license suspension and credit reporting.  Doc. no. 1 at 42. In addition, his conclusory allegation that permitting the defendants to be heard "would prolong an ongoing Constitutional

---

Fam. Div. – Derry, filed Nov. 14, 2022); Hassell v. Kimbark, et al., Civ. No. 23-cv-472-JL-AJ (D.N.H. dismissed Apr. 2, 2024), appeal docketed, No. 24-1442 (1st Cir. Apr. 12, 2024). Although Mr. Hassell asserts that enforcement of his child support obligations was also stayed, he provides no support for that claim, nor does the state court docket summary indicate that the case stay also stayed enforcement of child support obligations.

deprivation" lacks detail and is similar to any case where a plaintiff alleges that their rights have been infringed. Id. [2]

Despite its temporary nature, a TRO "is nevertheless an extraordinary remedy which must be granted 'sparingly and only in cases where the need for extraordinary equitable relief is clear and plain.'" Tirrell v. Edelblut, 747 F. Supp. 3d 310, 313 (D.N.H. 2024) (quoting Nw. Bypass Grp. v. U.S. Army Corps of Eng'rs, 453 F. Supp. 2d 333, 338 (D.N.H. 2006)). As the court indicated in its prior order, Mr. Hassell must strictly comply with the Rule's requirements. As he has not done so here, his motion is denied to the extent he seeks a TRO. To the extent he seeks a preliminary injunction, the court will issue appropriate procedural orders after the defendants have been served and appear in this case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 9, 2026

cc: Mathew-Lane Hassell, pro se

---

[2] Summonses were issued on December 29, 2025. Mr. Hassell does not indicate the status of service of process on the defendants.