Case 1:25-cv-00550-LM-AJ     Document 8     Filed 01/30/26     Page 1 of 4



# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MATTHEW LANE HASSELL et al, <br>     Plaintiff, <br><br> vs. <br><br> Department of Health and Human Services - <br> Bureau of Child Support Services et al, <br> Betty Raymond et al, <br> Lori A. Weaver et al, <br> Susan N. Brisson et al, <br>     Defendant, | ) <br> ) CASE NUMBER: <br> ) 1:25-cv-00550-LM-AJ <br> ) <br> ) <br> ) <br> ) Trial By Jury Demanded <br> ) Yes <br> ) <br> ) <br> ) |

**PLAINTIFF'S OBJECTION TO ENDORSED ORDER**

Plaintiff Matthew-Lane: Hassell respectfully submits this objection on and for the record to the Court's endorsed order denying Plaintiff's Motion for Reconsideration (Doc. 7), for purposes of record clarification and preservation of non-discretionary statutory and constitutional issues.

The docket reflects an endorsed order stating only: *"Denied. So Ordered."* No written order, memorandum, or statement of reasons has been entered. Plaintiff's Motion for Reconsideration raised threshold adjudicatory issues, including but not limited to:

- the Court's invocation of 28 U.S.C. § 636(b)(1)(B) and the absence of a Report and Recommendation, service, objections, and de novo review;
- asserted structural Article III defects concerning the exercise of judicial power; and
- the omission of sworn Rule 65(b)(1)(A) facts and an independently pleaded enforcement-before-process due-process theory.

Because these issues concern the manner in which judicial authority was exercised, rather than the discretionary merits of relief, Plaintiff objects to the endorsed order to the extent it does not permit determination of:

1. whether the Court addressed the asserted statutory defect under § 636;
2. whether independent Article III review was conducted;
3. whether the denial rested on procedural, jurisdictional, or merits grounds; and
4. how the ruling may be meaningfully reviewed.

Plaintiff recognizes that endorsed orders are used in this District for docket management. This objection is not directed to that practice generally, but to its

1

application here, where the denial of Doc. 7 implicates structural adjudicatory duties and constitutional processes that require sufficient explanation to ensure clarity of the record.

Plaintiff respectfully requests that the Court issue a written order or memorandum clarifying the basis for its denial of Doc. 7, sufficient to permit meaningful review and to confirm that the statutory and constitutional issues raised are adjudicated.

Plaintiff further objects, for purposes of record clarity and preservation for appellate review, that the endorsed order permits—and effectively ratifies—ongoing administrative-executive enforcement by the New Hampshire Department of Health and Human Services - Bureau of Child Support Services while meaningful judicial review remains unavailable. The Supreme Court has long held that federal courts exercise judicial power only in the manner and within the limits prescribed by Congress, and that departures from the statutorily prescribed mode of adjudication constitute structural error affecting the legitimacy of the judicial act itself, see Blyew v. United States, 80 U.S. (13 Wall.) 581 (1871), Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982), United States v. Raddatz, 447 U.S. 667 (1980), and Stern v. Marshall, 564 U.S. 462 (2011).

Equally settled, however, is the constitutional principle that the State may not subject individuals to coercive governmental power while denying access to a competent judicial forum: the denial or obstruction of judicial process by state actors violates due process and equal protection, see Ex parte Virginia, 100 U.S. 339, 346–47 (1879); the selective or practical denial of legal protection is constitutionally intolerable, see Yick Wo v. Hopkins, 118 U.S. 356, 369–70 (1886); the loss or nullification of an adjudicatory forum itself constitutes constitutional injury, see Logan v. Zimmerman Brush Co., 455 U.S. 422, 429–33 (1982); and access to courts is a fundamental component of ordered liberty, see Tennessee v. Lane, 541 U.S. 509, 522–23 (2004).

Here, state judicial review of the underlying proceeding is unavailable due to a stay pending First Circuit appellate jurisdiction, yet DHHS-BCSS continues performance-incentivized administrative enforcement—automatic, coercive, and self-executing—without contemporaneous judicial oversight. In these circumstances, the Article III court is the sole constitutionally competent forum capable of supplying the protection of law. By invoking 28 U.S.C. § 636(b)(1)(B) and then denying relief without issuance of a report and recommendation, service, opportunity for objection, or de novo review, and by thereafter denying reconsideration through an endorsed order devoid of findings or explanation, the Court departed from the statutorily prescribed manner of adjudication at the precise moment judicial intervention was constitutionally indispensable.

The Constitution does not permit executive enforcement to proceed unchecked while judicial review is suspended, nor does it permit a court to demand strict procedural compliance from a litigant while excusing its own non-discretionary adjudicatory

obligations. Where coercive governmental action proceeds in the absence of any meaningful judicial forum, such circumstances implicate not only structural Article III error and a denial of the protection of law, but also the potential invocation of a *Bivens v. Six Unknown Named Agents*-type constitutional claim, to the extent federal actors enforce deprivations while federal judicial officers fail to provide an effective or available judicial remedy. In parallel, where state executive officials continue enforcement during a period in which state judicial review is unavailable and federal appellate jurisdiction is ongoing, prospective relief against those officials remains cognizable under § 1983 and the Ex parte Young doctrine, precisely to prevent unconstitutional enforcement from proceeding in the absence of lawful judicial process. Plaintiff raises this objection to ensure the record reflects that the combined effect of administrative enforcement and judicial unavailability constitutes a structural denial of the protection of law and to preserve these defects for meaningful appellate review.

Finally, Plaintiff notes for preservation purposes that the Court expressly relied on authority stating that, *"[t]o obtain ex parte relief, a party must strictly comply with those requirements,"* see Doc. 4 at 1. Plaintiff preserves the objection that due process and equal protection do not permit a court to impose strict procedural compliance on a litigant while excusing its own non-discretionary statutory and constitutional obligations governing the exercise of Article III judicial power. To the extent the Court invokes a strict-compliance standard while departing from mandatory adjudicatory procedures, principles of judicial estoppel are implicated, as the integrity of the judicial process depends on consistent application of the procedural standards the Court itself enforces. Such asymmetry constitutes a structural defect in adjudication and warrants clarification and correction.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my abilities and knowledge.

ALL RIGHTS RESERVED WITHOUT PREJUDICE

VOID WHERE PROHIBITED BY LAW

_Matthew-Lane: Hassell_   Dated: 27th of January, 2026

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on <u>27th of January</u>, 2026, I caused a true and correct copy of the foregoing PLAINTIFF'S OBJECTION TO ENDORSED ORDER to be served by United States Postal Service First-Class Mail / Priority Mail, addressed to the following:

- **New Hampshire Department of Health and Human Services - Bureau of Child Support Services**
  (served through the Office of the Commissioner)

- **Lori A. Weaver**, individually and in her official capacity
  *(two copies served in a single mailing)*

- **Susan N. Brisson**, individually and in her official capacity
  *(two copies served in a single mailing)*

- **Betty Raymond**, individually and in her official capacity
  *(two copies served in a single mailing)*

- **John M. Formella**, Attorney General
  New Hampshire Department of Justice

Service was made by mailing to each recipient at their last known business address. Service was effected in good faith and in compliance with Fed. R. Civ. P. 5(b)(2)(C).

ALL RIGHTS RESERVED WITHOUT PREJUDICE

VOID WHERE PROHIBITED BY LAW

_Matthew-Lane: Hassell_     Dated: 27th of January, 2026

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com
Propria Persona Sui Juris