# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MATTHEW LANE HASSELL et al, | ) |
|     Plaintiff, | ) CASE NUMBER: |
| | ) 1:25-cv-00550-LM-AJ |
| vs. | ) |
| | ) |
| Department of Health and Human Services - | ) |
| Bureau of Child Support Services et al, | ) Trial By Jury Demanded |
| Betty Raymond et al, | ) Yes |
| Lori A. Weaver et al, | ) |
| Susan N. Brisson et al, | ) |
|     Defendant, | ) |

## PLAINTIFF'S MOTION FOR CLARIFICATION

Plaintiff Matthew-Lane: Hassell respectfully moves this Court for clarification of its January 21, 2026 endorsed order denying Plaintiff's Motion for Reconsideration (Doc. 7), and states on and for the record as follows:

## I. PURPOSE AND LIMITED SCOPE OF THIS MOTION

This Motion for Clarification is directed solely to ensuring that the record accurately reflects:

• the procedural and statutory posture under which the Court acted;
• whether mandatory adjudicatory steps required by statute and the Constitution were satisfied; and
• the nature of the disposition reflected in the denial of relief.

Clarification is necessary so that the docket is internally coherent, constitutionally intelligible, and capable of meaningful appellate review.

## II. PROCEDURAL BACKGROUND NECESSITATING CLARIFICATION

1. Plaintiff filed an emergency TRO motion (Doc. 5) seeking narrowly tailored, status-quo-preserving relief to halt alleged ultra vires executive enforcement during a period in which state-court proceedings were stayed and federal appellate jurisdiction remains pending.

2. The Court invoked 28 U.S.C. § 636(b)(1)(B) in connection with that motion.

3. No Report and Recommendation issued, no service of proposed findings occurred, no objection period was provided, and no de novo determination by an Article III judge appears on the record.

4. The Court denied the TRO motion.

5. Plaintiff filed a Motion for Reconsideration (Doc. 7) identifying these defects as non-discretionary statutory and structural Article III errors, supported by sworn Rule 65(b)(1)(A) facts and an independently pleaded enforcement-before-procedural due-process theory.

6. The Court denied Doc. 7 by endorsed order stating only: "Denied. So Ordered."

## III. ISSUES REQUIRING CLARIFICATION

At the outset, Plaintiff clarifies that the central purpose of this motion is to require the record to reflect the scope, allocation, and exercise of adjudicatory authority, as raised in Doc. 7. The clarification sought is not limited to whether § 636(b)(1)(B) was technically invoked, but whether the manner in which it was invoked and then bypassed resulted in an impermissible dilution or obscuring of Article III judicial power.

Plaintiff respectfully requests clarification as to the following discrete matters:

### A. § 636(b)(1)(B) Adjudicatory Compliance and Scope of Delegation

For purposes of record clarity and meaningful appellate review, Plaintiff respectfully seeks clarification as to:

1. Whether 28 U.S.C. § 636(b)(1)(B) was invoked in connection with Plaintiff's motion, and if so, whether the Court treated that invocation as legally operative or legally irrelevant at the time of disposition;

2. Whether any portion of Plaintiff's Rule 65 motion, constitutional claims, or jurisdictional challenges was substantively evaluated, screened, filtered, or recommended for disposition by a non-Article III actor, as reflected in the procedural posture of the disposition;

3. Whether the absence of a Report and Recommendation, service, opportunity for objection, and de novo determination reflects noncompliance with the statutory adjunct framework governing dispositive referrals; and

4. Whether the resulting disposition is understood to rest on a hybrid or non-Article III adjudicatory mechanism, for purposes of record sufficiency and reviewability.

Plaintiff does not seek explanation or justification, but only clarification sufficient to determine how adjudicatory authority was allocated or exercised, and whether the statutory and constitutional predicates for magistrate involvement were satisfied or violated.

## B. Nature of the Denial of Doc. 7

Plaintiff seeks classification of the basis upon which Doc. 7 was denied, to determine the constitutional posture of the Court's action and to preserve the integrity of the record for review. Specifically, Plaintiff requests clarification as to:

1. Whether the denial of Doc. 7 constituted a procedural disposition that did not exercise Article III judicial power, a jurisdictional determination, an exercise of equitable discretion, or a merits adjudication; and

2. Whether the Court reached and adjudicated the asserted statutory defect under 28 U.S.C. § 636(b)(1)(B) and the accompanying structural Article III challenge, or declined to reach them after exercising Article III judicial power without resolving those challenges.

Plaintiff does not request the Court's reasoning, analysis, or discretionary justification, but only identification of the category of adjudicatory action taken, so that the record reflects whether the denial constitutes an exercise of Article III judicial power, a threshold disposition, or a non-merits determination.

Such classification is constitutionally required under Article III because where the exercise of judicial power itself is challenged, a reviewing court must be able to determine *whether* and *by whom* judicial power was exercised before it can assess the validity of the judgment.

## C. Article III Adjudication and Non-Delegation of Judicial Power

For purposes of record clarity and meaningful appellate review, Plaintiff respectfully seeks clarification as to the identity and locus of adjudicatory authority exercised, specifically:

1. Whether the dispositive determination of Plaintiff's constitutional claims was made by an Article III judge, as opposed to a magistrate judge, administrative process, or implied screening mechanism;

2. Whether the denial of the TRO and subsequent denial of reconsideration constitute an exercise of Article III judicial power, and if so, where in the record that exercise is reflected;

3. Whether any delegation to a magistrate judge occurred beyond the constitutionally permissible adjunct role contemplated by 28 U.S.C. § 636(b)(1)(B), or whether the Court determined that any such delegation did not implicate the exercise of Article III judicial power;

4. Whether the Court regarded the asserted Article III and § 636 defects as non-reviewable, non-dispositive, or outside the scope of the ruling, as reflected in the procedural posture of the denial.

