FILED
2026 FEB 6 PM 2:28

*OFFICE OF THE SHERIFF*

**HILLSBOROUGH COUNTY**

SHERIFF BRIAN J. NEWCOMB

### RETURN OF SERVICE

On the date and time set forth below, the above-named defendant(s) were duly summoned with an attested copy of this writ by the method of service herein indicated.

Date: 1/16/2026

Time: 2:00PM

Defendant(s): BETTY RAYMOND

Method of Service: IN HAND TO ALEXANDER COOP, CASE TECHNICIAN

Address served at: 26 WHIPPLE STREET, NASHUA

**Signature**

LEANDRO HIDALGO
**Deputy**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of New Hampshire

| | |
|---|---|
| Matthew-Lane: Hassell | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. 1:25-cv-550-LM-AJ |
| Department of Health and Human Services - Bureau of Child Support Services et al; Lori A. Weaver et al; Susan N. Brisson et al; Betty Raymond et al, | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Betty Raymond, in her individual and official capaities
26 Whipple St.
Nashua, N.H. 03060

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
   Matthew-Lane: Hassell
   20 Arlington St. Unit D
   Nashua, New Hampshire [03060]

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  12/29/2025                   Tracy Uhrin, Clerk
   with ECF Notice attached.

By: /s/ Megan Cahill, Deputy Clerk

Dec 29, 2025

Case 1:25-cv-00550-LM-AJ   Document 3   Filed 12/29/25   Page 8 of 8

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*

☐ I personally served the summons on the individual at *(place)*

on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)* , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)* ; or

☐ I returned the summons unexecuted because ; or

☐ Other *(specify):*

My fees are $              for travel and $              for services, for a total of $     0.00

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

Print          Save As...                                    Reset

Generated: Dec 29, 2025 10:09AM                                                                          Page 1/1



# U.S. District Court

## U.S. District Court -District of New Hampshire - Concord

Receipt Date: Dec 29, 2025 10:09AM

Matthew-Lane Hassell
20 Arlington St
Unit D
Nashua, NH 03060

| Rcpt. No: 2564 | Trans. Date: Dec 29, 2025 10:09AM | | | Cashier ID: #BD (6680) | |
|---|---|---|---|---|---|
| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
| 200 | Civil Filing Fee- Non-Prisoner | | 1 | 405.00 | 405.00 |

| CD | Tender | Amt |
|---|---|---|
| CC | Debit/Credit Card | $405.00 |
| | Total Due Prior to Payment: | $405.00 |
| | Total Tendered: | $405.00 |
| | Total Cash Received: | $0.00 |
| | Cash Change Amount: | $0.00 |

Comments: CV filing Fee for new case

# Complaints and Other Initiating Documents
1:25-cv-00550 Hassell v. NH Department of Health and Human Services, Bureau of Child Support Services et al

### U.S. District Court

### District of New Hampshire

### Notice of Electronic Filing

The following transaction was entered on 12/29/2025 at 12:33 PM EST and filed on 12/29/2025

| | |
|---|---|
| Case Name: | Hassell v. NH Department of Health and Human Services, Bureau of Child Support Services et al |
| Case Number: | 1:25-cv-00550 |
| Filer: | Matthew-Lane Hassell |
| Document Number: | 1 |

Docket Text:
**COMPLAINT against Susan N. Brisson, NH Department of Health and Human Services, Bureau of Child Support Services, Betty Raymond, Lori A. Weaver with Jury Demand (Filing fee $ 405 receipt number 2564) filed by Matthew-Lane Hassell. (Attachments: # (1) Civil Cover Sheet, # (2) Summonses, # (3) Exhibits)(mc)**

1:25-cv-00550 Notice has been electronically mailed to:

1:25-cv-00550 Notice, to the extent appropriate, must be delivered conventionally to:

Matthew-Lane Hassell
20 Arlington St., Unit D
Nashua, NH 03060

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1045603718 [Date=12/29/2025] [FileNumber=3022747-0] [9b62899aaa5a00fac0e64d440bd94111abe145c1ee5dedcfd30f707ece961f5b61 850c3058d3c56a245312b4b72fb289ca1182625821b71fd530c773fac3c4d6]]
Document description:Civil Cover Sheet
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1045603718 [Date=12/29/2025] [FileNumber=3022747-1][a66dc021ad95efac0cc215d8c1863cac9cb1f936e10a230964d4689bac349b6bb7 c8d5026749fda2c22b4513bdec97d76798f390cc06247a6dc8bcc3bfb97c05]]
Document description: Summonses
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1045603718 [Date=12/29/2025] [FileNumber=3022747-2][2cb053443910ff41c8956c9205bbe444c2baf3e0f6be648d2eb957e7af880ae329 fea97c9316a712a1f4920c8ba7cc606344343dcecc2bcb0eb0cb3d049d1b99]]
Document description: Exhibits

**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=12/29/2025] [FileNumber=3022747-
3] [3f68065ce1a72672a2c6748dcb1754cc00d07f0ea3436d3ed04077a41d44c0bc9d
8bb4279b47dc8fa009d73d751a3031d7480f3110bff01dcf0a29f83d2b3ea9]]

# Motions

## 1:25-cv-00550 Hassell v. NH Department of Health and Human Services, Bureau of Child Support Services et al

### U.S. District Court

### District of New Hampshire

## Notice of Electronic Filing

The following transaction was entered on 12/29/2025 at 12:35 PM EST and filed on 12/29/2025

| | |
|---|---|
| **Case Name:** | Hassell v. NH Department of Health and Human Services, Bureau of Child Support Services et al |
| **Case Number:** | 1:25-cv-00550 |
| **Filer:** | Matthew-Lane Hassell |
| **Document Number:** | 2 |

**Docket Text:**
**Emergency MOTION for Temporary Restraining Order and Preliminary Injunction filed by Matthew-Lane Hassell.(mc)**

**1:25-cv-00550 Notice has been electronically mailed to:**

**1:25-cv-00550 Notice, to the extent appropriate, must be delivered conventionally to:**

Matthew-Lane Hassell
20 Arlington St., Unit D
Nashua, NH 03060

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=12/29/2025] [FileNumber=3022752-0] [4e47bc8d1a7367f5b5b82225e9e3fc531188347cd9b4304124cddfe6d9f54a900a d4857cf47f6bbfd308cc2bcf9329d4244af05b5f119562ef696e5229aa1b1b]]

## Utility Events

1:25-cv-00550 Hassell v. NH Department of Health and Human Services, Bureau of Child Support Services et al

### U.S. District Court

### District of New Hampshire

**Notice of Electronic Filing**

The following transaction was entered on 12/29/2025 at 12:41 PM EST and filed on 12/29/2025

| | |
|---|---|
| **Case Name:** | Hassell v. NH Department of Health and Human Services, Bureau of Child Support Services et al |
| **Case Number:** | 1:25-cv-00550-LM-AJ |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Case assigned to Judge Landya B. McCafferty and US Magistrate Judge Andrea K Johnstone. The case designation is: 1:25-cv-550-LM-AJ. Please show this number with the judge designation on all future pleadings. (mc)**

**1:25-cv-00550-LM-AJ Notice has been electronically mailed to:**

**1:25-cv-00550-LM-AJ Notice, to the extent appropriate, must be delivered conventionally to:**

Matthew-Lane Hassell
20 Arlington St., Unit D
Nashua. NH 03060

## Notices
1:25-cv-00550-LM-AJ Hassell v. NH Department of Health and Human Services, Bureau of Child Support Services et al

### U.S. District Court

### District of New Hampshire

## Notice of Electronic Filing

The following transaction was entered on 12/29/2025 at 12:42 PM EST and filed on 12/29/2025

| | |
|---|---|
| **Case Name:** | Hassell v. NH Department of Health and Human Services, Bureau of Child Support Services et al |
| **Case Number:** | 1:25-cv-00550-LM-AJ |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE. (mc)**

**1:25-cv-00550-LM-AJ Notice has been electronically mailed to:**

**1:25-cv-00550-LM-AJ Notice, to the extent appropriate, must be delivered conventionally to:**

Matthew-Lane Hassell
20 Arlington St., Unit D
Nashua, NH 03060

## Service of Process:

1:25-cv-00550-LM-AJ Hassell v. NH Department of Health and Human Services, Bureau of Child Support Services et al

### U.S. District Court

### District of New Hampshire

## Notice of Electronic Filing

The following transaction was entered on 12/29/2025 at 12:52 PM EST and filed on 12/29/2025

| | |
|---|---|
| **Case Name:** | Hassell v. NH Department of Health and Human Services, Bureau of Child Support Services et al |
| **Case Number:** | 1:25-cv-00550-LM-AJ |
| **Filer:** | |
| **Document Number:** | 3 |

**Docket Text:**
**Summonses issued by mail as to Susan N. Brisson, NH Department of Health and Human Services, Bureau of Child Support Services, Betty Raymond, Lori A. Weaver. NOTICE: Counsel shall print and serve the summonses and all attachments in accordance with Fed. R. Civ. P. 4. (Attachments: # (1) Notice ECF)(mc)**


**1:25-cv-00550-LM-AJ Notice has been electronically mailed to:**

**1:25-cv-00550-LM-AJ Notice, to the extent appropriate, must be delivered conventionally to:**

Matthew-Lane Hassell
20 Arlington St., Unit D
Nashua, NH 03060

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=12/29/2025] [FileNumber=3022767-0] [53d3d103b5103d4108add7f06ca3c9c37253584d554895f11b7d31d909ca104f8d8ade8ccdf4f1e03a8b6658aecd953aef1c2db9d6d4e72f590a19f0b31283f7]]
**Document description:** Notice ECF
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=12/29/2025] [FileNumber=3022767-1] [318b3372e657a071f283ed8b6084b65be4511ac76d8f51717490c9cdf0a35947bbee40a99107c2c59d86892a2173710dc694513e88f7840080cc7bf22869721d]]

Case 1:25-cv-00550-LM-AJ    Document 3-1    Filed 12/29/25    Page 1 of 1

**U.S. DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

**IMPORTANT NOTICE**

**ATTORNEYS REQUIRED TO FILE ELECTRONICALLY**

Unless specifically exempted, all documents submitted by members of the bar of this district, as well by attorneys admitted pro hac vice, shall be filed in accordance with the district's Administrative Procedures for Electronic Case Filing ("ECF"). For attorneys, that means that while some limited documents will still be filed in paper format, the vast majority of all future pleadings must be submitted electronically using the court's Electronic Case Filing (ECF) system (including cases involving pro se parties). Pro se litigants, however, are not required to file electronically and may continue to file documents in paper format.

The District of New Hampshire is a NextGen CM/ECF court, which means attorneys use their individual PACER accounts to file documents in this district Section 6.1 of the Administrative Procedures for ECF requires that attorneys appearing in an ECF case must request access to the court's ECF system through PACER. However, attorneys who filed in this district prior to November 12, 2019 must instead link their individual PACER account with their legacy ECF account.

For more information on NextGen CM/ECF visit the court's website.

**NOTICE TO PLAINTIFF: You are instructed to serve a copy of this notice on all parties in this case along with the complaint.**

TRACY A. UHRIN
Clerk

USDCNH-91 (Rev. 12-19)

FILED - USDC -NH
2025 DEC 29 AM 10:15

# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MATTHEW LANE HASSELL. et al,<br>    Plaintiff, | ) CASE NUMBER: |
| vs. | ) |
| Department of Health and Human Services –<br>Bureau of Child Support Services et al,<br>Betty Raymond et al,<br>Lori A. Weaver et al,<br>Susan N. Brisson et al,<br>    Defendant. | ) Trial By Jury Demanded<br>) Yes |

## CIVIL ACTION CLAIM FOR DAMAGES

### I. INTRODUCTION

Comes now, Matthew-Lane: Hassell (hereinafter, "Mr. Hassell" and/or "Plaintiff"), with clean hands, in good faith, using fair business practices and full disclosure. Appearing *Propria Persona Sui Juris*, as the clearly established and specifically designated beneficiary to the Original Jurisdiction, appearing by *special appearance* as opposed to general appearance, being of majority age, competent to testify, I affirm and attest under penalty of perjury, that the truths and facts herein are of firsthand personal knowledge and are true, correct, complete, and not misleading to the best of my abilities and integrity. I hereby invoke and ordain and establish the common law.

This action challenges systemic violations of constitutional and statutory rights arising from foundational defects in jurisdiction and due process. The underlying state domestic-relations proceeding has been stayed since around November 2023 and remains stayed pending resolution of a fully briefed and submitted federal appeal before the United States Court of Appeals for the First Circuit. Defendants seized Plaintiff's property through executive action after judicial authority had been suspended, rendering the seizure warrantless and unreasonable under the Fourth Amendment.

Notwithstanding the stay and the pendency of exclusive federal appellate jurisdiction, Defendants have continued to

impose and escalate enforcement measures against Plaintiff.
Plaintiff does not seek review, reversal, or modification of any
state-court judgment. Rather, Plaintiff challenges Defendants'
independent executive enforcement actions, taken without
operative judicial authority, in defiance of a stayed
proceeding, and in violation of federal constitutional
constraints, including the Supremacy Clause, the Due Process
Clause, and the First Amendment right to petition for redress of
grievances.

This action further arises under and invokes the
protections of the First Amendment to the United States
Constitution, including the Petition Clause, which guarantees
the right to petition the government for redress of grievances
without retaliation. The enforcement actions challenged
herein—including wage garnishment, license-related sanctions,
and threatened credit reporting—were imposed and in response to
Plaintiff's protected petitioning activity, thereby chilling and
punishing the exercise of fundamental constitutional rights.

Plaintiff also invokes the Seventh Amendment to the United
States Constitution and expressly preserves the right to trial
by jury on all claims so triable, including claims seeking legal
relief and damages for constitutional violations. This action is
not equitable-only in nature, and Plaintiff demands that all
disputed issues of material fact be tried to a jury of his
peers.

Plaintiff seeks declaratory, injunctive, compensatory,
treble, and punitive damages for willful, knowing, reckless, and
callous disregard of Plaintiff's federal and State
constitutionally secured rights.

Defendants' actions were not isolated or inadvertent, but
were undertaken pursuant to standardized policies, practices,
agreements, and enforcement mechanisms applied broadly to
similarly situated individuals subject to DHHS-BCSS enforcement.
The denial of disclosure, refusal to provide jurisdictional facts
and meaningful review, reliance on undisclosed agreement(s) and/
or contract(s), and escalation of coercive enforcement measures
reflect systemic conduct, not a case-specific anomaly.

These policies and practices include, but are not limited
to:
   (a) withholding record(s), evidence, and contract(s) and
agreement(s) while continuing enforcement;
   (b) abdicating meaningful administrative and supervisory

and judicial review, or issuing non-responses in lieu of
determinations;

(c) escalating coercive measures—including wage seizure,
license sanctions, and threatened or actual adverse credit
reporting—without individualized findings of fact and law;

(d) reliance on undisclosed "contracts or agreements with
another entity" to justify secrecy and enforcement; and

(e) non-individualized, boilerplate decision-making
reflecting rubber-stamp enforcement rather than
case-specific adjudication.

These acts are not isolated, inadvertent, or
case-specific, but constitute systemic conduct undertaken
pursuant to policy or custom. Defendants' uniform use of the
foregoing practices demonstrates deliberate indifference to
constitutional requirements and establishes that the
violations alleged herein are foreseeable, repeated, and
ongoing.

Plaintiff brings this action solely on his own behalf
for injuries personally suffered. Allegations of systemic
conduct are pleaded to establish the nature, scope, and
reprehensibility of Defendants' practices, to support
injunctive and declaratory relief, and to demonstrate
antitrust injury and punitive-damages factors. The foregoing
Policy, Practice, and Custom allegations are incorporated by
reference into each Count below.

## II. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction over this action
pursuant to Article III of the United States Constitution and 28
U.S.C. § 1331, because this action arises under the Constitution
and laws of the United States, including claims brought under 42
U.S.C. § 1983 for violations of the First, Fourth, Fifth,
Seventh, and Fourteenth Amendments.

This Court further has jurisdiction pursuant to 28 U.S.C. §
1343(a)(3) and (4), as this action seeks to redress the
deprivation, under color of state law, of rights, privileges,

3

and immunities secured by the Constitutions of the United States and of the several states (specifically New Hampshire), and seeks declaratory, injunctive, and legal relief for those deprivations.

This Court has supplemental jurisdiction over related state-law claims pursuant to 28 U.S.C. § 1367(a), including but not limited to claims for enforcement of official bonds and blanket undertakings and statutory accountability under Part 1 Article 8 N.H. Constitution and NH RSA 93-B:1-a through RSA 93-B:5, because those claims form part of the same case or controversy as the federal constitutional claims, arise from a common nucleus of operative fact, and involve the same parties and conduct.

Plaintiff further alleges that compliance with the bonding requirements imposed by NH RSA 93-B:1-a through 93-B:5 and 45 C.F.R. § 302.19 constitutes a prerequisite to lawful office, authority, and enforcement power. To the extent any Defendant or BCSS employee or Employees of a court or law enforcement or official performing under a cooperative agreement with the IV-D agency or Employees of any private or governmental entity from which the IV-D agency purchases services acted without having satisfied those bonding requirements, such individual failed to meet the statutory prerequisites to office and authority, and any purported actions taken by that individual were ultra vires, unauthorized, and void.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this District, and because the Defendants reside in, are employed in, or conduct official business within this District.

This action seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and injunctive and legal relief pursuant to the Court's equitable powers and applicable federal law.

"This is not a routine civil motion but a matter of constitutional magnitude."

## III. FACTUAL ALLEGATIONS

1. Plaintiff Matthew-Lane: Hassell ("Plaintiff") is the subject of ongoing enforcement actions carried out by the New Hampshire Department of Health and Human Services, Bureau of Child Support Services ("DHHS-BCSS" or "BCSS"),

including wage seizure/garnishment and license-related
threats and enforcement, beginning in or about 2023 and
continuing through at least 2025, as further described
herein.

2. Plaintiff has repeatedly sought disclosure of the factual
basis, full accounting, authority, and documentation BCSS
relies upon to justify ongoing enforcement against him (see
Exhibit A). Plaintiff has demanded
administrative/supervisory review and lawful disclosure
before continued coercive action. See Exhibit A.

3. On or about August 24, 2024, Plaintiff submitted the State
of New Hampshire DHHS "Request for Case Information" (Form
637A), expressly requesting information in his case be
provided, and invoking statutory authority including RSA
161-B:7, III. See Exhibit A.

4. The Form 637A contains an acknowledgment clause stating, in
substance, that Plaintiff "understand[s] that information
in [his] case record which is prohibited from release by
federal law, state statute, state case law, or by contract
or agreement with another entity, shall not be released."

5. Plaintiff did not knowingly and voluntarily consent to any
"contract or agreement" secrecy regime being used as a
shield to withhold evidence from him while simultaneously
imposing coercive enforcement measures. On the Form 637A
itself, Plaintiff wrote language reflecting that the
request was made under coercion/duress and with rights
reserved, including "Under Duress and Coercion," "All
Rights Reserved Without Prejudice," and "VOID WHERE
PROHIBITED BY LAW."

6. Plaintiff has issued a formal written dispute and rejection
of any attempt by BCSS to treat that acknowledgment clause
as a waiver, consent, jurisdictional admission, limitation
of rights, or blanket authorization to withhold records
based on undisclosed "contracts or agreements with another
entity." Plaintiff demanded identification and production
of the agreements and the specific legal authority that
BCSS claims permits withholding based on such agreements.
See Exhibit A.

7. In that dispute/demand, Plaintiff demanded production of
"All agreement(s) and contract(s) BCSS relies upon,"
demanded "All statutory and regulatory authority BCSS
claims permits withholding based on such agreement(s)," and
demanded written confirmation that the "BCSS acknowledgment
clause is not being used as a waiver, consent,
jurisdictional admission, or limitation on rights."

8. Plaintiff further demanded written assurance that
enforcement would be held in abeyance pending the outcome

5

of the First Circuit matter identified in his written demand (Case No. 24-1442) and compliance with due process and disclosure obligations. See Exhibit A, inclusive.

9. Plaintiff's written dispute/demand invoked and relied upon federal and state disclosure regimes including 5 U.S.C. § 552 (FOIA), NH RSA 91-A, and NH RSA 161-B:7, III, and demanded interagency correspondence and internal communications, including notes and database entries.

10. Plaintiff's written dispute/demand further demanded proof of bonding and lawful prerequisites of authority for officials and employees connected to the enforcement actions, including demands tied to 45 C.F.R. § 302.19 (Bonding of employees) and NH RSA 93-B:1-a through 93-B:5, including identification of custodians and sureties responsible for maintaining such instruments.

11. Plaintiff explicitly notified BCSS that failure to comply constituted, among other things, "obstruction of due process," "denial of access to evidence," and "unlawful withholding" under the cited disclosure statutes, and further constituted ultra vires agency conduct and actionable violations under 42 U.S.C. § 1983.

12. Separately, in Plaintiff's FOIA/records demand materials, Plaintiff referenced a New Hampshire "Interagency Memorandum of Understanding," and quoted language from that MOU stating: "The Parties agree that the obligations, agreements and promises made under this Memorandum of Understanding are not intended to be legally binding on the Parties and are not legally enforceable." Plaintiff provided written notice that enforcement imposed against a nonconsenting party under such an arrangement is fraudulent and not enforceable against him.

13. Plaintiff's written FOIA/records demand further asserted that agency interpretations and secrecy are insufficient, demanded full disclosure, and challenged the legitimacy of enforcement absent lawful authority, consent, jurisdiction and due process, while expressly reserving rights and objecting to coercive "form" compulsion and non-disclosure.

14. On or about November 25, 2025, Plaintiff served a "SUPERVISORY REVIEW DEMAND & NOTICE OF CONSTITUTIONAL, JURISDICTIONAL, AND PROCEDURAL DEFECTS" with attachments, demanding supervisory review and documenting due process and jurisdictional defects in the enforcement process. See Exhibit A.

15. Plaintiff's supervisory review demand materials include, as an attachment reference, a "DHHS-BCSS NOTICE OF … LICENSE REVOCATION—DATED NOVEMBER 13, 2025," evidencing BCSS's use of license-related sanctions/pressure as part of

its enforcement program.

16.  Plaintiff alleges that BCSS has failed to provide meaningful supervisory review, failed to produce the demanded agreements/contracts, failed to identify the statutory and regulatory authority permitting withholding under "contract or agreement with another entity," and failed to provide the demanded bond/authority proof and custodial/surety identification, while continuing coercive enforcement measures.

17.  Plaintiff alleges and gives notice that BCSS's refusal to disclose records and evidence while simultaneously pursuing wage seizure and license sanctions deprives Plaintiff of notice and a meaningful opportunity to be heard, and constitutes a continuing denial of procedural due process under the Fourteenth Amendment and 42 U.S.C. § 666(a)(8)(B)(iv) and 42 U.S.C. § 666(a)(7)(B) actionable under 42 U.S.C. § 1983.

18.  Plaintiff alleges and gives notice that BCSS's use of coercive enforcement mechanisms while withholding records based on undisclosed "contracts or agreements with another entity" constitutes a structural and intentional obstruction of Plaintiff's access to evidence, administrative redress, and meaningful review, and is designed to force compliance by economic pressure rather than lawful adjudication.

19.  Plaintiff alleges and gives notice that he has engaged in protected petitioning activity, including records demands, supervisory review demands, and jurisdictional/procedural objections, and that BCSS's continuation and escalation of enforcement in response constitutes unconstitutional retaliation for petitioning the government for redress of grievances, in violation of the First Amendment, unlawful seizure of property pursuant to the Fourth Amendment and Part 1 Articles 2-b and 15, actionable under 42 U.S.C. § 1983.

20.  Plaintiff alleges and gives notice that BCSS's invocation of withholding based on "contract or agreement with another entity," coupled with interagency enforcement arrangements (including the MOU language quoted by Plaintiff), constitutes concerted action and agreement-based conduct rather than purely unilateral conduct, and that such agreement-based secrecy is being used as an instrumentality of enforcement against Plaintiff.

21.  Plaintiff alleges and gives notice that BCSS's conduct constitutes a "combination" or "conspiracy" in restraint of trade and commerce affecting interstate commerce, including through agreement-based data control and coercive

collection mechanisms, and therefore implicates 15 U.S.C. §
1 (Sherman Act) and civil remedies under 15 U.S.C. § 15
(Clayton Act), to the extent discovery confirms agreements
with non-state entities used to impose market consequences
and suppress contestation.

22.   Plaintiff further alleges on information and belief that
BCSS's "contract or agreement with another entity" language
includes agreements with third parties involved in
enforcement, collection, reporting, and/or data-sharing
functions, and that BCSS's refusal to identify those
entities and agreements is deliberate and intended to
prevent scrutiny and legal challenge.

23.   Plaintiff alleges and gives notice that Defendants have
acted "under color of law" and in concert to deprive
Plaintiff of rights secured by the State and Federal
Constitutions, including rights to due process and to
petition, and that such conduct constitutes conspiracy to
injure, oppress, threaten, and intimidate in the free
exercise and enjoyment of constitutionally secure rights,
and deprivation of rights under color of law, within the
meaning of 18 U.S.C. §§ 241 and 242, respectively.
Plaintiff pleads these criminal statutes to characterize
the gravity and unlawfulness of the conduct and to preserve
a demand for referral to appropriate prosecutorial
authorities, while seeking civil remedies under 42 U.S.C. §
1983 and related civil causes.

24.   Plaintiff alleges and gives notice that if BCSS employees
and associated enforcement actors have not satisfied
bonding prerequisites required by 45 C.F.R. § 302.19 and NH
RSA 93-B:1-a through 93-B:5 (as demanded in Plaintiff's
dispute materials), such individuals have not fulfilled
prerequisites to lawful office and authority, and any
enforcement actions taken by them are ultra vires and void.

25.   Plaintiff alleges and gives notice that BCSS's continued
enforcement while denying access to the very jurisdictional
facts and record(s) and agreement(s) that allegedly
authorize withholding is willful, knowing, and reckless,
and supports punitive damages and equitable relief,
including orders compelling disclosure, and enjoining
further enforcement pending full lawful Article III
constitutional judicial process.

26.   Plaintiff further alleges that BCSS has threatened or
initiated consumer credit bureau reporting of alleged
arrearages, and that Plaintiff timely invoked supervisory
review/dispute procedures; Plaintiff alleges BCSS has
failed to respond to that supervisory review demand.
Plaintiff includes this allegation to preserve imminent

harm.

## IV. COUNTS FOR RELIEF

### COUNT I

### 42 U.S.C. § 1983 — Procedural Due Process - (Fourteenth Amendment)

### Against DHHS; BCSS; [Lori A. Weaver, Susan N. Brisson and Betty Raymond], in individual and official capacities (collectively, "Defendants")

#### A. Parties and Color of Law

1. This Count is brought against the New Hampshire Department of Health and Human Services ("DHHS"); the Bureau of Child Support Services ("BCSS"); the BCSS Director/Administrator; and Employee officials (collectively, "Defendants").

2. At all relevant times, each Defendant acted under color of law within the meaning of 42 U.S.C. § 1983.

#### B. Governing Law

1. Due process requires disclosure of material evidence and a meaningful opportunity to be heard before the State deprives a person of property or liberty. Withholding material evidence violates due process. *Brady v. Maryland*, 373 U.S. 83 (1963). 42 U.S.C. § 666(a)(8)(B)(iv) — income withholding must comply with all procedural due-process requirements of the State. State due-process must comply with State and Federal constitutionally secured rights.

2. Silence where there is a duty to speak constitutes fraud. Where a governmental actor has a duty to disclose material facts, nondisclosure and silence are actionable. *United States v. Tweel*, 550 F.2d 297, 299–300 (5th Cir. 1977).

3. Jurisdiction is never presumed; once challenged, it must be decided. Actions taken without jurisdiction are void, and a tribunal lacking jurisdiction has no authority to reach the merits. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 910; *Melo v. United States*, 505 F.2d 1026; *United States v. Rogers*, 23 F. 658.

9

4. Statements of counsel or agency assertions are not evidence. Courts and agencies may not decide facts without affidavits or admissible proof. *Trinsey v. Pagliaro*, 229 F. Supp. 647 (1964).

5. Rubber-stamp or non-individualized review renders orders void. Process that lacks individualized consideration violates fundamental requirements. *State v. Paulick*, 277 Minn. 140, 151 N.W.2d 596 (1967).

6. Due process is mandatory before imposing sanctions or penalties. Fines, sanctions, or other coercive measures require prior due process. *Ryan v. Commission on Judicial Performance*, 45 Cal. 3d 518, 533 (1988).

7. NH RSA 458-A:8(I) explicitly states that participation in proceedings does not create personal jurisdiction. Judgments entered without personal jurisdiction are void. *Sramek v. Sramek*, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553 (1992).

8. Official immunity is not absolute. Acts taken outside lawful authority are not protected. *Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974).

9. Courts must exercise independent judgment; agencies may not define the law. Chevron deference is overruled; statutory interpretation is judicial. *Loper Bright Enters. v. Raimondo*, 603 U.S. ___ (2024); *Marbury v. Madison*, 1 Cranch 137, 177; *United States v. American Trucking Ass'ns*, 310 U.S. 534, 544; *Decatur v. Paulding*, 14 Pet. 497, 515.

10. Pro se filings are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972); *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008).

11. Issues not supported by evidence are deemed waived. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

## B-1. Constitutional Provisions Violated

## United States Constitution

### U.S. CONST. amend. V (Due Process Clause)
1. The Fifth Amendment guarantees that no person shall be deprived of life, liberty, or property without due process of

law. Through the Fourteenth Amendment, this protection applies
fully to the States and their agencies.

**U.S. CONST. amend. XIV, § 1 (Due Process & Equal Protection)**
1. The Fourteenth Amendment prohibits any State from depriving
any person of life, liberty, or property without due process of
law, and guarantees equal protection of the laws.

2. Defendants' enforcement actions—undertaken while withholding
evidence, silence instead of review, and relying on undisclosed
agreements—constitute deprivations of property and liberty
interests without hearing, disclosure, or lawful judicial
adjudication, in violation of the Fourteenth Amendment.

**U.S. CONST. amend. I (Petition Clause)**
1. The First Amendment guarantees the right of the people to
petition the government for redress of grievances. Plaintiff
exercised this right by submitting record(s) requests,
jurisdictional objections, FOIA demands, and supervisory review
demands.

2. Defendants' continuation and escalation of enforcement in
response to Plaintiff's petitioning activity violates the First
Amendment and independently aggravates the due-process
violations pleaded herein.

**U.S. CONST. amend. VII (Right to Jury Trial)**
1. The Seventh Amendment preserves the right to trial by jury
in suits at common law where the value in controversy exceeds
twenty dollars.

2. To the extent Defendants impose civil penalties, coercive
sanctions, or monetary deprivations without judicial
adjudication, Defendants have infringed Plaintiff's Seventh
Amendment right to have disputed facts determined by a jury.

**U.S. CONST. art. I, § 1 (Non-Delegation / Separation of Powers)**
1. All legislative powers are vested in Congress.
Administrative agencies may not define, expand, or invent legal
authority through internal agreements, MOUs, or interpretations.

2. Defendants' reliance on undisclosed agreements and agency
interpretations to justify enforcement violates
separation-of-powers principles enforced by the judiciary, as
recognized in *Marbury* and *Loper Bright* supra.

**New Hampshire Constitution**

**N.H. CONST. pt. I, art. 1**
1.All men are born equally free and independent; Therefore, all government of right originates from the people, is founded in consent, and instituted for the general good. Plaintiff has not consented to governmental enforcement through DHHS-BCSS.

**N.H. CONST. pt. I, art. 2**
1. All men have certain natural, essential, and inherent rights among which are, the enjoying and defending life and liberty; acquiring, possessing, and protecting, property; and, in a word, of seeking and obtaining happiness. Equality of rights under the law shall not be denied or abridged by this state on account of race, creed, color, sex or national origin. Plaintiff asserts BCSS and its agents has denied or abridged and retaliated against his natural, essential, and inherent rights to enjoying and defending life and liberty; acquiring, possessing, and protecting, property; and, in a word, of seeking and obtaining happiness on the creed of their absence of jurisdiction and authority.

