UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
*************************************
Matthew Lane Hassell, et al,         *
                                     *
            Plaintiff,               *
     v.                              *     Civil No. 1:25-CV-00550-LM-AJ
                                     *
NH Dept. of Health and Human Services,*
Bureau of Child Support Services,    *
Betty Raymond,                       *
Lori A. Weaver,                      *
Susan N. Brisson                     *
                                     *
            Defendants               *
                                     *
*************************************
```

### MOTION TO EXTEND TIME TO FILE RESPONSIVE PLEADING TO COMPLAINT AND TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Defendants, NH Department of Health and Human Services, Bureau of Child Support Services, Betty Raymond, Lori Weaver, and Susan N. Brisson, by and through their counsel, the New Hampshire Office of the Attorney General, hereby moves to extend the deadline to file a responsive pleading to Plaintiff's complaint and motions for a preliminary injunction to thirty days after the completion of the Court's preliminary review, stating as follows:

1.      On December 29, 2025, Plaintiff Matthew Lane Hassell filed a Complaint in this Court naming Lori Weaver, Susan Brisson, and Betty Raymond among the defendants. All three individuals are employees of the State of New Hampshire.

2.      Under the local rules of the United States District Court for the District of New Hampshire, complaints filed against a government employee by a pro se party "shall" be brought before a magistrate judge "for preliminary review to determine whether the court has subject matter jurisdiction." LR 4.3(d)(3). If it is determined that the court lacks jurisdiction "the

magistrate judge shall either recommend that the filings be dismissed, recommend that a removed action be remanded, or grant the party leave to file amended filings in accordance with the magistrate judge's directives." *Id*.

3.     Upon information and belief, the preliminary review required by Local Rule 4.3(d)(3) has not yet taken place. Because that review may result in the Court finding it has no subject matter jurisdiction over some or all of the claims brought against the state employees, it would be inefficient for a reply to the complaint be filed prior to the resolution of that review.

4.     Plaintiff also filed two motions for a preliminary injunction. [ECF 2] [ECF 5]. The Court has taken those motions under advisement, providing Defendants have had an opportunity to respond. [ECF 4] [ECF 6]. Extending the time to respond to those motions until after the Court has conducted its preliminary review pursuant to Local Rule 4.3(d)(3) serves judicial efficiency, as jurisdiction is a threshold requirement for a court to issue binding orders in a case. *Bryan v. United States Citizenship & Immigr. Servs.*, 2025 U.S. Dist. LEXIS 162673, *7 (D.N.H. June 30, 2025) ("[i]n the absence of jurisdiction, a court is powerless to act.") (quoting *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp.*, 362 F.3d 136, 138 (1st Cir. 2004).

5.     If the Court reviews the matter pursuant to Local Rule 4.3(d)(3) and finds that it does have subject matter jurisdiction, the Defendant requests that the Court allow Defendants 30 days from the date of the Court's decision on preliminary review to file a responsive pleading to both the complaint and the motions for a preliminary injunction. Such an extension would not result in the continuance of any hearing, conference, or trial. Nor would such an extension prejudice Plaintiff[1].

---

[1] This Court observed that "it does not appear that Mr. Hassell's alleged injuries are irreparable." ECF 6, pg. 2.

6.      If this Court is disinclined to extend the deadline to respond to the motions for a preliminary injunction until after the preliminary review pursuant to Local Rule 4.3(d)(3), Defendants request that the Court allow 30 days to respond to Plaintiff's motions for preliminary injunctions.

WHEREFORE, Defendants respectfully request that this Honorable Court:

A. Extend the date a responsive pleading to the complaint is due by Defendants to 30 days after the completion of preliminary review as required by Local Rule 4.3(d)(3); and

B. Extend the date a responsive pleading to the motions for a preliminary injunction is due by Defendants to 30 days after the completion of preliminary review as required by Local Rule 4.3(d)(3); or

C. Allow Defendants 30 days to respond to the motions for a preliminary injunction; and

D. Grant such further relief as the court deems just and equitable.

Respectfully submitted,

NH Dept. of Health and Human Services,
Bureau of Child Support Services;
Betty Raymond;
Lori A. Weaver; and
Susan N. Brisson

By their attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: February 13, 2026

/s/ Peter M. MacKenna
Peter M. MacKenna, Bar #269543
Assistant Attorney General
Civil Bureau
NH Department of Justice
1 Granite Place South
Concord, NH 03301
Peter.M.MacKenna@doj.nh.gov

(603) 271-3650

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ECF on February 13, 2026, to parties of record.

/s/ Peter M. MacKenna
Peter M. MacKenna

- 4 -