# U.S. DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

FILED – USDC –NH
2026 FEB 26 AM 9:42

| | |
|---|---|
| MATTHEW LANE HASSELL et al, | ) |
|     Plaintiff, | ) CASE NUMBER: |
| | ) 1:25-cv-00550-LM-AJ |
| vs. | ) |
| | ) |
| Department of Health and Human Services - | ) |
| Bureau of Child Support Services et al, | ) Trial By Jury Demanded |
| Betty Raymond et al, | ) Yes |
| Lori A. Weaver et al, | ) |
| Susan N. Brisson et al, | ) |
|     Defendant, | ) |

# PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME *(Doc. 13)*

Plaintiff respectfully objects to Defendants' request to delay responding to the complaint and pending Motion for Preliminary Injunction until after preliminary screening under Local Rule 4.3(d)(3).

Defendants argue that jurisdiction is a "threshold requirement" and that absent jurisdiction the Court is powerless to act (See Doc. 13, Pg. 2). Plaintiff does not dispute that principle. The issue presented by Defendants' motion, however, is procedural: whether Local Rule 4.3(d)(3) operates as an automatic stay of responding to the Complaint and pending Motions for Preliminary Injunction consideration.

## I. Local Rule 4.3(d)(3) Expressly States That Screening Does Not Extend Response Deadlines

Local Rule 4.3(d)(3) governs preliminary review. That subsection expressly provides that: "[p]reliminary review pursuant to this subsection does not delay the issuance of summons or extend a defendant's deadline to file a responsive pleading or assert defenses by motion pursuant to Fed. R. Civ. P. 12." Defendants seek precisely what the rule disclaims: an automatic extension of their obligation to respond based solely on pending screening. The Local Rule does not provide such relief. Defendants remain free to raise subject-matter or other jurisdictional defenses pursuant to Rule 12.

1

## II. Delay Would Cause Prejudice

Plaintiff's Complaint and Motions for Preliminary Injunction allege ongoing enforcement activity resulting in continued constitutional deprivation of property and liberty interests, including but not limited to license suspension, income withholding, debt accrual, credit consequences and possible incarceration.

If response to the Complaint and Rule 65 motion is delayed, those alleged harms continue during the period of deferral. Procedural delay therefore carries substantive consequences. Rule 65 exists to prevent precisely this type of alleged irreparable injury while legal issues are contested. Each additional period of unopposed enforcement increases the cumulative harm alleged in the Complaint and Motion for Preliminary Injunction.

## III. The Existence of a Live Jurisdictional Dispute Weighs Against Delay

Defendants assert this court's recent ruling that jurisdiction is threshold (See Doc. 13, Pg. 2). Plaintiff agrees that jurisdiction must be established. The jurisdictional principle cited by Defendants concerns this Court's Article III subject-matter jurisdiction. That jurisdiction plainly exists here because Plaintiff asserts claims under 42 U.S.C. § 1983 arising under federal law. See Doc. No. 1.

The jurisdictional disputes raised in Plaintiff's Motion for Preliminary Injunction do not challenge this Court's authority to adjudicate federal constitutional claims; rather, they concern the validity and sequencing of underlying state adjudicative authority and derivative enforcement. Accordingly, the threshold jurisdiction doctrine cited by Defendants does not require postponement of briefing. Screening under Local Rule 4.3(d)(3) addresses subject-matter jurisdiction—not the merits of contested jurisdictional defenses related to enforcement.

That concern reinforces, rather than undermines, the appropriateness of timely Rule 65 briefing. Defendants' request would defer adversarial presentation of the very jurisdictional and constitutional issues they characterize as "threshold," while enforcement activity allegedly continues. Nothing in Local Rule 4.3(d)(3) requires that asymmetry.

At this stage, the Court need not resolve every jurisdictional question. It need only determine whether Defendants should respond to the Complaint and pending Rule 65 motion under the ordinary briefing schedule.

Furthermore, in a prior action before this Court, Case No. 1:25-cv-00119-SE-AJ, in which Plaintiff asserted claims under 42 U.S.C. § 1983, the Court denied a request to delay proceedings pending screening where at least one federal constitutional claim was alleged, without commenting on the merits. The procedural posture here is similar in that Plaintiff asserts federal constitutional claims arising under § 1983. Preliminary review therefore does not require postponement of Defendants' obligation to respond.

## IV. Conclusion

Local Rule 4.3(d)(3) provides for preliminary review but expressly states that such review does not extend a defendant's deadline to file a responsive pleading or assert defenses by motion under Rule 12. Nothing in the rule suspends the Court's authority to consider or require briefing on a pending Rule 65 motion. Where Plaintiff alleges ongoing enforcement activity resulting in irreparable harm, postponement of briefing would operate as substantive prejudice.

For the foregoing reasons, Defendants' motion should be denied, and the Court should require Defendants to respond under the ordinary Rule 12 and Rule 65 timelines.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my abilities and knowledge.

ALL RIGHTS RESERVED WITHOUT PREJUDICE
VOID WHERE PROHIBITED BY LAW

*Matthew-Scott: Hassell*  Dated: 23rd of February, 2026

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com
Propria Persona, Sui Juris

## CERTIFICATE OF SERVICE

I hereby certify that on _23ʳᵈ of February, 2026_ , I caused a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME (Doc. No. 13) to be served by United States Postal Service First-Class Mail / Priority Mail, addressed to the following:

- Assistant Attorney General Peter M. MacKenna—The Office of the Attorney General-Civil Bureau, New Hampshire Department of Justice–1 Granite Place South Concord, NH 03301–Attorney for Defendant(s).

Service was made by mailing to 1 Granite Place South, Concord, NH 03301.
Service was effected in good faith and in compliance with Fed. R. Civ. P. 5(b)(2)(C).

ALL RIGHTS RESERVED WITHOUT PREJUDICE

VOID WHERE PROHIBITED BY LAW

_Matthew-Lane: Hassell_    Dated: _23ʳᵈ of February, 2026_

Matthew-Lane: Hassell authorized agent of
MATTHEW LANE HASSELL
20 Arlington St. Unit D
Nashua, New Hampshire [03060]
(603) 231-0844
mhas191@yahoo.com
Propria Persona, Sui Juris