**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Matthew-Lane Hassell

    v.                            Civ. No. 25-cv-550-LM-AJ

NH Dept. of Health and Human Services,
Bureau of Child Support Services

**REPORT AND RECOMMENDATION**

Self-represented plaintiff Matthew-Lane Hassell, the petitioner in a state-court domestic relations matter,[1] has sued a New Hampshire state agency and several agency officials, claiming that their efforts to enforce his child-support obligations violate his state and federal constitutional and statutory rights. Presently before the court for a recommended disposition is Mr. Hassell's motion for preliminary injunction, (Doc. Nos. 2, 5), in which he asks this court to enjoin the defendants "from undertaking or continuing any enforcement actions . . . ." Id. at 9-10.[2] As explained in more detail below, the district judge should deny the motion for injunctive relief.

---

[1] See Hassell v. Kimbark, Case No. 656-2022-DM-737 (10th Circ. – Fam. Div. – Derry, filed Nov. 14, 2022).

[2] Mr. Hassell first filed a motion for injunctive relief on December 29, 2025 (Doc. No. 2). After that motion was denied without prejudice, he renewed in on January 5, 2026 (Doc. No. 5). The court's February 12, 2026 Order (Doc. No. 12) details the procedural history of this case, which includes the denial of two motions for a temporary restraining order, but without

## BACKGROUND

Mr. Hassell alleges that the New Hampshire Department of Motor Vehicles has suspended his driver's license at the request of the Bureau of Child Support Services ("BCSS") because of the arrearages in support payments, and that BCSS threatened to report the arrearages to a credit bureau. Pltf. Mot. (Doc. No. 5) ¶¶ 8-9. He argues that this enforcement action violates his rights for two reasons. First, he asserts that enforcement of his child-support obligations is improper because the state-court proceedings are stayed, pending resolution of Mr. Hassell's appeal from an adverse decision in this court in an earlier case. Id. ¶ 1. Second, he argues that his request for supervisory review of the license suspension barred BCCS from enforcing his child-support obligation. Id. ¶¶ 6-10.

## DISCUSSION

"'A preliminary injunction is an extraordinary remedy never awarded as of right.'" Capen v. Campbell, 134 F.4th 660, 666 (1st Cir. 2025)(quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008)). "In determining whether to grant a preliminary injunction, the district court must consider: (i) the movant's likelihood of success on the merits of its claims; (ii) whether and to what extent the movant will suffer

---

prejudice to the court considering Mr. Hassell's alternate request for a preliminary injunction.

2

irreparable harm if the injunction is withheld; (iii) the balance of hardships as between the parties; and (iv) the effect, if any, that an injunction (or the withholding of one) may have on the public interest." Id. (quotations omitted). "The first of these factors is a necessary condition: If the movant fails to demonstrate a likelihood of success on the merits, the remaining elements are of little consequence." Id. (quotations omitted). "[A] court's conclusions as to the merits of the issues presented on preliminary injunction are to be understood as statements of probable outcomes." Id. (quotations omitted). When, as here, the defendants are government entities or officials sued in their official capacities, the balance of equities and public interest factors merge. Nat'l Educ. Ass'n-New Hampshire v. NH Att'y Gen., 806 F. Supp. 3d 166, 181 (D.N.H. 2025) (citing Does 1-6 v. Mills, 16 F.4th 20, 37 (1st Cir. 2021)).

A. Stay of State Court Proceedings

While Mr. Hassell correctly notes that the state court issued a stay of the Family Division proceedings pending the resolution of his appeal to the First Circuit, the stay order also contains the following language: "All prior orders shall remain in place." See Nov. 29, 2023 Order (Doc. No. 16-2). Mr. Hassell's omission of this critical language is not well taken by the court. More importantly, it reduces Mr. Hassell's

3

likelihood of success on the merits of his stay-based claim to almost zero, as he fails to provide any rationale as to how "all prior orders" would exclude his child-support obligations. Accordingly, as the remaining required elements for an injunction "are of little consequence," Capen, 134 F.4th at 666, the request for an injunction based on the state court stay should be denied.