Plaintiff does not seek the Court's reasoning or analysis, but only clarification sufficient to establish who exercised judicial power, under what adjudicatory framework, and whether the resulting disposition is properly reviewable as an Article III act.

Such clarification is required because First Circuit review depends on a record that discloses whether an Article III judge exercised judicial power or whether the disposition rests on a non-merits or non-Article III basis.

### D. Omitted Theories and Sworn Facts

For purposes of record clarity and meaningful appellate review, Plaintiff seeks clarification as to:

1. Whether the sworn factual submissions made pursuant to Rule 65(b)(1)(A) were credited, rejected, or not reached as part of the Court's irreparable-harm determination; and

2. Whether Plaintiff's independently pleaded enforcement-before-process procedural due-process theory was adjudicated, implicitly rejected, or treated as outside the scope of the ruling.

Plaintiff does not seek reconsideration of any 'factual' finding or legal conclusion, but only clarification sufficient to determine which 'factual' predicates and legal theories formed part of the disposition reflected in the endorsed order, so that a reviewing court may assess preservation, scope, and standard of review.

### E. Ongoing Executive Enforcement

Plaintiff respectfully seeks clarification as to the operative effect of the Court's ruling,

specifically:

1. Whether the denial of relief has the legal effect of permitting or declining to restrain alleged continued ultra vires administrative or executive enforcement actions during a period in which state judicial review is unavailable and federal appellate jurisdiction remains pending; and

2. Whether the constitutional implications of enforcement proceeding in the absence of a contemporaneously available judicial forum were adjudicated or not adjudicated.

This request seeks only clarification of the practical and jurisdictional posture created by the Court's order, not an explanation of its reasoning.

## IV. Legal Basis for Clarification

Federal courts possess inherent authority—and, where the exercise of judicial power is questioned, an affirmative constitutional obligation—to clarify their orders when necessary to ensure that the record is sufficient for meaningful appellate review. Clarification is appropriate to confirm that:

1. Article III judicial power was exercised by an Article III judge and not delegated, diluted, or functionally exercised by a non-Article III actor beyond constitutional limits;

2. Statutory adjunct mechanisms, including 28 U.S.C. § 636(b)(1)(B), were employed strictly within their permissible scope and in a manner consistent with the preservation of Article III adjudication;

3. The identity of the judicial officer exercising dispositive authority is ascertainable from the face of the record; and

4. A reviewing court is not left to speculate whether a constitutional claim was resolved by an Article III judge, a magistrate judge acting beyond an adjunct role, or was not adjudicated at all.

Clarification is particularly warranted where an endorsed or summary order resolves—or appears to resolve—issues implicating non-discretionary statutory duties and structural constitutional requirements. In such circumstances, clarification serves not to supply reasons, but to ensure transparency as to the nature of the adjudicatory act taken, the scope of the issues reached, and the availability of meaningful review.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court issue a written order or memorandum clarifying the procedural and adjudicatory posture reflected in the record, specifically:

1. Whether 28 U.S.C. § 636(b)(1)(B) was invoked in connection with Plaintiff's motion, and if so, the procedural posture under which it operated;

2. Whether the statutory referral framework was applied and complied with, or not applied in compliance with prior to disposition;

3. Whether the denial of Doc. 7 constitutes a procedural disposition, a jurisdictional determination, an exercise of equitable discretion, or a merits adjudication;

4. Whether the asserted statutory and structural Article III defects were reached and adjudicated, or were not reached as part of the disposition; and

5. The operative effect of the Court's ruling with respect to continued administrative or executive enforcement during the period addressed by Plaintiff's motion.

Plaintiff seeks no alteration, supplementation, or reconsideration of the judgment, but only clarification sufficient to ensure that the record accurately reflects the nature of the adjudicatory action taken, the scope of the issues reached, and the availability of meaningful appellate review of non-discretionary statutory and constitutional questions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my abilities and knowledge.

ALL RIGHTS RESERVED WITHOUT PREJUDICE

VOID WHERE PROHIBITED BY LAW

Matthew-Lane: Hassell                    Dated: 27ᵗʰ of January, 2026

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com
Propria Persona, Sui Juris

## CERTIFICATE OF SERVICE

I hereby certify that on ~~27~~<u>27th  of  January</u>, 2026, I caused a true and correct copy of the foregoing PLAINTIFF'S MOTION FOR CLARIFICATION to be served by United States Postal Service First-Class Mail / Priority Mail, addressed to the following:

- **New Hampshire Department of Health and Human Services – Bureau of Child Support Services**
  (served through the Office of the Commissioner)

- **Lori A. Weaver**, individually and in her official capacity
  *(two copies served in a single mailing)*

- **Susan N. Brisson**, individually and in her official capacity
  *(two copies served in a single mailing)*

- **Betty Raymond**, individually and in her official capacity
  *(two copies served in a single mailing)*

- **John M. Formella**, Attorney General
  New Hampshire Department of Justice

Service was made by mailing to each recipient at their last known business address. Service was effected in good faith and in compliance with Fed. R. Civ. P. 5(b)(2)(C).

ALL RIGHTS RESERVED WITHOUT PREJUDICE

VOID WHERE PROHIBITED BY LAW

<u>Matthew-Lane: Hassell</u>    Dated: <u>27th of January, 2026</u>

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com
Propria Persona, Sui Juris

7