**N.H. CONST. pt. I, art. 2-b**
1. Plaintiff's right to live free from governmental intrusion into private and personal information is natural, essential, and inherent; nevertheless, BCSS and its agents, acting under color of law created and/ or maintained records and accounts in Plaintiff's name and used those records to impose penalties, constituting an unreasonable and unconstitutional intrusion into Plaintiff's private and financial information.

**N.H. CONST. pt. I, art. 3**
1.  **[Society, its Organization and Purposes.]**

When men enter into a state of society, they surrender up some of their natural rights to that society, in order to ensure the protection of others; and, without such an equivalent, the surrender is void.

By structuring Title IV-D participation so that one parent's unilateral application or cooperation sets in motion statutorily prescribed, federally incentivized administrative enforcement against the other, DHHS-BCSS converts a purportedly voluntary framework into coercive state action, depriving the obligor of liberty and property—including income, tax refunds, licenses, credit standing, and reputation—through mandatory withholding, interception, and reporting mechanisms imposed without consent, individualized adjudication, or reciprocal

benefit. Because the obligor receives no corresponding
protection, benefit, or meaningful choice in exchange for
compelled submission to BCSS record-creation, data control, and
enforcement authority, no constitutional equivalent exists, and
any asserted surrender of rights is void under Part I, Article
3, rendering the resulting actions of the State and its agents
ultra vires, constitutionally invalid, and void both facially
and as applied.

This conclusion is compelled by the nature of constitutional
rights themselves. The United States Supreme Court has explained
that constitutional rights function as self-executing
prohibitions on governmental action, and that a constitutional
violation accrues at the moment the government undertakes the
unconstitutional act. *See Christopher L. Wilson v. Hawaii*, No.
23-7517 (Dec. 9, 2024) (Statement of Thomas, J.) (explaining
that rejection of state procedural barriers follows from the
self-executing nature of constitutional rights), citing *City of
Boerne v. Flores*, 521 U.S. 507, 524 (1997), and *Knick v.
Township of Scott*, 588 U.S. 180, 194 (2019). Accordingly, the
constitutional injury here arose when BCSS initiated
record-based enforcement without a valid surrender of rights,
not when Plaintiff later objected or sought review, and no
subsequent administrative process can retroactively supply the
missing constitutional equivalent.

By coercively creating, maintaining, and/ or weaponizing
personal and financial records without consent, jurisdiction, or
reciprocal constitutional equivalent, DHHS-BCSS effected a void
surrender of rights prohibited by Part I, Article 3, while
simultaneously intruding into protected private and personal
information in violation of Part I, Article 2-b; when Plaintiff
objected, contested jurisdiction, and petitioned for redress,
the agency escalated enforcement rather than curing the defect,
transforming administrative authority into retaliation, and
thereby converting any claimed regulatory action into a
compounded structural violation—void ab initio, ultra vires, and
independently actionable—because the Constitution forbids the
State from exacting surrender without equivalent, invading
privacy without authority, or punishment for invoking the
Constitution itself.

**N.H. CONST. pt. I, art. 14 (Due Process – Notice and Hearing)**
  1. Every subject of this State is entitled to a certain remedy,
by having recourse to the laws, for all injuries he may receive
in his person, property, or character; to obtain right and
justice freely, without being obliged to purchase it;
completely, and without any denial; promptly, and without delay;

conformably to the laws.

Defendants' refusal to disclose record(s), provide detailed
review, or issue findings constitutes a denial of Article 14
rights.

**N.H. CONST. pt. I, art. 15 (Due Process / Law of the Land)**
1. ...shall be held to answer for any crime, or offense, until
the same is fully and plainly, substantially and formally,
described to him; or be compelled to accuse or furnish evidence
against himself. Every subject shall have a right to produce all
proofs that may be favorable to himself; to meet the witnesses
against him face to face, and to be fully heard in his defense,
by himself, and counsel. No subject shall be arrested,
imprisoned, despoiled, or deprived of his property, immunities,
or privileges, put out of the protection of the law, exiled or
deprived of his life, liberty, or estate, but by the judgment of
his peers, or the law of the land;...

This requires lawful jurisdiction, notice of the nature and
cause of the proceeding, the opportunity to confront adverse
evidence and witnesses, and a meaningful opportunity to be heard
before an impartial decisionmaker. These guarantees are
coextensive with, and reinforced by, the Fifth and Fourteenth
Amendments to the United States Constitution, which prohibit
deprivation of life, liberty, or property without due process of
law and forbid compelled self-incrimination through coerced
participation in administrative schemes.

The United States Constitution is the supreme Law of the Land,
*see* U.S. CONST. art. VI, cl. 2, and binds all state judges,
officers, and agencies notwithstanding contrary state practice
or administrative convenience. Accordingly, "law of the land"
does not mean administrative fiat, undisclosed inter-agency
agreements, or automated enforcement triggered by unilateral
third-party action; it requires lawful authority, personal and
subject-matter jurisdiction, adequate notice, evidentiary
process, and adjudication by a neutral tribunal. Where, as here,
DHHS-BCSS initiates and escalates record-based enforcement
actions that deprive Plaintiff of income, property, licenses,
credit standing, and legal protections without jurisdiction,
individualized adjudication, or voluntary consent, BCSS acts
outside the law of the land, in violation of Part I, Article 15,
the Fifth Amendment, and the Fourteenth Amendment.

When such deprivations are imposed through coercive
administrative mechanisms that compel compliance, silence
objection, or penalize the act of contesting jurisdiction or

petitioning for redress, they further constitute retaliatory
enforcement and compound the underlying due-process violation.
Because due-process protections are self-executing limits on
governmental power, no post-hoc administrative review can cure
enforcement actions that were constitutionally defective at
their inception, and all such actions are void ab initio, ultra
vires, and unenforceable.

**N.H. CONST. pt. I, art. 20 (Jury Trial)**
  1. In all controversies concerning property of $1500.00 or
more, the parties have a right to trial by jury.

> Where DHHS-BCSS effects administrative seizure of wages,
> interception of funds, and imposition of coercive
> monetary penalties, it adjudicates liability and imposes
> punishment without judicial process and without
> affording the right to a jury, in direct violation of
> Part I, Article 20. A State agency may not convert what
> is constitutionally a judicial controversy over property
> into an executive or administrative enforcement scheme
> insulated from jury determination.

> This conclusion is compelled by the United States
> Supreme Court's decision in SEC v. Jarkesy, 603 U.S. ___
> (2024), which held that when the government seeks civil
> penalties that are punitive or deterrent in nature, the
> Seventh Amendment entitles the defendant to a jury
> trial, and that the "public rights" doctrine does not
> permit the government to evade Article III courts and
> juries merely by assigning enforcement to an
> administrative forum.

> Here, BCSS enforcement mechanisms—automatic withholding,
> interception, reporting, and penalty escalation—operate
> as punitive, coercive monetary sanctions imposed by
> executive action. Such enforcement mirrors the very
> constitutional defect condemned in *Jarkesy*. Accordingly,
> Defendants' conduct violates Part I, Article 20 of the
> New Hampshire Constitution and the Seventh Amendment,
> and further violates the Fifth and Fourteenth
> Amendments, which forbid deprivation of property without
> due process of law.

> When these deprivations are imposed without lawful
> surrender under Part I, Article 3, without "law of the
> land" adjudication under Part I, Article 15, through
> coercive record-based enforcement intruding on protected
> privacy under Part I, Article 2-b, and are escalated in

response to Plaintiff's objections and petitions for redress, they constitute a compounded structural constitutional violation. Such violations are void ab initio, ultra vires, and independently actionable under 42 U.S.C. § 1983, with supplemental jurisdiction over the parallel state constitutional claims.

## C. Deprivations Without Due Process

1. Plaintiff incorporates Section III.

2. Defendants deprived Plaintiff of protected property and liberty interests—including wages—while failing to prove jurisdiction and withholding the evidence, records, and agreements relied upon to justify enforcement.

3. Defendants asserted the ability to withhold records based on unspecified federal/state law and undisclosed "contracts or agreements with another entity," yet refused to identify the authority or produce the agreements, despite Plaintiff's formal dispute and demand.

4. By withholding material evidence while continuing enforcement, Defendants violated due process as articulated in *Brady* and compounded that violation through silence where a duty to speak existed, as condemned in *Tweel*.

5. Defendants relied on assertions and boilerplate rather than admissible proof, contravening *Trinsey*, and proceeded with enforcement absent individualized review, rendering actions void under *Paulick*.

6. Plaintiff expressly challenged jurisdiction and authority. Defendants failed to decide those challenges and proceeded anyway, contrary to *Basso*, *Melo*, and *Rogers*. Any actions taken without resolved jurisdiction are void, including under *Sramek*.

7. Defendants imposed or threatened sanctions and coercive measures without providing due process, violating *Ryan*.

8. Defendants' continued enforcement rested on agency interpretation and secrecy, not independent judicial judgment, in violation of *Loper Bright*, *Marbury*, *American Trucking*, and *Decatur*.

## D. Individual Liability; Immunity Unavailable

1. Each individual Defendant participated in or ratified
enforcement while withholding evidence and refusing review,
outside lawful authority.

2. Because immunity does not protect ultra vires conduct,
*Scheuer*, qualified immunity is unavailable.

3. Defendants' deprivation of Plaintiff's property and liberty
interests occurred pursuant to the systemic policies and
practices described above, including uniform withholding of
evidence and refusal to provide individualized review,
rendering the deprivations predictable, repeated, and
policy-driven, rather than accidental or isolated.

## E. Causation and Damages

1. Defendants' actions proximately caused Plaintiff's loss of
wages, impairment of driving and economic interests,
exposure to additional sanctions, and ongoing harm.

2. Defendants' conduct was willful, knowing, and reckless,
supporting compensatory and punitive damages.

## F. Relief

1. Plaintiff seeks: (a) declaratory relief that Defendants'
conduct violates the Fourth, Fifth and Fourteenth
Amendments; (b) injunctive relief barring enforcement
absent disclosure and lawful process; (c) punitive damages
against individual Defendants; and (d) costs and other
relief permitted by law.

## F-A. Damages, Sanctions, and Punitive Awards

### A. Punitive Damages – Federal Constitutional Violations (Individual Capacity)

Defendants' conduct was willful, knowing, malicious, and
undertaken with reckless disregard for Plaintiff's
clearly established constitutionally secured rights. For
violations of the United States Constitution, including
but not limited to the denial of due process in
violation of the First, Fourth, Fifth, Seventh and
Fourteenth Amendments, Plaintiff seeks punitive damages
in the amount of One Million Dollars ($1,000,000.00 USD)

against each liable Defendant in his or her individual
capacity, as punishment and deterrence for intentional
constitutional misconduct.

## B. New Hampshire Constitutional Violations – Bond and Surety Liability

For violations of the New Hampshire Constitution,
including but not limited to Part I, Article 2-b (Right
of Privacy), Article 15 (Right of Accused / Due
Process), and Article 20 (Jury Trial in Civil Causes),
Plaintiff seeks recovery of One Million Dollars
($1,000,000.00 USD) per liable Defendant from the
public-official bond and surety issued pursuant to NH
RSA 93-B:1-a through RSA 93-B:5 and 45 C.F.R. § 302.19,
for ultra vires acts, breach of statutory conditions,
and violations committed under color of law.

For the avoidance of doubt, Plaintiff expressly
disclaims any monetary relief from the State of New
Hampshire or its treasury with respect to this
bond-based claim. Recovery under RSA 93-B is directed
solely to the surety providing the Defendant's
public-official bond, is contractual and statutory in
nature, is capped at the bond amount, and is separate
and supplemental to Plaintiff's federal claims under 42
U.S.C. § 1983, without implicating Eleventh Amendment
sovereign immunity.

## C. Statutory Civil Remedies and Sanctions

For violations of federal and state law alleged herein,
Plaintiff seeks all civil sanctions, treble damages,
equitable relief, and statutory remedies authorized by
law, including but not limited to remedies available
under 42 U.S.C. § 1983 and 15 U.S.C. § 15, measured by
the seriousness of Defendants' misconduct and the
compelling governmental interest in deterrence.

## D. Fee Schedule as Pre-Established Punitive Benchmark

All punitive amounts sought are consistent with
Plaintiff's duly noticed and published Fee Schedule (see
Register of Deeds, Hillsborough County – Doc. #
240001740, Book 9753, Page 719-725), which constitutes a
pre-established punitive benchmark providing notice,
proportionality, and deterrent calibration. Defendants
were on notice of this schedule and nonetheless

persisted in the conduct alleged herein.

**E. Constitutional Guideposts Governing Punitive Damages**

Defendants' conduct represents a high degree of reprehensibility recognized under Supreme Court precedent. In assessing punitive damages, the Court and jury may properly consider the constitutional guideposts articulated in BMW of North America, Inc. v. Gore and State Farm Mutual Automobile Insurance Co. v. Campbell, including:

1. **Degree of Reprehensibility** — Defendants' actions were intentional, repeated, and systematic, aimed at depriving Plaintiff of core constitutional protections;

2. **Ratio** — Where harm is ongoing, difficult to quantify, or involves constitutional injury, punitive damages need not be limited by a strict mathematical ratio, as recognized in TXO Production Corp. v. Alliance Resources Corp. and Pacific Mutual Life Insurance Co. v. Haslip; and

3. **Comparable Penalties** — Punitive damages may be evaluated against penalties authorized for analogous misconduct, reflecting legislative judgments regarding proportional punishment, including the civil penalty benchmarks reflected in 18 U.S.C. § 3571.

Substantial punitive damages are therefore constitutionally permissible and necessary to punish Defendants' misconduct and to deter future violations of fundamental rights.

**COUNT II**

**42 U.S.C. § 1983 — First Amendment Retaliation (Petition Clause)**

**A. Parties and Color of Law**

1. This Count is brought against the New Hampshire Department of Health and Human Services ("DHHS"); the Bureau of Child Support Services ("BCSS"); Against Lori A. Weaver, Susan N.

Brisson and Betty Raymond, in individual and official
capacities (collectively, "Defendants").

2. At all relevant times, each Defendant acted under color of
state law within the meaning of 42 U.S.C. § 1983.

## B. Governing Law

1. The First Amendment guarantees the right to petition the
government for redress of grievances. U.S. CONST. amend. I.

2. Retaliation for the exercise of statutory and
constitutionally secured rights is unlawful. Government
actors may not punish, chill, or deter protected
petitioning activity through coercive measures or adverse
action.

3. Pro se petitioning and filings are entitled to liberal
construction and protection. *Haines v. Kerner*, 404 U.S. 519
(1972); *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir.
2008).

4. Acts taken outside lawful authority are not shielded by
immunity. *Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974).

5. Issues not supported by evidence are deemed waived;
assertions without proof cannot justify adverse action.
*United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990);
*Trinsey v. Pagliaro*, 229 F. Supp. 647 (1964).

6. Jurisdiction and authority are never presumed and must be
decided when challenged. *Basso v. Utah Power & Light Co.*,
495 F.2d 906, 910; *United States v. Rogers*, 23 F. 658; *Melo
v. United States*, 505 F.2d 1026.

7. Silence where there is a duty to speak—particularly in
response to a lawful demand for review or
disclosure—constitutes actionable misconduct. *United States
v. Tweel*, 550 F.2d 297, 299-300 (5th Cir. 1977).

8. Due process is mandatory before sanctions or penalties may
be imposed, and retaliatory escalation without process is
unlawful. *Ryan v. Commission on Judicial Performance*, 45
Cal. 3d 518, 533 (1988).

9. Courts—not agencies—declare the law; agency interpretation
and secrecy cannot override constitutional guarantees.

*Marbury v. Madison*, 1 Cranch 137, 177; *United States v. American Trucking Ass'ns*, 310 U.S. 534, 544; *Decatur v. Paulding*, 14 Pet. 497, 515; *Loper Bright Enters. v. Raimondo*, 603 U.S. ___ (2024).

## C. Protected Petitioning Activity

1. Plaintiff incorporates Section III (Factual Allegations).

2. Plaintiff engaged in protected petitioning activity by:

- submitting formal records requests and FOIA demands;
- disputing BCSS's asserted authority and secrecy based on undisclosed agreements;
- demanding supervisory and administrative review;
- challenging jurisdiction, bonding prerequisites, and lawful authority.

3. Plaintiff's petitioning was undertaken **peacefully, in good faith, and in writing,** and sought redress through lawful channels expressly provided by statute and constitutional guarantee.

## D. Retaliatory Conduct

1. Defendants' adverse actions were taken pursuant to standardized enforcement practices that escalate coercive measures in response to petitions, disputes, and record(s) requests, reflecting a policy-level retaliation that predictably chills protected activity beyond Plaintiff's case.

2. After Plaintiff engaged in protected petitioning activity, Defendants continued and escalated enforcement actions against Plaintiff, including:

- ongoing wage seizure;
- license-related sanctions and threats;
- threatened dissemination of adverse information to third parties (debt collection);
- refusal to provide jurisdictional findings and prerequisites, review, findings of facts and law, or disclosure.

3. Defendants' escalation occurred without resolving Plaintiff's jurisdictional challenges, without producing evidence, and without issuing reasoned determinations, in

contravention of *Basso*, *Rogers*, and *Melo*.

4. Defendants' silence and non-response to Plaintiff's
   demands—despite a duty to respond—constituted actionable
   misconduct under *Tweel* and rendered the petitioning process
   illusory.

5. Defendants' reliance on assertions rather than evidence to
   justify continued enforcement violates *Trinsey* and *Zannino*,
   and confirms that enforcement was used as punishment for
   petitioning, not as a neutral administrative function.

## E. Constitutional Violations

1. Defendants' conduct violated U.S. CONST. amend. 1 by
   retaliating against Plaintiff for exercising his right to
   petition.

2. Defendants' retaliatory escalation—imposed without
   process—also violated U.S. CONST. amend. XIV, § 1 (Due
   Process), as recognized in *Ryan*.

3. Because the retaliatory acts were taken outside lawful
   authority, Defendants are not entitled to 'immunity'
   claims. *Scheuer*.

4. Agency reliance on undisclosed agreements and internal
   interpretations to justify retaliation violates
   separation-of-powers principles and the judiciary's
   exclusive role to declare the law. *Marbury; American
   Trucking; Decatur; Loper Bright*.

## F. Causation and Damages

1. Defendants' retaliatory acts were a substantial and
   motivating factor in the continuation and escalation of
   enforcement against Plaintiff.

2. As a direct and proximate result, Plaintiff suffered:
   • economic loss;
   • impairment of employment of life and mobility;
   • chilling of constitutionally secured rights;
   • emotional distress and reputational harm.

3. Defendants acted willfully, knowingly, and with reckless
   disregard for Plaintiff's clearly established.
   constitutionally secured rights.

## G. Relief

Plaintiff seeks:

1)declaratory relief that Defendants' actions violate the
U.S. and N.H. Constitutions; 2)injunctive relief
prohibiting retaliation for petitioning; 3) compensatory
damages for emotional distress and mental anguish and loss
of enjoyment of life; 4) punitive damages against
individual Defendants; 5) costs and all other relief
permitted by law.

## COUNT III

## 42 U.S.C. § 1983 — Ultra Vires Acts / Lack of Lawful Authority

## A. Parties and Color of Law

1. This Count is brought against the New Hampshire Department
of Health and Human Services ("DHHS"); the Bureau of Child
Support Services ("BCSS");Against Lori A. Weaver, Susan N.
Brisson and Betty Raymond

2. At all relevant times, each Defendant acted under color of
state law within the meaning of 42 U.S.C. § 1983.

## B. Governing Law

1. Acts taken without lawful authority are void and not
protected by immunity. Official immunity is not absolute;
actions outside the scope of lawful authority are
unprotected. *Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974).

2. Jurisdiction and authority are never presumed; once
challenged, they must be decided. Actions taken without
jurisdiction are void, and a tribunal lacking jurisdiction
has no authority to reach the merits. *Basso v. Utah Power &
Light Co.*, 495 F.2d 906, 910; *Melo v. United States*, 505
F.2d 1026; *United States v. Rogers*, 23 F. 658.

3. Judgments or orders entered without personal jurisdiction
are void. *Sramek v. Sramek*, 17 Kan. App. 2d 573, 576-77,
840 P.2d 553 (1992).

4. Rubber-stamp or non-individualized review renders actions
void. *State v. Paulick*, 277 Minn. 140, 151 N.W.2d 596

(1967).

5. Assertions are not evidence; authority must be proven with admissible proof. *Trinsey v. Pagliaro*, 229 F. Supp. 647 (1964).

6. Silence where there is a duty to speak constitutes actionable misconduct. *United States v. Tweel*, 550 F.2d 297, 299-300 (5th Cir. 1977).

7. Courts—not agencies—declare the law; agencies may not invent or expand authority by interpretation, secrecy, or internal agreement. *Marbury v. Madison*, 1 Cranch 137, 177; *United States v. American Trucking Ass'ns*, 310 U.S. 534, 544; *Decatur v. Paulding*, 14 Pet. 497, 515; *Loper Bright Enters. v. Raimondo*, 603 U.S. ___ (2024).

8. When government engages in commercial or quasi-commercial activity, it is bound by law as a private actor. *Clearfield Trust Co. v. United States*, 318 U.S. 363-371 (1943).

9. Issues not supported by evidence are waived. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

## C. Constitutional Provisions Implicated

1. U.S. CONST. amend. V & XIV — deprivation of liberty or property without due process is prohibited.

2. U.S. CONST. art. I, § 1 — legislative power cannot be delegated to agencies to create binding law by interpretation or agreement.

3. N.H. CONST. pt. I, arts. 1, 2, 12, 14, 15, and 20 — natural rights, accountability, law of the land, due process, petition, and jury trial protections prohibit secret or unauthorized exercises of power.

## D. Ultra Vires Conduct

1. Plaintiff incorporates Section III (Factual Allegations).

2. Defendants proceeded with enforcement actions against Plaintiff after Plaintiff challenged jurisdiction and authority, yet Defendants failed to decide those challenges or produce admissible proof of authority, in violation of *Basso, Melo,* and *Rogers*.

3. Defendants asserted authority to withhold records and continue enforcement based on undisclosed "contracts or agreements with another entity," yet refused to identify or produce such agreements or the legal authority permitting reliance upon them, contrary to *Trinsey* and *Tweel*.

4. Defendants relied on agency interpretation, secrecy, and internal arrangements rather than judicially declared law to justify enforcement, in violation of separation-of-powers principles enforced by *Marbury*, *American Trucking*, *Decatur*, and *Loper Bright*.

5. Defendants' failure to provide individualized review and reasoned determinations, while proceeding with enforcement, constitutes rubber-stamp action rendering such actions void under *Paulick*.

6. To the extent Defendants acted without resolved personal jurisdiction or lawful authority, any resulting actions are void ab initio under *Sramek*.

7. Defendants' actions exceeded lawful authority as a matter of policy and custom, including routine reliance on undisclosed agreements and non-adjudicative enforcement. Such systemic ultra vires conduct confirms knowing action outside jurisdiction and defeats any claim of good-faith error.

8. Where Defendants' conduct involved collection, reporting, or other quasi-commercial enforcement mechanisms, Defendants were bound by law as private actors and could not rely on sovereign prerogative to excuse unlawful conduct. *Clearfield Trust*.

## E. Individual Liability; Immunity Unavailable

1. Each individual Defendant knowingly participated in, directed, authorized, or ratified enforcement actions without lawful authority, after authority was expressly challenged.

2. Because such acts were ultra vires, Defendants are not entitled to qualified or official immunity. *Scheuer*.

3. Defendants' continued reliance on assertions unsupported by evidence constitutes waiver under *Zannino*.

## F. Causation and Damages

1. Defendants' ultra vires actions directly caused Plaintiff's loss of wages, impairment of liberty and economic interests, exposure to additional sanctions, and ongoing harm.

2. Defendants acted willfully and knowingly in excess of authority, supporting compensatory and punitive damages.

## G. Relief

Plaintiff seeks:

- declaratory relief that Defendants' actions were ultra vires, void, and unconstitutional;

- injunctive relief prohibiting enforcement absent lawful authority and jurisdiction duly established on the record;

- compensatory damages;

- punitive damages against individual Defendants – Defendants' conduct was willful, knowing, intentional, deceptive, and undertaken with reckless and callous disregard for Plaintiff's constitutionally secured rights, warranting the imposition of punitive damages. The Supreme Court has repeatedly held that substantial punitive-to-compensatory ratios do not violate due process where the conduct is intentional and deterrence is required. In Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1, 23–24 (1991), the Court upheld a punitive award approximately four times compensatory damages, emphasizing the need to deter intentional misconduct. In TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443, 462 (1993), the Court upheld a punitive award 526 times actual damages, holding that courts may consider the potential harm and reprehensibility of the defendant's conduct, not merely the actual damages awarded.

  Here, Defendants' actions exposed Plaintiff to substantial potential economic harm, including loss of wages, license deprivation, credit destruction, and market exclusion, and were undertaken as part of an institutional enforcement scheme. Punitive damages in a ratio sufficient to punish and deter such conduct are therefore constitutionally permissible and necessary.;

- costs and all other relief permitted by law.

**COUNT IV**

**Civil Antitrust Violations - 15 U.S.C. §§ 1 & 15 (Sherman Act / Clayton Act)**

**A. Parties and Capacity**

1. This Count is brought against:

   - the New Hampshire Department of Health and Human Services ("DHHS");
   - the Bureau of Child Support Services ("BCSS");
   - the BCSS Director/Administrator Lori A. Weaver;
   - BCSS officials Susan N. Brisson and Betty Raymond; and
   - John/Jane Doe private entities, including but not limited to consumer credit reporting agencies and other third-party contractors, data processors, or enforcement intermediaries (collectively, "Antitrust Defendants").

2. To the extent governmental Defendants engaged in collection, reporting, data-sharing, or other quasi-commercial conduct, they acted as market participants rather than as neutral sovereign regulators.

**B. Governing Law**

1. Every contract, combination, or conspiracy in restraint of trade or commerce among the several States is illegal. 15 U.S.C. § 1.

2. Any person injured in his business or property by reason of such violation may sue therefor and recover treble damages. 15 U.S.C. § 15.

3. When the government enters commercial or quasi-commercial activity, it is bound by the same legal standards as private actors. *Clearfield Trust Co. v. United States*, 318 U.S. 363-371 (1943).

4. Courts, not agencies, determine the lawfulness of authority and conduct. *Marbury v. Madison*, 1 Cranch 137, 177; *United States v. American Trucking Ass'ns*, 310 U.S. 534, 544; *Decatur v. Paulding*, 14 Pet. 497, 515; *Loper Bright Enters.*

**27**

*v. Raimondo*, 603 U.S. ___ (2024).

5. Assertions unsupported by evidence are waived and cannot justify coercive action. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990); *Trinsey v. Pagliaro*, 229 F. Supp. 647 (1964).

## C. Relevant Market and Interstate Commerce

1. The conduct at issue affects interstate commerce, including:

   o interstate consumer credit markets;
   o employment and labor markets dependent on creditworthiness and licensure;
   o interstate financial services and reporting systems.

2. Consumer credit reporting agencies operate nationwide, and the furnishing of negative credit information necessarily travels in interstate commerce.

3. Defendants' conduct restrains participation in these markets by imposing economic penalties and market exclusion through coordinated reporting and enforcement mechanisms.

For purposes of the Sherman Act, the relevant markets restrained by Defendants' conduct include, at minimum:

(a) the interstate consumer credit reporting and credit-scoring market, including the furnishing, dissemination, and use of adverse credit information;

(b) employment and labor markets in which access, mobility, or retention is conditioned upon creditworthiness, licensure, or background screening;

(c) interstate financial services and reporting markets reliant on accurate, contestable, and non-coercively furnished consumer data.

4. Defendants' coordinated conduct operates to foreclose affected individuals, including Plaintiff, from meaningful participation in these markets by imposing punitive economic sanctions and reputational restraints without judicial adjudication, thereby distorting competitive conditions and suppressing lawful contestation.

## D. Contract, Combination, or Conspiracy

1. Plaintiff incorporates Section III (Factual Allegations).

2. BCSS expressly asserted that records and information may be withheld pursuant to "contract or agreement with another entity."

3. BCSS further threatened and/or initiated consumer credit bureau reporting of alleged arrearages, which necessarily requires agreements, arrangements, or understandings with private, for-profit credit reporting agencies.

4. On information and belief, BCSS and DHHS entered into agreements or coordinated arrangements with private entities governing:

- what information is reported;
- when it is reported;
- how disputes are handled or disregarded;
- and how reporting is used as leverage to compel payment.

5. These agreements and arrangements have been withheld from Plaintiff, despite formal demands, and are invoked to justify secrecy while coercive enforcement continues.

## E. Unreasonable Restraints of Trade

1. Defendants' concerted conduct constitutes an unreasonable restraint of trade by:

- foreclosing affected individuals from fair participation in credit and employment markets;
- imposing reputational and financial penalties without judicial adjudication;
- suppressing contestation and alternative dispute mechanisms;
- leveraging state power in coordination with private market actors to extract payment.

2. The restraint is not incidental or regulatory in nature, but coercive and punitive, imposed through extra-judicial economic sanctions.
   - Defendants' coordinated use of wage seizure, license sanctions, and threatened credit-bureau reporting constitutes the imposition of punitive civil penalties, not mere regulatory administration. Under

SEC v. Jarkesy, such penalty-based enforcement may not
be imposed outside Article III courts or without the
protections of a trial by jury, and Defendants' use of
administrative and agreement-based mechanisms to
impose these penalties underscores the unlawfulness
and coercive nature of the restraint.

## F. Antitrust Injury

1. Plaintiff has suffered antitrust injury of the type the
   Sherman Act was designed to prevent, including:

- exclusion from competitive credit markets;
- distortion of employment opportunities tied to credit and
  licensure;
- impairment of economic mobility and market participation.

2. Plaintiff's injuries are not merely personal or incidental,
   but flow directly from concerted governmental-private
   conduct that restrains commerce and competition.

3. The injuries alleged are not merely personal or incidental,
   but reflect harm to the competitive process itself. By
   leveraging state enforcement power in coordination with
   private market actors to suppress disputes, deter
   contestation, and impose market exclusion, Defendants'
   conduct reduces competition, impairs market integrity, and
   chills lawful participation by similarly situated
   individuals subject to the same enforcement scheme.

## G. Absence of Immunity

1. To the extent Defendants rely on sovereign or state-action
   immunity or quasi-judicial immunity, such immunity does not
   apply where:

- Defendants act as market participants (*Clearfield Trust*);
- conduct is based on undisclosed agreements with private
  actors;
- actions are ultra vires and outside clearly articulated and
  affirmatively expressed state policy in compliance with
  State and Federal constitutionally secured rights.

2. Acts taken without lawful authority are not protected.
   *Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974).
   - Under SEC v. Jarkesy, Defendants cannot claim immunity
     or administrative discretion to justify the imposition

of punitive economic sanctions through non-judicial processes. Where enforcement operates as punishment rather than regulation, constitutional protections attach, and actions taken in disregard of those protections are ultra vires and unprotected.

3. Defendants' conduct is not protected by state-action immunity because the restraints alleged are not clearly articulated and affirmatively expressed state policy to displace competition, nor are they actively supervised by the State within the meaning of *Parker v. Brown*. The coordinated use of undisclosed agreements with private credit reporting agencies to impose punitive economic sanctions, suppress disputes, and exclude individuals from interstate markets exceeds any statutory mandate and reflects discretionary, commercial conduct undertaken without legislative authorization or judicial supervision.

## H. Causation and Damages

1. As a direct and proximate result of Defendants' anticompetitive conduct, Plaintiff has suffered:

- loss of wages and earning capacity;
- Possible damage to credit standing;
- Possible exclusion from financial and employment opportunities;
- ongoing economic harm.

2. Plaintiff seeks relief under 15 U.S.C. § 15, including treble damages, costs, and appropriate injunctive relief.

3. In addition to treble damages authorized by 15 U.S.C. § 15, Plaintiff seeks punitive and equitable relief sufficient to deter Defendants' anticompetitive conduct. The Supreme Court has recognized that substantial punitive awards are constitutionally permissible where conduct is intentional and poses significant potential harm. See *Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1, 23–24 (1991); TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443, 462 (1993)*. Defendants' coordinated use of enforcement and private-market mechanisms to impose economic penalties justifies punitive and deterrent remedies commensurate with the scale and potential harm of the misconduct.