B. Request for Supervisory Review

1. Likelihood of Success on the Merits

The notice Mr. Hassell received regarding supervisory review states that if a review is properly requested, "[n]o action will be taken by BCSS until the Supervisory Review has been completed."  Compl., Att. A (Doc. No. 1-3) at 39.[3] The notice, however, also includes a caveat to invoking this provision. Specifically, supervisory review is limited to "whether a mistake of fact has been made. Id. at 39.

The defendants do not dispute that Mr. Hassell timely filed a request for supervisory review. Def. Mem. (Doc. No. 17) at 4. Instead, the defendants argue that the request contested legal, rather than factual, issues. Id. After reviewing Mr. Hassell's request, Compl. Att. 1 (Doc. 1-3) at 8-27, the court agrees.

---

[3] The Notice indicates that the support order at issue required Mr. Hassell to pay $217 per week, and that, as of November 12, 2025, he had accumulated in excess of $8,777 in arrearages. Compl., Att. A (Doc. No. 1-3) at 37.

4

Mr. Hassell's supervisory review request asserted, among other things, violations of the New Hampshire Constitution, id. at 11-12, 15, jurisdiction and venue defects, id. at 13-14, and due process violations, id. at 15. None of these allegations fit within the Notice's requirement of "mistakes of fact." Instead, they are more properly characterized as legal arguments aimed at reversing or vacating prior Family Court orders.[4]  Accordingly, the court finds that Mr. Hassell has failed to demonstrate a likelihood of success on the merits of this claim. As this claim is not as clear-cut as the one based on the stay of proceedings, the court will address the remaining injunction elements.

2. Irreparable Harm

In addition to the failure to demonstrate a likelihood of success on the merits, Mr. Hassell has also failed to demonstrate irreparable harm. As the court found in its denial of his TRO requests, "any injury resulting from the license suspension or credit reporting can be compensated, if those decisions are reversed, either though administrative procedures or court order." January 9, 2026 Order (Doc. No. 6), at 2. See

---

[4] The court notes that the relief Mr. Hassell requested in his review request were all legal in nature: closing the case as unenforceable; correcting agency records to reflect jurisdictional and constitutional violations, his lack of consent to regulations regarding child-support enforcement, and his request for "Public Officer Bonds" from the Judges and other officials involved in the child-support process. Compl. Att. 1 (Doc. No. 1-3) at 30-35.

Together Emps. v. Mass Gen. Brigham Inc., 19 F.4th 1, 8 (1st Cir. 2021) (denying injunctive relief where "[m]oney damages would adequately resolve all of the alleged harms."). In addition, other courts to consider this issue have made similar rulings. See, e.g., Bellinsky v. Weiser, No. 25-CV-02062-PAB-STV, 2025 WL 3018786, at *3 (D. Colo. Oct. 29, 2025) (where plaintiff's license was suspended for failing to pay child support, court denied injunction absent a "significant risk that he . . . will experience harm that cannot be compensated after the fact by monetary damages.") (cleaned up).

3. Balance of Harms/Public Interest

As previously noted, because the defendants are government entities or officials, the balance of equities and public interest factors merge. Nat'l Educ. Ass'n-New Hampshire, 806 F. Supp. 3d at 181. This case stems from an attempt to enforce a child support order. In general, "[s]tates have important interests in enforcing the orders of their courts. Brochu v. Foley, No. 21-CV-384-JD, 2021 WL 2109659, at *3 (D.N.H. May 25, 2021) (citing Sirva Relocation, LLC v. Richie, 794 F.3d 185, 196 (1st Cir. 2015). And more specifically, "there can be no question that issues of parental rights and child support obligations implicate important state interests." Id. (citing Nicolosi v. N.H. Supreme Court, No. 19-cv-1142-PB, 2019 WL 7039620, at *4 (D.N.H. Nov. 13, 2019), report and recommendation adopted sub

6

nom. Nicolosi v. Hicks, No. 19-CV-1142-PB, 2019 WL 7037666 (D.N.H. Dec. 19, 2019)). Therefore, the court finds that this factor does not support injunctive relief.

As Mr. Hassell has failed to meet any of the requirements for injunctive relief based on his supervisory review request, that claim should be denied.

## CONCLUSION

Based on the foregoing, Mr. Hassell's motion for preliminary injunction (Doc. Nos. 2, 5) should be denied. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

March 24, 2026
cc:  Matthew-Lane Hassell, pro se
     Counsel of Record.

7