4. Defendants' coordinated use of wage seizure, license

sanctions, and adverse credit reporting functions as punishment rather than regulation, imposed through agreement-based mechanisms outside Article III adjudication. Where enforcement operates as economic punishment rather than neutral administration, constitutional protections attach, and the resulting concerted restraint of trade falls squarely within the Sherman Act's prohibitions.

## H-A. Discovery Trigger and Preservation of Evidence

*(Rule 26(a), (b), and (d))*

1. COUNT IV places at issue the existence, scope, and operation of contracts, agreements, memoranda of understanding, data-sharing arrangements, and coordinated practices between Defendants and private third parties, including but not limited to consumer credit reporting agencies and enforcement intermediaries. These agreements are not collateral; they constitute the core instrumentality of the alleged restraint of trade.

2. Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Defendants are required to disclose all bonds and blanket undertakings and document(s), agreement(s), communication(s), and data-sharing instrument(s) they may use to support any defense asserting lawful authority, immunity, justification, or regulatory compliance for the conduct alleged.

3. Discovery into the existence and terms of the bonds and blanket undertakings and contracts and agreements alleged herein is proportional under Rule 26(b)(1) because:

   (a) the information is uniquely in Defendants' possession;
   (b) the agreements are dispositive of immunity, authority, and antitrust liability;
   (c) Plaintiff cannot plead further specificity without access to the withheld bonds and agreements; and
   (d) Defendants have affirmatively invoked such agreements as a basis for withholding records and justifying enforcement.

4. Good cause exists under Rule 26(d)(1) for immediate,

Case 1:25-cv-00550-LM-AJ    Document 1    Filed 12/29/25    Page 33 of 43

limited discovery directed solely to:

(a) identification and production of all agreements,
contracts, MOUs, or data-sharing arrangements referenced
by Defendants as "contracts or agreements with another
entity";
  (b) identification of all private entities
participating in reporting, collection, enforcement, or
data dissemination concerning Plaintiff; and
  (c) policies governing dispute suppression, reporting
timing, and coordination.

5. Discovery Not Stayed by Dispositive Motions.
 Because COUNT IV alleges concerted action and
agreement-based restraints of trade, discovery into the
agreements themselves is necessary to resolve threshold
defenses and should not be stayed pending any Rule 12
motion. Courts routinely permit discovery of alleged
conspiratorial agreements where the agreements
themselves are the subject of the claim.

6. Defendants are on notice of their obligation to
preserve all documents, communications, databases, logs,
metadata, and electronically stored information relating
to agreements, reporting, enforcement coordination, and
dispute handling. Spoliation or alteration of such
evidence will support sanctions.

## I. Relief

1. Plaintiff seeks:

    1) declaratory relief that Defendants' agreements and
       coordinated conduct violate the Sherman Act; 2)
       injunctive relief prohibiting further anticompetitive
       reporting and coordination; 3) treble damages pursuant
       to 15 U.S.C. § 15; 4) costs and all other relief the
       Court deems just and proper; 5) An award of punitive
       damages against individual Defendants in an amount
       sufficient to punish and deter willful and malicious
       misconduct, consistent with *Pacific Mutual Life
       Insurance Co. v. Haslip, 499 U.S. 1 (1991), and TXO
       Production Corp. v. Alliance Resources Corp., 509 U.S.
       443 (1993).*

**COUNT V**

**42 U.S.C. § 1983 — Unconstitutional Misappropriation of Funds / Unjust Enrichment**

**A. Parties and Color of Law**

1. This Count is brought against the New Hampshire Department of Health and Human Services ("DHHS"); the Bureau of Child Support Services ("BCSS"); BCSS Director/Administrator Lori A. Weaver; and BCSS officials Susan N. Brisson and Betty Raymond (collectively, "Defendants").

2. At all relevant times, each Defendant acted under color of law within the meaning of 42 U.S.C. § 1983.

3. Plaintiff incorporates Section III and all preceding Counts as if fully set forth herein.

**B. Governing Law**

1. Government actors may not collect, retain, transfer, or distribute property without lawful authority, valid judicial process, and resolved jurisdiction. Actions taken without such authority are ultra vires, void, and unprotected by immunity. *Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974).

2. A judicial stay suspends enforcement authority and eliminates any operative legal predicate for collection. Executive action taken during a stayed proceeding lacks lawful authorization.

3. The Fourth and Fourteenth Amendments prohibit the unreasonable seizure and retention of property and the deprivation of property without due process of law, and the Fifth Amendment further prohibits the appropriation or

retention of private property for public use without just
compensation.

4. Where government actors obtain or retain funds through
   unconstitutional or ultra vires enforcement, equity
   requires restitution, disgorgement, and accounting,
   regardless of intent.

5. 'Immunity' does not bar equitable relief, restitution, or
   disgorgement for unconstitutional or unauthorized conduct.

## C. Stayed Proceeding and Absence of Enforcement Authority

1. The underlying state domestic-relations proceeding giving
   rise to enforcement actions against Plaintiff has been
   stayed since approximately November 2023 and remains stayed
   pending resolution of a fully briefed and submitted federal
   appeal before the United States Court of Appeals for the
   First Circuit.

2. A stay suspends all enforcement authority derived from the
   stayed proceeding and preserves federal appellate
   jurisdiction.

3. Defendants were on actual notice of the stay, the pendency
   of the federal appeal, and Plaintiff's jurisdictional and
   constitutional objections.

## D. Misappropriation Through Ultra Vires Collection and Retention

1. Notwithstanding the stay and lack of operative judicial
   authority, Defendants continued to seize Plaintiff's wages
   and income, impose or threaten license-based sanctions, and
   pursue coercive enforcement measures.

2. Any funds collected, retained, credited, transferred, or
   distributed by Defendants during the pendency of the stay

were obtained without lawful authority.

3. Defendants' continued possession, control, crediting, or distribution of such funds constitutes unconstitutional misappropriation and unjust enrichment under color of law.

4. Plaintiff alleges civil misappropriation arising from ultra vires enforcement and unconstitutional retention of property.

## E. Title IV-D Enforcement Structure and Unjust Enrichment

1. On information and belief, BCSS operates as a Title IV-D child-support enforcement agency participating in federally structured enforcement, accounting, and reporting systems.

2. Plaintiff alleges that enforcement activity, collections, and retained funds are tracked, credited, and administratively accounted for within the Title IV-D framework.

3. Plaintiff alleges that the structural performance incentive to continue collection activity, combined with enforcement during a stayed proceeding, resulted in unconstitutional enrichment derived from funds obtained without lawful authority.

4. To the extent funds were collected, retained, credited, transferred, or distributed as a result of enforcement actions taken in connection with Plaintiff's case—including funds collected from Plaintiff and/ or any related federal reimbursements, incentive payments, administrative cost-sharing payments, or other Federal Financial Participation received, credited, or allocated to DHHS or BCSS that were calculated, reported, or derived in whole or in part from such enforcement activity—whether retained by BCSS, credited toward administrative or performance

metrics, transferred or distributed pursuant to
administrative formulas, intergovernmental arrangements, or
programmatic requirements, or used to support, subsidize,
or justify continued enforcement operations, such
retention, use, or disposition constitutes unjust
enrichment and unconstitutional misappropriation arising
from enforcement actions undertaken without lawful
authority and during the pendency of a stayed proceeding.

5. These allegations are pleaded to establish equity,
causation, and the appropriateness of restitution,
accounting, and disgorgement.

## F. Causation and Injury

1. As a direct and proximate result of Defendants'
unconstitutional misappropriation and unjust enrichment,
Plaintiff suffered loss of wages, loss of use and enjoyment
of property, and continuing economic and constitutional
injury.

2. Because unlawfully obtained funds may be transferred,
distributed, or commingled, legal damages alone are
inadequate.

## G. Equitable Remedies — Accounting, Disgorgement, and Restitution

Equity requires a full and complete accounting of all funds
collected, retained, credited, transferred, or distributed as a
result of enforcement actions taken against Plaintiff during the
pendency of the state-court stay and federal
proceeding(s)-(beginning 18th of October, 2023 to current),
including but not limited to:

- the total amounts collected from Plaintiff;
- the dates, methods, and sources of each collection;

- the custodianship and control of all collected funds at
  each stage;
- all transfers, credits, allocations, or distributions of
  such funds;
- all federal reimbursements, incentive payments,
  administrative cost-sharing payments, and all other Federal
  Financial Participation received, credited, or allocated to
  DHHS or BCSS that were calculated, reported, or derived in
  whole or in part from enforcement activity involving
  Plaintiff's case;
- the statutory or regulatory authority relied upon for each
  such federal payment;
- and all entities or accounts exercising custody, control,
  or beneficial use of such funds.

1. Plaintiff seeks disgorgement of all funds obtained through
   unconstitutional enforcement, regardless of downstream
   disposition.

2. Plaintiff seeks restitution restoring the status quo ante
   and preventing continued unjust enrichment.

## H. Absence of Immunity

1. Defendants are not entitled to qualified immunity or other
   immunity for ultra vires acts and unconstitutional
   retention of property.

2. No reasonable official could believe that retaining funds
   obtained through enforcement during a stayed proceeding was
   lawful. Whatever authority Defendants may have believed
   they possessed prior to the stay, that authority terminated
   upon entry of the stay. Enforcement actions taken
   thereafter were ultra vires.

## I. Relief

Plaintiff seeks:

1. Declaratory relief that Defendants' collection, retention, and use of funds during the stayed proceeding constituted unconstitutional misappropriation and unjust enrichment;

2. An order compelling a full and complete accounting of all funds collected, retained, credited, transferred, or distributed as a result of enforcement actions taken against Plaintiff during the pendency of the state-court stay and the federal proceeding(s), including but not limited to: the total amounts collected from Plaintiff; the dates, methods, and sources of each collection; the custodianship and control of such funds at each stage; all transfers, credits, allocations, or distributions of such funds; all federal reimbursements, incentive payments, administrative cost-sharing payments, or other Federal Financial Participation received, credited, or allocated to DHHS or BCSS that were calculated, reported, or derived in whole or in part from enforcement activity involving Plaintiff's case; the statutory or regulatory authority relied upon for each such payment; and all entities or accounts exercising custody, control, or beneficial use of such funds.

3. Disgorgement and restitution of all funds unlawfully obtained;

4. Injunctive relief prohibiting further collection, retention, transfer, or distribution of funds absent lawful authority and resolved jurisdiction; and

5. Such other legal and equitable relief as the Court deems just and proper.

## VI. CONCLUSION

This action presents a continuous course of unconstitutional,
ultra vires, and retaliatory conduct undertaken by Defendants
under color of state law and pursuant to standardized policies,
practices, agreements, and enforcement mechanisms. The record
establishes not an isolated administrative error, but a
structural denial of constitutional process, marked by secrecy,
coercion, non-adjudicative enforcement, and deliberate refusal
to resolve jurisdictional and authority challenges.

Defendants have seized wages, threatened and imposed license
sanctions, and invoked market-exclusion mechanisms while
withholding the very records, agreements, jurisdictional facts,
and authority they claim justify enforcement. They have done so
in the face of repeated, formal demands for disclosure,
supervisory review, and lawful adjudication. This conduct
violates the First, Fourth, Fifth, Seventh, and Fourteenth
Amendments to the United States Constitution; Part I, Articles
1, 2, 2-b, 3, 14, 15, and 20 of the New Hampshire Constitution;
and multiple federal and state statutory mandates expressly
pleaded in this action.

Once jurisdiction, authority, and due process were challenged,
Defendants were constitutionally obligated to stop and decide
those challenges. They did not. Instead, they escalated
enforcement. Under settled law, actions taken without resolved
jurisdiction and lawful authority are void ab initio, not merely
voidable. No amount of agency assertion, internal agreement, or
administrative silence can cure that defect.

The Court is not being asked to defer to agency discretion. It
is being asked to enforce the Constitution. After *Loper Bright*,
agencies may not define or expand their own power through
interpretation or undisclosed agreements. After *Jarkesy*,
punitive economic sanctions may not be imposed through
non-Article III processes without jury protections. And after
*Marbury*, it remains "emphatically the province and duty of the
judicial department to say what the law is."

Because Defendants' conduct was knowing, willful, retaliatory,
and undertaken in reckless disregard of clearly established
rights, both equitable intervention and substantial punitive
remedies are necessary—not only to make Plaintiff whole, but to
deter repetition of the same unconstitutional enforcement scheme
against others.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands that this Court enter judgment in his favor and grant the following relief, each item independent, cumulative, and non-exclusive:

### A. Declaratory Relief

1. A declaration pursuant to 28 U.S.C. §§ 2201–2202 that Defendants' acts and practices, as alleged, violate:

   o the First, Fourth, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution;

   o Part I, Articles 1, 2, 2-b, 3, 14, 15, and 20 of the New Hampshire Constitution;

   o 42 U.S.C. §§ 1983, 1985, and 1986;

   o applicable federal and state due-process, disclosure, and jurisdictional statutes pleaded herein.

2. A declaration that enforcement actions taken without resolved jurisdiction, lawful authority, disclosure of material evidence, and meaningful judicial adjudication are ultra vires and void ab initio.

3. A declaration that Defendants' reliance on undisclosed "contracts or agreements with another entity" to justify secrecy and enforcement is unconstitutional and unlawful.

### B. Injunctive and Equitable Relief

1. A permanent injunction prohibiting Defendants, their agents, contractors, and cooperating entities from:

   o enforcing, collecting upon, or escalating any child-support-related enforcement action against Plaintiff unless and until final outcome of 1st Circuit Case No. 24-1442 and lawful authority, jurisdiction, and due process are established on the record;

   o withholding record(s), agreement(s), calculations, or evidence while continuing enforcement;

   o retaliating against Plaintiff for protected

petitioning activity.

2. An order compelling Defendants to produce:

   o full accounting of all funds collected, retained,
     credited, transferred, or distributed as a result of
     enforcement actions taken against Plaintiff during the
     pendency of the state-court stay and federal
     proceeding(s), including all related federal
     reimbursements, incentive payments, administrative
     cost-sharing, or other Federal Financial Participation
     derived in whole or in part from Plaintiff's case,
     together with identification and production of all
     records, data, calculations, agreements, contracts,
     memoranda of understanding, CSES files, and any
     interagency or third-party arrangements relied upon
     for enforcement, custodianship, transfers,
     distributions, and the statutory or regulatory
     authority relied upon for each such payment.

   o proof of statutory bonding, surety coverage, and
     custodial responsibility under NH RSA 93-B:1-a through
     93-B:5 and 45 C.F.R. § 302.19 for each individual
     involved in the entirety of DHHS-BCSS involvement.

## C. Compensatory Damages

1. An award of compensatory damages in an amount to be
   determined by the jury for:

   o loss of wages and earning capacity;
   o deprivation of property and liberty interests;
   o emotional distress, mental anguish, reputational harm,
     and loss of enjoyment of life and property;
   o economic and market exclusion harms proximately caused
     by Defendants' conduct.

## D. Punitive Damages — Individual Capacity

1. An award of punitive damages against each individual
   Defendant, in their individual capacity, in the amount of
   $1,000,000.00 per Defendant, or such greater amount as the
   jury finds necessary, to punish and deter willful, knowing,
   and malicious constitutional violations, consistent with
   *BMW v. Gore*, *State Farm v. Campbell*, *TXO*, and *Haslip*.

## E. Bond and Surety Liability

1. An award against the public-official bonds and sureties of liable Defendants pursuant to NH RSA 93-B:1-a through RSA 93-B:5 and 45 C.F.R. § 302.19 for ultra vires acts and constitutional violations committed under color of law, without recourse to the State treasury.

## F. Antitrust Remedies

1. An award of treble damages under 15 U.S.C. § 15 for antitrust injury resulting from Defendants' concerted governmental-private conduct restraining interstate commerce.

2. Injunctive relief prohibiting further anticompetitive coordination, reporting, or market-exclusion practices.

## G. Costs, Fees, and Ancillary Relief

1. An award of costs, expenses, and all allowable statutory or equitable relief.

2. Such other and further relief—legal, equitable, or declaratory—as the Court deems just, proper, and necessary to vindicate constitutional rights and prevent recurrence of the unlawful practices proven herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my abilities and knowledge.

ALL RIGHTS RESERVED WITHOUT PREJUDICE
VOID WHERE PROHIBITED BY LAW

Matthew-Lane: Hassell    Dated: 29th of December, 2005

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

43

JS 44 (Rev 12/12)

Reset Form

# Civil Cover Sheet Input Form

This automated civil cover sheet conforms to the manual civil cover sheet approved by the Judicial Conference. This civil cover sheet information must be submitted separately for each civil complaint filed. The clerk of court requires the information to open cases, assign the judge, and prepare required records. The form does not replace, supplement, or affect any pleadings or other paper required by law or rule.

Instructions for Completing the Civil Cover Sheet (PDF)

**Select Filing District:** New Hampshire ⌄

- I. Plaintiff, Defendant, and Attorney
- II. Case Information
- III. Nature of Suit
- IV. Signature
- V. Local Court Modifications

## I. Plaintiff, Defendant, and Attorney

### ADD FIRST PLAINTIFF AND PLAINTIFF ATTORNEY

| Plaintiff(s) | Defendant(s) |
|---|---|
| Add New Plaintiff | Add New Defendant |
| First Listed: Matthew-Lane: Hassell     EditDelete | First Listed: N.H. Department of Health and Human Services Burea of Child Support Services et al.     EditDelete |
| **Plaintiff Attorney(s)** | **Defendant Attorney(s) (if known)** |
| Add New Plaintiff Attorney | Add New Defendant Attorney |
|  | First Listed: Commissioner Lori A. Weaver et al.     EditDelete |
|  | BCSS Chief Staff Attorney, Agent Susan N. Brisson et al.     EditDelete |
|  | Agent Betty Raymond et al.     EditDelete |

## II. Case Information

**County Where Claim for Relief Arose:**
Hillsboro County ⌄

**Check here if you are filing a motion to proceed in forma pauperis.** ☐

**Does this case challenge the constitutionality of a federal or state statute and neither the U. S., the state, nor their agencies, officers, or employees are parties? (See Fed. R. Civ. P. 5.1)**
No ⌄

**NOTE:** Do not include cases that only allege that the U. S., this state, or any of their agencies have acted unconstitutionally or petitions or complaints filed by persons confined in federal, state, county or municipal penal institutions, jail or mental institutions.

**Basis of Jurisdiction:**  3. Federal Question (U.S. not a party) ⌄

**Origin:**  1. Original Proceeding          ⌄

**Class Action:**
○ If an original proceeding, is the case being filed under Rule 23, F.R.Cv.P.?
○ If removed from state court, was the case filed as a Class Action under State statute or rule?
◉ Not filed as a Class Action

**Monetary Demand** (in Thousands):
$6,000,000.00

**Jury Demand** (requested in Complaint):  ◉ Yes ○ No

**Cause of Action:**  42 U.S.C. 1983– Deprivation of Constitutional Rights (First, Fourth, Fifth, Seventh, and Fourteenth Amendments); Declaratory and Injunctive Relief under 28 U.S.C. §§ 2201–2202; Supplemental State Constitutional and Statutory Claims; Civil Antitrust Claims under 15 U.S.C. §§ 1 & 15; Conspiracy deprivation of rights under color of law  18 U.S.C. §§ 241 & 242

(Cite the U.S. Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**Related Cases:**
◉ is not a refiling of a previously dismissed action.
○ is related to case number  656-2022-DM-007 , currently pending before Judge  Barron, Gelpi & Af .
○ is a refiling of case number                    , previously dismissed by Judge

# III. Nature of Suit

**Administrative Agency**
○ 899 Administrative Procedures Act/Review or Appeal of Agency Decision

**Agricultural - Title 7 U.S.C.**

**Contracts**
○ 110 Insurance Contracts
○ 120 Marine Contracts
○ 130 Miller Act
○ 195 Warranties
○ 196 Franchise Agreements
○ 190 All Other Contract Actions

**Prisoner Petitions**
*Habeas Corpus*
○ 463 Habeas Corpus - Alien Detainee
○ 510 Motion to Vacate Sentence
○ 530 Habeas Corpus
○ 535 Habeas Corpus - Death Penalty
*Other*

**Tax Suits**
○ 870 Tax Suits (U.S. a party)
○ 871 Third Party Tax Suits
**Torts**
*Personal Injury*
○ 310 Airplane Personal Injury
○ 320 Assault, Libel, Slander

**Arbitration – Title 9 U.S.C.**

○ 891 Agricultural Actions (e.g., PACA)

○ 899 Administrative Procedures Act/Review or Appeal of Agency Decision

**Arbitration – Title 9 U.S.C.**

○ 896 Confirm or Modify Arbitration Award

**Banking and Consumer Credit**

○ 140 Negotiable Instruments

○ 371 Truth in Lending Act

○ 430 Banks and Banking

○ 480 Fair Credit Reporting Act or Fair Debt Collection Practices Act

**Bankruptcy**

○ 422 Appeal to District Court

○ 423 Withdrawal of Reference

**Business and Commercial**

○ 160 Shareholder Derivative Actions

○ 410 Antitrust

○ 450 Interstate Commerce (e.g., Carmack Amendment)

○ 850 Securities, Commodities, Exchanges

**Civil Rights – Non Prisoner**

○ 441 Voting Rights

○ 442 Employment

○ 443 Housing and Accommodations

○ 445 Americans With Disabilities Act – Employment

○ 446 Americans with Disabilities Act – All Other

○ 448 Education (e.g., IDEA)

◉ 440 All Other Civil Rights

**Environmental**

○ 893 Environmental Matters

○ 899 Administrative Procedures Act/Review or Appeal of Agency Decision

**Forfeiture and Penalty**

○ 625 Drug-Related Seizure of Property (21 U.S.C. 881)

○ 690 All Other Forfeiture and Penalty Actions

**Fraud and False Claims**

○ 370 Fraud Actions

○ 375 False Claims Act (31 U.S.C. 3729)

**Freedom of Information Act**

○ 895 Freedom of Information Act

**Immigration**

○ 462 Naturalization Applications

○ 463 Habeas Corpus - Alien Detainee

○ 465 Other Immigration Actions

**Intellectual Property**

○ 820 Copyright

○ 830 Patent

○ 840 Trademark

**Labor**

○ 710 Fair Labor Standards Act

○ 720 Labor-Management Relations/Reporting

○ 740 Railway Labor Act

○ 751 Family and Medical Leave Act

○ 791 ERISA

○ 790 Other Labor Actions

○ 540 Prisoner Petition for Writ of Mandamus

○ 550 Prisoner Civil Rights

○ 555 Prison Conditions

○ 560 Civil Detainee - Conditions of Confinement

**Real Property**

○ 210 Land Condemnation

○ 220 Foreclosure

○ 230 Rent, Lease, and Ejectment

○ 240 Torts to Land/Real Property Damage

○ 245 Real Property Damage Product Liability

○ 290 Other Real Property Actions

**Recovery of Overpayment and Enforcement of Judgments**

○ 150 Other Recovery Actions/Enforcement of Judgements

○ 151 Overpayment of Medicare Benefits

○ 152 Defaulted Student Loans

○ 153 Overpayment of Veterans' Benefits

**RICO**

○ 470 Civil RICO Actions

**Social Security Appeals**

○ 861 Medicare - HIA (1395ff)

○ 862 Black Lung

○ 863 DWIC/DIWW (405(g))

○ 864 SSID Title XVI

○ 865 RSI (405(g))

**FOR SOCIAL SECURITY APPEALS ONLY**
If this case seeks review of an application that was previously awarded by this court, please enter the case number:

○ 330 FELA (45 U.S.C. 51)

○ 340 Jones Act/Marine Personal Injury

○ 350 Motor Vehicle Personal Injury

○ 362 Medical Malpractice

○ 360 Other Personal Injury Actions

**Personal Injury Product Liability**

○ 245 Real Property Damage Product Liability

○ 315 Airplane Product Liability

○ 345 Marine Product Liability

○ 355 Motor Vehicle Product Liability

○ 367 Health Care/Pharmaceutical Product Liability

○ 368 Asbestos Product Liability

○ 365 Other Personal Injury Product Liability

**Property Damage**

○ 240 Torts to Land/Real Property Damage

○ 245 Real Property Damage Product Liability

○ 380 Personal Property Damage

○ 385 Personal Property Damage Product Liability

**Other Statutes**

○ 400 State Reapportionment

○ 490 Illegally Accessing Satellite/Cable TV Signals

○ 950 Constitutionality of State Statutes

○ 890 Other Statutory Actions

# IV. Signature

**Signature of Attorney of Record:**   Matthew-Lane: Hassell, Propia Persona Sui Juris                                    **Date:**

**12/29/2025**

**NOTE:** After completing the information above, click the "Generate Civil Cover Sheet (JS-44)" button. The generated civil cover sheet will appear in a new window. Please save (or print) the completed form in PDF format and use it to submit your civil cover sheet.

Generate Civil Cover Sheet (JS-44)

# V. Local Court Modifications

This tab is intended to provide a location for courts to modify the standard form to add information not currently collected on the civil cover sheet. If no such modifications are necessary this tab can be deleted from the form.

# EXHIBIT A

- **Correspondence with DHHS-BCSS agents**

**FORMAL DEMAND FOR RECORD(S) DISCLOSURE AND COMPLIANCE**
**Matthew-Lane: Hassell**
**Case ID(s): 30154779C / 00310021**
**Date: December 9, 2025**

To:
**New Hampshire DHHS — Bureau of Child Support Services**
 (c/o District Office and Legal Unit)

This letter serves as a formal demand for immediate compliance
and disclosure under 5 U.S.C. § 552 (FOIA) and NH RSA 161-B:7,
III, and RSA 91-A, and all obligations already triggered in the
totality of my previously served notices (See Attachments 1 and
2 dated July-August 2024 and Nov. 25, 2025).

I hereby demand immediate production of verified proof of all
prerequisites of office and authority—including all bond(s),
blanket undertaking(s), and constitutional oaths—for every
DHHS/BCSS employee, every State or local employee performing any
IV-D function, every court or law-enforcement employee acting
under any IV-D cooperative agreement, and every private or
governmental contractor involved in the entirety of this matter,
pursuant to RSA 93-B:1-a through 93-B:5 and 45 C.F.R. § 302.19.
Federal law mandates that every individual who receives,
handles, disburses, or has access to IV-D funds be fully bonded
against loss from employee dishonesty; failure to prove these
mandatory jurisdictional predicates renders all acts taken under
color of such alleged authority ultra vires, unconstitutional,
and void ab initio. No judgment, enforcement action,
classification, or deprivation of rights can stand when the very
actors administering the process lacked lawful capacity to act.

I, Matthew-Lane: Hassell, state on and for the record that I
categorically reject and object to DHHS-BCSS's coercive
attempt to force me into its administrative jurisdiction
through agency-created forms. DHHS-BCSS cannot withhold
evidence unless I submit to its internal paperwork—an act of

1

retaliation, coercion, and unconstitutional compulsion. I DEMAND DHHS-BCSS to produce the specific constitutionally compliant State or Federal law that authorizes DHHS-BCSS to demand use of its agency forms as a condition to accessing evidence or exercising constitutionally secured rights. If no such law exists then any attempt to force compliance through threats, intimidation, or deprivation of evidence constitutes ultra vires action, unlawful agency expansion of power, denial of due process, obstruction, and bad-faith administrative misconduct.

Furthermore, I object to and expressly decline to adopt the "Acknowledgement" section appearing on Page 1 of the BCSS Request for Child Support Case Documentation form. The language asserts that BCSS may withhold documents unless I "complete" the form and that documentation "shall not be released" without BCSS approval. This is inconsistent with statutory and constitutional protections.

Moreover, I specifically dispute and reject the acknowledgement clause stating that BCSS may withhold documentation "prohibited from release by federal law, state statute, state case law, or by contract or agreement with another entity."

Due process strictly prohibits the State from withholding evidence relied upon to establish, modify, enforce, or collect child support obligations. RSA 161-B:7, III mandates disclosure upon request and does not allow BCSS to impose additional limitations derived from private contracts and/ or agreements.

Therefore, I do not agree to or adopt this clause. Any attempt to withhold my personal records based on "contracts or agreements with another entity" is expressly rejected as unconstitutional, and unenforceable.

2

DHHS-BCSS has no lawful authority to extort compliance by
withholding evidence, and any attempt to force me into its
jurisdiction through threats tied to agency-created forms is
prima facie evidence of an unconstitutional act of coercion,
administrative blackmail, and a void, ultra vires abuse of
power.

### "NH RSA 161-B:7 Objection and Statutory Demand"

Pursuant to NH RSA 161-B:7, III, I assert the statutory
right as the "client" to full and unredacted access to all
records established or maintained by BCSS relating to Case
ID 30154779C and 00310021, including but not limited to:
support calculations, arrearages, payment histories,
administrative and judicial actions, interagency data, case
notes, communications, and all other entries required under
Federal and State Constitutions and Laws.

NH RSA 161-B:7, III authorizes BCSS to release such records
directly to the client and prohibits withholding unless
prohibited *by law*. BCSS may not withhold my personal case
records based on undisclosed "contracts or agreements,"
particularly where I have previously demanded full
disclosure (see Attachments 1 and 2), and BCSS has failed to
produce the totality of demands.

No agency may rely on secret contracts to deny
constitutional and statutory compliance. No such contract
has been disclosed or proven. Therefore, any reliance on the
"contract or agreement" clause is unlawful, void, and
estopped.

NH RSA 161-B:7 obligates BCSS to maintain complete,
standardized, updated, and accessible records, including all
administrative and judicial actions, payment data, liens,
distributions, and case registry entries. BCSS cannot
disclaim responsibility for producing documents the statute
requires it to create, maintain, and provide.

3

I hereby demand full statutory compliance with 5 U.S.C. §
552 (FOIA) and NH RSA 91-A and NH RSA 161-B:7, III and
reject the BCSS acknowledgment language as inconsistent with
controlling law. Nothing herein shall be construed as
consent, waiver, admission, or submission to jurisdiction or
DHHS-BCSS authority.

## 1. BCSS Must Produce All (Full Disclosure-Totality of) Demanded Case Records Without Withholding

The BCSS form's acknowledgment clause cannot override:

- NH RSA 161-B:7, III (mandatory disclosure of case documentation),
- NH RSA 91-A (access to governmental records),
- 5 U.S.C. § 552 (Freedom of Information Act),
- constitutional due-process requirements.

Any intention to deny records based on "contracts or agreements"
and/ or dishonesty and/ or by fraudulent means is unlawful and
disputed. I repeat that BCSS is in receipt of (Attachments 1 and
2):

- my notarized FOIA and RSA 91-A demands, requiring full disclosure of all agreements, contracts, authorities, and instruments relied upon;
- my Supervisory Review Demand (Nov. 25, 2025) raising jurisdictional, constitutional, and procedural defects and prohibiting BCSS from taking enforcement actions absent proof of lawful jurisdiction and prerequisites of authority pursuant to NH RSA 93-B:1-a through 93-B:5.

## 3. BCSS Must Produce in Writing the Following Within 10 Days

1. The complete and unredacted BCSS case file (Produce the totality-full disclosure- of the official State of New Hampshire Child Support Enforcement System (CSES)),

4

including note(s), database entries, all internal
communication(s), and interagency correspondence.

2. All agreement(s) and contract(s) BCSS relies upon.

3. All statutory and regulatory authority BCSS claims permits
   withholding based on such agreement(s).

4. Written confirmation that the BCSS acknowledgment clause is
   not being used as a waiver, consent, jurisdictional
   admission, or limitation on rights.

5. Written assurance that enforcement is held in abeyance
   pending outcome of 1st Circuit Case No. 24-1442 and
   compliance with due-process and disclosure obligations.

6. Under 5 U.S.C. § 552 (the Freedom of Information Act—FOIA)
   inclusive, and NH RSA 91-A inclusive and NH RSA 161-B:7,
   III:

   a. Produce the original, certified, or official copy of
      Judge Todd H. Prevett (November 30, 2022) and Michael
      L. Alfano's (March 22, 2022) Public Officer Bond or
      statutory Blanket Undertaking in effect at the time of
      all acts complained of, as well as all officials and
      employees within the NH DHHS and BCSS departments and
      agencies involved in the entirety of this matter, to
      include but is not limited to: Betty Raymond, Lori A.
      Weaver, Susan N. Brisson, also see 45 CFR § 302.19
      (Bonding of employees) inclusive.

   b. Identify the custodian of record and the surety
      company (if applicable) responsible for maintaining
      these instruments under 45 CFR § 302.19 and NH RSA
      93-B:1-a through 93-B:5.

7. All other demands within the totality of Attachments 1 and
   2 not listed herein.

## 4. Failure to Comply Constitutes:

- obstruction of due process,
- denial of access to evidence,
- unlawful withholding under 5 U.S.C. § 552 (FOIA) and NH RSA
  91-A and NH RSA 161-B:7, III,

5

- ultra vires agency conduct,
- and actionable constitutional violations under 42 U.S.C.
  1983.

## 5. Additional Notice

Because 656-2022-DM-00737 is stayed pending federal review in
Case No. 24-1442-Hassell v. Kimbark et al., and because the
Supremacy Clause, Ex parte Young, and the First Circuit's
repeated holdings that federal jurisdiction preempts conflicting
state action during review (*Crowley v. MBTA, 903 F.2d 780 (1st
Cir. 1990); Rio Grande Community Health Center v. Rullán, 397
F.3d 56 (1st Cir. 2005); Guillemard-Ginorio v. Contreras-Gómez,
585 F.3d 508 (1st Cir. 2009)*) binding all State actors, NH
DHHS-BCSS has zero lawful authority to enforce, collect on, or
act upon *any* order from that frozen case, and any such act would
be an unconstitutional act of retaliation for seeking federal
redress and therefore void, federally preempted, and actionable
under, to include but is not limited to 42 U.S.C. § 1983.

**DEMAND FOR IMMEDIATE ACTION**
You are DEMANDED to produce the record(s) and confirm compliance
within 10 calendar days.

I declare under penalty of perjury under the laws of the United
States of America that the foregoing is true and correct to the
best of my abilities and knowledge.

ALL RIGHTS RESERVED WITHOUT PREJUDICE
VOID WHERE PROHIBITED BY LAW

*Matther-Sone: Hosull*   Dated: 9th of December, 2025

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

6

# ATTACHMENT 1

- **SUPERVISORY REVIEW DEMAND & NOTICE OF CONSTITUTIONAL, JURISDICTIONAL, AND PROCEDURAL DEFECTS with Attachments A and B and C, Dated November 25, 2025.**

**SUPERVISORY REVIEW DEMAND & NOTICE OF CONSTITUTIONAL, JURISDICTIONAL, AND PROCEDURAL DEFECTS**

**Date:** November 25, 2025
**From:** Matthew-Lane: Hassell
**Re:** Supervisory Review — BCSS/DHHS Case No. 00310021

**INTRODUCTORY NOTICE & PRESERVATION OF RIGHTS**

I, Matthew-Lane: Hassell, hereby provide formal notice and demand for Supervisory Review of the agency's claim of past-due child support referenced in your notice dated November 13, 2025 (see Attachment A).

I, Matthew-Lane: Hassell state on and for the record that I contest and object to these DHHS-BCSS administrative and supervisory reviews and actions. I am being coerced into DHHS-BCSS jurisdiction under retaliatory threats of income seizures, arrearages, tax intercepts, license suspensions, and potentially incarceration. These compelled proceedings violate the fundamental right to an impartial decisionmaker because the tribunals administering Title IV-D child-support matters operate under financial and performance incentives tied directly to increased enforcement and collections. The Supreme Court has long held that due process is violated where adjudicators or their institutions have financial or structural interests in the outcomes they decide. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *Tumey v. Ohio*, 273 U.S. 510 (1927); *Ward v. Monroeville*, 409 U.S. 57 (1972). The First Circuit and New Hampshire Supreme Court likewise require tribunals to be free from even the appearance of bias. *In re Boston's Children First*, 244 F.3d 164, 171 (1st Cir. 2001); *Gordon v. Pallone*, 70 F.4th 102 (1st Cir. 2023); *State v. Bader*, 148 N.H. 265 (2002). Recent U.S. Supreme court decisions further underscore that constitutionally significant rights may not be adjudicated in agency-controlled forums lacking structural neutrality. *Loper Bright Enters. v. Raimondo*, 603 U.S. ___ (2024); *SEC v. Jarkesy,*

603 U.S. ___ (2024). Because Title IV-D performance and
enforcement incentives create a constitutionally intolerable
probability of bias, these coerced supervisory and
administrative proceedings fail to satisfy the minimum
requirements of due process.

Under controlling Supreme Court authority, agencies have zero
constitutional power to adjudicate private rights, impose
financial obligations, seize property, classify individuals, or
expand statutory authority: *SEC v. Jarkesy* (2024) holds that any
action imposing penalties or legal consequences requires an
Article III court and a jury; *Loper Bright* (2024) holds that
agencies may not interpret or enlarge statutes and that "the
interpretation of the meaning of statutes is exclusively a
judicial function"; *Octane Fitness* (2014) forbids the creation
of atextual burdens or enforcement standards not found in
statutory text; and *Wilson v. Hawaii* (2024) confirms that
constitutional rights are self-executing and people "need not
engage in empty formalities" or submit to unconstitutional
procedures before invoking them. Accordingly, any DHHS/BCSS
enforcement—absent proven jurisdiction, statutory predicates,
due process, and Article III adjudication—is ultra vires,
unconstitutional, and void ab initio, regardless of whether the
agency "has an order."

This demand is made pursuant to <u>5 U.S.C. § 552b(h)(1)</u> (... 'The
burden is on the defendant to sustain his action'.-- in this
case the agencies-NH DHHS and BCSS and their agents/employees),
and <u>5 U.S.C. § 552</u> (the Freedom of Information Act-FOIA)
inclusive, and <u>NH RSA 91-A</u> inclusive, and demands that all
enforcement activity be held in abeyance pending the outcome of
review including constitutional 'judicial' action and trial by
jury.

This demand preserves, without waiver, all constitutional,
jurisdictional, procedural, contractual, and statutory
objections to the validity, enforceability, and legal and lawful

**2**

capacity of the order(s) asserted as the basis for enforcement. This demand preserves, without waiver judicial action (trial by jury).

I make these assertions based on the record as it presently stands. Should BCSS/DHHS or any state officer produce verifiable documentary evidence proving lawful jurisdiction, due process, verified residency, and valid consent under NH RSA 161-B:3 (inclusive), RSA 507:9-10, and RSA 461-A:2, I remain open to reviewing such evidence in good faith. My objective is not to evade 'lawful' responsibility but to ensure that all actions taken are grounded in full State and Federal constitutional and statutory compliance, and all prerequisites of office and authority of all Officials and employees of all departments and agencies of the state, and all court employees involved in the totality of this matter are in full compliance with NH RSA 93-B:1-5. Therefore, absent proven jurisdiction, verified statutory predicates, due process, lawful venue, and valid oath-and-bond compliance, every enforcement action taken against me is ultra vires, unconstitutional, void ab initio, and must be immediately withdrawn, ceased, and vacated in full.

Nothing herein shall be construed as a waiver of any right and remedy and claim, or defense, including but not limited to those under N.H. Const. pt. 1, arts. 1, 2, 2-b, 3, 4, 7, 8, 10, 14, 15, 19, 20, 23, 33, 37, and 38 and the U.S. Constitution First, Fourth, Fifth, Seventh (see Sec v. Jarkesy 34 F. 4th 446) and Fourteenth Amendments; as well as 18 U.S.C. 241 and 18 U.S.C. 242 and 42 U.S.C. 1983 and 42 U.S.C. 1985 and 42 U.S.C. 1986. (Also see Attachment C-Affidavit)

## I.  NH CONSTITUTIONAL VIOLATIONS

**A. Article 2 – Natural Rights** - "All men have certain natural, essential, and inherent rights among which are, the enjoying and defending life and liberty; acquiring, possessing, and protecting, property; and, in a word, of seeking and obtaining

3

happiness...

The New Hampshire Constitution recognizes parental rights
as natural, essential, and inherent. *In re Guardianship of Diana
P.*, 120 N.H. 791 (1980), and *In re J.H.*, 135 N.H. 88 (1991)
confirms that parental rights are fundamental liberty rights. No
strict-scrutiny review was applied prior to enforcement—a
constitutional requirement when the State, through *State Action*,
intrudes into the parent-child relationship.

## B. Article 2-b – Right of Privacy – An individual's right to live free from governmental intrusion in private or personal information is natural, essential, and inherent.

NH DHHS or BCSS wage withholding, record creation, threats
of retaliation (license restriction for non-compliance)and
classification as a "support obligor" constitute state action
intrusion into a private matter and therefore require lawful
jurisdiction, evidentiary hearing and lawful findings, and
strict-scrutiny (constitutional) justification—none of which
occurred.

## C. Article 15 – Right of Accused – ..."No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land;..."

Article 15 guarantees notice, opportunity to be heard, the
right to present evidence, and the right to confront claims made
against one's liberty or property by a jury of peers. I three
times requested an evidentiary hearing to contest residency,
venue, and underlying unfounded assertions. Judge Michael L.
Alfano denied those hearings, violating Article 15 and rendering
the resulting order(s) procedurally unconstitutional. See
*Petition of Morin*, 154 N.H. 275 (2006); *In re Sandra H.*, 150
N.H. 634 (2004); *Brzica v. Dartmouth College*, 147 N.H. 443
(2002).

4

## II. JURISDICTIONAL AND VENUE DEFECT (VOID JUDGMENT)

Venue was transferred from the 9th Circuit – Manchester
(Hillsborough County) to the 10th Circuit – Derry (Rockingham
County) based on a false claim of residence by Defendant Devin
Aileen Kimbark through Attorney Jennifer L. DiTrapano and/ or
Brian Germaine, in Case No. 656-2022-DM-00737. False residency
assertions caused an unlawful transfer and deprived the original
court of lawful venue. This constitutes fraud upon the court.

Under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238
(1944), and *State v. Taylor*, 152 N.H. 719 (2005), judgments
obtained by fraud are void *ab initio* and may be attacked at any
stage. *In re D.O.*, 158 N.H. 231 (2009) confirms the State must
prove jurisdiction before enforcing an order—it has not.

Moreover, the absence of verified residence and venue deprives
the tribunal of *subject-matter jurisdiction*. Any "order" issued
under those conditions is not merely voidable but **void**,
producing no legal effect. Jurisdiction cannot be presumed or
retroactively conferred by administrative enforcement.

Jurisdictional proof must derive from 'official judicial'
assignment rosters, state-published venue maps, and court
dockets showing a lawful transfer consistent with RSA 507:9-10.
     In this case, such proof cannot exist because the
defendants' (Devin Aileen Kimbark's) false statement of
residence caused an unlawful venue transfer and deprived the
original court of lawful jurisdiction. The record contains no
verified residency, and no factual findings supporting venue.
Consequently, the tribunal never acquired subject-matter
jurisdiction, and any resulting order is void ab initio.

Furthermore, Under Loper Bright Enterprises v. Raimondo, 603
U.S. (2024), the United States Supreme Court expressly overruled
Chevron U.S.A. v. Natural Resources Defense Council, eliminating
judicial deference to administrative interpretations of law.
Agencies now bear the full burden to prove statutory authority

5

and may not rely on internal policy or presumptive
interpretations to justify enforcement actions. Accordingly,
BCSS-DHHS cannot presume jurisdiction or interpret statutory
terms such as "obligor," "resident," or "application for
services" to expand its own authority.

Likewise, SEC v. Jarkesy, 34 F.4th 446 (5th Cir. 2022), aff'd
(2024), reaffirmed that due-process rights, jury-trial
guarantees, and separation-of-powers principles prohibit
agencies from acting as both prosecutor and adjudicator in
matters affecting private rights. BCSS/DHHS's combined
investigative and enforcement functions violate these
constitutional boundaries when performed without judicial
oversight or lawful jurisdiction. Any administrative
determination that purports to create or enforce a support
obligation without Article III or State Constitutional judicial
review is constitutionally defective and void ab initio.

Further, physical presence or participation alone does not
confer jurisdiction. NH RSA 458-A:8(I) explicitly states that
participation in proceedings does not create personal
jurisdiction. As such, the issuing tribunal never acquired
subject-matter or territorial jurisdiction. Any resulting order
is void.

**Demanded Review Items under** 5 U.S.C. § 552 (the Freedom of
Information Act-FOIA) inclusive, and NH RSA 91-A inclusive:

1. Produce the exact order(s) BCSS/DHHS is enforcing and the
   lawful jurisdictional basis relied upon, including all
   documents establishing residency and venue and
   jurisdiction.
2. Produce the transfer order with residency affidavit, and
   the factual record supporting the asserted residence and
   venue at the time of transfer.
3. Produce the totality (full disclosure) of the official
   State of New Hampshire Child Support Enforcement System

6

(CSES) Case Notes and all internal communications and
database entries.

4. Confirm whether BCSS/DHHS independently verified venue,
residency, and jurisdiction prior to initiating
enforcement, and identify the employee or office
responsible for such verification.

5. If no such verification occurred, explain in writing the
statutory or policy authority relied upon to proceed with
enforcement absent confirmed jurisdiction.

## III. DUE PROCESS AND EQUAL PROTECTION VIOLATIONS

I three times requested an evidentiary hearing to challenge the
residency assertion controlling jurisdiction and venue, as well
as other unfounded and/ or false allegations. Those hearings
were contested by opposing counsel and were denied by Judge
Michael L. Alfano (see Attachment B).

Accordingly, a support order entered without jurisdiction or
without due process and evidentiary findings is void and
unenforceable.

## IV. NON-CONSENT, PRIVACY, AND ABSENCE OF JURISDICTION UNDER N.H. CONST. ART. 2-B

Pursuant to Part I, Article 2-b of the New Hampshire
Constitution, every person possesses an inherent right to
privacy and to be free from governmental intrusion into personal
and private affairs. The compelled inclusion of my name and
private information in BCSS/DHHS databases, interception of
income, and creation of a "support obligor" record constitute
state surveillance and interference in a private parental
relationship. These acts directly violate Article 2-b and exceed
any statutory authority granted to the Department.

I have never applied for or consented to Title IV-D services.
RSA 161-B:3 expressly conditions the Department's possible

7

enforcement authority on specific 'factual' predicates,
including:

- abandonment by a parent,
- abandonment of one parent and child by the other parent, or
- failure or neglect by the responsible parent to provide
  proper care, support, or maintenance.

Under NH RSA 458-B:3, DHHS possibly becomes the "responsible
agency" upon receipt of a valid IV-D application.

The restricted visitation schedule 'ORDER'—imposing support
obligations without jurisdiction and proper venue and
evidentiary hearing (findings of facts and law)—eliminated my
ability to provide care, thus preventing any finding of "failure
to support."

Because NH RSA 458-B:3 and 161-B:3 requires a 'factual'
predicate (abandonment or failure to support) before the
Department can possibly (not guaranteed to) take action, the
Department bears the burden of proving that the statutory
conditions exist, and only after the full protections and
guarantees of the N.H. and U.S. Constitutions are met.

Even where alleged "failure to support" is claimed, the State
and Federal Constitution prohibits any such finding unless the
accused parent is afforded:

- Full State and Federal Constitutional protections,
- personal jurisdiction,
- subject-matter jurisdiction,
- notice of the nature and cause of the proceedings (judicial
  or administrative or ADR or legislative or executive),
- a meaningful opportunity to be heard (evidentiary hearing
  and findings of facts and law), and
- an impartial decisionmaker (or agency) not receiving
  compensation or incentives tied to Title IV-D performance.

These rights are grounded in, to include but is not limited to:

- N.H. Constitution, Part 1, Arts. 2, 4, 7 and 15 (due process, notice, petition, open courts, jurisdiction, rights),
- U.S. Constitution, Amendments V and XIV (due process and equal protection clauses),
- Caperton v. Massey, 556 U.S. 868 (2009) (judicial financial conflicts violate due process),
- Turner v. Rogers, 564 U.S. 431 (2011) (child support enforcement requires procedural safeguards).

If the court or agency acts through:

- Policies and/ or procedures abdicating State and Federal constitutionally secured rights,
- ex parte proceedings,
- administrative or ADR-styled non-judicial hearings,
- a tribunal lacking Article III or state-constitutional judicial authority,
- Title IV-incentivized decisionmakers,

then no valid, constitutional determination of "failure to support" could ever have been made. Thus, the statutory trigger in RSA 161-B:3 was never lawfully established.

The Department lacks statutory authority to open or pursue a IV-D enforcement case under RSA 161-B:3(I).

## V.   Title IV-D Participation Is Voluntary

Under federal law:

- Only the applicant chooses to enroll in the Title IV-D system.
- The obligor does not choose, sign, consent, or voluntarily submit to Title IV-D enforcement.

This creates a fundamental asymmetry:

1. Custodial parent → voluntary participant

2. Obligor → involuntarily subjected to a federal-state enforcement regime without any consent or application.

If participation in Title IV-D is voluntary for one party, it must be voluntary for all parties who are similarly situated pursuant to the 14th Amendment equal protection clause. The State cannot:

- allow one parent to apply voluntarily,
- treat that parent favorably,
- and force the other parent into the programs jurisdiction involuntarily,
- while burdening them with enforcement measures.

This arbitrary classification is not rational and cannot survive strict constitutional scrutiny—particularly where fundamental familial rights and property interests are involved.

The Supreme Court forbids governmental classifications based solely on the actions or preferences of private individuals. (*Shelley v. Kraemer*, 334 U.S. 1 (1948); *Reitman v. Mulkey*, 387 U.S. 369 (1967).*)

Here, Plaintiff's status and obligations were determined not by due process, evidence, and constitutional adjudication—but by the unilateral voluntary actions of the other parent.

This is a textbook Equal Protection violation.

## VI.  DUE PROCESS + EQUAL PROTECTION BAR UNILATERAL TITLE IV-D IMPOSITION

Federal statutes require due process before any support enforcement action:

10

- 42 U.S.C. § 666(a)(8)(B)(iv) — income withholding must comply with all procedural due-process requirements of the State (see part 1-article 15 above).
- 42 U.S.C. § 666(a)(7)(B) — credit reporting requires full due process.

Even if the State, through *State Action* possesses an interest in collecting child support, it may do so only through procedures consistent with constitutional guarantees. Due process requires:

- personal jurisdiction,
- subject-matter jurisdiction,
- notice of the nature and cause of the proceeding,
- opportunity to be heard,
- an impartial and non-incentivized decisionmaker (Caperton v. Massey),
- and a non-discriminatory application of law (Equal Protection).

By structuring IV-D participation such that one parent's voluntary actions impose mandatory federal administrative enforcement on the other, DHHS-BCSS violates both procedural due process *and* equal protection clauses. The obligor is deprived of liberty and property (income, tax refunds, licenses, credit standing etc.).

Thus, the State's (or its agents and agencies) actions are void, ultra vires, and constitutionally invalid both facially and as applied.

The U.S. Supreme Court in CHRISTOPHER L. WILSON v. HAWAII No. 23-7517. Decided December 9, 2024 (Statement of Thomas. J,) found that, "Our rejection of state procedural restrictions on the invocation of constitutional defenses follows from the fact that <u>constitutional rights are "self-executing prohibitions on governmental action."</u> City of Boerne v. Flores, 521 U. S. 507, 524 (1997). <u>A constitutional violation accrues the moment the</u>

11

<u>government undertakes an unconstitutional act.</u> For example, a violation of the Takings Clause occurs "at the time of the taking." Knick v. Township of Scott, 588 U. S. 180, 194 (2019).

Moreover, on November 12, 2022 I was deprived from my child by a private party (Devin Aileen Kimbark). I was unable to attend a hearing on November 30, 2022 in the Manchester (Hillsborough County) courthouse. Devin Aileen Kimbark falsely claimed our child and herself had lived in Derry NH since the minor child was born (October 22, 2022). Under this false claim (fraud upon the court), venue was subsequently transferred to the Derry (Rockingham County) courthouse. I was further deprived of equal access to the minor child by Devin Aileen Kimbark (a private party) till the following hearing March 22, 2023 in Derry (Rockingham County). Since that hearing, I have been restricted to only two hours of supervised visitation on Saturdays and Sundays, a total of merely four hours of parent-child contact per week. No evidentiary hearing was held, no cross-examination was permitted, and no competent court made any constitutionally required determination under *Santosky v. Kramer*, 455 U.S. 745 (1982).

Instead, these severe parental restrictions were imposed through administrative mechanisms, false allegations, and Title IV-D-incentivized proceedings, rather than through genuine 'judicial' adjudication.

**A. This Restriction Eliminated My Ability to Provide Care, Support, and Maintenance — Making "Failure to Support" Legally Impossible.**

Four supervised hours per weekend days provides no meaningful opportunity for a parent to:

- provide day-to-day care,
- provide maintenance or support through physical presence,
- be involved in school, medical, emotional, developmental or daily needs,

- parent the child in any constitutionally secured meaningful
  way.

This is not parenting. It is state-controlled visitation,
triggering the *'State Action Doctrine'*.

When the State, and/ or private individuals and third parties
(Judges, administers, commissioners, Attorney, mediators,
DHHS/BCSS) acting jointly in *State Action* to:

1. tarnish a parent with unfounded and/ or false allegations,
2. uses those allegations to restrict the parent to 4 hours
   supervised weekly,
3. then claims that parent "abandoned" or "failed to support"
   under RSA 161-B:3,

the State, and/ or private individuals and third parties acting
jointly in *State Action* is manufacturing the very conditions it
then uses to impose Title IV-D enforcement.

That is a Due Process impossibility violation. You cannot
"abandoned" or "fail" to support when the State and/ or private
individuals and third parties prevent you from supporting by
means more than for financial gains.

To make it clear on and for the record, child custody
determinations and/ or Support and/ or enforcement in *State
Action*, are entitled to full State and Federal Constitutional
protections, to include but is not limited to: due process of
the Fifth and Fourteenth Amendments, and Equal Protection Under
the Law within the meaning of the Fourteenth Amendment, because
the Constitution/s is regarded as law, the supreme law of the
land, its guarantees are a must first application and full
compliance in any government interaction with the people.

The first three words of the second sentence of the Fourteenth
Amendment are: "No state shall." This sentence declares that the
states may not "abridge" the privileges and immunities of the
people of the United States, or "deprive" people of life,

liberty, or property without due process of law, nor "deny" to
any of the people the equal protection of the laws. The States
(or its agencies, department, bureaus, agents, employees,
contractors) never had the right to inflict wrongs upon free
people by denial of the full protection of the Constitution/s
and the laws; because all officials are by the Constitution/s
required to be bound by oath or affirmation to support those
Constitutions.

Limiting a parent to 4 supervised hours per week while
simultaneously demanding full financial support under Title IV-D
converts:

- the full spectrum of parental rights (custody,
  companionship, care, direction, maintenance) into
- a single remaining function: paying the custodial parent
  money.

This violates substantive due process, because:

> "*The liberty interest at issue—the interest of parents
> in the care, custody, and control of their children—is
> perhaps the oldest of the fundamental liberty interests
> recognized by this Court.*"
> — *Troxel v. Granville*, 530 U.S. 57, 65 (2000)

The U.S. Supreme Court has also held:

> *The State may not reduce a parent to a mere source of
> financial support while denying their custodial rights
> without due process.*"
> — *Stanley v. Illinois*, 405 U.S. 645 (1972)

A parent with 4 hours supervised per week is not a parent; they
are a visitor, created by *state action*.

The State, its agencies and agents or private individuals cannot
eliminate my parental liberty interest, then demand money as if
my parental relationship is intact.

14

## B. This Is Also an Equal Protection Violation

The custodial parent exercises:

- full time custodianship,
- full authority,
- full decision-making,
- full control of the relationship,
- and receives financial benefit through Title IV-D.

I, however, am restricted to:

- 4 hours per week,
- supervised only,
- no decision-making,
- no equal access,
- and heavy financial burdens.

Two parents who are similarly situated as legal parents have been treated radically differently without any constitutionally adjudicated cause — solely because one parent made unfounded and/ or false allegation/s and applied for Title IV-D services.

As the Supreme Court has held, the Equal Protection Clause prohibits differential treatment based on arbitrary classifications or third-party actions.

Here, my rights are conditioned — and restricted — based solely on the voluntary actions of another private individual. That is unconstitutional.

## C. Title IV-D Enforcement Is Void Because the State Manufactured the Predicate

RSA 161-B:3 requires:

- abandonment, or
- failure to support.

Both are impossible here:

- I did not abandon my child
- I was prevented from providing familiar support.
- I was denied access.
- I am restricted to supervised visitation based on unfounded accusations and falsehoods.
- I never voluntarily applied or consented for Title IV-D.

Thus:

The State and/ or private individuals and third parties acting jointly in *State Action* created the factual deprivation, then used the deprivation as the justification for enforcement. That is void ab initio.

### D. I am Entitled to Relief, Vacatur, and Compensation

The 4-hour supervised visitation regime is evidence that:

- my parental rights were unlawfully restrained,
- my ability to support was obstructed,
- the custodial parent engaged in false reporting,
- the State acted without jurisdiction or due process,
- Title IV-D enforcement lacks all lawful predicates,
- and the resulting orders and penalties are unconstitutional.

All enforcement actions following this deprivation are **void**, not merely erroneous.

### VII.  The State Cannot Reduce Parenthood to Financial Payments

NH RSA 461-A:2(b) requires the State to:

"Encourage parents to share in the rights and responsibilities of raising their children."

16

My ability to:

- supervise,
- teach,
- care for,
- discipline,
- bond,
- and directly support my child

was removed and replaced with:

- 4 hours supervised contact, and
- Title IV-D financial incentives and enforcement.

The State replaced parenting with payment. This violates NH RSA 461-A:2(b).

The State's actions have unconstitutionally simplified my parental rights—rights that include custody, companionship, care, supervision, and direct support of my child—into a single narrow function: financial support. This reduction is unconstitutional. Under the Fourteenth Amendment and Part 1, Articles 2 and 2-b of the New Hampshire Constitution, a parent's rights and duties are not limited to money; they include the private and natural and unalienable prerogative to raise, care for, and maintain a relationship with one's child.

The United States Supreme Court has repeatedly held that parental rights are among the oldest and most fundamental liberties recognized by the Constitution. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Santosky v. Kramer*, 455 U.S. 745 (1982). The State may not redefine those rights into a mere financial obligation. Yet here, after depriving me of custody, companionship, and meaningful access through false allegations and state-enabled interference, the State imposed a financial-only model of parenthood under Title IV-D—without jurisdiction, without due process, and without proof of any

statutory predicate such as abandonment or failure to support
under NH RSA 161-B:3.

By first depriving me of the ability to provide actual care and
support, and then libeling me a "support obligor" whose sole
function is to pay the custodial parent, the State has
unlawfully converted a full spectrum fundamental right into a
single monetary obligation. This is a constitutional violation
of the highest order, inconsistent with *Stanley v. Illinois*, 405
U.S. 645 (1972), in which the Supreme Court held that the State
cannot reduce parental status to a financial relationship nor
substitute bureaucratic control for natural familial bonds. The
government may not sever parental rights—custodial, relational,
supervisory, and emotional—and convert parenthood into nothing
more than a revenue stream for Title IV-D enforcement.

Accordingly, because the State has unconstitutionally reduced
the role of a parent to "financial provider" and did so through
actions devoid of jurisdiction and due process, all resulting
enforcement actions, orders, and Title IV-D classifications are
**void ab initio** and violate both federal and state constitutional
guarantees.

Unless the Department produces documentary evidence of a valid
signed application and consent by all participants, it lacks
statutory authority to pursue enforcement actions under Title
IV-D simply by the 14th amendment equal protection clause.
Federal law requires that any individual whose case is processed
under Title IV receive notice that participation is voluntary—42
U.S.C. § 603(a)(2)(A)(ii)(bb). BCSS/DHHS has never provided such
notice or obtained my informed, written consent.

The ordering court likewise lacked jurisdiction to classify me
as a "support obligor" because:

1. Venue and residence were falsely asserted and never proven,
   contrary to RSA 507:9-10 and the public policy embodied in
   RSA 461-A:2 requiring equal parental participation and

lawful jurisdiction over both parents. These defects deprived the court of lawful venue and territorial jurisdiction, rendering any resulting order void ab initio; and

2. Under *In re D.O.*, 158 N.H. 231 (2009) and *In re Raymond C.*, 120 N.H. 510 (1980), jurisdiction must be proven by the party invoking it, and any order entered without such proof is void *ab initio.*

Accordingly, any BCSS/DHHS enforcement action—wage and/ or tax withholding, reporting, license restriction or record creation—taken absent both (a) a valid 'judicial' (i.e. not an administrative and/ or an ADR-style proceeding) order issued by a court with proven, competent jurisdiction and (b) my equal voluntary consent to Title IV-D participation, constitutes an ultra vires act, an unconstitutional invasion of privacy, and an unlawful taking of property in violation of Part I, Articles 2, 2-b, and 15 of the New Hampshire Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

**Demand:**

1. Cease and desist all BCSS/DHHS enforcement actions immediately;
2. Remove my personal and financial data from any IV-D database or enforcement system; and
3. Produce documentary proof of any alleged consent, application, or constitutionally compliant statutory authorization permitting intrusion into my private affairs.

Absent such proof, BCSS/DHHS lacks lawful authority to act and must close the case immediately and without haste.

# VIII. PUBLIC OFFICER BOND, BLANKET UNDERTAKING, AND OATH OF OFFICE REQUIREMENTS

Pursuant to RSA 93-B:1-a and RSA 93-B:2, all public officers, including judges, shall be bonded by means of a blanket undertaking or undertakings from any duly authorized corporate surety.

The presiding officer, Judge Michael L. Alfano – Court Case: 656-2022-DM-00737, was required to be bonded by the state at the time of all acts complained of. This bond or undertaking is a jurisdictional foundation of office—a statutory prerequisite of office and authority, ensuring accountability, indemnity, and lawful capacity. Absent proof of such bond or coverage, any act or order issued under color of that office and authority is void ab initio and without jurisdiction.

Furthermore, under Part II, Article 84 of the New Hampshire Constitution (Oath of Civil Officers), every civil officer must take and subscribe the constitutional oath "to faithfully and impartially discharge and perform all the duties incumbent on him… agreeably to the rules and regulations of this Constitution and the laws of the state." Failure to execute and file that oath renders the office unlawfully held and all subsequent acts null and void.

I demand BCSS/DHHS to produce certified copies of all bond(s) and undertaking(s), and oath(s) of office for all state officials and employees of all departments and agencies of the state and court employees who participated in this case (Court Case: 656-2022-DM-00737 and NH DHHS-BCSS Case ID: 30154779C) pursuant to NH RSA 93-B:1-5 and Part II, Article 84 of the New Hampshire Constitution. Absent such proof, the presumption arises that those officials, employee(s) (civil officers) were and are acting outside lawful capacity and without the prerequisites to statutory authority.

Moreover, Attorney Jennifer L. DiTrapano and/ or Brian Germaine, like every attorney admitted to practice in the State of New Hampshire, is subject to the mandatory oath requirements of RSA 311:6. The statute provides that every attorney "*shall take and*

*subscribe"* the oath to support the Constitution of this State
and of the United States, and further to swear:

> *"...that you will do no falsehood, nor consent that any be
> done in the court, and if you know of any, that you will
> give knowledge thereof to the justices of the court, or
> some of them, that it may be reformed; that you will not
> wittingly or willingly promote, sue or procure to be
> sued any false or unlawful suit, nor consent to the
> same..."*
> — NH RSA 311:6

These are not discretionary ethical aspirations. They are
mandatory statutory duties imposed as conditions of the
privilege of practicing law in New Hampshire courts. The
statute's use of *"shall"* removes any doubt: an attorney's
compliance is compulsory and non-negotiable.

In the matter of 656-2022-DM-00737, Attorney Jennifer L.
DiTrapano and/ or Brian Germaine, was bound by NH RSA 311:6 to:

1. Fully support both the New Hampshire and United States
   Constitutions;
2. Do no falsehood in the court;
3. Not consent to any falsehood committed by others;
4. Affirmatively report any known falsehood to the justices of
   the court so that such misconduct "may be reformed";
5. Refrain from promoting, pursuing, or consenting to any
   "false or unlawful suit."

These duties are active, affirmative, and ongoing. NH RSA 311:6
does not allow an attorney to remain passive in the face of
falsehood, fraud, constitutional violations, or procedural
defects. The oath requires intervention, disclosure, and refusal
to participate in any unlawful or constitutionally infirm
proceeding.

21

Thus, Attorney DiTrapano's and/ or Brian Germaine, obligations in 656-2022-DM-00737 were not limited to her role as counsel for a party—they extended to the integrity and impropriety of the court itself, the constitutional rights of all litigants, and the 'lawful' administration of justice. Any failure to adhere to RSA 311:6 constitutes not only a breach of oath but a statutory violation, undermining the court's jurisdiction and the validity of any proceeding affected by such misconduct.

Where an attorney knowingly allows falsehoods to be presented, fails to report misconduct, or participates in an unlawful or constitutionally defective proceeding, that attorney has violated NH RSA 311:6 and has created a constitutional injury. This is because:

- Due process prohibits proceedings that are tainted by **fraud, misrepresentation, or secret misconduct**. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) ("tampering with the administration of justice… is a wrong against the institutions set up to protect and safeguard the public");
- Due process is denied when counsel injects or conceals falsehoods that materially affect the tribunal's decision-making, *Miller v. Pate*, 386 U.S. 1, 7 (1967);
- A proceeding is constitutionally defective when an officer of the court—an attorney—acts in violation of legal duties that are designed to ensure truthful, lawful, and constitutional adjudication.

Because NH RSA 311:6 requires attorneys to affirmatively report known judicial or procedural wrongdoing, a failure to do so is itself a deprivation of due process. The statute exists precisely to prevent the type of constitutional injuries that occurred here.

The U.S. Supreme Court has repeatedly held that certain defects constitute structural error, requiring automatic reversal

22

without any showing of prejudice. Examples include biased
adjudicators (*Murchison*), denial of counsel (*Gideon*), or
procedures fundamentally incapable of ensuring a fair process
(*Tumey v. Ohio*, 273 U.S. 510 (1927)). An attorney violating NH
RSA 311:6 by permitting or participating in falsehood,
concealment, or unlawful suits likewise destroys the structural
fairness of the proceeding, because:

1. The adversarial process becomes corrupted;
2. The judicial factfinding process becomes unreliable;
3. The litigant is denied the constitutional guarantee of "due
   process of law";
4. The proceeding becomes constitutionally void.

As the First Circuit has recognized, "fraud upon the court" and
actions taken without lawful authority constitute **jurisdictional
defects** that render judgments void ab initio. *Aoude v. Mobil Oil
Corp.*, 892 F.2d 1115, 1118-19 (1st Cir. 1989) ("a scheme to
interfere with the judicial adjudication of disputes" is fraud
on the court).

A judgment obtained in a proceeding infected by  NH RSA 311:6
violations is not merely erroneous—it is statutorily and
constitutionally void, triggering mandatory relief.

When an attorney participates in state proceedings, enforces
state statutes, invokes state authority, or acts jointly in
state action, the attorney becomes a **state actor** for § 1983
purposes. See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 942
(1982). A state actor who violates a statutory constitutional
duty—such as NH RSA 311:6's requirement to support the
Constitutions—commits a Fourteenth Amendment due-process
violation.

**Demanded Review Items under** 5 U.S.C. § 552 (the Freedom of
Information Act-FOIA) inclusive, and NH RSA 91-A inclusive:

1. Produce the original, certified, or official copy of Judge
   Todd H. Prevett (November 30, 2022) and Michael L. Alfano's
   (March 22, 2022) Public Officer Bond or statutory Blanket
   Undertaking in effect at the time of all acts complained
   of, as well as all officials and employees within the NH
   DHHS and BCSS departments and agencies involved in the
   entirety of this matter, to include but is not limited to:
   Betty Raymond, Lori A. Weaver, Susan N. Brisson.
2. Produce the executed Oath of Office pursuant to N.H. Const.
   pt. II, art. 84, showing execution date, filing date, and
   current validity.
3. Identify the custodian of record and the surety company (if
   applicable) responsible for maintaining these instruments
   under RSA 93-B:1-5.

**Authorities:**
- 5 U.S.C. § 552 (the Freedom of Information Act-FOIA)
- NH RSA 91-A inclusive
- N.H. RSA 93-B:1-5 (Bonds and Blanket Undertakings)
- N.H. RSA 311:6 (Attorneys and Counselors – Oaths
- N.H. Const. pt. II, art. 84 (Oath of Civil Officers)
- Rodi v. S. New England School of Law, 389 F.3d 5 (1st Cir.
2004) (jurisdiction and statutory compliance as threshold
requirements)
- Hafer v. Melo, 502 U.S. 21 (1991) (official-capacity
liability contingent upon lawful office)

The agency is demanded to obtain and produce and include these
record(s) into evidence and in the CSES file to verify lawful
capacity, bonding, and oath compliance of all officers involved
in both the original court proceedings and enforcement
proceedings.

## IX. AGENCY BURDEN OF PROOF

Under 5 U.S.C. § 552b(h)(1), the agency (DHHS/BCSS) bears the
burden to prove by sworn and admissible evidence: (1) the

underlying order is valid and jurisdictionally lawful; (2) due
process was afforded; (3) the 'ORDER' it assumes to enforce was
not procured by State and Federal Constitutional violations and/
or fraud or fraud upon the court and (4) I knowingly and
voluntarily applied and/ or consented to IV-D services.

## X. 42 U.S.C. § 1983 – VIOLATION OF DUE PROCESS AND EQUAL PROTECTION BY UNLAWFUL TITLE IV-D IMPOSITION

The State through and by its agencies (courts, DHHS/BCSS) and
agent(s) (judges, administrators, commissioners, ALJ's,
Supervisors, Attorneys, or the like), acting under color of
state law, deprived Plaintiff of rights secured by the State and
Federal Constitutions.

The State through and by its agencies and agent(s) imposed
child-support enforcement mechanisms—including forced income
withholding, and data sharing—without:

- proof of statutory predicates under RSA 161-B:3 and RSA
  93-B:1-5,
- personal jurisdiction,
- subject-matter jurisdiction,
- or an opportunity to be fairly heard (see NH Const. Part 1
  – Art. 15).

The DHHS-BCSS also created a classification in which one parent
may voluntarily enroll in the IV-D enforcement regime while the
other is forcibly subjected to federal-state administrative
consequences without consent—a structure that violates Equal
Protection. This is:

- State/agency-created disparity,
- State/agency-created classification,
- State/agency-created inequality,
- State/agency-created deprivation,
- State/agency-created financial burden,

25

- without due process,
- without equal protection,
- without evidence,
- without jurisdiction.

This is actionable under, to include but is not limited to: 42 U.S.C. § 1983 and 42 U.S.C. § 1985 and 42 U.S.C. § 1986 and 18 U.S.C. § 241 and 18 U.S.C. § 242.

## XI. PENDING FEDERAL APPEAL

Various jurisdictional and due-process issues are now before the U.S. Court of Appeals for the First Circuit in Hassell v. Kimbark et al., Case No. 24-1442, started from the NH State Court Case: 656-2022-DM-00737.

Continuation of enforcement while these matters remain under Federal appellate review interferes with federal jurisdiction and undermines judicial comity.

**Demanded Review Items:**

- Confirm that BCSS/DHHS will either cease and desist all BCSS/DHHS enforcement actions immediately and remove my personal and financial data from any IV-D database or enforcement system and close Case ID: 30154779C or;

hold enforcement in abeyance pending completion of administrative and judicial review and resolution of the federal appeal.

## XII. DEMAND FOR RELIEF

I hereby demand that BCSS—DHHS:

1. Conduct a full supervisory review;

2. A) Close the case (Case ID: 30154779C) as unenforceable or;

   B) Suspend all enforcement actions pending review, to
   include but is not limited to Administrative review and
   judicial action (Appeal, trial by jury, federal action) and
   resolution of the federal appeal (Case Name: Hassell v
   Kimbark et al, Case No. 24-1442);

3. Correct agency records to reflect:
   - Jurisdictional challenges and violations;
   - State and Federal Constitutional violation;
   - Non-consent to Title IV-D participation; and
   - Verification of bond(s) and oath status;

4. Produce a written determination with constitutional
   findings of fact and conclusions of law.

I declare under penalty of perjury under the laws of the United
States of America that the foregoing is true and correct to the
best of my abilities and knowledge.

ALL RIGHTS RESERVED WITHOUT PREJUDICE
VOID WHERE PROHIBITED BY LAW

Matthew-Lane: Hassell            Dated: 25ᵗʰ of November, 2025

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

27

# ATTACHMENT A

- DHHS-BCSS NOTICE OF NOTICE OF LICENSE
  REVOCATION-DATED NOVEMBER 13, 2025

DCSS 612
09/24

SOUTHERN DISTRICT   13016
NH DEPARTMENT OF HEALTH AND HUMAN SERVICES
BUREAU OF CHILD SUPPORT SERVICES
26 WHIPPLE STREET
NASHUA NH 03060

Court Case : 6562022DM00737

NOVEMBER 13, 2025

Case ID : 30154779C
Out-of-State ID:

MATTHEW HASSELL
20 ARLINGTON ST UNIT D
NASHUA NH 03060

<u>NOTICE OF LICENSE REVOCATION</u>

The Bureau of Child Support Services (BCSS) hereby notifies you that you are NOT in compliance with your legal order of support, which requires you to pay child support in the amount of $217.00, WEEKLY.
In addition, as of 11/12/2025 you owe $8,773.39 in overdue child support (arrearage).

Because your child support is more than sixty (60) days overdue, BCSS may contact the appropriate licensing board(s) to take action to take away your driver's, professional, occupational, and/or sporting license(s).  TO PREVENT LOSING YOUR LICENSE(S), YOU MUST PAY YOUR CURRENT AND OVERDUE SUPPORT OR CONTACT BCSS TO MAKE ARRANGEMENTS TO PAY YOUR CHILD SUPPORT, WITHIN TWENTY-ONE (21) CALENDAR DAYS OF THE DATE OF THIS NOTICE.  IF YOU IGNORE THIS NOTICE YOUR LICENSE(S) WILL BE TAKEN AWAY

The following child(ren) are the subject of the above-referenced Court order:

| <u>CHILD(REN)</u> | <u>DATE OF BIRTH</u> |
| --- | --- |
| ████████████████ | 10/22/2022 |

If you are contesting the amount of the arrearage, or you think a mistake of fact has been made, you must request a Supervisory Review, IN WRITING, within twenty-one (21) calendar days of the date of this notice.  Information about your right to a Supervisory Review is enclosed with this notice.

You have the right to file a motion with the appropriate Court regarding modification of your legal order of support.  BCSS will suspend all license revocation actions if you file a motion within twenty-one (21) calendar days of the date of this notice which could:

- Change the amount of your support obligation;

- Change the amount of arrearage owed; or

- Change the amount of the payment toward the arrearage



*State of New Hampshire*   ●   *Department of Health and Human Services*   ●   *Bureau of Child Support Services*

EN42
DCSS PR 10-02

TDD Access: Relay NH 1-800-735-2964

DCSS 612
09/24

-2-

If you do not respond to this notice within twenty-one (21) calendar days of the date of this notice, the appropriate licensing board(s) will be contacted and your license(s) will be taken away. If you do not have a license, but plan to apply for one in the future, the license will be denied if you are not in compliance with your legal order. If your licenses are taken away or denied, they will NOT be issued or reissued until you are in compliance with your legal order of support. Any fees associated with reissuing or reinstating your license(s) are your responsibility.

NOTE: *To find out if there is a fee, or the amount of the fee, for reissuing or reinstating your license, you must contact the responsible licensing agency or board, not BCSS.*

If your licenses are taken away or denied, the appropriate licensing board CANNOT issue or reissue your license until you provide them with a letter from BCSS stating that you are in compliance. Also, you CANNOT challenge BCSS' license revocation process before any licensing board--YOU MUST CONTACT BCSS IF YOU WANT TO AVOID HAVING YOUR LICENSE(S) REVOKED.

To pay your current and overdue support, make your check or money order payable to NH DEPARTMENT OF HEALTH & HUMAN SERVICES (NH DHHS), and send your payment to:

> CHILD SUPPORT REGIONAL PROCESSING CENTER
> PO BOX 9502
> MANCHESTER NH 03108-9502

To ensure proper credit to your account, write your Case ID on your check or money order. Your Case ID is printed on the first page of this notice. If your payment for current and overdue support is received by the Processing Center within twenty-one (21) days your license(s) will NOT be taken away.

If you have any questions or want to discuss paying your support, please call me within twenty-one (21) calendar days of the date of this notice at the telephone number listed below. If a lawyer represents you in this matter, it is your responsibility to give your lawyer a copy of this notice.

Sincerely,

*Betty Raymond*

BETTY RAYMOND
Bureau of Child Support Services
(603)579-9341

Enclosure: Information About Your Right To Appeal

-3-

DCSS 612
09/24

## INFORMATION ABOUT YOUR RIGHT TO APPEAL

**RIGHT TO A SUPERVISORY REVIEW:** You have a right to challenge the contents of this notice by requesting a Review with a BCSS Supervisor. The Supervisory Review can only address whether a mistake of fact has been made. A WRITTEN request for a Supervisory Review must be received by BCSS at the address provided within twenty-one (21) calendar days of the date of this notice.

You are not required to appear at the scheduled review, but you must provide BCSS with documentation in support of your claim that a mistake of fact was made. Failure to provide supporting documentation shall constitute waiver of your right to challenge this notice. Following the review, the Supervisor will issue a written decision. No action will be taken by BCSS until the Supervisory Review has been completed.

## RIGHT TO AN ADMINISTRATIVE HEARING:

If you are dissatisfied with the Supervisory Review decision, you have the right to request an Administrative Hearing pursuant to NH Administrative Rules Chapter He-C 200 within thirty (30) calendar days of the written Supervisory Review decision. An Administrative Hearing can only consider whether actions taken by BCSS were in accordance with statutory requirements, departmental rules, and/or policy.

A request for an Administrative Hearing may be made VERBALLY to the BCSS office responsible for your case, or IN WRITING to either the Administrative Appeals Unit, 105 Pleasant Street, Concord, NH 03301, or to the BCSS office responsible for your case. An Administrative Hearing is the final administrative remedy available. A request for an Administrative Hearing may not prevent BCSS from taking further establishment or enforcement actions with regard to your case.

## RIGHT TO A JUDICIAL APPEAL:

In accordance with NH RSA 161-C:27 and NH Administrative Rule He-W 410.01, if you are dissatisfied with the decision of the Administrative Hearing, you have the right to file a Judicial Appeal of the decision within thirty (30) calendar days of receipt of the decision. Upon review of the record, the court in its discretion may request the submission of additional evidence and order a hearing.

NOTE:    *Supervisory Reviews and Administrative Hearings cannot modify your child support obligations. You have a right to proceed directly to Family Court for review or modification of your Order without going through the Administrative Appeals process.*

---

*State of New Hampshire    •    Department of Health and Human Services    •    Bureau of Child Support Services*

TDD Access: Relay NH 1-800-735-2964

EN42
DCSS PR 10-02

# ATTACHMENT C

- AFFIDAVIT

Matthew-Lane: Hassell, Agent
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

## AFFIDAVIT - OPPORTUNITY TO CURE
### (27 Pages)

1) I, Matthew-Lane: Hassell, as the clearly established and specifically designated beneficiary to the Original Jurisdiction, appearing by special appearance as opposed to general appearance, being of majority age, competent to testify, do affirm and attest under penalty of perjury, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my abilities.

2) This document is to be entered into evidence at the earliest possible opportunity. Judges can either act administratively or judicially. It is a maxim of law; "It matters not what is known to the judge, if it is not known to him judicially." As recognized in *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990), "issues not supported by evidence are deemed waived." If no evidence is formally entered, the judge must act only within the scope of judicial authority, and decisions contrary to the record are void.

3) I hereby affirm that no attorney or representative currently speaks or acts on my behalf in this matter, and any prior limited grants of authority are revoked, terminated and void, consistent with my right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975).

4) According to Corpus Juris Secundum Volume 7 Chapter 4 Section 76 Attorneys have a dual obligation, their first duty is to the

1

courts and the public, only when those are satisfied, do they have a duty to the client. My attorneys never disclosed this to me.

5) With that in mind, I will hold court in Persona Propria Sui Juris, in my own right. I hereby invoke and ordain and establish the common law.

6) "DISCLAIMER: All legal citations, statutes, and excerpts from judicial opinions herein are used for purposes of legal argument, education, and the exercise of constitutional petition rights. I have knowledge of copyright laws and have observed the copyright symbol(s) contained within what appears to be all Books, Codes, References, Reporters, and the like, dealing with law, and such a symbol's use and employment in providing notice that the contents therein are the private property of the copyright owner, and I freely admit that I have neither grant, franchise, license, nor letter-patent to use said contents, nor practice the same. Please be advised that all cites thereto, and excerpts therefrom, are utilized and employed herein merely for educational and communicational purposes, to display from where my present understanding inheres from, and, due to the depth of the matter with which this controversy attempts to cover." This is called Fair Use and is allowed for purposes of criticism, news reporting, teaching and parody which doesn't infringe on copyright under 17 U.S.C.A. INCLUSIVE."

7) Any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241 and 18 U.S.C. 242 and 42 U.S.C. 1983 and 42 U.S.C. 1985 and 42 U.S.C. 1986 (as such conduct falls outside lawful authority. See *Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974)-- official immunity is not

2

absolute) and the New Hampshire Constitution; Part 2, Article 17
and 38 and 39 (Impeachment).

8) Due to that truth, the Uniform Commercial Code 3-402
Signature by representative is in violation of federal laws,
state and federal constitutions and therefore void and a
nullity. To the extent any statutory provision, including UCC
3-402, is interpreted to authorize acts in violation of the U.S.
or State Constitutions, such interpretation is void under the
Supremacy Clause, U.S. Const. art. VI.

9) Comes now Matthew-Lane: Hassell for the purpose of settling
all Claims and Charges outstanding, and who honorably files this
AFFIDAVIT in order to set off, settle and close this account.
Matthew-Lane: Hassell is the only authorized representative of
the vessel MATTHEW LANE HASSELL. I appear Persona Propria Sui
Juris (in my natural person and in my own right), not as a legal
representative of any artificial entity. As a pro se litigant,
my filings are held to less stringent standards than those
drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972);
*Woods v. Carey*, 525 F.3d 886, 889-890 (9th Cir. 2008).

10) Matthew-Lane: Hassell is the Administrator and Beneficiary
as well as holder in due course of the vessel MATTHEW LANE
HASSELL, (a Texas corporation) and is not an attorney and not
represented by an attorney, so he may be heard by the court in
this case, in testimony and may be known through his written
word when such is affirmed and attested under penalty of
perjury.

11) Matthew-Lane: Hassell is claiming to be a (Affiant); A
plaintiff must allege personal injury fairly traceable to
defendant's allegedly unlawful conduct and likely to be
redressed by the requested relief." Allen v. Wright, 468 U.S.
737 (1984).

3

12) If at any point I signed a document under mistake, duress, or without full understanding, such agreement is voidable under basic contract law principles and cannot constitute a knowing waiver of constitutional rights. If at any time in the past I inadvertently waived my rights or lessened my status through contract, forgive me. No man or woman would knowingly and intelligently; with forethought waive his or her rights. Such agreement would be an unconscionable contract or clause in violation of the Uniform Commercial Code 2-302. Upon that truth I hereby expressly reserve my rights in accordance with the Uniform Commercial Code 1-308 Express reservation of rights.

13) This is a self-executing contract. Notice to the principal is notice to the agent, notice to the agent is notice to the principal.  You are hereby bound to inform all of your colleagues and superiors and subordinates and all who are involved in this matter and all which may have future interactions with my person or me of the contents of this affidavit. If there is something you do not understand clearly, it is incumbent upon you to summon a superior officer, special prosecutor, federal judge or other competent legal counsel to immediately explain the significance of this instrument as per your duties and obligations in respect to this public formal instrument.

14) You are required to respond to this affidavit, on a point-by-point basis, by sworn declaration under penalty of perjury in accordance with 28 U.S.C. § 1746, and under full commercial liability, attesting that the facts contained therein are true, correct, complete, and not misleading. You have 14, (fourteen) days from the receipt of this AFFIDAVIT to respond. Failure to rebut specific allegations with admissible evidence will constitute **tacit acquiescence** and will be deemed an admission for purposes of this case. *Fed. R. Civ. P. 8(b)(6).* Failure to meet the obligations in this affidavit will be treated as agreement with its statements and acceptance of

4

liability. Mere unsworn declarations, conclusory statements, or general denials shall be deemed legally insufficient and constitute a complete nullity. If an extension of time is required, such request must be made in writing before the expiration of this deadline and must 'show' good cause.

15) I have a right to equal access to justice. I hereby demand the rules and procedures of the court and any and all similar rules and procedures of any agencies involved in this controversy. I also hereby DEMAND a true and correct (certified copy) of the file against me and any and all evidence, affidavits, testimony, report(s), paper(s), Bond(s), sureties, securities, blanket undertakings and the like, etc., created from this controversy. This must be done without cost and without delay in accordance with Brady v. Maryland, 373 U.S. 83 (1963) wherein it was decided that "The government's withholding of evidence that is material to the determination of either guilt or punishment of a criminal defendant violates the defendant's constitutional right to due process." This is further mandated in accordance with U.S. v. Tweel, 550 F.2d 297 (1977) wherein it was decided; "Silence can only be equated with fraud when there is a legal or moral duty to speak, or when an inquiry left unanswered would be intentionally misleading.

16) I respectfully demand you allow me to inspect and verify the Congressional Charter, LLC, LLP or other documents, which prove that the NH Circuit Court, 10th Circuit – Family Division – Derry, and NH Division of Child Support Services — Southern District-NH Department of Health & Human Services are an agency of government.

    a. According to the constitution for the United States of America, Article 1 Section 8, there is a list of all agencies of government. If the NH Circuit Court, 10th Circuit – Family Division – Derry, and NH Division of Child Support Services — Southern District-NH Department of Health & Human Services are not specifically listed therein, that would lead one to believe

5

their agents are mere corporations in according to Title 28 Section 3002 (15), (A) and (B) and (C) the United States is a federal corporation and all agencies of "government" (city and county and state municipalities) are sub-corporations under their superior authority.

17) If you cannot provide proof that the NH Circuit Court, 10th Circuit – Family Division – Derry, and NH Division of Child Support Services — Southern District-NH Department of Health & Human Services is an agency of government, I respectfully demand you allow me to inspect and verify a signed contract or other commercial agreement, which obligates me to personal and subject and subject matter jurisdiction of the NH Circuit Court, 10th Circuit – Family Division – Derry, and NH Division of Child Support Services — Southern District-NH Department of Health & Human Services and/ or the STATE OF NEW HAMPSHIRE and/ or other such jurisdictions, signed by both parties, in accordance with the Supreme Court decision Clearfield Trust Co. v. United States 318 U.S. 363-371 (1943).

    a. Please make certain the contract(s) you offer contains Full Disclosure;

    b. Please make certain the contract(s) you offer contains the Equal Consideration (what your corporation brings to the table), and the mutual obligation, (what your corporation is obligated to perform) according to the contract;

    c. Please make certain the contract(s) you offer contains the Lawful Terms and Conditions (proof the contract is not based upon fraud); and

    d. Please make certain the contract(s) you offer contains both Signatures of the Parties/ Meeting of the Minds (corporations can't sign because they have no right, or mind, to contract as they are legal fictions).

18) If you cannot provide me a contract or other commercial agreement which obligates me to the jurisdiction of theNH Circuit Court, 10th Circuit – Family Division – Derry, and NH

6

Division of Child Support Services — Southern District-NH
Department of Health & Human Services, I respectfully demand you
allow me to inspect and verify the AFFIDAVIT in support of
WARRANT and a BONA FIDE WARRANT (ORDER) for seizure of my
property (wages, earnings, securities, licences etc.).

a. I respectfully demand the aforementioned WARRANT (ORDER)
prove it was created in accordance with all U.S. and N.H.
Constitutional restrictions;

b. I further demand the aforementioned must not be Rubber
stamped or electronically filed signatures, if so they are void
and a nullity in accordance with State v. Paulick, 277 Minn.
140, 151 N.W.2d 596 (1967);

c. I further demand you to comply with Fourth Amendment
restrictions, the warrant (ORDER) to seize my property must
either on its face or on the face of the accompanying affidavit
clearly, expressly, and narrowly specify the triggering event;

d. Seizures, which are executed after illegal trespass, are
invalid under the Fourth Amendment restriction and in accordance
with U.S. v. Hotal, 143 F.3d 1223 (1998).

19) If you cannot provide me proof of jurisdiction, lawful
warrant, or contract cannot be produced I respectfully demand
you dismiss all charges (ORDERS) against me and my person.

a. I also demand all attempts to collect and/ or enforce
payments cease and desist immediately and forever more and that
all payments and garnishments and arrearages be reimbursed to me
immediately.

20) I, Matthew-Lane: Hassell am the biological father of the
minor child PH, born on October 22, 2022.

21) On November 30, 2022, in Case No. 656-2022-DM-00737 in the
9th Circuit — Family Division - Manchester, the defendant, Devin
Aileen Kimbark, through her attorney Jennifer L. DiTrapano,
represented to the Court that she and the minor child resided at

7

3 Stoneleigh Drive, Derry, New Hampshire, since the birth of the child (10/22/2022).

22) At the time of that representation, I have personal knowledge that the defendant and child did **not** reside at that address as represented to the Court.

23) The Court relied on that residency statement to transfer venue and jurisdiction from Hillsborough County (Manchester) to Rockingham County (Derry).

24) I have objected to the jurisdiction and requested an evidentiary hearing to challenge the residency claim and factual basis for venue transfer as well as other allegations.

25) Judge Michael L. Alfano denied my request for an evidentiary hearing.

26) The resulting child support order was entered in the 10th Circuit – Family Division – Derry (Rockingham County), without evidentiary hearing, without jurisdiction established on record, and without my meaningful opportunity to be heard.

27) I have never applied for, requested, or signed any document to enroll in or participate in Title IV-D child support enforcement services under NH RSA 161-B:3.

28) I was never informed that participation in Title IV programs is voluntary, as required by 42 U.S.C. § 603(a)(2)(A)(ii)(bb).

29) I did not voluntarily contract, consent, or authorize the New Hampshire Division of Child Support Services (BCSS) to act on my behalf or to create enforcement records against me.

30) I am currently the appellant in an active case pending before the United States Court of Appeals for the First Circuit,

titled: Hassell v. Kimbark et al., Case No. 24-1442, in which
these jurisdictional and procedural issues are part of the
appeal (WRIT OF ERROR).

31) The enforcement actions DHHS-BCSS is attempting to carry out
directly relate to issues currently under federal appellate
review.

32) I make this affidavit based on personal knowledge, grounded
in documented court records, filings, and my direct
participation in the related proceedings.

33) VOID WHERE PROHIBITED BY LAW.

34) Further Affiant sayeth not.

I declare (or certify, verify, or state) under penalty of
perjury under the laws of the United States of America that the
foregoing is true and correct.

Matthew-Lane Hassell    DATED: 25th of November, 2025

Matthew-Lane: Hassell, Authorized Representative of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603)231-0844
mhas1918@yahoo.com

(POINTS AND AUTHORITIES TO FOLLOW)

9

# POINTS AND AUTHORITIES

**Superior Court Decisions:**

Basso v. Utah Power & Light Co., 495 F 2d 906, 910.
"Jurisdiction can be challenged at any time." and "Jurisdiction,
once challenged, cannot be assumed and must be decided."

Brady v. Maryland, 373 U.S. 83 (1963) The government's
withholding of evidence that is material to the determination of
either guilt or punishment of a criminal defendant violates the
defendant's constitutional right to due process.

Clearfield Trust Co. v. United States 318 U.S. 363-371 (1943):
"Governments descend to the level of a mere private corporation,
and take on the characteristics of a mere private citizen . . .
where private corporate commercial paper [Federal Reserve Notes]
and securities [checks] is concerned . . . For purposes of suit,
such corporations and individuals are regarded as entities
entirely separate from government."
What the Clearfield Doctrine is saying is that when private
commercial paper is used by corporate government, then
government loses its sovereignty status and becomes no different
than a mere private corporation.

   As such, government then becomes bound by the rules and
laws that govern private corporations which means that if they
intend to compel an individual to some specific performance
based upon its corporate statutes or corporation rules, then the
government, like any private corporation, must be the
holder-in-due-course of a contract or other commercial agreement
between it and the one upon who demands for specific performance
are made.

Haines -vs.- Kerner, 404 U.S. 519 (Reversed & Remanded),
allegations such as those asserted by petitioner, however

inartfully decreed, are sufficient… which we hold to less
stringent standards than formal pleadings drafted by lawyers.
and Woods -vs- Carey,  525 F3d 886, 889-890 (Reversed &
Remanded), and claims Pro Per, in his own person, a rule in
pleading that pleas to the jurisdiction of the Court must be
pleaded in propria persona,  see Kay -vs.- Ehrler, 499 U.S. 432.
"...The requirement of standing, however, has a core component
derived directly from the Constitution. A plaintiff must allege
personal injury fairly traceable to the defendant's allegedly
unlawful conduct and likely to be redressed by the requested
relief." Allen v. Wright, 468 U.S. 737 (1984).

H. Liebes and Co. V. Klengenberg, (C. C.A. Cal.), 23 F.2nd 611,
612 (1928).  Re: Contracts: It is an agreement creating
obligation, in which there must be competent parties, subject
matter, legal consideration, mutuality of agreement, and
mutuality of obligation, and agreement must not be so vague or
uncertain, that terms are not ascertainable. (See also Lee v.
Travelers Insurance).

Lee v. Travelers' Ins. Co. of Hartford Conn., 173 S.C. 185, 175
S.E. 429. "An agreement between two or more parties, preliminary
step in making of which is offer by one and acceptance by the
other, in which minds of parties meet and concur in
understanding of terms. It is an agreement, creating obligation,
in which there must be competent parties, subject matter, legal
consideration, mutuality of agreement, and mutuality of
obligation, and agreement must not be so vague or uncertain that
terms are not ascertainable.

LOPER v. RAIMONDO. LOPER BRIGHT ENTERPRISES, et al., Petitioners v.
Gina RAIMONDO, Secretary of Commerce, et al. Relentless, Inc., et
al., Petitioners v. Department of Commerce, et al. 22-451 22-1219.
(28 June 2024).
[1] Article III of the Constitution assigns to the Federal Judiciary
the responsibility and power to adjudicate "Cases and Controversies,"

11

which are concrete disputes with consequences for the parties
involved. U.S. Const. art. 3, § 2, cl. 1.

[3] It is emphatically the province and duty of the Federal Judiciary
to say what the law is.

[4] Interpreting federal laws, in the last resort, is a solemn duty
of the Federal Judiciary, and when the meaning of a statute is at
issue, the judicial role is to interpret the act of Congress, in
order to ascertain the rights of the parties.

[7] The interpretation of the meaning of federal statutes, as applied
to justiciable controversies, is exclusively a judicial function.
U.S. Const. art. 3, § 2, cl. 1.

[10] The Administrative Procedure Act (APA) codifies for agency cases
the unremarkable yet elemental proposition that courts decide legal
questions by applying their own judgment, without the APA prescribing
a deferential standard for courts to employ in answering those legal
questions. 5 U.S.C.A. § 706.

[12] The notion that some things "go without saying" applies to
legislation just as it does to everyday life.

[16] In the business of statutory interpretation, if a federal
agency's interpretation of a federal statute is not the best, it is
not permissible.

[19] Lower courts are bound even by crumbling Supreme Court
precedents.

[21] Lack of quality of the precedent's reasoning was a consideration
favoring the overruling, as exception to doctrine of stare decisis,
of Supreme Court's Chevron decision, which sometimes required courts
to defer to "permissible" agency interpretations of ambiguous
statutes that those agencies administered; Chevron had proved to be
fundamentally misguided, it reshaped judicial review of agency action
without the Chevron decision or any other Supreme Court decision
grappling with the Administrative Procedure Act (APA), which laid out
how judicial review worked, its flaws had nonetheless been apparent

12

from the start, and for its entire existence it was a rule in search of a justification. 5 U.S.C.A. § 706.

[23] Courts Supreme Court decisions Supreme Court's Chevron decision, which sometimes required courts to defer to "permissible" agency interpretations of ambiguous statutes that those agencies administered, had not been a stable background rule that fostered meaningful reliance, as a consideration favoring the overruling of Chevron, as exception to stare decisis; given the Supreme Court's constant tinkering with and eventual turn away from Chevron and the lower courts' inconsistent application of it, it was hard to see how anyone Congress included—could reasonably expect a court to rely on Chevron in any particular case, and rather than safeguarding reliance interests, Chevron affirmatively destroyed them by allowing agencies to change course even when Congress had given them no power to do so.

[24] Part of judicial humility by the Supreme Court is admitting to and in certain cases correcting its own mistakes by overruling precedent, especially when those mistakes are serious.

[26] Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the Administrative Procedure Act (APA) requires, and courts need not, and under the APA may not, defer to an agency's interpretation of the law simply because a statute is ambiguous; overruling Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694. 5 U.S.C.A. § 706.

**Held in Loper Supra:** The Administrative Procedure Act requires courts to exercise their independent judgment in deciding whether an agency has acted within its statutory authority, and courts may not defer to an agency interpretation of the law simply because a statute is ambiguous; **Chevron is overruled.** Pp. 7-35. As Chief Justice Marshall declared in the foundational decision of Marbury v. Madison, "[i]t is emphatically the province and duty of the judicial department to say what the law is." 1 Cranch 137, 177. In the decades following

13

Marbury, when the meaning of a statute was at issue, the judicial
role was to "interpret the act of Congress, in order to ascertain the
rights of the parties." Decatur v. Paulding, 14 Pet. 497, 515.
**Background in _Loper Supra_:** Under the Chevron doctrine, courts have
sometimes been required to defer to "permissible" agency
interpretations of the statutes those agencies administer—even when a
reviewing court reads the statute differently. Id., at 843. In each
case below, the reviewing courts applied Chevron's framework to
resolve in favor of the Government challenges by petitioners to a
rule promulgated by the National Marine Fisheries Service pursuant to
the Magnuson-Stevens Act, 16 U.S.C. §1801 et seq., which incorporates
the Administrative Procedure Act (APA), 5 U.S.C. §551 et seq. As
Chief Justice Marshall declared in the foundational decision of
Marbury v. Madison, "[i]t is emphatically the province and duty of
the judicial department to say what the law is." 1 Cranch 137, 177.
In the decades following Marbury, when the meaning of a statute was
at issue, the judicial role was to "interpret the act of Congress, in
order to ascertain the rights of the parties." Decatur v. Paulding,
14 Pet. 497, 515. The views of the Executive Branch could inform the
judgment of the Judiciary, but did not supersede it. "[I]n cases
where [a court's] own judgment . . . differ[ed] from that of other
high functionaries," the court was "not at liberty to surrender, or
to waive it." United States v. Dickson, 15 Pet. 141, 162."The
interpretation of the meaning of statutes, as applied to justiciable
controversies," remained "exclusively a judicial function." United
States v. American Trucking Assns., Inc., 310 U.S. 534, 544.
As relevant here, the APA specifies that courts, not agencies, will
decide "all relevant questions of law" arising on review of agency
action, 5 U.S.C. §706 (emphasis added)-even those involving ambiguous
laws. "agencies have no special competence in resolving statutory
ambiguities. Courts do." Chevron (467 U.S. at 843) gravely erred in
concluding that the inquiry is fundamentally different just because

an administrative interpretation is in play. An agency's interpretation of a statute "cannot bind a court," but may be especially informative "to the extent it rests on factual premises within [the agency's] expertise." Bureau of Alcohol, Tobacco and Firearms v. FLRA, 464 U.S. 89, 98, n. 8. Delegating ultimate interpretive authority to agencies is simply not necessary to ensure that the resolution of statutory ambiguities is well informed by subject matter expertise. Resolution of statutory ambiguities involves legal interpretation, and that task does not suddenly become policymaking just because a court has an "agency to fall back on." Kisor, 588 U.S., at 575.

Main v. Thiboutot, 448 U.S. 1 (1980). "The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." The right of action created by statute relating to deprivation under color of law, of a right secured by the constitution and the laws of the United States and comes claims which are based solely on statutory violations of Federal Law and applied to the claim that claimants had been deprived of their rights, in some capacity, to which they were entitled."

Melo v. US, 505 F2d 1026. "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action."

State v. Paulick, 277 Minn. 140, 151 N.W.2d 596 (1967). No rubber-stamp "signature" "The United States Supreme Court ... stressed the need for 'individualized review' to avoid the issuance of 'rubber stamp' warrants."

Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964). 1. "Statements of counsel in brief or argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." 2. "An attorney for

15

the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

TRUMP v. UNITED STATES, [Syllabus - Page 4, (3)] 06/ 28/ 2024. Accessed 7/ 12/ 2024.

As for a President's unofficial acts, there is no immunity. Although Presidential immunity is required for official actions to ensure that the President's decision making is not distorted by the threat of future litigation stemming from those actions, that concern does not support immunity for unofficial conduct. Clinton, 520 U. S., at 694, and n. 19. The separation of powers does not bar a prosecution predicated on the President's unofficial acts. P. 15. (b) The first step in deciding whether a former President is entitled to immunity from a particular prosecution is to distinguish his official from unofficial actions. In this case, no court thus far has drawn that distinction, in general or with respect to the conduct alleged in particular. It is therefore incumbent upon the Court to be mindful that it is "a court of final review and not first view." Zivotofsky v. Clinton, 566 U. S. 189, 201. Critical threshold issues in this case are how to differentiate between a President's official and unofficial actions, and how to do so with respect to the indictment's extensive and detailed allegations covering a broad range of conduct. The Court offers guidance on those issues. Pp. 16-32.

U.S. v. Hotal, 143 F.3d 1223 (1998) 9th Cir.  To comply with Fourth Amendment, anticipatory search warrant must either on its face or on the face of the accompanying affidavit clearly, expressly, and narrowly specify the triggering event. Consent to search that is given after illegal entry is tainted and invalid under the Fourth Amendment.

16

U.S. v. Lang 792 F.2d 1235 (4th Cir. 1986). The first issue
this case raises, and the most significant, is whether an
individual holding corporate documents in a representative
capacity may assert a fifth amendment privilege against
producing those documents in response to a subpoena. Circuits
addressing the question have split over the answer. Some
confusion exists in the wake of recent Supreme Court decisions
on the relationship of the fifth amendment to business-related
documents.

Traditionally, the fifth amendment privilege could be
claimed to shield production of private documents belonging to a
natural person, Boyd v. United States, 116 U.S. 616, 6 S.Ct.
524, 29 L.Ed. 746 (1886), but could not be claimed by an
organized entity like a corporation, Hale v. Henkle, 201 U.S.
43, 26 S.Ct. 370, 50 L.Ed. 652 (1906). Corporate officials
seeking to claim an individual fifth amendment privileges were
denied protection because of the policy that a custodian should
not be able to shield the collective entity (which has no fifth
amendment privilege) from governmental scrutiny by asserting a
personal right. United States v. White, 322 U.S. 694, 699, 64
S.Ct. 1248, 1251, 88 L.Ed. 1542 (1944); Wilson v. United States,
221 U.S. 361, 378-79, 31 S.Ct. 538, 543, 55 L.Ed. 771 (1911).
Under this rule, custodians assume the rights, duties, and
privileges of the artificial entity of which they are agents or
officers and they are bound by its obligations. The official
records and documents that are held by them in a representative
rather than personal capacity cannot be the subject of the
personal privilege against self-incrimination, even though
production of the papers might tend to incriminate them
personally. White, 322 U.S. at 699, 64 S.Ct. at 1251.

U.S. v. Tweel, 550 F.2d 297, 299-300 (1977) "Silence can only be
equated with fraud when there is a legal or moral duty to speak,
or when an inquiry left unanswered would be intentionally
misleading... We cannot condone this shocking conduct...If that
is the case we hope our message is clear. This sort of deception

17

will not be tolerated and if this is routine it should be
corrected immediately"

Ryan v. Commission on Judicial Performance, (1988) 45 Cal. 3d
518, 533 Before sending a person to jail for contempt or
imposing a fine, judges are required to provide due process of
law, including strict adherence to the procedural requirements
contained in the Code of Civil Procedure. Ignorance of these
procedures is not a mitigating but an aggravating factor.

SECURITIES AND EXCHANGE COMMISSION, PETITIONER v. GEORGE R. JARKESY,
JR.,ET AL.", 6/ 27/ 2024 "603 U. S. ____ (2024) Opinion of the Court
No. 22-859 .
Held: When the SEC seeks civil penalties against a defendant for
securities fraud, the Seventh Amendment entitles the defendant to a
jury trial. Pp. 6-27.
(a) The question presented by this case—whether the Seventh Amendment
entitles a defendant to a jury trial when the SEC seeks civil
penalties for securities fraud—is straightforward. Following the
analysis set forth in Granfinanciera, S. A. v. Nordberg, 492 U. S.
33, and Tull v. United States, 481 U. S. 412, this action implicates
the Seventh Amendment because the SEC's antifraud provisions
replicate common law fraud. And the "public rights" exception to
Article III jurisdiction does not apply, because the present action
does not fall within any of the distinctive areas involving
governmental prerogatives where the Court has concluded that a matter
may be resolved outside of an Article III court, without a jury. (b)
The Court first explains why this action implicates the Seventh
Amendment. (1) The right to trial by jury is "of such importance and
occupies so firm a place in our history and jurisprudence that any
seeming curtailment of the right" has always been and "should be
scrutinized with the utmost care." Dimick v. Schiedt, 293 U. S. 474,
486. When the British attempted to evade American juries by siphoning

18

adjudications to juryless admiralty, vice admiralty, and chancery courts, the Americans protested and eventually cited the British practice as a justification for declaring Independence. In the Revolution's aftermath, concerns that the proposed Constitution lacked a provision guaranteeing a jury trial right in civil cases was perhaps the "most success[ful]" critique leveled against the document during the ratification debates.

The Federalist No. 83, p. 495. To fix that flaw, the Framers promptly adopted the Seventh Amendment. Ever since, "every encroachment upon [the jury trial right] has been watched with great jealousy." Parsons v. Bedford, 3 Pet. 433, 446. Pp. 7–8. (2) The Seventh Amendment guarantees that in "[s]uits at common law . . . the right of trial by jury shall be preserved." The right itself is not limited to the "common-law forms of action recognized" when the Seventh Amendment was ratified. Curtis v. Loether, 415 U. S. 189, 193. Rather, it "embrace[s] all suits which are not of equity or admiralty jurisdiction, whatever may be the peculiar form which they may assume." Parsons, 3 Pet., at 447. That includes statutory claims that are "legal in nature." Granfinanciera, 492 U. S., at 53. To determine whether a suit is legal in nature, courts must consider whether the cause of action resembles common law causes of action, and whether the remedy is the sort that was traditionally obtained in a court of law. Of these factors, the remedy is the more important. And in this case, the remedy is all but dispositive. For respondents' alleged fraud, the SEC seeks civil penalties, a form of monetary relief. Such relief is legal in nature when it is designed to punish or deter the wrongdoer rather than solely to "restore the status quo." Tull, 481 U. S., at 422. The Acts condition the availability and size of the civil penalties available to the SEC based on considerations such as culpability, deterrence, and recidivism. See §§77h–1; 78u–2, 80b–3. These factors go beyond restoring the status quo and so are legal in nature. The SEC is also not obligated to use civil penalties to

compensate victims. SEC civil penalties are thus "a type of remedy at common law that could only be enforced in courts of law." Tull, 481 U. S., at 422.

This suit implicates the Seventh Amendment right and a defendant would be entitled to a jury on these claims. The close relationship between federal securities fraud and common law fraud confirms that conclusion. Both target the same basic conduct: misrepresenting or concealing material facts. By using "fraud" and other common law terms of art when it drafted the federal securities laws, Congress incorporated common law fraud prohibitions into those laws. This Court therefore often considers common law fraud principles when interpreting federal securities law. See, e.g.,

CHIEF JUSTICE ROBERTS delivered the opinion of the Court.

P. 7 The right to trial by jury is "of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right" has always been and "should be scrutinized with the utmost care." Dimick v. Schiedt, 293 U. S. 474, 486 (1935).

GORSUCH, J. [concurring] (Pg. 18, Par. 3 – Pg. 20, Par 1.), Today, the Court does much to return us to a more traditional understanding of public rights. Adhering to Granfinancieria, the Court rejects the government's overbroad reading of Atlas Roofing and recognizes that the kind of atextual and ahistorical (not to mention confusing) tests it inspired do little more than ask policy questions the Constitution settled long ago. "...," we have no license to deprive the American people of their constitutional right to an independent judge, to a jury of their peers, or to the procedural protections at trial that due process normally demands. Let alone do so whenever the government wishes to dispense with them. This Court does not subject other constitutional rights to such shabby treatment. We have "reaffirm[ed]," many times and "emphatically[,] that the First Amendment does not permit the State to sacrifice speech for efficiency."... "Duncan v. Louisiana, 391 U. S. 145, 156 (1968), we

20

continue to insist that it be jealously preserved," Patton v. United
States, 281 U. S. 276, 312 (1930); see Ramos v. Louisiana, 590 U. S.
83, 110-111 (2020) (plurality opinion); Erlinger, 602 U. S., at ___
(slip op., at 18) ("There is no efficiency exception to the . . .
Sixth Amendmen[t]"). Why should Article III, the Seventh Amendment,
or the Fifth Amendment's promise of due process be any different?
None of them exists to "protec[t] judicial authority for its own
sake." Oil States, 584 U. S., at 356 (GORSUCH, J., dissenting). They
exist to "protect the individual." Bond v. United States, 564 U. S.
211, 222 (2011). And their protections are no less vital than those
afforded by other constitutional provisions. As American colonists
learned under British rule, "the right of trial" means little "when
the actual administration of justice is dependent upon caprice, or
favour, [or] the will of rulers." 3 Story §1568, at 426; id., §1783,
at 661. In recognizing as much today, the Court essentially follows
the advice of Justices Brennan and Marshall, "limit[ing] the judicial
authority of non-Article III federal tribunals to th[o]se few,
long-established exceptions" that bear the sanction of history, and
"countenanc[ing] no further erosion." Schor, 478 U. S., at 859
(Brennan, J., joined by Marshall, J., dissenting).

Sramek v. Sramek, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553
(1992), rev. denied 252 Kan. 1093 (1993). A judgment rendered by
a court without personal jurisdiction over the defendant is
void. It is a nullity. A judgment shown to be void for lack of
personal service on the defendant is a nullity.

US v. Rogers 23 F. 658 The question of jurisdiction in the court
either over the person, the subject matter or the place where
the crime was committed can be raised at any stage of the
criminal proceeding, even upon conviction; it is never presumed,
but must always be proved; and it is never waived by the
defendant.

**U.S. Constitutional Protections:**

**Article I, Section 1:**
   "All legislative Powers herein granted shall be vested in a
Congress of the United States, which shall consist of a Senate
and House of Representatives."

**Article II, Section 1:**
   "The executive Power shall be vested in a President of the
United States."

**Article III, Section 1:**
   "The judicial Power of the United States shall be vested in
one supreme Court, and in such inferior Courts as the Congress
may from time to time ordain and establish."

**Article IV Section 1:**
Full Faith and Credit shall be given in each State to the public
Acts, Records, and judicial Proceedings of every other State.
And the Congress may by general Laws prescribe the Manner in
which such Acts, Records and Proceedings shall be proved, and
the Effect thereof.

**Article VI Clause 2** (Supremacy Clause):
This Constitution, and the Laws of the United States which shall
be made in Pursuance thereof; and all Treaties made, or which
shall be made, under the Authority of the United States, shall
be the supreme Law of the Land; and the Judges in every State
shall be bound thereby, any Thing in the Constitution or Laws of
any State to the Contrary notwithstanding.

**Part I - New Hampshire Constitution Protections:**

Article 1. [Equality of Men; Origin and Object of Government.].
All men are born equally free and independent; Therefore, all
government of right originates from the people, is founded in

22

consent, and instituted for the general good.
June 2, 1784*

[Art.] 2. [Natural Rights.] All men have certain natural,
essential, and inherent rights among which are, the enjoying and
defending life and liberty; acquiring, possessing, and
protecting, property; and, in a word, of seeking and obtaining
happiness. Equality of rights under the law shall not be denied
or abridged by this state on account of race, creed, color, sex
or national origin.

[Art.] 2-b. [Right of Privacy.] An individual's right to live
free from governmental intrusion in private or personal
information is natural, essential, and inherent.
December 5, 2018

[Art.] 3. [Society, its Organization and Purposes.] When men
enter into a state of society, they surrender up some of their
natural rights to that society, in order to ensure the
protection of others; and, <u>without such an equivalent, the
surrender is void</u>.
June 2, 1784

Article 4. [Rights of Conscience Unalienable.] Among the natural
rights, some are, in their very nature unalienable, because no
equivalent can be given or received for them. Of this kind are
the Rights of Conscience.
June 2, 1784
Amended 1968 to remove obsolete sectarian references.

[Art.] 7. [State Sovereignty.] <u>The people of this State have the
sole and exclusive right of governing themselves as a free,
sovereign, and independent State; and do, and forever hereafter
shall, exercise and enjoy every power, jurisdiction, and right,
pertaining thereto, which is not, or may not hereafter be, by
them expressly delegated to the United States of America in</u>

23

<u>Congress assembled.</u>
June 2, 1784

[Art.] 8. [Accountability of Magistrates and Officers; Public's
Right to Know.] <u>All power residing originally in, and being
derived from, the people, all the magistrates and officers of
government are their substitutes and agents, and at all times
accountable to them.</u>  Government, therefore, should be open,
accessible, accountable and responsive.  To that end, the
public's right of access to governmental proceedings and records
shall not be unreasonably restricted.  The public also has a
right to an orderly, lawful, and accountable government.
Therefore, any individual taxpayer eligible to vote in the
State, shall have standing to petition the Superior Court to
declare whether the State or political subdivision in which the
taxpayer resides has spent, or has approved spending, public
funds in violation of a law, ordinance, or constitutional
provision.  In such a case, the taxpayer shall not have to
demonstrate that his or her personal rights were impaired or
prejudiced beyond his or her status as a taxpayer.  However,
this right shall not apply when the challenged governmental
action is the subject of a judicial or administrative decision
from which there is a right of appeal by statute or otherwise by
the parties to that proceeding.
June 2, 1784
Amended 1976 by providing right of access to governmental
proceedings and records.
<u>Amended 2018 by providing that taxpayers have standing to bring
actions against the government</u>

[Art.] 14. [Legal Remedies to be Free, Complete, and Prompt.]
Every subject of this State is <u>entitled to a certain remedy, by
having recourse to the laws, for all injuries he may receive in
his person, property, or character; to obtain right and justice
freely, without being obliged to purchase it; completely, and</u>

24

<u>without any denial; promptly, and without delay;</u> conformably to the laws.
June 2, 1784

[Art.] 15. [Right of Accused.] No subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him; or be compelled to accuse or furnish evidence against himself. Every subject shall have a right to produce all proofs that may be favorable to himself; to meet the witnesses against him face to face, and to be fully heard in his defense, by himself, and counsel. <u>No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land;</u> provided that, in any proceeding to commit a person acquitted of a criminal charge by reason of insanity, due process shall require that clear and convincing evidence that the person is potentially dangerous to himself or to others and that the person suffers from a mental disorder must be established. Every person held to answer in any crime or offense punishable by deprivation of liberty shall have the right to counsel at the expense of the state if need is shown; this right he is at liberty to waive, but only after the matter has been thoroughly explained by the court.
June 2, 1784
Amended 1966 to provide the right to counsel at state expense if the need is shown.

[Art.] 19. [Searches and Seizures Regulated.] Every subject hath a <u>right to be secure from all unreasonable searches and seizures of his person, his houses, his papers, and all his possessions.</u> Therefore, all warrants to search suspected places, or arrest a person for examination or trial in prosecutions for criminal matters, are contrary to this right, if the cause or foundation of them be not previously supported by oath or affirmation; and

25

if the order, in a warrant to a civil officer, to make search in suspected places, or to arrest one or more suspected persons or to seize their property, be not accompanied with a special designation of the persons or objects of search, arrest, or seizure; and no warrant ought to be issued; but in cases* and with the formalities, prescribed by law.

[Art.] 23. [Retrospective Laws Prohibited.] <u>Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses.</u>
June 2, 1784

[Art.] 37. [Separation of Powers.] In the government of this State, the three essential powers thereof, to wit, <u>the Legislative, Executive, and Judicial, ought to be kept as separate from, and independent of, each other</u>, as the nature of a free government will admit, or as is consistent with that chain of connection that binds the whole fabric of the Constitution in one indissoluble bond of union and amity.
June 2, 1784

[Art.] 38. [Social Virtues Inculcated.] <u>A frequent recurrence to the fundamental principles of the constitution, and a constant adherence to justice, moderation, temperance, industry, frugality, and all the social virtues, are indispensably necessary to preserve the blessings of liberty and good government; the people ought, therefore, to have a particular regard to all those principles in the choice of their officers and representatives, and they have a right to require of their lawgivers and magistrates, an exact and constant observance of them, in the formation and execution of the laws necessary for the good administration of government.</u>
June 2, 1784

**PART II – New Hampshire Constitution Protections**

[Art.] 84. [Oath of Civil Officers.]
Any person chosen governor, councilor, senator, or
representative, military or civil officer, (town officers
excepted) accepting the trust, shall, before he proceeds to
execute the duties of his office, make and subscribe the
following declaration, viz.
I, A.B. do solemnly swear, that I will bear faith and true
allegiance to the United States of America and the state of New
Hampshire, and will support the constitution thereof. *So help me
God.*

I, A.B. do solemnly and sincerely swear and affirm that I will
faithfully and impartially discharge and perform all duties
incumbent on me as ―, according to the best of my abilities,
agreeably to the rules and regulations of this constitution and
laws of the state of New Hampshire. *So help me God.*

Any person having taken and subscribed the oath of allegiance,
and the same being filed in the secretary's office, he shall not
be obliged to take said oath again.

*Provided always*, when any person chosen or appointed as
aforesaid shall be of the denomination called Quakers, or shall
be scrupulous of swearing, and shall decline taking the said
oaths, such person shall take and subscribe them, omitting the
word "*swear*," and likewise the words "*So help me God*,"
subjoining instead thereof, "*This I do under the pains and
penalties of perjury*."
June 2, 1784
Amended 1792 three times, changing president to governor;
shortening oath of allegiance; and dispensing with need to take
second oath.
Amended 1970 adding allegiance to the United States of America.

# ATTACHMENT B

- **3 Times Denied Evidentiary hearings (Due Process) and Denial to Prove Jurisdiction-NH RSA 458-A:6**

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - Family Division - Derry
10 Courthouse Lane
Derry NH 03038

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF DECISION

MATTHEW LANE HASSELL
45 FALCON CREST WAY
MANCHESTER NH 03104

**Case Name:** In the Matter of Matthew Lane Hassell and Devin Aileen Kimbark
**Case Number:** 656-2022-DM-00737

Please be advised that on March 22, 2023 the Court made the following Order relative to:

Petitioners Motion for Evidentiary Hearing

"Motion Denied."

/s/ Judge Michael L. Alfano

March 23, 2023

Robin E. Pinelle
Clerk of Court

(846)

C: Jennifer L DiTrapano, ESQ; NH DHHS Office of Child Support

NHJB-2209-DF (07/01/2011)

Case 1:25-cv-00550-LM-AJ    Document 11    Filed 02/06/26    Page 129 of 161
Case: 24-1442    Case 1:25-cv-00550-LM-AJ    Document 11-7    Filed 02/06/26    Page 70 of 104    ID: 6640503
Case 1:23-cv-00472-JL-AJ    Document 17-1    Filed 12/20/23    Page 25 of 43

Matthew-Lane: Hassell, Agent
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603)231-0844

30th of May, 2023



# THE STATE OF NEW HAMPSHIRE
# NEW HAMPSHIRE CIRCUIT COURT
# 10th CIRCUIT - FAMILY DIVISION - DERRY
# 10 COURTHOUSE LANE
# DERRY, N.H. 03038
# JUDICIAL BRANCH

NH CIRCUIT COURT
Telephone: 1-855-212-1234 TTY/TDD Relay: (800) 735-2964
30th of May, 2023

## STATE OF NEW HAMPSHIRE

ROCKINGHAM,
ss

10th CIRCUIT COURT
FAMILY DIVISION-DERRY
656-2022-DM-00737

### In the Matter of

Matthew-Lane: Hassell and Devin Aileen
Kimbark

### MOTION FOR CLARIFICATION AND EVIDENTIARY HEARING

1. NOW COMES, Petitioner, Matthew-Lane: Hassell, a Natural Individual, Pro Se:

2. On March 22nd, 2023, the court held a Temporary Hearing and Structuring Conference in the above-entitled matter.

3. A Evidentiary Hearing was demanded several times, during the above-mentioned hearing, Propria Persona, Pro Se and on the record, for the record, by myself, to and for the accusations, claims and statements, without proof, being made against me by and through Attorney Jennifer L. DiTrapano for and by her incompetent client.



4. On April 5th, 2023 I, Propria Persona, submitted in a Motion for Objection to Orders set forth from the March 22nd, 2023 Hearing, that are being either forced and/or coerced upon me and my person, lacking in due process of law, denying me equal protection under the law, that's constitutionally protected and denying me my unalienable rights, under the disguise of law, which is, the color of law.

5. My demand for an Evidentiary Hearing was denied and orders were set forth against me, without proof, or equal protection under the law, in a means to libel me and to coerce me into non-consensual contracts. It is my comprehension this could be Prima Facie evidence of a violation to 18 U.S.C. § 241 and would prevent the court from acting Honorably and in good faith.

6. Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991, 1953 F2d 26 (2d Cir. 1991). Reversing district court for dismissing pro se complaint for lack of standing without explaining formalities of pleading and affording pro se plaintiff an opportunity to replead.

7. On the 15th of May, 2023 Attorney Jennifer L. DiTrapano filed a Motion for Contempt against me.

8. On the 17th of May, 2023, I Matthew ( Propria Persona ) filed an Opposition to Attorney Jennifer DiTrapanos pleading to have me be seen as in Contempt.

9. I am in receipt of the judge's Order, which is a statement of, " a thirty ( 30 ) minute hearing will be scheduled, for all issue(s) ".

10. Will this be an Evidentiary Hearing?

11. I ask who(s) issue(s) will be answered?

12. Will I be given a chance to replead for an Evidentiary Hearing after these issue(s) are explained?

13. Will these issue(s) be explained in Legalese ( which I do not speak or understand ) or Common Law definitions?

14. Will these issue(s) be explained with full disclosure, being true, accurate and complete?

15. Will I be able to get a written copy of the explanation(s) to these issue(s)?

WHEREFORE, Petitioner, Matthew-Lane: Hassell, Propria Persona and Pro Se, respectfully demand that this Honorable Court:

A. I demand that since I am in Proper Person, the judge must instruct me as to the deficiencies to my pleading(s) and allow me the opportunity to replead for an EVIDENTIARY HEARING.

B. I demand a date be set forth for a Judicial Evidentiary Hearing for Attorney Jennifer L. DiTrapano, to provide proof and to show cause to her claims, accusations and statements of hearsay, libeling me, provided only by an incompetent client and person of unsound mind.

Case 1:25-cv-00550-LM-AJ    Document 11    Filed 02/06/26    Page 131 of 161
Case: 24-1442  Case 1:23-cv-00472-JL-AJ  Document 17-1  Filed 12/20/23  Page 27 of 43    Entry ID: 6640503
Case 1:23-cv-00472-JL-AJ    Document 17-1    Filed 12/20/23    Page 27 of 43

3

C.  Deny any pleadings to force and or coerce contract/(s) of any kind on me and or my person.

D.  Deny any pleadings that trespass on my life, liberty or pursuit of happiness.

E.  Grant any such further relief as justice may, will and or can require.

F.  VOID WHERE PROHIBITED BY LAW

G.  Furthermore, Matthew saith not.

NEW HAMPSHIRE RULES OF CIVIL PROCEDURE,
PARENS PATRIAE DOCTRINE
VOID WHERE PROHIBITED BY LAW

_Matthew Lane Hassell_    Date: 5-30-23

Matthew Lane Hassell authorized agent of
MATTHEW LANE HASSELL
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0944
mhas191@yahoo.com

I certify that a copy of the foregoing motion has been forwarded by email and certified mail to Attorney
Jennifer L. Ditzspaon.

6/6/23
Denied

MICHAEL L. ALFANO
JUDGE

Case 1:25-cv-00550-LM-AJ    Document 11    Filed 02/06/26    Page 132 of 161
Case: 24-1442   Case 1:25-cv-00047-LM-AJ   Document 11   Filed 04/29/25   Page 272 of 558   Entry ID: 6640503
Case 1:23-cv-00472-JL-AJ    Document 17-1    Filed 12/20/23    Page 28 of 43

Matthew-Lane: Hassell, Agent
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603)231-0944

30th of May, 2023



# THE STATE OF NEW HAMPSHIRE
# NEW HAMPSHIRE CIRCUIT COURT
# 10th CIRCUIT - FAMILY DIVISION - DERRY
# 10 COURTHOUSE LANE
# DERRY, N.H. 03038
# JUDICIAL BRANCH

NH CIRCUIT COURT
Telephone: 1-855-212-1234 TTY/TDD Relay: (800) 735-2964
30th of May, 2023

### STATE OF NEW HAMPSHIRE

ROCKINGHAM,
ss

10th CIRCUIT COURT
FAMILY DIVISION-DERRY
656-2022-DM-00737

### In the Matter of

Matthew-Lane: Hassell and Devin Aileen
Kimbark

**RESPONSE TO RESPONDENT'S RESPONSE TO PETITIONER'S SECOND NOTICE OBJECTION TO MOTION FOR OBJECTION FOR MOTION FOR OBJECTION TO ORDERS FROM 22ND OF MARCH 2023 AND OPPOSITION TO RESPONDENTS MOTION FOR CONTEMPT**

1) On March 22, 2023, the Court held a Temporary Hearing and Structuring Conference in the above-entitled matter.

2) On March 23, 2023, the Court issued Temporary Orders.

3) On April 5, 2023, Petitioner filed a Motion for Objection to Orders From 22nd of March, 2023



Case 1:25-cv-00550-LM-AJ    Document 11    Filed 02/06/26    Page 133 of 161
Case: 24-1442    Document: 00118263657    Page: 237    Date Filed: 02/06/2026    Entry ID: 6640503
Case 1:23-cv-00472-JL-AJ    Document 17-1    Filed 12/20/23    Page 29 of 43

2

with the Court.

4) On April 14, 2023, Respondent filed an Objection to Petitioner's Motion for Objection to Orders
From 22nd of March, 2023.

5) On April 14, 2023, the Court issued an Order denying Petitioner's Motion for Objection to Orders
From 22nd of March, 2023.

6) On April 24, 2023, Petitioner filed an Objection to Motion for Objection to Motion for Objection
to Orders From 22nd of March, 2023.

7) On May 15, 2023, Respondent filed a Motion for Contempt due to Petitioner's unwillingness to be
forced and coerced to orders and or contracts, by claims of hearsay (without due process of law)
by an incompetent client, to subject himself to investigative purposes to help narrate false
claims against Petitioner and to complete a 10-panel hair follicle drug test and pay child
support as ordered by the Court on March 23, 2023.

8) On May 17, 2023, Petitioner filed an Opposition to Respondent's Motion for Contempt.

9) Contrary to Respondent and or her Attorney's belief, their personal beliefs as Attorney DiTrapano
has stated in her motions, are not, in fact, facts. Especially when the Attorney's information and
beliefs are bought and or paid for in this matter.

10) This brings to question if possibly Attorney Jennifer L. DiTrapano is acting as much as a claimant
against me, as much as she is representing her client?

11) Petitioners continuously files pleadings in an effort to exhaust remedy and seek competent,
meeting of minds in this matter; however inartfully decreed to Attorney Jennifer L. DiTrapano.

12) Contrary to Attorney DiTrapanos beliefs, ideology and or prayers for relief, Petitioner is not
responsible for her client(s) contract.

13) Respondent is incurring legal fees (that petitioner is not responsible for these contract fee(s)) to
respond to all of Petitioner's pleadings, in an attempt by Petitioner to exhaust remedy with honor
and good faith, without the need to further this matter in a need for claim(s) for damage(s)
(tort(s)), to and or for, any and all, who have trespassed and or conspired to trespass, on
Petitioner and or Phoenix Katherine Hassell and or their persons. Public and or Privately, legally
and or lawfully, Criminally and or Equitably.

Case 1:25-cv-00550-LM-AJ    Document 11    Filed 02/06/26    Page 134 of 161
Case: 24-1442  Case 1:25-cv-00550-LM-AJ  Document 17-1  Filed 12/20/23  Page 30 of 43

Case 1:23-cv-00472-JL-AJ   Document 17-1   Filed 12/20/23   Page 30 of 43          3

14) Respondent's Attorney's prayers for relief and personal beliefs, inappropriately request the Court to deprive the rights of petitioner, coerce and force contract(s) upon petitioner, set orders upon petitioner (under the color of law) and deprive a father (the petitioner) and infant child Phoenix Hassell) from one other.

**WHEREFORE, Petitioner, Matthew-Lane: Hassell, Propria Persona and Pro Se, respectfully demand that this Honorable Court:**

A. Since I am in Proper Person, the judge must instruct me as to the deficiencies to my pleading(s) and allow me the opportunity to replead.

B. Respond to and answer, on a point by point basis with full disclosure to the Motion I filed in the 10th CIRCUIT - FAMILY DIVISION - DERRY COURTHOUSE on 24th of April, 2023 and on the 17th of May, 2023.

C. A date be set forth for a judicial Evidentiary Hearing for Attorney Jennifer L. DiTrapano, to provide proof and to show cause to her claims, accusations and statements of hearing, libeling me, provided only by an incompetent client and person of unsound mind.

D. Deny the request for her ( Attorney Jennifer DiTrapano ) client(s) (Devin Aileen Eimbark) contract fees, to be upheld by myself and or my person. I do not and will not contract with Attorney Jennifer L. DiTrapano, or any Attorney in this matter; nor am I responsible for fees accrued for her practiced services.

E. Deny any pleadings to force and or coerce contract/(s) of any kind on me and or my person.

F. Deny any pleadings that trespass on my life, liberty or pursuit of happiness.

G. Grant any such further relief as justice may, will and or can require.

H. VOID WHERE PROHIBITED BY LAW

I. Furthermore, Matthew saith not.

NEW HAMPSHIRE RULES OF CIVIL PROCEDURE,
PARENS PATRIAE DOCTRINE
VOID WHERE PROHIBITED BY LAW

6/6/23
Denial
MICHAEL T. ALFANO
JUDGE

Matthew-Lane: Hassell authorized agent of
**MATTHEW LANE HASSELL**
45 Falcon Crest Way
Manchester, New Hampshire [03104]
(603) 231-0844
mhas191@yahoo.com

Date: 5-30-23

I certify that a copy of the foregoing motion has been forwarded by email and certified mail to Attorney Jennifer L. DiTrapano.

Case 1:25-cv-00550-LM-AJ    Document 11    Filed 02/06/26    Page 135 of 161
Case: 24-1442 Case 1:25-cv-00550-LM-AJ Document 11  Filed 12/20/25 Page 76 of 161 ID: 6640503
Case 1:23-cv-00472-JL-AJ   Document 17-1   Filed 12/20/23   Page 2 of 43

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

10th Circuit - Family Division - Derry
10 Courthouse Lane
Derry NH 03038

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE OF DECISION

MATTHEW LANE HASSELL
45 FALCON CREST WAY
MANCHESTER NH 03104

Case Name:    In the Matter of Matthew Lane Hassell and Devin Aileen Kimbark
Case Number:   656-2022-DM-00737

Enclosed please find a copy of the Court's Order dated August 31, 2023 relative to:

Petitioners Motion to Challenge, Contest, Rebuke and Rebuttal
the Narrative Order from Hearing Held 17th of July, 2023 and to
Challenge Jurisdiction

August 31, 2023

Robin E. Pinelle
Clerk of Court

(846)

C:  Jennifer L DiTrapano, ESQ; NH DHHS Office of Child Support

Case: 1:25-cv-00550-LM-AJ   Document 11   Filed 02/06/26   Page 136 of 161
Case: 24-1442 Case 1:23-cv-00472-JL-AJ Document 17-1 Filed 12/20/23 Page 2 of 43 Entry ID: 6640503

Case 1:23-cv-00472-JL-AJ   Document 17-1   Filed 12/20/23   Page 3 of 43

Matthew-Lenox Hassell
45 FALCON CREST WAY
MANCHESTER, NEW HAMPSHIRE 03104
(603) 231-0844
mhas191@yahoo.com



### THE STATE OF NEW HAMPSHIRE
### NEW HAMPSHIRE CIRCUIT COURT
### 10th CIRCUIT - FAMILY DIVISION - DERRY
### 10 COURTHOUSE LANE
### DERRY, N.H. 03038
### JUDICIAL BRANCH

**NH CIRCUIT COURT**
**Telephone: 1-855-212-1234 TTY/TDD Relay: (800) 735-2964**
**4th of August, 2023**

### STATE OF NEW HAMPSHIRE

U.S. District Court
District of New Hampshire
55 Pleasant Street
Room 110
Concord, NH 03301

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW HAMPSHIRE**

# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

**ROCKINGHAM,**
**SS**

**10th CIRCUIT COURT**
**FAMILY DIVISION-DERRY**
**659-2022-DM-00737**

Matthew-Lenox Hassell authorized agent of )
MATTHEW LANE HASSELL )
    Petitioner )
       )
    VS.- )
       )
       )
Devin Aileen Kimbark )
Attorney Jennifer L. DiTiepano )
    Respondent )
       )

CASE NO.: 659-2022-DM-00737

10th Circuit- Family Division- Derry



Case 1:25-cv-00550-LM-AJ     Document 11     Filed 02/06/26     Page 137 of 161
Case: 24-1442   Case 1:23-cv-00550-LM-AJ   Document 17   Filed 12/20/25   Page 276 of 840   ID: 6640503
Case 1:23-cv-00472-JL-AJ   Document 17-1   Filed 12/20/23   Page 4 of 43

## MOTION TO CHALLENGE, CONTEST, REBUKE AND REBUTTAL THE NARRATIVE ORDER FROM HEARING HELD 17TH OF JULY, 2023 AND TO CHALLENGE JURISDICTION

1) On the 17th of July, 2023 a Pretrial hearing was held, where I ( Petitioner ) brought up several issues ( criminal and civil rules of procedure ) and entered into the court a statement/motion for such, to be put into evidence at the earliest possible opportunity ( that was returned instead ) to including but not limited to those listed below and further grounds and means is added to for the depth and seriousness these issues shall cover;

2) Orders were signed and dated on the 18th of July, 2023 but was held until August 1st of 2023 to be mailed to Petitioner ( proof to follow this motion ), which further proves the fraud and criminal activity from the judge and the 10th Circuit-Family Division-Derry Court in its conspiracy criminal activity upon petitioner and gives grounds, cause and means for all of petitioners criminal complaints and claims for damages, to include but not limited to disqualification of a judge by; New Hampshire Rules of Civil Procedure violations rule 1.2, 2.2, 2.3, 2.11, NH Rev Stat § 626:2 (2022)-General Requirements of Culpability. --I. A person is guilty of murder, a felony, or a misdemeanor only if he acts purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense. He may be guilty of a violation without regard to such culpability. When the law defining an offense prescribes the kind of culpability that is sufficient for its commission, without distinguishing among the material elements thereof, such culpability shall apply to all the material elements, unless a contrary purpose plainly appears, NH Rev Stat § 626:8 (2022) Criminal Liability for Conduct of Another. --I. A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both, treason, terrorism, extortion, Title 18 Chapter 73 Obstruction of Justice 1505, 1506, 1509, 1512 (2)(A), (2)(B)(i), (2)(B)(ii), racketeering, conspiracy, criminal restraint, false imprisonment, falsifying an official document, false swearing, perjury, 633:1 Kidnapping. -- I. A person is guilty of kidnapping if he knowingly confines another under his control with a purpose to: (a) Hold him for ransom ( child support and visitation ) or as a hostage; or (b) Avoid apprehension by a law enforcement official; or (c) Terrorize him or some other person; or (d) Commit an offense against him, Official Oppression pursuant to NH Rev Stat § 643:1 and amongst other Constitutional, Federal and State Violation(s).

3) Territorial Jurisdiction 2022 New Hampshire Revised Statutes 625:4-Territorial Jurisdiction. I am challenging and contesting such Jurisdiction in this matter and a Trial by Jury with an Article III Federal Judge presiding is requested, demanded and instructed for.
   a) Comment; Jurisdiction has been challenged and must be decided given priority as mentioned below.
   b) Basso v. Utah Power & Light Co., 495 F 2d 906, 910. "Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided." US v. Will 449 US 200, 216 (1980) When a judge acts where he or she does

i)      Comment; Jurisdiction has been challenged, the previous presiding
        Judge ( Michael L. Alfano ) has recused himself and this document will
        show by the current presiding Judge's conduct, that has been
        challenged and contested the only appropriate Jurisdiction would be not
        in the tribunal district courts but the Superior Federal Court with a trial
        by jury and a Article III Federal Judge presiding and therefore all orders
        set forth are absolutely void in the fullest sense of terms. Dillon v. Dillon,
        187 P 27. "Thus, where a judicial tribunal has no jurisdiction of the
        subject matter on which it assumes to act, its proceedings are
        absolutely void in the fullest sense of the term."

ii)     Comment; This Stare Decisis Decision by the U.S. Supreme Court has
        already stated how the orders and lack of authority of the tribunal
        district court are nullities, and all who are involved in this matter are
        therefore trespassers against me and gives cause and grounds to not
        only my schedule fees but also my claim for damages. Elliot v. Piersol, 1
        Pet. 328, 340, 26 U.S. 328, 340 (1876) Under Federal law which is
        applicable to all states, the U.S. Supreme Court stated that if a court is
        "without authority, its judgments and orders are regarded as nullities.
        They are not voidable, but simply void; and form no bar to a recovery
        sought, even prior to a reversal in opposition to them. They constitute no
        justification; and all persons concerned in executing such judgments or
        sentences, are considered, in law, as trespassers".

b)  Pursuant to NH Rev Stat § 458-A:6 (2022) – Priority. – If a question of existence or
    exercise of jurisdiction under this chapter is raised in a child-custody proceeding, the
    question, upon request of a party, shall be given priority on the calendar and handled
    expeditiously.

    i)      Comment; Since the question was raised, although maybe unusual ( as said by
            Judge Kerry P. Steckowych in his orders from this hearing ) for the Judge as an
            Administrative Law Judge to administer the law correctly and not just what
            he/she feels like by what is standard or normal in his masquerading as a Judge,
            setting a hearing months away is not giving the proper priority on the calendar
            and being handled expeditiously. To include but not limited to Stare decisis
            decisions by; Pfizer v. Lord, 456 F.2d 532; cert denied 92 S Ct 2411; US Ct App
            MN, (1972). Judges must maintain a high standard of judicial performance with
            particular emphasis upon conducting litigation with scrupulous fairness and
            impartiality. 28 USCA § 2411.

    ii)     Comment; This motion will show the Judges conduct has disregarded
            fairness and due process and gives grounds and cause for priority to be
            given in this matter and to be handled expeditiously. Cannon v.
            Commission on Judicial Qualifications, (1975) 14 Cal. 3d 678, 694 Acts
            in excess of judicial authority constitutes misconduct, particularly where
            a judge deliberately disregards the requirements of fairness and due
            process.

    iii)    Comment; It is clearly shown that Judge Kerry P. Steckowych ( by his
            false narrative orders and the record from the hearing held on the 17th
            of July, 2023 and the motions and pleadings that have been denied and
            or rejected ) has exceeded his oath of office ( which is also treason and
            terrorism ) and no longer represents the government and the orders set
            against me to include child support order, visitation, sanctions or any
            like such are a complete nullity. Brookfield Construction Co. v. Stewart
            A.K.A. Brookfield Construction Co., Inc., and Baylor Construction Corp.,
            Appellants, v. J. George STEWART, individually and as Architect of the

4

Capitol, Appellee. 339 F.2d 753, 119 U.S. App. D.C. 254. Once a Government Official exceeds his Oath of Office, his employment contract or his jurisdiction, he no longer represents the government. Courts may not step in and either stay or compel executive action unless executive official was acting in excess of his statutory authority or transgressed a constitutional limitation, and mere fact that he might be acting erroneously or perhaps even tortuously does not vest courts with jurisdiction to act.

iv)   Butz v. Economou, 98 S. Ct. 2894 (1978); United States v. Lee, 106 U.S. at 220, 1 S. Ct. at 261 (1882) "No man [or woman] in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it." Cooper v. Armstrong, 358 US 1, 78 S. Ct. 1401 (1958).  "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it.".

v)   Forrester v. White, 484 U.S. 219 (1988), 108 S. Ct. 538, 98 L.Ed.2d 555 (1988) (state court judge did not have absolute immunity from damages suit under S 1983 for his decision to demote and dismiss a probation officer); (b) Judges have long enjoyed absolute immunity from liability in damages for their judicial or adjudicatory acts, primarily in order to protect judicial independence by insulating judges from vexatious actions by disgruntled litigants. Truly judicial acts, however, must be distinguished from the administrative, legislative, or executive functions that judges may occasionally be assigned by law to perform. It is the nature of the function performed — adjudication — rather than the identity of the actor
Comment; I am clearly able to show the violations of State Statutes, Federal law and Constitutionally Protected Rights are being violated in this matter and no immunity or protections shall be given to any and all trespassers involved in such. Harlow v. Fitzgerald, 457 U.S. 800 (1982), QUALIFIED IMMUNITY is designed to shield government officials from actions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

vi)   Juilliard v. Greenman, 110 US 421: "There is no such thing as a power of inherent sovereignty in the government of the United States .... In this country sovereignty resides in the people, and Congress can exercise no power which they have not, by their Constitution entrusted to it; All else is withheld."

c)   NH Rev Stat § 633:4 Interference With Custody- Section II. A person is guilty of a misdemeanor if such person knowingly takes, entices away, detains or conceals any child under the age of 18, or causes any such child to be taken, enticed away, detained or concealed, with the intent to detain or conceal such child from: (a) A parent, guardian or other person having lawful parental rights and responsibilities as described in RSA 461-A;
   i)   Comment; This is to include but not limited to visitation and all listed Stare Decisis Court Decision listed herein; also see Black vs. Clark's Greensboro, Inc., 263 N.C. 226, 139 S.E.2d 189, 201 (1964). Any

Case 1:25-cv-00550-LM-AJ    Document 11    Filed 02/06/26    Page 140 of 161
Case: 24-1442    Case: 23-00550-LM-AJ    Document 17-1    Filed 12/20/23    Page 7 of 43    Entry ID: 6640503
Case 1:23-cv-00472-JL-AJ    Document 17-1    Filed 12/20/23    Page 7 of 43

5

exercise of force, or expressed or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or go where he does not wish to go, is an imprisonment.

ii)   Regenold v. Baby Fold, inc., 369 NE 2d 858; 68 Ill 2d 419, appeal dismissed 98 S Ct 1598, 435 US 963, ILL. (1977).  Parent's right to custody of child is a right encompassed within protection of this amendment which may not be interfered with under guise of protecting public interest by legislative action which is arbitrary or without reasonable relation to some purpose within competency of state to effect.

iii)   Santosky v. Kramer, 102 S Ct 1388; 455 US 745, (1982).  Even when blood relationships are strained, parents retain vital interest in preventing irretrievable destruction of their family life; if anything, persons faced with forced dissolution of their parental rights have more critical need for procedural protections than do those resisting state intervention into ongoing family affairs.

iv)   Stanley v. Illinois, 405 US 645, 651; 92 S Ct 1208, (1972).  The Court stressed, "the parent-child relationship is an important interest that undeniably warrants deference and, absent a powerful countervailing interest, protection." A parent's interest in the companionship, care, custody and management of his or her children rises to a constitutionally secured right, given the centrality of family life as the focus for personal meaning and responsibility.

v)   Giozza v. Tiernan, 148 U.S. 657, 662 (1893), Citations Omitted "Undoubtedly it (the Fourteenth Amendment) forbids any arbitrary deprivation of life, liberty or property, and secures equal protection to all under like circumstances in the enjoyment of their rights... It is enough that there is no discrimination in favor of one as against another of the same class. ...And due process of law within the meaning of the [Fifth and Fourteenth] amendment is secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."
Comment; This previously decided decision gives further grounds and cause for my rico act claim for damages and the depth of criminality that the district court has acted upon me. Burns v. Reed, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L.Ed.2d 547 (1991):  The law requires that the official seeking immunity to bear the burden of demonstrating that immunity attaches to the particular function. County or city employees could not bear the burden of demonstrating that sabotage, terrorism, extortion, theft under color of law, discrimination, racketeering, violation of due process, and takings without compensation attaches to their particular function of upholding the Constitution and protecting the property and rights of tax-paying citizens and property owners; therefore, the County would not be immune, either for the conduct of criminals posing as city or county employees.

c)   NH Rev Stat § 633:3 (2022) – False Imprisonment. – A person is guilty of a misdemeanor if he knowingly confines another unlawfully, as defined in RSA 633:2, so as to interfere substantially with his physical movement.

Case 1:25-cv-00550-LM-AJ    Document 11    Filed 02/06/26    Page 141 of 161
Case: 24-1442 Case 1:25-cv-00550-LM-AJ Document 17 Filed 12/26/25 Page 32 of 161 Entry ID: 6640503
Case 1:23-cv-00472-JL-AJ    Document 17-1    Filed 12/20/23    Page 8 of 43

6

     i)   Comment; This would include but not limited to visitation, especially when I have been denied an evidentiary hearing numerous times, over numerous months now. Fox v. McCumin, 205 Iowa 752, 21 8 N.W. 489, 501 (1928); Sergeant v. Watson Bros. Transp. Co., 244 Iowa 185, 52 N.W.2d 86,93 (1952). Every confinement of the person is an imprisonment, whether it be in a common prison, or in a private house, or in the stocks, or even by forcibly detaining one in the public streets.

     ii)   Giozza v. Tiernan, 148 U.S. 657, 662 (1893), Citations Omitted "Undoubtedly it (the Fourteenth Amendment) forbids any arbitrary deprivation of life, liberty or property, and secures equal protection to all under like circumstances in the enjoyment of their rights... It is enough that there is no discrimination in favor of one as against another of the same class. ...And due process of law within the meaning of the [Fifth and Fourteenth] amendment is secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

     iii)   Colter vs. Lower and Others, 35 Ind. 285, 286-87, 9 Am. Rep. 735 (1871).  There is a marked distinction between malicious prosecution and false imprisonment. If the imprisonment is under legal process, but the action has been commenced and carried on maliciously and without probable cause, it is malicious prosecution. If it has been extra-judicial, without legal process, it is false imprisonment.

  e)   NH Rev Stat § 633:2 (2022) – Criminal Restraint. – I. A person is guilty of a class B felony if he knowingly confines another unlawfully in circumstances exposing him to risk of serious bodily injury.

     i)   Comment; This would include but not limited to visitation, especially when I have been denied an evidentiary hearing numerous times, over numerous months now. Smith v. United States, 602, F.2d.512 (1974) Government may not prohibit or control the conduct of a person for reasons that infringe upon constitutionally guaranteed freedoms.

     ii)   Burlington Transp. Co. v. Josephson, 153 Fed. 2d 372, 276 (1946). The only thing the plaintiff needs to plead and to prove is one of two things, either (1) that the defendant made an arrest or imprisonment, or (2) that the defendant affirmatively instigated, encouraged, incited, or caused the arrest or imprisonment.

     iii)   Daniels vs. Milstead, 221 Ala. 353, 128 So. 447, 448 (1930); De Armond vs. Saunders,  43 Ala. 263, 9 So.2d 747, 751 (1942). In false imprisonment, the essence of the tort is that the plaintiff is forcibly deprived of his liberty, and the good intent of the defendant, or the fact that he had probable cause for believing that an offense was committed, and acted in good faith, will not justify or excuse the trespass.

  f)   Rule 2.3. Bias, Prejudice, and Harassment– As an Administrative Law Judge, Judge Kerry P. Steckowych get incentives to be bias and prejudice against by the Social Securities Act-Title IV-D-Section 458-Incentives to the State.

      i)    Comment: This would include but not limited to visitation, especially when I have been denied an evidentiary hearing numerous times, over numerous months now, including the denial with the numerous pleadings and motions, over many months for an Evidentiary Hearing by the previous Judge in this matter that recused himself ( Judge Michael L. Alfano ). In re: J.S. and C., 324 A 2d 90; supra 129 NJ Super, at 489.  A parent's right to care and companionship of his or her children are so fundamental, as to be guaranteed protection under the First, Ninth, and Fourteenth Amendments of the United States Constitution.

      ii)    In the interest of Cooper, 621 P 2d 437; 5 Kansas App Div 2d 584, (1980). Parent's interest in custody of their children is a liberty interest which has received considerable constitutional protection; a parent who is deprived of custody of his or her child, even though temporarily, suffers thereby grievous loss and such loss deserves extensive due process protection.)

      iii)    Yick Wo v. Hopkins, 118 US 356, (1886). Law and court procedures that are "fair on their faces" but administered "with an evil eye or a heavy hand" was discriminatory and violates the equal protection clause of the Fourteenth Amendment.

g)    I requested and demanded my case be set for a Trial by Jury with an Article III Judge to preside, to be sooner then the originally stated 90 days the Judge said in the hearing held on the 17th of July, 2023, a new hearing will be set forth, not the false fraudulent and deceptive narrative and practices ( N.H. Rev. Stat. § 421-A:8 ) the Judge ( mentioned above ) has given to his unlawful order ( Kindly give clarification to the lawful law making such order lawful ), of just requesting an Article III Judge as stated by above mentioned Judge. The request for a trial by Jury with an Article III or Article III federal judge is still requested, demanded for and instructed, by the obvious false fraudulent narrative ( legal fraud ) of Judge Kerry P. Steckowych. State v. Paulick, 277 Minn. 140, 151 N.W.2d 588 (1967).  No rubber-stamp "signature" "The United States Supreme Court ... stressed the need for 'individualized review' to avoid the issuance of 'rubber stamp' warrants." Rinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1984). 1. "Statements of counsel in brief or argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." 2. "An attorney for the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

h)    It is also requested, demanded and instructed that any and all report(s), record(s), recording(s), reference(s), reporter(s) or any like such be immediately and with haste made available, as evidence to the many fraudulent narratives and orders, both from the Hearings held on the 22nd of March, 2023 and the most recent Hearing held on the 17th of July, 2023.

i) By the several inaccuracies I have pointed out so far to Judge Kerry P. Steckowych narrative order, in this one order from this hearing ( mentioned above ) and there is more ( along with all other narrative orders in this matter ), this is Prima Facie Evidence of which shall make all orders null and void, immediately and with haste. U.S. v Holzer, 816 F2d. 304, 307 Fraud in its elementary common law sense of deceit.... includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,... and if he deliberately conceals material information from them he is guilty of fraud.

j) The Judge in this matter has used the previous judges false narrative orders to the hearing held on the 22nd of March, 2023 where it states I claimed to not be an American Citizen, to be a sovereign citizen and or sentient being which I challenge the accuracies to this also and the Jurat/Affidavit of Truth that the court and Attorney has had with no rebuttal to ( United States v. Kis 658 F2d, 526, 536-337 (7th Cir 1981). Non Rebutted Affidavits are "Prima Facie Evidence in the Case.) ( Stancie v. State 917 So. 2d 911 (2005) Because this court must treat all unrefuted allegations as true, a movant's allegations are accepted as true unless they are conclusively refuted by the record. See Thruman v. State, 892 So. 2d 1095 (2004), ( Melorich Builders v. THE SUPERIOR COURT of San Bernadino County (Serbia) 207 Cal Rptr. 47 (Cal. App. 4 Dist. 1984) Uncontested Affidavit taken as true in Opposition of Summary Judgment ) and shall also be evidence to this fraudulent narrative, possibly from not actually doing his due diligence and going through the record(s), report(s), transcript(s) or any like such to include but not limited to reading into said Jurat and the legal and lawful means thereof.

   i. Comment; Again, I have to challenge the Judges in this matter who have given many false fraudulent narratives ( legal fraud ) in their orders and gives further grounds and cause for the orders to be a complete nullity. Wilson v Omaha Tribe, 442 US 633 667, 61 L. Ed. 2d 153 99 S Ct. 2529 (1979) (quoting from the United States v Cooper Corp. 312 US 669 604 85 L. Ed. 1071 61 S Ct. 742 (1941) See also Will v Michigan State Police 491 US 58, 105 L. Ed. 2d 45, 109 S Ct. 2304 which states in pertinent part: "In common usage, the term person does not include the sovereign, [and] statutes employing the [word] are normally construed to exclude it."

k) Yick Wo v Hopkins 118 U.S. 356 (1886) which states in pertinent part: "For the very idea that one may be compelled to hold his life or the means of living, or any material right essential to the enjoyment of life at the mere will of another, seems to be intolerable in any free country where freedom prevails, as being the essence of slavery itself." And goes on to state: "Sovereignty itself is of course not subject to law, for it is the author and source of law, but in our system while

9

sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exists and acts," "…The Congress cannot revoke the Sovereign power of the people to override their will as thus declared." Perry v. United States, 294 U.S. 330, 353 (1935).

l)    Comment; By the several inaccuracies I have pointed out so far to Judge Kerry P. Steckowych narrative order, in this one order from this hearing ( mentioned above ) and there is more ( along with all other narrative orders in this matter ), this is Prima Facie Evidence of which shall make all orders null and void, immediately and with haste and is a misuse of information pursuant to NH Rev Stat § 643:2 (2022 - Misuse of Information. – A public servant, as defined in RSA 640:2, II, is guilty of a misdemeanor if, knowing that official action is contemplated or in reliance on information which he has acquired by virtue of his office or from another public servant, he: I. Acquires or divests himself of a pecuniary interest in any property, transaction or enterprise which may be affected by such action or information; or II. Speculates or wagers on the basis of such action or information; or III. Knowingly aids another to do any of the foregoing.

m)    By the judge in this matter denying, returning and or requesting to reject my evidence and claim for damages under the rico act, giving false accusacies in such orders, is further committing fraud against me and therefore shows further his bias, prejudice(s) and harassment and shall be disqualified pursuant to rule 2.11 and the narrative orders to the entirety of this matter shall be null and void and the claims made by Attorney Jennifer L. DiFrapano can only be seen as Perjury pursuant to NH Rev Stat § 641:1 (2022) Perjury. –I. A person is guilty of a class B felony if in any official proceeding: (a) He makes a false material statement under oath or affirmation, or swears or affirms the truth of a material statement previously made, and he does not believe the statement to be true; or (b) He makes inconsistent material statements under oath or affirmation, both within the period of limitations, one of which is false and not believed by him to be true. In a prosecution under this section, it need not be alleged or proved which of the statements is false but only that one or the other was false and not believed by the defendant to be true. II. "Official proceeding" means any proceeding before a legislative, judicial, administrative or other governmental body or official authorized by law to take evidence under oath or affirmation including a notary or other person taking evidence in connection with any such proceeding. "Material" means capable of affecting the course or outcome of the proceeding. A statement is not material if it is retracted in the course of the official proceeding in which it was made before it became manifest that the falsification was or would be exposed and before it substantially affected the proceeding. Whether a statement is material is a question of law to be determined by the court.

Case 1:25-cv-00550-LM-AJ    Document 11    Filed 02/06/26    Page 145 of 161
Case: 24-1442    Document: 00118267216    Page: 237    Filed: 04/29/25    Entry ID: 6640503
Case 1:23-cv-00472-JL-AJ    Document 17-1    Filed 12/20/23    Page 12 of 43

10

n) U.S. v Holzer, 816 F.2d. 304, 307 Fraud in its elementary common law sense of deceit... includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,... and if he deliberately conceals material information from them he is guilty of fraud. "Comment; I have clearly let it be known, I am not a citizen to the United States Federal Government to the District of Columbia. Wheeling Steel Corp. v. Fox, 298 U.S. 193, 80 L. Ed. 1143, 56 S. Ct. 773 The U.S. citizens [citizens of the District of Columbia] residing in one the states of the union, are classified as property and franchises of the federal government as an "individual entity".

o) It is stated that the mother ( respondent ) has concerns that I ( petitioner ) fled the State of Texas to avoid criminal charges and that continues to be a flight risk during the hearing held on the 22nd of March, 2023 ( which no evidence has been provided for and all motions and pleadings have been denied for an evidentiary hearing for proof to such claims, that do not exist ). I do not recall Respondent ever saying anything, but her Attorney has made all claims against me. Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964). 1. "Statements of counsel in brief or argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." 2. "An attorney for the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

p) It is stated in the orders given ( orders stated and dated on the 18th of July, 2023, but by the mailing package, was not mailed out until the 1st of August, 2023, proof of mailing envelope to accompany this motion and shows further the fraud of the court in this matter ) that " the court has set the parameters for the Final Hearing and has recused itself from hearing any further matters relating to these parties based on Father's allegations that the court has been biased against him", which is Prima Facie Evidence of the Judges bias, prejudice and harassment, in an attempt to obstruct justice pursuant to Title 18 U.S. CODE CHAPTER 73 Obstruction of Justices 1505, 1506, 1503, 1512 (2)(A), (2)(B)(i), (2)(B)(ii) and Official Oppression pursuant to NH Rev Stat § 643:1 (2022) – Official Oppression. – A public servant, as defined in RSA 640:2, II, is guilty of a misdemeanor if, with a purpose to benefit himself or another or to harm another, he knowingly commits an unauthorized act which purports to be an act of his office; or knowingly refrains from performing a duty imposed on him by law or clearly inherent in the nature of his office. Pierson v. Ray, 386 U.S. 547 at 557 (1967). "When a judge acts intentionally and knowingly to deprive a person of his constitutional rights, he exercises no discretion or individual judgment; he acts no longer as a judge, but as a "minister" of his own prejudice " Bell v. City of Milwaukee, 746 F 2d 1205; US Ct App 7th Cir WI, (1984). The Due Process Clause of the Fourteenth Amendment requires that severance in the parent-child relationship caused by the state occur only with rigorous protections for individual liberty interests at stake.
Comment; No due process of law or equal protection under the law have been given to Plaintiff but has been denied and rejected on all accounts, which gives further cause and grounds to challenge jurisdiction, the lawfulness in which these matters have been presided over and to bring forth civil criminal complaints on all conspirators in this conspiracy ( N.H. Rev. Stat. § 629:3 ) against petitioner in the entirety of this matter.

q) Which also gives grounds and cause to my Claim for Damages under the rico act, violation(s) of Constitutionally protected rights and NH Rev Stat § 625:5 (2022) – Civil Actions – This code does not bar, suspend, or otherwise affect any right or liability for damages, penalty, forfeiture or other remedy authorized by

law to be recovered or enforced in a civil action, regardless of whether the conduct involved in such civil action constitutes an offense defined in this code. Kentucky v. Graham 473 US 159 (1985). "To succeed on a personal capacity claim against a government official, plaintiff must prove that the official, acting personally under color of state law, deprived Plaintiff of a constitutionally protected right."

*Comment; I have proven on multiple accounts the Judges in this matter ( one has recused himself, the current Judge said on record, which shall be provided by the court as evidence, that he shall recuse himself ( Judge Kerry P. Steckowych ) but now has made falsifying statements in his order contradicting such ) to bring forth my claim for damages, that has been rejected multiple times. Griswold v. Connecticut, 381 US 479, (1965). The Constitution also protects "the individual interest in avoiding disclosure of personal matters." Federal Courts (and State Courts), under Griswold can protect, under the "life, liberty and pursuit of happiness" phrase of the Declaration of Independence, the right of a man to enjoy the mutual care, company, love and affection of his children, and this cannot be taken away from him without due process of law. There is a family right to privacy which the state cannot invade or it becomes actionable for civil rights damages. Palmore v. Sidoti, 104 S Ct 1879; 466 US 429. Reality of private biases and possible injury they might inflict were impermissible considerations under the Equal Protection Clause of the 14th Amendment.

r) NH Rev Stat § 633:11 (2022) – Civil Remedy. –I. A victim may bring a civil action against a person that commits an offense under this subdivision for damages, injunctive relief, or other appropriate relief.
*Comment; The Judicial Branch, Circuit Courts and Administrative Law Judges involved in this matter are supposed to protect me against these violations and have failed to do so, which is further prima facie evidence of their bias, prejudice(s) and harassment against me and or the seeking of profits through the Social Securities Act-Title IV-D-Section 458-Incentives to the State as previously decided by Gross v. State of Illinois, 312 F 2d 257; (1963). State Judges, as well as federal, have the responsibility to respect and protect persons from violations of federal constitutional rights. My natural rights as a father have continuously been violated, along with Constitutionally protected rights, Federal Law Violations and State Statute Violations and this must cease and desist immediately and with haste.Doe v. Irwin, 441 F Supp 1247; U.S. D.C. of Michigan, (1985). The rights of parents to the care, custody and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions, and such right is a fundamental right protected by this amendment (First) and Amendments 5, 9, and 14. The several states have no greater power to restrain individual freedoms protected by the First Amendment than does the Congress of the United States. Wallace v. Jaffree, 105 S Ct 2479; 472 US 38, (1985).

s) Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. Though First Amendment rights are not absolute, they may be curtailed only by interests of vital importance, the burden of proving which rests on their government. Elrod v. Burns, 96 S Ct 2673; 427 US 347, (1976).
*Comment; The burden of proof is now put upon the court, judges, magistrates, government or any like such that my rights and freedoms that are questioned and therefore irreparable injured, is not a fact and are not more than mere allegations that the court has been biased against me, as Judge Kerry P. Steckowych claims, in his order from the 18th of July, 2023 from the hearing

held on the 17th of July, 2023.

t) Bell v. City of Milwaukee, 746 f 2d 1205, 1242^Q45; US Ct App 7th Cir WI, (1985).  The parent-child relationship is a liberty interest protected by the Due Process Clause of the 14th Amendment.
\* Comment; I ask again, kindly give clarification to the due process of law that has been given to petitioner.

u) Carson v. Elrod, 411 F Supp 645, 649; DC E.D. VA (1976).  No bond is more precious and none should be more zealously protected by the law as the bond between parent and child."
\*Comment; Again, I ask where has any protections of the law or constitution been administered for petitioners' bond with his child or the rights thereof, or more so zealously protected by the law for the bond between a father and a child, as all petitioner as seen is the lack thereof and moreso a zealous protection against the law to deprive and prevent such bond between a father and child.

v) Rule 2.9 Emergency and Ex Parte Relief
Ex Parte.  Subject to the provisions of RSA 458:16 and RSA 461-A:9, an emergency order may be granted without written or oral notice to the other party or attorney only if it clearly appears to the Court from specific facts shown by sworn statement or by the verified petition that immediate and irreparable injury, loss, or damage shall result to the applicant, the children, or the marital estate before the other party or attorney can be heard.  If the other party is represented or has filed an appearance, normally no relief will be granted without notice to the other party and an opportunity to be heard. An ex parte order may be requested by motion of the petitioner/attorney prior to service of the petition.  A hearing shall be scheduled within thirty (30) days of the issuance of an ex parte order.  In addition, the party against whom the orders are issued may file a written request with the court for a hearing on such orders, which hearing shall be held no later than five (5) days after the request is received.
\*Comment; Petitioner is requesting emergency and ex parte relief of One Hundred Thousand U.S.D. ( $ 100,000.00 ) or the highest percentage to that the court can issue, for the criminal violations and acts by the Administrative Law judges that have been involved in this Court matter ( mentioned above ) that has brought many undue cost(s), undue hardship(s) and undue burden of loss(es) upon Petitioner and is still continuous to where Petitioner needs adequate means to further defend his natural right(s) in all that that encompass(es), seek possible legal representation for these litigation matters, cost(s) for witness(es), cost(s) for false fraudulent narrative drug test(s), cost(s) for false fraudulent narrative mental health evaluation(s), cost(s) for LADC test(s), cost(s) for travel expenses, cost for loss of personal work wage(s) or any like such and all those moving forward until this matter is concluded. The emergency and ex parte relief shall be paid back to the court by whichever party/s to be found at fault and or guilty in this matter.

WHEREFORE, Petitioner; Matthew-Lane: Hassell, Propria Persona and Pro Per/Pro Se, respectfully request, demand and instruct that this Honorable Court:

A. Grant Petitioner immediate 50/50 custodial grantorship of infant child, with retrograde of custodial parenting time to start immediately and with haste.

B.  Grant Petitioner a Trial by Jury with an Article III or Article III Federal judge to preside over this matter in its entirety.

Case 1:25-cv-00550-LM-AJ    Document 11    Filed 02/06/26    Page 148 of 161
Case: 24-1441 Case: 24-1441 Document: 57 Document: 57 Filed: 04/30/25 Page: 229 of 254 Entry ID: 6640503

Case 1:23-cv-00472-JL-AJ    Document 17-1    Filed 12/20/23    Page 15 of 43

13

C.  Order an Immediate Cease and Desist to the Bureau of Child Support Services being
sought against Petitioner.

D.  Grant Petitioner immediately, expeditiously and with haste the requested Rule 2.9
Emergency and Ex Parte Relief of One Hundred thousand ( $ 100,000.00 ) U.S.D. or the
maximum the Courts can release, which shall be seen to Petitioner as the first
honorable and good faith attempt by the Courts, for the criminal acts the judges
mentioned above are guilty of and a beginning point to remedy such complaints
brought forth by Petitioner ( to include but not limited to any and all Claim for
Damage(s) Rico Act Violation(s) ) and possibly bring immunities, protections and
closure to the seeking of Petitioners criminal complaints against any and all acting
government employees, Judges, magistrates, entities, corporations or any like such in
this matter.                                                         1.  This would
not remedy any criminal complaints and seeking of justice and relief for Respondent,
Respondents Family Members, Respondents Attorney or the firm she is employed by.

E.  Order Respondent to immediately seek LADC and Mental Health Psychological
Testing.

F.  Order Respondent to immediately start Four Times ( 4x ) a week alcohol testing (
Tuesday, Wednesday, Saturday and Sundays ).

**NEW HAMPSHIRE RULES OF CIVIL PROCEDURE,**
**PARENS PATRIAE DOCTRINE**

**All Rights Reserved Without Prejudice U.C.C. 1-308**

**VOID WHERE PROHIBITED BY LAW**

Dated: 4th of August, 2023

Matthew-Lane: Hassell authorized agent of
**MATTHEW LANE HASSELL**
45 Falcon Crest Way
Manchester, New Hampshire [03104]

I certify that a copy of the above mentioned motion has been hand delivered,
forwarded by email and or sent by USPS mail to opposing counsel Attorney
Jennifer L. Ditzapano.

**Platsky v. C.I.A. United States Court of Appeals, Second Circuit Nov 24, 1991,
1953 E2d 26 (2d Cir. 1991).** Reversing district court for dismissing pro se
complaint for lack of standing without explaining formalities of pleading and affording
pro se plaintiff an opportunity to replead.
**Comment; Merely saying motion is inappropriately filed is inadequate and
insufficient cause for dismissal or rejection, you must explain the proper
formalities and allow me an opportunity to replead.**

# ATTACHMENT 2

- previously served notices (5 U.S.C. § 552 (FOIA) and NH RSA 161-B:7, III, and RSA 91-A), dated July-August 2024.

STATE OF NEW HAMPSHIRE
DEPARTMENT OF HEALTH AND HUMAN SERVICES
DIVISION OF CHILD SUPPORT SERVICES
26 WHIPPLE STREET
NASHUA NH 03060-9926
Ashley, Mary Rose and Betty Raymond (agent/s)
603-579-9342


15th of July, 2024


In re: Case Number: 30154799C


### F.O.I.A. REQUEST/DEMAND
(Title 5 U.S.C. § 552 et al. and 552a et al. and 552b et al.
N.H. Rev. Stat. (RSA) § 91-A et al. and RSA 161-B:7. III)
With 'AFFIDAVIT IN SUPPORT' (OPPORTUNITY TO CURE)
(9 Pages)

    I Matthew-Lane: Hassell, Beneficiary, am requesting all report(s) and document(s) and file(s) and voluntary or otherwise agreement(s) and contract(s) or the like to case number: 30154799C. The enforcement of said 'ORDER'(not properly Authenticated and not in compliance of the Judiciary Act (an act of congress) of 1789 and not vested in a Court in violation of Article III of the U.S. Constitution and not in compliance with New Hampshire Constitution et al.) is operating allegedly in violation to the New Hampshire Constitution et al. (specifically Articles [Art.] 2-b. Right of Privacy and [Art.] 14. Legal Remedies to be Free, Complete, and Prompt and [Art.] 15. Right of Accused and [Art.] 19. Searches and Seizures Regulated and [Art.] 20. Jury Trial in Civil Causes and [Art.] 23. Retrospective Laws Prohibited and [Art.] 33. Excessive Bail, Fines, and Punishments Prohibited and [Art.] 37. Separation of Powers and [Art.] 84. Oath of Civil Officers).


    I am also requesting/demanding all civil officers within the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES (A.K.A. also known as B.C.S.S.) take "NOTICE" of the matter listed herein and also "NOTICE" the Public Servant Questionnaire (copy provided) and have such fully and completely answered and sent to me by the email address and domicile provided below.


    "DISCLAIMER:  I have knowledge of copyright laws and have observed the copyright symbol(s) contained within what appears to be all Books, Codes, References, Reporters, and the like,dealing with law, and such a symbol's use and employment in providing notice that the contents therein are the private property of the copyright owner, and I freely admit that I have neither grant,

Page 1

franchise, license, nor letter-patent to use said contents, nor practice the same. Please be advised that all cites thereto, and excerpts therefrom, are utilized and employed herein merely for educational and communicational purposes, to display from where my present understanding inheres from, and, due to the depth of the matter with which this controversy attempts to cover." This is called Fair Use and is allowed for purposes of criticism, news reporting, teaching and parody which doesn't infringe on copyright under 17 U.S.C.A. INCLUSIVE."

Any claim of "immunity" which government agents could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the U.S. Constitution Article 2, Section 4, as well as 18 U.S.C. 241 and 18 U.S.C. 242 and 42 U.S.C. 1983 and 42 U.S.C. 1985 and 42 U.S.C. 1986 and the New Hampshire Constitution; Section 2, Article 17 and 38 and 39. Impeachment.

This is a self-executing contract. Notice to the principal is notice to the agent, notice to the agent is notice to the principal. You are hereby bound to inform all of your colleagues and superiors and subordinates and all who are involved in this matter and all which may have future interactions with my person or me. If there is something you do not understand clearly, it is incumbent upon you to summon a superior officer, special prosecutor, federal judge or other competent legal counsel to immediately explain the significance of this instrument as per your duties and obligations in respect to this public formal instrument. Your lack of knowledge is cause for you to recuse yourself from this case and find a suitable replacement or succumb to my respectful demands and DISMISS this matter with PREJUDICE.

You have 3, (three) days from the receipt of this "AFFIDAVIT" to respond on a point-by-point basis, via sworn Affidavit, under full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading. Mere declarations are an insufficient response and a complete nullity. If an extension of time is needed to properly answer, please request such in writing. Failure to respond will be deemed Nil Dicit Tacit Acquiescence and constitutes agreement with the facts stated within this AFFIDAVIT and as an acceptance of liability. Traitors, Protestants, Liberals and Heretics take heed for I oppose your causes for I am a non-combatant and a man of peace and a peaceful inhabitant.

I have a right to equal access to justice. I hereby demand all paperwork and document(s) and agreement(s) (voluntary or otherwise) and Contract(s) or the like of any "agencies" involved in this controversy (including but not limited to law enforcement, court officer(s) (also to include Administrative agents, guardians, Civil Officers and the like) and the branch of government (executive or legislative or Judicial) all authorities are operating (individually) from and get their authority from. I also hereby request a true and correct (certified copy) of the file against me and any and all evidence and

affidavits and testimony and report(s) and paper(s), and the like, etc., This must be done without cost and without delay in accordance with Brady v. Maryland, 373 U.S. 83 (1963) wherein it was decided that "The government's withholding of evidence that is material to the determination of either guilt or punishment of a criminal defendant violates the defendant's constitutional right to due process." This is further mandated in accordance with U.S. v. Tweel, 550 F.2d 297 (1977) wherein it was decided; "Silence can only be equated with fraud when there is a legal or moral duty to speak, or when an inquiry left unanswered would be intentionally misleading. We cannot condone this shocking conduct. If that is the case we hope our message is clear. This sort of deception will not be tolerated, and if this is routine it should be corrected immediately".

     I respectfully demand you allow me to inspect and verify the Congressional Charter, LLC, LLP or other documents, which prove that the 10th Circuit - Family Division - Derry and the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES is an agency of government.

      a. According to the constitution for the United States of America, Article 1 Section 8, there is a list of all agencies of government. If the 9th Circuit - Family Division - Derry and/ or the STATE OF NEW HAMPSHIRE (066760232) DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES and is not specifically listed therein and that would lead one to believe their agents are mere corporations in according to Title 28 Section 3002 (15), (A) and (B) and (C) the United States is a federal corporation and all agencies of "government" (city and county and state municipalities) are sub-corporations under their superior authority.

      b. Is the 10th Circuit - Family Division - Derry Court and/ or STATE OF NEW HAMPSHIRE and/ or DEPARTMENT OF HEALTH AND HUMAN SERVICES and/ or DIVISION OF CHILD SUPPORT SERVICES a Corporation registered on Dun and Bradstreet? If so, kindly provide all Corporate documentary evidence involved within said Corporation(s) pursuant to Title 15 § 44.

     If you cannot provide proof the 10th Circuit - Family Division - Derry and the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES is an agency of government, I respectfully demand you allow me to inspect and verify a signed contract or other commercial agreement, which obligates me to personal and subject and subject matter jurisdiction of the 10th Circuit - family Division - Derry and/ or the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES and/ or other such jurisdictions, signed by both parties, in accordance with the Supreme Court decision Clearfield Trust Co. v. United States 318 U.S. 363-371 (1943).

      a. Please make certain the contract(s) you offer contains Full Disclosure;

b. Please make certain the contract(s) you offer contains the Equal Consideration (what your corporation brings to the table), and the mutual obligation, (what your corporation is obligated to perform) according to the contract.

c. Please make certain the contract(s) you offer contains the Lawful Terms and Conditions (proof the contract is not based upon fraud); and

d. Please make certain the contract(s) you offer contains both Signatures of the Parties/ Meeting of the Minds (corporations can't sign because they have no right, or mind, to contract as they are legal fictions).

If you cannot provide me a contract or other commercial agreement which obligates me to the jurisdiction of the 10th Circuit - Family Division - Derry and the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES, I respectfully demand you allow me to inspect and verify the AFFIDAVIT in support of WARRANT and a BONAFIDE WARRANT for seizure of my property or person.

If you cannot provide me proof that the 10th Circuit - Family Division - Derry and the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES, is an agency of government nor provide me a contract or other commercial agreement which obligates me to your jurisdiction, nor provide me a AFFIDAVIT in support of Warrant nor provide me a (BONAFIDE) WARRANT for the seizure of my property or person, I respectfully demand you dismiss (rescind) all charges (ORDERS, enforcement, collections or the like) against me and my person.

a.    I also demand all attempts to collect and/ or enforce payments cease and desist immediately (forthwith) and forever more and that all payments be reimbursed to me immediately.

b.    I hereby decree the contract you are unlawfully enforcing is invalid and I hereby invoke the severability clauses of RSA 458-A:40 and 546-B:59.

c.    I hereby rescind all agreement(s) and/ or contract(s) unknowingly and/ or unlawfully and/ or unconstitutionally created.

d.    If the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES wishes to contract with me or my person scheduled fees can be found at Register of Deeds, Hillsborough County – Doc. # 240001740, Book 9753, Page 719-725.

I, Matthew:Lane : Hassell also assert; If my suspicion is correct this would also be a violation to 18 U.S. Code § 505 - Seals of courts; signatures of judges or court officers and/ or 18 U.S. Code § 506 – Seals of departments or agencies (a) (1) and (2) and (3).

If the above is correct, then the Administrative agent (Michael L. Alfano or any others) is posing as a Judicial Officer in violation to Title 18 U.S. Code § 912 - Officer or employee of the United States, who made such forged document/s, as well as the corporation(s) and entities and persons or the like, involved with making and possessing and transferring such security (evidence of indebtedness) would be in violation of Title 18 U.S. Code § 513 - Securities of the States and private entities as well as possibly the Security Exchange Act.

If the above is correct, then all parties involved would be in conspiracy to deprive me of rights under the color of law and that would be a violation to Title 18 U.S. Code § 241 and Title 18 U.S. Code § 242.

If the agent listed above is not acting Judicially but instead administratively and has had my property seized under the color of law, it is also my understanding this would be a violation to New Hampshire Constitution Article 23 Retrospective Laws Prohibited- Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses. June 2, 1784

It is also my understanding all civil officers have a duty to support and defend the U.S. Constitution under Title 5 U.S. Code § 3331 as well as the New Hampshire Constitution under Article 84. It is incumbent upon your duties and to bear faith and true allegiance to the United States of America and the state of New Hampshire, and support the constitution thereof and faithfully and impartially discharge and perform all duties incumbent on you and to investigate any possible state and Federal Constitutional violations in the making of such "ORDER".

I am further requesting/demanding the following information is to be 'CERTIFIED' and 'NOTARIZED' under pains and penalty of perjury and failure to answer or comply will be seen as prima facie evidence of fraud:

1. **Is child support constitutional?;**
   Please explain your answer in detail;

2. **Does child support violate Privacy laws?;**
   Please explain your answer in detail;

3. **Is this contract for a loan?;**
   Please explain your answer in detail;

4. Does child support violate child safety laws?;
   Please explain your answer in detail;

5. What law gives you authority over me and/ or my child?;
   Please explain your answer in detail;

6. What did I say, do or sign that gave you consent for and over, me and my person?;
   Please explain your answer in detail;

7. Does child support violate equal protection laws?;
   Please explain your answer in detail;

8. Does B.C.C.S. accept lawful monies of gold and silver?;

9. I will be needing your direct Supervisor('s), Department Supervisor('s) and STATE's Supervisor('s)/Manager/Director contact information;

10. I will be needing B.C.C.S. Policy and Procedure on how to file a formal complaint;

11. I will need a true and accurate and complete copy of the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES guidelines;

12. Is the Social Security Act Title IV—GRANTS TO STATES FOR AID AND SERVICES TO NEEDY FAMILIES WITH CHILDREN AND FOR CHILD—WELFARE SERVICES voluntary, pursuant to SEC. 403. [42 U.S.C. 603] (a) GRANTS.— (2)(A) IN GENERAL.—(I) DESCRIBES—(BB) WHAT THE APPLICANT WILL DO, TO THE EXTENT RELEVANT, TO ENSURE THAT PARTICIPATION IN THE PROGRAMS OR ACTIVITIES IS VOLUNTARY, AND TO INFORM POTENTIAL PARTICIPANTS THAT THEIR PARTICIPATION IS VOLUNTARY?;
   Please explain your answer in detail;

13. Provide factual evidence I volunteered into the participation in the program and activities or is such participation fraudulently coerced and forced contracting?;
Please explain your answer in detail;

14. Provide factual evidence I submitted to any jurisdiction relevant to 458-A:5 Effect of Child-Custody Determination?;
Please explain your answer in detail;

15. By the record(s) on file and pursuant to 458-B:7 Opportunity to Contest Assignment, was I given proper opportunity to be heard (due process of law and equal protection under the law)?;
Please explain your answer in detail;

16. Was judicial consideration given pursuant to 458-B:7 II or was it an administrative decision (" United States v. Dickson, 15 Pet. 141, 162."The interpretation of the meaning of statutes, as applied to justiciable controversies," remained "exclusively a judicial function." United States v. American Trucking Assns., Inc., 310 U.S. 534, 544.)?;
Please explain your answer in detail;

17. Is the civil penalties (child support) against me a securities fraud and/ or common law fraud ("a type of remedy at common law that could only be enforced in courts of law.") ( see Supreme Court of the United States. "603 U. S. ____ (2024) No. 22–859 SECURITIES AND EXCHANGE COMMISSION, PETITIONER v. GEORGE R. JARKESY, JR.,ET AL. 6/27/2024;?
Please explain your answer in detail;

18. Is the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES obligated to use civil penalties to compensate victims?;
Please explain your answer in detail;

An administrative interpretation of the law is insufficient for response.
Supreme Court of the United States. LOPER BRIGHT ENTERPRISES, et al., Petitioners v. Gina RAIMONDO, Secretary of Commerce, et al. Relentless, Inc., et al., Petitioners v. Department of

Commerce, et al. 22-451 22-1219. (28 June 2024). As relevant here, the APA specifies that courts, not agencies, will decide "all relevant questions of law" arising on review of agency action, 5 U.S.C. §706 (emphasis added)-even those involving ambiguous laws. "agencies have no special competence in resolving statutory ambiguities. Courts do." Chevron (467 U.S. at 843) gravely erred in concluding that the inquiry is fundamentally different just because an administrative interpretation is in play. An agency's interpretation of a statute "cannot bind a court," but may be especially informative "to the extent it rests on factual premises within [the agency's] expertise.

I have previously sent in an affidavit and many objection(s) and filing(s) and document(s) or the like to agent/s of STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES (B.C.S.S.) (one such document provided) to which no medium of response reasonable under the circumstances was had. I respectfully request/demand the silence to the documents I have previously supplied the aforementioned agents be remedied with haste.

The STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES (B.C.S.S.) has previously failed to provide, with full disclosure, to any and all rule(s), guideline(s), policie(s), statute(s), code(s), law(s) or any like such, that will be enforced and or involved in this coercion attempt to contract with me and my person, in the above fore-mentioned Case.

The STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES has previously failed to provide, with full disclosure, to any and all account(s), and bond(s), and pay-in(s), and Pay-out(s), and commission(s), and Kick-back(s), and payoff(s), and trust fund(s) or any like such. Kindly provide me in detail all such 'documentary evidence(s)' Pursuant to Title 15 § 44 "Documentary evidence" includes all documents, papers, correspondence, books of account, and financial and corporate records..

I respectfully demand a full and accurate response to all previous document(s) submitted to The STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES.

If the violations listed within this document are true, are you (the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES and its agent(s)) also in possible conspiracy by withholding and deliberately concealment of material information in a setting of fiduciary obligation by leaving such previous documents unanswered and not investigating and seeking prosecution for such crimes against the people

Page 8

(me)? As cited by "McNally v. U.S., 483 U.S. 350 (1987). 371-372, Quoting U.S. v Holzer, 816 F.2d. 304, 307 (1987). Fraud in its elementary common law sense of deceit... includes the. A public official is a fiduciary toward the public,... and if he deliberately conceals material information from them he is guilty of fraud." and "U.S. v Holzer, 816 F.2d. 304, 307 Fraud in its elementary common law sense of deceit... includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,... and if he deliberately conceals material information from them he is guilty of fraud."

I hereby assert you have been given plain and accurate knowledge and 'NOTICE' (U.C.C. § 1-202. Notice; Knowledge.) of act(s) conspired and committed against me and my person, it is incumbent upon you to take action to prevent such further act(s) or you are in neglect and co-conspiracy to all such act(s) pursuant to 42 U.S. Code § 1986.

**All Rights Reserved Without Prejudice U.C.C. 1-308**
**VOID WHERE PROHIBITED BY LAW**

_Matthew-Lane; Hassell_    Dated: 15th of July 2024

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nahua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

# NOTARY PUBLIC

State _New Hampshire_

County _Rockingham_    Subscribed and sworn to, before

me, a Notary Public the above signed Matthew-Lane: Hassell.

This _15th_ day of _July_ year _2024_.

Notary Public _Allison Lamperti_

MY COMMISSION EXPIRES: _9/06/2028_

ALLISON C LAMPERTI
Notary Public - New Hampshire
My Commission Expires Sep 6, 2028

**Page 9**

5 USC 552a (e)(3) authorizes a sovereign natural person ("Citizen") to use this form to collect information from the Public Servant to determine whether to divulge information to the Public Servant and employing Agency.  Public Law 93-579 states: *"The purpose of this Act is to provide certain safeguards for an individual against invasion of personal privacy requiring Federal agencies . . to permit an individual to determine what records pertaining to him are collected, maintained, used or disseminated by such agencies . ."*

# PUBLIC SERVANT'S QUESTIONNAIRE (Refer to Privacy Act of 1974)

| | |
|---|---|
| Public Servant Full Name | ID # ☐ Refused? |
| Driver License # ☐ Refused? | Badge # ☐ Refused? |
| Residence Address  Street | City                State   Zip |
| Office Mail Address  Street | City                State   Zip |
| Employing Agency or Dept | Supervisor's Name |

1 Will Public Servant uphold the Constitution for the United States of America (required by USA & State Constitution & Law)? ☐Yes ☐No

2. Will Public Servant furnish a copy of the law or regulation which authorizes this investigation (5 USC 552a (e) (3) (A))? ☐Yes ☐No

3. Will Public Servant read aloud that portion of the law authorizing the questions Public Servant will ask (5 USC 552a (e) (3) (A))? ☐Yes ☐No

4 What prerogative does Citizen have in giving answers to Public Servant questions (5 USC 552a (e) (3) (A))? ☐Voluntary ☐Mandatory

5 What basis exists for asking the intended questions (5 USC 552a (d) (5), (e) (1))? ☐Specific law or regulation ☐Used as a discovery process

6 What nature does this investigation have (5 USC 552a (e) (3) (A))? ☐General (multiple people involved) ☐Special (one person involved)

7 Does Public Servant reasonably anticipate that any information sought or collected in this investigation will form the basis of or lead to criminal action against Citizen or any other entity? ☐Yes ☐No

8 Will Public Servant guarantee only the department employing Public Servant will use the information or derivative thereof supplied by Citizen in this investigation (5 USC 552a (e) (10))? ☐Yes ☐No

9  Name all files of records, information, or correspondence related to Citizen that Agency maintains (PL 93-579 (b) (1))?  ➔  ☐None

10  Give the full name of the person in government requesting that Public Servant conduct this investigation (PL 93-579 (b) (1))  ➔  ☐No One

11  Name and identify all third parties Public Servant consulted, questioned, interviewed, or received information from any third party relative to this investigation (5 USC 552a (e) (2), (d) (5))  ➔  ☐None

12  Name all other agencies or government sources that supplied any information pertaining to Citizen (PL 93-579 (b) (1))?  ➔  ☐None

13  May Citizen have a copy of all information pertaining to Citizen that other agencies or government sources supplied (5 USC 552a (d) (1))? ☐Yes ☐No  (if no state authority for withholding info)  ➔  ☐No Authority

14  What other most may be made of the information (5 USC 552a (e) (3) (B), (e) (3) (C))?  ➔  ☐None

15  What other agencies may have access to this information (5 USC 552a (e) (3) (B), (e) (3) (C))?  ➔  ☐None

16  What will be the effect upon Citizen if Citizen should choose not to answer any part of these questions (5 USC 552a (e) (3) (D))?  ➔  ☐None

Public Servant Affirmation: I swear or affirm under penalty of perjury that I have answered the foregoing questions correctly and completely in every particular.  ➔   Wet ink signature of Public Servant                  Date

| Citizen's Witnessing Name and Signature  ☐Administered Oath  Date | Witness Name and Signature          Date |

Note:  Citizen may administer oath to Public Servant if no one else exists to witness Public Servant affirmation

STATE OF NEW HAMPSHIRE
DEPARTMENT OF HEALTH AND HUMAN SERVICES
DIVISION OF ECONOMIC STABILITY
BUREAU OF CHILD SUPPORT SERVICES - LEGAL
129 PLEASANT STREET, CONCORD, NH 03301-3857
603-271-4429
Susan N. Brisson, Esquire (BCSS Chief Staff Attorney, Agent)
603-271-4812

21st of August, 2024

In re: Case Number: 30154799C

## F.O.I.A. REQUEST/DEMAND, FINAL NOTICE

(FREEDOM OF INFORMATION ACT DEMAND Title 5 U.S.Code § 552 et al.
(inclusive)

Also to include but is not limited to Title 5 U.S. Code 552a et al. and Title 5 U.S.
Code 552b et al. and N.H. Rev. Stat. (RSA) § 91-A et al. and RSA 161-B:7, III

Dear Susan N. Brisson,

I Matthew-Lane: Hassell, Beneficiary, am writing this 3RD (THIRD) 'NOTICE' as prima facie evidence and default by you and the agency you are employed by, by Tacit Acquiescence, knowingly acting in fraud. It was specifically stated in the 2nd (SECOND) "NOTICE", received by agent FOURNIER on the 30th of July, 2024, "Expected disclosure of all documentation and answers or the like shall be set for the 16th of August, 2024, NO EXCEPTIONS." On this day of the 21st of August, 2024 nothing (no medium of response reasonable under the circumstances) has been rebutted or received by me.

This is an obvious delay and obstruction. It was also demanded in both 'NOTICES' (first NOTICE received on the 17th of July, 2024), that all contract(s) and agreement(s) be rescinded. Still no rescission has been applied and has furth caused harm and injury to me. All contract(s) and agreement(s) must be rescinded forthwith, immediately and with haste, this is non-negotiable, NO EXCEPTIONS.

The STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES is further violating New Hampshire Constitution Article 2-b, Right of Privacy (An individual's right to live free from governmental intrusion in private or personal information is natural, essential, and inherent December 5, 2018) by intrusion upon my private and personal information and seizing of my property (tangible property, securities, wages), this must CEASE AND DESIST forthwith, immediately and with

haste, and return all property (tangible property, securities, wages) on the day of receipt of this "FINAL NOTICE", this is non-negotiable, NO EXCEPTIONS.

This injury being given full knowledge and notice through and by the STATE OF NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF CHILD SUPPORT SERVICES and its agents, as stated in the first notice "I hereby assert you have been given plain and accurate knowledge and 'NOTICE' (U.C.C. § 1-202. Notice; Knowledge.) of act(s) conspired and committed against me and my person, it is incumbent upon you to take action to prevent such further act(s) or you are in neglect and co-conspiracy to all such act(s) pursuant to 42 U.S. Code § 1986." This must CEASE AND DESIST forthwith, immediately and with haste, on the day of receipt of this "FINAL NOTICE", this is non-negotiable, NO EXCEPTIONS.

It has also come to my attention that BCSS has been misquoted (typo) in part, in my previous demands as BCCS, let this NOTICE correct that typo to accurately state such typos as B.C.S.S. (A.K.A. Bureau/Division of Child Support Services).

I am also including a copy of both previous communications (NOTICE, DEMANDS) as further courtesy copies, so there can be no mistakes as to the duties owed to me.

Kindly provide all demands forthwith, immediately and with haste, on the day of receipt of this "FINAL NOTICE", this is non-negotiable, NO EXCEPTIONS, to include but is not limited to rescinding all agreement(s) and contract(s) creating obligation(s) from me.

All Rights Reserved Without Prejudice U.C.C. 1-308
VOID WHERE PROHIBITED BY LAW

*Matthew-Lane: Hassell*    Dated: 21st of August, 2024

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nahua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com

NOTARY PUBLIC

State  New Hampshire

County  Hillsborough  Subscribed and sworn to,

before me, a Notary Public the above signed Matthew-Lane: Hassell.

This  21st  day of  Aue  year  2024 .

Notary Public  *Kathleen*

MY COMMISSION EXPIRES:_____

AATIE RATHOD
Notary Public - New Hampshire
My Commission Expires Jan 22, 2025

Page 2